UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

0 4      1 1 5 - 2

DOCKET NO:

|  |  |
|---|---|
| SUSAN COONEY,<br>      Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d.b.a. SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

MAGISTRATE JUDGE

RECEIPT # _____
AMOUNT $15 U
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE _____

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

### A.    INTRODUCTION

Pursuant to 28 U.S.C. § 1446(a), defendants Humanistic Psychology Institute d.b.a. Saybrook Institute and Maureen O'Hara hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and state the following grounds for removal:

1.    On June 1, 2004, an action styled and captioned as above and assigned Civil Action No. 04-02246 was filed against the defendants in the Middlesex Superior Court. Copies of the Summons and Complaint are attached as Exhibit "A."

2.    In this action, Susan Cooney asserts claims against Humanistic Psychology Institute d/b/a. Saybrook Institute for breach of contract, promissory estoppel, denial of due process and violation of M.G.L. Ch. 93A. In addition, she has asserted a 93A claim against Saybrook's president, Maureen O'Hara.

908105v1

3.      Plaintiff served the Summons, Complaint, Civil Action Cover Sheet and Tracking Order upon the defendants on or about June 28, 2004.

4.      The Summons, Complaint, Civil Action Cover Sheet and Tracking Order constitute all process, pleadings and orders served on the removing defendants to date in this action.

5.      This Notice of Removal of the case to the United States District Court is filed by the removing defendants within 30 days of both the date on which service was made and the date on which the removing defendant received the Summons and Complain.  Accordingly, this removal petition is filed in a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).  The removing defendants have provided written notice as required by 28 U.S.C. § 1446(d) to the adverse party and clerk of the state court in which this case was initially filed.

**B.      GROUNDS FOR REMOVAL**

1.      Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

a.      Defendant Humanistic Psychology Institute d.b.a. Saybrook Institute is a California corporation with its principal place of business in San Francisco, California.

b.      Defendant Maureen O' Hara is an individual residing in California with a business address as 450 Pacific Avenue, San Francisco, California.

        c.      Plaintiff, Susan Cooney, based on her Complaint, is an individual, residing at 1445 Centre Street, Newton Centre, Massachusetts.

## C.    <u>AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

Based on the claims asserted in the Complaint and as filed by the plaintiff in the Civil Action Cover Sheet, the amount in controversy exceeds $75,000. A copy of the Civil Action Cover Sheet is attached as Exhibit "B."

## D.    <u>CONSENT OF ALL DEFENDANTS</u>

Both defendants consent to removing this action to this Court.

## E.    <u>VENUE ALLEGATIONS</u>

Pursuant to 28 U.S.C. § 106 and § 1446(a) and (b), the state court action which was commenced in the Middlesex Superior Court, may be removed to this Federal District Court which embraces Middlesex County.

WHEREFORE, the removing defendants requests that the action pending in Middlesex County, be removed therefrom to this Court and proceed as an action properly removed to this Court.

                        Respectfully Submitted By,

                        Counsel for Defendants,
                        HUMANISTIC PSYCHOLOGY INSTITUTE,
                        d.b.a. SAYBROOK INSTITUTE
                        and MAUREEN O'HARA

                        Michael F. Aylward, BBO #024850
                        Grace V. Bacon, BBO #640970
                        **Morrison Mahoney LLP**
                        250 Summer Street
                        Boston, MA 02210
                        Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX .............. , ss
[seal]

No. 04-2246F

SUSAN COONEY
.............................................. , Plaintiff(s)

v.

HUMANISTIC PSYCHOLOGY
INSTITUTE d/b/a SAYBROOK
.............................................. , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Paul W. Morenberg, Esq.
of Kerstein, Coren, Lichtenstein
and Finkel, LLP.............................. plaintiff's attorney, whose address is ..233 Needham Street

Fifth Floor, Newton, MA 02464.............., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..40 Thorndike......

Street, Cambridge, MA  02141
.............................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Suzanne V. DelVecchio
Witness, Robert A. Mulligan, Esquire, at ..............................................................................

the .......Third.................. day of .....June..................................................................

...................., in the year of our Lord .....2004..................................

_Edward J. Sullivan_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001.

P. 2

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................................................
19.........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................................
..............................................................................................................................................................
..............................................................................................................................................................
................................................................................................................................

Dated: ....................................................................................................................

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS**
**BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
(  ........................................................... )
( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-2246 F

MIDDLESEX .....ss.

SUSAN..CORNEY.............................., Plf.

v.

HUMANISTIC PSYCHOLOGY
INSTITUTE d/b/a SAYBROOK.., Def.

**SUMMONS**
(Mass. R. Civ. P. 4)

P.3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
DOCKET NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUSAN COONEY,          )
  Plaintiff          )
              )
v.               )
              )  CIVIL COMPLAINT AND
HUMANISTIC PSYCHOLOGY INSTITUTE, )  DEMAND FOR JURY TRIAL
d/b/a SAYBROOK INSTITUTE and   )
MAUREEN O'HARA, Individually   )
  Defendants        )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES / JURISDICTION

1. Plaintiff, Susan Cooney, is an individual residing at 1445 Centre Street, Newton Centre, Middlesex County, Massachusetts, 02459.

2. Defendant, Humanistic Psychology Institute, Inc. (hereinafter "HPI"), is a corporation licensed by the State of California, with a business address of 450 Pacific Avenue, San Francisco, California.

3. HPI does business as Saybrook Institute, an educational institution that offers graduate studies in Human Science, Psychology, and Organizational Systems Inquiry. Throughout the balance of this Complaint, HPI and Saybrook Institute will be referred to, collectively, as "Saybrook."

4. Defendant, Maureen O'Hara, Ph.D., is the President of Saybrook. Maureen O'Hara has a business address of 450 Pacific Avenue, San Francisco, California.

5. Pursuant to M.G.L. Chapter 223A, Section 3, Plaintiff's causes of action against Defendants arise from the defendants:

  (a) transacting business in Massachusetts;
  (b) contracting to supply services in Massachusetts;
  (c) causing tortious injury by an act or omission in Massachusetts; and/or
  (d) causing tortious injury by an act or omission outside of Massachusetts and regularly doing or soliciting business, engaging in other persistent conduct, or deriving substantial revenue from services rendered in Massachusetts.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.    Saybrook provides instruction to out of state graduate students through a distance learning model. The Saybrook Institute Interim Catalogue 1994-95 ("Saybrook Catalogues") states as follows:

> Because our programs are structured to meet the personal and professional needs of adult learners, and those persons not able or willing to travel to fixed classrooms, Saybrook uses a distance learning format, an adaptation of the European tutorial model which emphasizes one-to-one interaction between students and faculty. Saybrook Catalogue, p. 2.

7.    Saybrook advises prospective graduate students who intend to become licensed psychologists that they must qualify for licensure through the state licensing board. The Saybrook Institute catalogue indicates that Saybrook will provide assistance to enable students to be licensed: "Saybrook is committed to assisting those students who plan to seek licensure in the state of their choice." Saybrook Catalogue, p. 3.

8.    Saybrook advises students that it is qualified and competent to provide training sufficient for licensure in Massachusetts. "Saybrook graduates have been licensed in the states of Arizona, California, Connecticut, Florida, Georgia, Hawaii, Maryland, Massachusetts, Michigan, New Jersey, New York...."

9.    Plaintiff enrolled in Saybrook in or about the Fall of 1995 as a graduate student in the Doctor of Philosophy in Psychology program.

10.    At the time of her acceptance, and at all times during her course of her study, Susan Cooney was a resident of Massachusetts who intended to practice psychology in the Commonwealth of Massachusetts.

11.    Throughout her entire course of study, no one at Saybrook advised Susan Cooney that she would encounter any difficulties in being licensed as a psychologist in the Commonwealth of Massachusetts.

12.    Saybrook and its president, Maureen O'Hara, Ph.D., received repeated communications from the Massachusetts Board of Registration of Psychologists (hereinafter "the Board") and other sources that Saybrook students would not be qualified to be licensed psychologists in Massachusetts. During the period of 1995 through August, 2003, Saybrook and Dr. O'Hara did not advise Susan Cooney or other Massachusetts students of these communications.

13.    After receiving the aforementioned communications, Saybrook and Dr. O'Hara continued to provide educational services to Susan Cooney and other Massachusetts students who intended to become psychologists licensed in Massachusetts.

14.    Susan Cooney satisfactorily completed all required coursework at Saybrook to obtain a PhD in clinical psychology.

15.    Ms. Cooney also met all other academic requirements that were established by Saybrook, including but not limited to: first and forth year reviews of student progress; internships; clinical research; and residential conferences at the Saybrook facility in San Francisco, California.

16.    Susan Cooney satisfactorily researched, wrote, edited, and defended a doctoral dissertation that was required for the award of her PhD degree.

17.    Ms. Cooney met all of her financial obligations to Saybrook, including full payment of all expenses for tuition, books and supplies, student fees, and all other costs and charges.

18.    Ms. Cooney was awarded her doctorate in clinical psychology on or about October, 2002.

19.    In or about late, 2002 and early 2003, Susan Cooney had verbal and written communications with the Board inquiring about procedures for licensure as a psychologist in the Commonwealth of Massachusetts.

20.    The Board advised Susan Cooney that she was ineligible for licensure as a psychologist because the Commonwealth of Massachusetts did not recognize Saybrook as an accredited and qualified institution to train psychologists.

21.    In or about March, 2003, the Board advised Susan Cooney that Saybrook had knowledge that the Board would not provide licensure to Saybrook students.

22.    On various dates through late 2002 and 2003, Susan Cooney contacted representatives at Saybrook to resolve the Board's objections to her training from Saybrook.

23.    Susan Cooney has requested assistance from Saybrook to resolve this dispute, but has not received adequate assistance to qualify for state licensure.

24.    Saybrook has not offered Susan Cooney an administrative hearing or any other form of due process to resolve her grievance.

25.    Saybrook suggested that Susan Cooney commence legal action against the Board, and proposed defraying a limited portion of her legal costs. Saybrook has never offered to pay for Susan Cooney's entire legal costs in taking such legal action.

3

26. Saybrook has not initiated legal action on its own behalf against the Board.

27. Pursuant to Massachusetts General Laws, Chapter 93A, on or about September 15, 2003, Susan Cooney wrote a demand letter to advise Saybrook that it has engaged in unfair and deceptive trade practices in providing her graduate training in psychology that would not allow her to qualify for licensure, and for failing to advise her of communications from the Board that Saybrook students would be ineligible for licensure.

28. By its counsel, Saybrook responded to this demand letter on October 21, 2003, beyond the prescribed thirty-day period for responses to a Chapter 93A demand letter.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>
(Against Saybrook)

29. Plaintiff reaffirms the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. By paying tuition to Saybrook and by enrolling in a course of graduate study as described in the Saybrook Catalogue, a contract was formed between Plaintiff and Saybrook.

31. Plaintiff performed all her obligations under the contract.

32. Saybrook breached this contract by violating its own policies, thereby denying Plaintiff opportunities and benefits to which she was entitled under the contract.

33. Plaintiff has wrongfully been denied the opportunity to complete requirements necessary to receive licensure as a psychologist from the Commonwealth of Massachusetts.

34. Saybrook's decision to deny Plaintiff an education sufficient to obtain state licensure was arbitrary and capricious.

35. Due to Saybrook's breach of contract, Plaintiff was damaged in that she has been precluded from obtaining licensure as a Massachusetts psychologist.

4

## COUNT II
## PROMISSORY ESTOPPEL
(Against Saybrook)

36. Plaintiff reaffirms the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. By receiving tuition and fees from Susan Cooney and by providing a course of graduate study as described in the Saybrook Catalogue, Saybrook made a promise that it was qualified to deliver professional training that would qualify her for licensure as a psychologist in Massachusetts.

38. Saybrook knew or should have known that Susan Cooney would rely on its promise to deliver professional training that would qualify her for licensure as a psychologist in Massachusetts.

39. Saybrook breached this promise, thereby denying Susan Cooney the opportunity to complete requirements necessary to receive licensure as a psychologist from the Commonwealth of Massachusetts.

40. Due to Saybrook's breach of this implied promise, Plaintiff was damaged in that she has been precluded from obtaining state licensure.

## COUNT III
## DENIAL OF DUE PROCESS
(Against Saybrook)

41. Plaintiff reaffirms the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Defendant is obligated to provide Plaintiff with due process during the course of any grievance.

43. Defendant failed to provide Plaintiff with due process by failing to provide Plaintiff with the opportunity for a hearing on her grievance.

COUNT IV
CHAPTER 93 VIOLATION
(Against Saybrook and O'Hara)

44. Plaintiff reaffirms the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Susan Cooney sent multiple copies of a Chapter 93A demand letter to Saybrook and various administrators at Saybrook.

46. Susan Cooney served her Chapter 93A demand letter on Maureen O'Hara, President of Saybrook.

47. Saybrook engaged in unfair and deceptive business practices in its relationship with Susan Cooney.

48. Maureen O'Hara knew that Saybrook engaged in unfair and deceptive business practices in its relationship with Susan Cooney. Specifically, Dr. O'Hara knew that the Board would not provide licensure to Saybrook Students.

49. Dr. O'Hara authorized Saybrook to provide educational services to Ms. Cooney and other Massachusetts students, and authorized the collection of tuition and fees from these students, after receiving actual or constructive notice that the Board would not license Saybrook students.

50. Saybrook and Dr. O'Hara did not provide a timely response within thirty days of their receipt of Susan Cooney's 93A demand letter. Saybrook and Dr. O'Hara did not extend a reasonable offer of settlement in its response to Susan Cooney's 93A demand letter.

WHEREFORE, Plaintiff Susan Cooney respectfully requests an order of this court:

(I)    Finding that Defendant breached its contract and promise with Plaintiff and awarding damages in an amount to be determined at trial;

(ii)   Finding that Defendant violated Plaintiff's right to due process;

(iii)  Finding that Defendants engaged in unfair and deceptive trade practices, and awarding multiple damages and attorney fees in an amount to be determined at trial; and

6

JUL 01 2004 5:04PM    HP LASERJET 3200

(iv)    Any other such relief this court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

PAUL W. MORENBERG
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, Massachusetts  02464
(617) 969-7139

Dated:      May 28, 2004

7

℞JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Susan Cooney

**DEFENDANTS**

Humanistic Psychology Institute d/b/a Saybrook Institute, and Maureen O'Hara

(b) County of Residence of First Listed Plaintiff    **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Paul Morenbery, Esq.
Kerstein, Coren, Lichtenstein & Finkel, LLP
223 Needham St., Newton, MA 02464 617-969-7139

Attorneys (If Known)

Michael Aylward, Esq.
Grace V. Bacan, Esq.          617-439-7500
Morrison Mahoney LLP
250 Summer St., Boston, MA 02210

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | DEF |  |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE   1/14/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Susan Cooney v.
   Humanistic Psychology Institute et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright  cases
   X
   ___    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

   ___    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

   ___    V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                    YES            (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                    YES            (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                    YES             NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                    YES            (NO)

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                    YES            (NO)

   A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

           EASTERN DIVISION           CENTRAL DIVISION             WESTERN DIVISION

   B.      IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
           GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

           (EASTERN DIVISION)          CENTRAL DIVISION             WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Michael Aylward and Grace V. Bacon
ADDRESS   Morrison Mahoney LLP, 250 Summer St., Boston, MA 02210
TELEPHONE NO.   617-439-7500

(Cover sheet local.wpd - 11/27/00)