# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

| | |
|---|---|
| MASSACHUSETTS | CONNECTICUT |
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| | |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

Grace V. Bacon
Phone: 617-737-8822
Fax: 617-342-4914
gbacon@morrisonmahoney.com

July 23, 2004

Civil Clerk's Office - Civil
United States District Court
One Courthouse Way
Boston, MA 02110

Re:    Susan Cooney v. Humanistic Psychology Institute, d/b/a Saybrook Graduate School and
       Research Center, Maureen O'Hara, President
       Civil Action No. 04 11572 JLT

Dear Sir/Madam:

Enclosed for filing and docketing in the above-referenced matter please find certified
copies of all records, pleadings and copy of the docket sheet from the Middlesex Superior Court,
from where this action was removed.

Thank you for your assistance in this regard.

Very truly yours,

Grace V. Bacon

Enclosure
cc:    Paul Morenbery, Esquire

933351v1

MICV2004-02246



SUSAN COONEY

v.

HUMANISTIC PSYCHOLOGY INSTITUTE, ET AL

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-02246

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 1ST of June, in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 21ST of July, in the year of our Lord, Two Thousand Four

Deputy Assistant Clerk



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:

04-11572 JLT

SUSAN COONEY,
        Plaintiff,

v.

HUMANISTIC PSYCHOLOGY
INSTITUTE, d.b.a. SAYBROOK
INSTITUTE and MAUREEN O'HARA,
Individually,
        Defendants.

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

#### A.    INTRODUCTION

Pursuant to 28 U.S.C. § 1446(a), defendants Humanistic Psychology Institute d.b.a. Saybrook Institute and Maureen O'Hara hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and state the following grounds for removal:

1.    On June 1, 2004, an action styled and captioned as above and assigned Civil Action No. 04-02246 was filed against the defendants in the Middlesex Superior Court. Copies of the Summons and Complaint are attached as Exhibit "A."

2.    In this action, Susan Cooney asserts claims against Humanistic Psychology Institute d/b/a. Saybrook Institute for breach of contract, promissory estoppel, denial of due process and violation of M.G.L. Ch. 93A. In addition, she has asserted a 93A claim against Saybrook's president, Maureen O'Hara.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 1 9 2004

908105v1

3.    Plaintiff served the Summons, Complaint, Civil Action Cover Sheet and Tracking Order upon the defendants on or about June 28, 2004.

4.    The Summons, Complaint, Civil Action Cover Sheet and Tracking Order constitute all process, pleadings and orders served on the removing defendants to date in this action.

5.    This Notice of Removal of the case to the United States District Court is filed by the removing defendants within 30 days of both the date on which service was made and the date on which the removing defendant received the Summons and Complain. Accordingly, this removal petition is filed in a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999). The removing defendants have provided written notice as required by 28 U.S.C. § 1446(d) to the adverse party and clerk of the state court in which this case was initially filed.

**B.    GROUNDS FOR REMOVAL**

1.    Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

a.    Defendant Humanistic Psychology Institute d.b.a. Saybrook Institute is a California corporation with its principal place of business in San Francisco, California.

b.    Defendant Maureen O' Hara is an individual residing in California with a business address as 450 Pacific Avenue, San Francisco, California.

2

c.    Plaintiff, Susan Cooney, based on her Complaint, is an individual, residing at 1445 Centre Street, Newton Centre, Massachusetts.

## C.    AMOUNT IN CONTROVERSY EXCEEDS $75,000

Based on the claims asserted in the Complaint and as filed by the plaintiff in the Civil Action Cover Sheet, the amount in controversy exceeds $75,000. A copy of the Civil Action Cover Sheet is attached as Exhibit "B."

## D.    CONSENT OF ALL DEFENDANTS

Both defendants consent to removing this action to this Court.

## E.    VENUE ALLEGATIONS

Pursuant to 28 U.S.C. § 106 and § 1446(a) and (b), the state court action which was commenced in the Middlesex Superior Court, may be removed to this Federal District Court which embraces Middlesex County.

WHEREFORE, the removing defendants requests that the action pending in Middlesex County, be removed therefrom to this Court and proceed as an action properly removed to this Court.

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d.b.a. SAYBROOK INSTITUTE
and MAUREEN O'HARA

Michael F. Aylward, BBO #024850
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 7/14/04

3

908105v1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.   04-2246F

MIDDLESEX .............. , ss
[seal]

SUSAN COONEY
............................................. , Plaintiff(s)

v.

HUMANISTIC PSYCHOLOGY
INSTITUTE d/b/a SAYBROOK , Defendant(s)

## SUMMONS

To the above-named Defendant:

    You are hereby summoned and required to serve upon ..Paul..W...Morenberg,..Esq...........
of Kerstein, Coren, Lichtenstein
and Finkel, LLP............................, plaintiff's attorney, whose address is ..233..Needham..Street
Fifth.Floor,.Newton,.MA..02464............, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .40..Thorndike.......
Street, Cambridge, MA  02141 ........................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
        Suzanne V. DelVecchio
Witness, Robert A. Mulligan, Esquire, at ...........................................................

the ......Third........................... day of ......June..................................................

................., in the year of our Lord ...2004............ .

_Edward J Sullivan_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................
19........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...........................................................................................................................................................
...........................................................................................................................................................
...........................................................................................................................................................
...........................................................................................................................................................
                                        ...................................................................................

Dated: ...............................................................................................................................

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS**
**BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( .................................................................., ........... )
( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-2246F

MIDDLESEX........, ss.

SUSAN...COONEY......................., Plf.

v.

HUMANISTIC PSYCHOLOGY
INSTITUTE d/b/a SAYBROOK..., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
DOCKET NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUSAN COONEY,　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　CIVIL COMPLAINT AND
　　　　　　　　　　　　　　　　　　　　)　　DEMAND FOR JURY TRIAL
HUMANISTIC PSYCHOLOGY INSTITUTE,　)
d/b/a SAYBROOK INSTITUTE and　　　　)
MAUREEN O'HARA, Individually　　　　)
　　　　Defendants　　　　　　　　　　　)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES / JURISDICTION

1.　Plaintiff, Susan Cooney, is an individual residing at 1445 Centre Street, Newton Centre, Middlesex County, Massachusetts, 02459.

2.　Defendant, Humanistic Psychology Institute, Inc. (hereinafter "HPI"), is a corporation licensed by the State of California, with a business address of 450 Pacific Avenue, San Francisco, California.

3.　HPI does business as Saybrook Institute, an educational institution that offers graduate studies in Human Science, Psychology, and Organizational Systems Inquiry. Throughout the balance of this Complaint, HPI and Saybrook Institute will be referred to, collectively, as "Saybrook."

4.　Defendant, Maureen O'Hara, Ph.D., is the President of Saybrook. Maureen O'Hara has a business address of 450 Pacific Avenue, San Francisco, California.

5.　Pursuant to M.G.L. Chapter 223A, Section 3, Plaintiff's causes of action against Defendants arise from the defendants:

　　(a)　transacting business in Massachusetts;
　　(b)　contracting to supply services in Massachusetts;
　　(c)　causing tortious injury by an act or omission in Massachusetts; and/or
　　(d)　causing tortious injury by an act or omission outside of Massachusetts and regularly doing or soliciting business, engaging in other persistent conduct, or deriving substantial revenue from services rendered in Massachusetts.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Saybrook provides instruction to out of state graduate students through a distance learning model. The Saybrook Institute Interim Catalogue 1994-95 ("Saybrook Catalogues") states as follows:

> Because our programs are structured to meet the personal and professional needs of adult learners, and those persons not able or willing to travel to fixed classrooms, Saybrook uses a distance learning format, an adaptation of the European tutorial model which emphasizes one-to-one interaction between students and faculty. Saybrook Catalogue, p. 2.

7. Saybrook advises prospective graduate students who intend to become licensed psychologists that they must qualify for licensure through the state licensing board. The Saybrook Institute catalogue indicates that Saybrook will provide assistance to enable students to be licensed: "Saybrook is committed to assisting those students who plan to seek licensure in the state of their choice." Saybrook Catalogue, p. 3.

8. Saybrook advises students that it is qualified and competent to provide training sufficient for licensure in Massachusetts. "Saybrook graduates have been licensed in the states of Arizona, California, Connecticut, Florida, Georgia, Hawaii, Maryland, Massachusetts, Michigan, New Jersey, New York...."

9. Plaintiff enrolled in Saybrook in or about the Fall of 1995 as a graduate student in the Doctor of Philosophy in Psychology program.

10. At the time of her acceptance, and at all times during her course of her study, Susan Cooney was a resident of Massachusetts who intended to practice psychology in the Commonwealth of Massachusetts.

11. Throughout her entire course of study, no one at Saybrook advised Susan Cooney that she would encounter any difficulties in being licensed as a psychologist in the Commonwealth of Massachusetts.

12. Saybrook and its president, Maureen O'Hara, Ph.D., received repeated communications from the Massachusetts Board of Registration of Psychologists (hereinafter "the Board") and other sources that Saybrook students would not be qualified to be licensed psychologists in Massachusetts. During the period of 1995 through August, 2003, Saybrook and Dr. O'Hara did not advise Susan Cooney or other Massachusetts students of these communications.

2

13.    After receiving the aforementioned communications, Saybrook and Dr. O'Hara continued to provide educational services to Susan Cooney and other Massachusetts students who intended to become psychologists licensed in Massachusetts.

14.    Susan Cooney satisfactorily completed all required coursework at Saybrook to obtain a PhD in clinical psychology.

15.    Ms. Cooney also met all other academic requirements that were established by Saybrook, including but not limited to: first and forth year reviews of student progress; internships; clinical research; and residential conferences at the Saybrook facility in San Francisco, California.

16.    Susan Cooney satisfactorily researched, wrote, edited, and defended a doctoral dissertation that was required for the award of her PhD degree.

17.    Ms. Cooney met all of her financial obligations to Saybrook, including full payment of all expenses for tuition, books and supplies, student fees, and all other costs and charges.

18.    Ms. Cooney was awarded her doctorate in clinical psychology on or about October, 2002.

19.    In or about late, 2002 and early 2003, Susan Cooney had verbal and written communications with the Board inquiring about procedures for licensure as a psychologist in the Commonwealth of Massachusetts.

20.    The Board advised Susan Cooney that she was ineligible for licensure as a psychologist because the Commonwealth of Massachusetts did not recognize Saybrook as an accredited and qualified institution to train psychologists.

21.    In or about March, 2003, the Board advised Susan Cooney that Saybrook had knowledge that the Board would not provide licensure to Saybrook students.

22.    On various dates through late 2002 and 2003, Susan Cooney contacted representatives at Saybrook to resolve the Board's objections to her training from Saybrook.

23.    Susan Cooney has requested assistance from Saybrook to resolve this dispute, but has not received adequate assistance to qualify for state licensure.

24.    Saybrook has not offered Susan Cooney an administrative hearing or any other form of due process to resolve her grievance.

25.    Saybrook suggested that Susan Cooney commence legal action against the Board, and proposed defraying a limited portion of her legal costs. Saybrook has never offered to pay for Susan Cooney's entire legal costs in taking such legal action.

3

26.  Saybrook has not initiated legal action on its own behalf against the Board.

27.  Pursuant to Massachusetts General Laws, Chapter 93A, on or about September 15, 2003,
     Susan Cooney wrote a demand letter to advise Saybrook that it has engaged in unfair and
     deceptive trade practices in providing her graduate training in psychology that would not
     allow her to qualify for licensure, and for failing to advise her of communications from
     the Board that Saybrook students would be ineligible for licensure.

28.  By its counsel, Saybrook responded to this demand letter on October 21, 2003, beyond
     the prescribed thirty-day period for responses to a Chapter 93A demand letter.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>
(Against Saybrook)

29.  Plaintiff reaffirms the allegations contained in paragraphs 1 through 28 as if fully set forth
     herein.

30.  By paying tuition to Saybrook and by enrolling in a course of graduate study as described
     in the Saybrook Catalogue, a contract was formed between Plaintiff and Saybrook.

31.  Plaintiff performed all her obligations under the contract.

32.  Saybrook breached this contract by violating its own policies, thereby denying Plaintiff
     opportunities and benefits to which she was entitled under the contract.

33.  Plaintiff has wrongfully been denied the opportunity to complete requirements necessary
     to receive licensure as a psychologist from the Commonwealth of Massachusetts.

34.  Saybrook's decision to deny Plaintiff an education sufficient to obtain state licensure was
     arbitrary and capricious.

35.  Due to Saybrook's breach of contract, Plaintiff was damaged in that she has been
     precluded from obtaining licensure as a Massachusetts psychologist.

4

## COUNT II
### PROMISSORY ESTOPPEL
(Against Saybrook)

36. Plaintiff reaffirms the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. By receiving tuition and fees from Susan Cooney and by providing a course of graduate study as described in the Saybrook Catalogue, Saybrook made a promise that it was qualified to deliver professional training that would qualify her for licensure as a psychologist in Massachusetts.

38. Saybrook knew or should have known that Susan Cooney would rely on its promise to deliver professional training that would qualify her for licensure as a psychologist in Massachusetts.

39. Saybrook breached this promise, thereby denying Susan Cooney the opportunity to complete requirements necessary to receive licensure as a psychologist from the Commonwealth of Massachusetts.

40. Due to Saybrook's breach of this implied promise, Plaintiff was damaged in that she has been precluded from obtaining state licensure.

## COUNT III
### DENIAL OF DUE PROCESS
(Against Saybrook)

41. Plaintiff reaffirms the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Defendant is obligated to provide Plaintiff with due process during the course of any grievance.

43. Defendant failed to provide Plaintiff with due process by failing to provide Plaintiff with the opportunity for a hearing on her grievance.

## COUNT IV
## CHAPTER 93 VIOLATION
(Against Saybrook and O'Hara)

44.    Plaintiff reaffirms the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.    Susan Cooney sent multiple copies of a Chapter 93A demand letter to Saybrook and various administrators at Saybrook.

46.    Susan Cooney served her Chapter 93A demand letter on Maureen O'Hara, President of Saybrook.

47.    Saybrook engaged in unfair and deceptive business practices in its relationship with Susan Cooney.

48.    Maureen O'Hara knew that Saybrook engaged in unfair and deceptive business practices in its relationship with Susan Cooney. Specifically, Dr. O'Hara knew that the Board would not provide licensure to Saybrook Students.

49.    Dr. O'Hara authorized Saybrook to provide educational services to Ms. Cooney and other Massachusetts students, and authorized the collection of tuition and fees from these students, after receiving actual or constructive notice that the Board would not license Saybrook students.

50.    Saybrook and Dr. O'Hara did not provide a timely response within thirty days of their receipt of Susan Cooney's 93A demand letter.    Saybrook and Dr. O'Hara did not extend a reasonable offer of settlement in its response to Susan Cooney's 93A demand letter.


WHEREFORE, Plaintiff Susan Cooney respectfully requests an order of this court:

(I)    Finding that Defendant breached its contract and promise with Plaintiff and awarding damages in an amount to be determined at trial;

(ii)    Finding that Defendant violated Plaintiff's right to due process;

(iii)    Finding that Defendants engaged in unfair and deceptive trade practices, and awarding multiple damages and attorney fees in an amount to be determined at trial; and

6

(iv)    Any other such relief this court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

PAUL W. MORENBERG
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, Massachusetts  02464
(617) 969-7139

Dated:        May 28, 2004

7

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-2216 F | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) Susan Cooney | DEFENDANT(S) Humanistic Psychology Institute d/b/a Saybrook Institute; Maureen O'Hara |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul W. Morenberg, Kerstein Coren... 233 Needham St., Newton, MA 02464 Board of Bar Overseers number: 631101 (617)969-7139 | ATTORNEY (if known) |

*received* (watermark)

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Contract; 93A, etc. | F | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIM

(Attach additional sheets as necessary)

*FILED IN THE OFFICE OF THE CLERK OF THE COURTS ...SSEX JUN 0 1 2004 ...... CLERK* (stamp)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ ............
2. Total Doctor expenses .............................................. $ ............
3. Total chiropractic expenses ........................................ $ ............
4. Total physical therapy expenses ................................... $ ............
5. Total other expenses (describe) .................................... $ ............
   Subtotal $ ............

B. Documented lost wages and compensation to date ..................... $ ............
C. Documented property damages to date ............................... $ ............
D. Reasonably anticipated future medical and hospital expenses ........ $ ............
E. Reasonably anticipated lost wages ................................. $ ............
F. Other documented items of damages (describe)
   $ ............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $ ............
   TOTAL $ ............

## CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendants provided plaintiff with graduate studies in psychology even though the Massachusetts Board of Registration of Psychologists will not provide licensure to students of Saybrook Institute

TOTAL $200,000....

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Paul W. Morenberg_    DATE: 5/28/04

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
DOCKET NO: 04-02246

|  |  |
|---|---|
| SUSAN COONEY,<br>        Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d.b.a. SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on July 13, 2004 the above-captioned action was removed to the

United States District Court for the District of Massachusetts pursuant to Title 28, United States

Code, Sections 1441 and 1446. A certified copy of said notice of removal is attached hereto, in

accordance with Title 28, United States Code, Section 1446(d) as Exhibit 1.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

'JUL 1 9 2004

Edward J. Sullivan
CLERK

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d.b.a. SAYBROOK INSTITUTE
and MAUREEN O'HARA

Michael F. Aylward, BBO #024850
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each other party by mail
(by hand) on _____7/19/04_____

908105v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
DOCKET NO.   04-2246

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUSAN COONEY,
    Plaintiff

v.

HUMANISTIC PSYCHOLOGY INSTITUTE,
d/b/a SAYBROOK INSTITUTE and
MAUREEN O'HARA, Individually
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



CIVIL COMPLAINT AND
DEMAND FOR JURY TRIAL

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 0 1 2004

Clerk 06/01/04. 11:05#0000 7655 CLERK A
CIVIL        240.0
SURCHARGE     15.0
SECC          20.0
042246 #
SUBTTL
TOTAL 275.00
CHECK        275.0

PARTIES / JURISDICTION

1.    Plaintiff, Susan Cooney, is an individual residing at 1445 Centre Street, Newton Centre, Middlesex County, Massachusetts, 02459.

2.    Defendant, Humanistic Psychology Institute, Inc. (hereinafter "HPI"), is a corporation licensed by the State of California, with a business address of 450 Pacific Avenue, San Francisco, California.

3.    HPI does business as Saybrook Institute, an educational institution that offers graduate studies in Human Science, Psychology, and Organizational Systems Inquiry.   Throughout the balance of this Complaint, HPI and Saybrook Institute will be referred to, collectively, as "Saybrook."

4.    Defendant, Maureen O'Hara, Ph.D., is the President of Saybrook.  Maureen O'Hara has a business address of 450 Pacific Avenue, San Francisco, California.

5.    Pursuant to M.G.L. Chapter 223A, Section 3, Plaintiff's causes of action against Defendants arise from the defendants:

    (a)    transacting business in Massachusetts;
    (b)    contracting to supply services in Massachusetts;
    (c)    causing tortious injury by an act or omission in Massachusetts; and/or
    (d)    causing tortious injury by an act or omission outside of Massachusetts and regularly doing or soliciting business, engaging in other persistent conduct, or deriving substantial revenue from services rendered in Massachusetts.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.    Saybrook provides instruction to out of state graduate students through a distance learning model. The Saybrook Institute Interim Catalogue 1994-95 ("Saybrook Catalogues") states as follows:

> Because our programs are structured to meet the personal and professional needs of adult learners, and those persons not able or willing to travel to fixed classrooms, Saybrook uses a distance learning format, an adaptation of the European tutorial model which emphasizes one-to-one interaction between students and faculty. Saybrook Catalogue, p. 2.

7.    Saybrook advises prospective graduate students who intend to become licensed psychologists that they must qualify for licensure through the state licensing board. The Saybrook Institute catalogue indicates that Saybrook will provide assistance to enable students to be licensed: "Saybrook is committed to assisting those students who plan to seek licensure in the state of their choice." Saybrook Catalogue, p. 3.

8.    Saybrook advises students that it is qualified and competent to provide training sufficient for licensure in Massachusetts. "Saybrook graduates have been licensed in the states of Arizona, California, Connecticut, Florida, Georgia, Hawaii, Maryland, Massachusetts, Michigan, New Jersey, New York...."

9.    Plaintiff enrolled in Saybrook in or about the Fall of 1995 as a graduate student in the Doctor of Philosophy in Psychology program.

10.   At the time of her acceptance, and at all times during her course of her study, Susan Cooney was a resident of Massachusetts who intended to practice psychology in the Commonwealth of Massachusetts.

11.   Throughout her entire course of study, no one at Saybrook advised Susan Cooney that she would encounter any difficulties in being licensed as a psychologist in the Commonwealth of Massachusetts.

12.   Saybrook and its president, Maureen O'Hara, Ph.D., received repeated communications from the Massachusetts Board of Registration of Psychologists (hereinafter "the Board") and other sources that Saybrook students would not be qualified to be licensed psychologists in Massachusetts. During the period of 1995 through August, 2003, Saybrook and Dr. O'Hara did not advise Susan Cooney or other Massachusetts students of these communications.

l

13.    After receiving the aforementioned communications, Saybrook and Dr. O'Hara continued
       to provide educational services to Susan Cooney and other Massachusetts students who
       intended to become psychologists licensed in Massachusetts.

14.    Susan Cooney satisfactorily completed all required coursework at Saybrook to obtain a
       PhD in clinical psychology.

15.    Ms. Cooney also met all other academic requirements that were established by Saybrook,
       including but not limited to: first and forth year reviews of student progress; internships;
       clinical research; and residential conferences at the Saybrook facility in San Francisco,
       California.

16.    Susan Cooney satisfactorily researched, wrote, edited, and defended a doctoral
       dissertation that was required for the award of her PhD degree.

17.    Ms. Cooney met all of her financial obligations to Saybrook, including full payment of all
       expenses for  tuition, books and supplies, student fees, and all other costs and charges.

18.    Ms. Cooney was awarded her doctorate in clinical psychology on or about October, 2002.

19.    In or about late, 2002 and early 2003, Susan Cooney had verbal and written
       communications with the Board inquiring about procedures for licensure as a
       psychologist in the Commonwealth of Massachusetts.

20.    The Board advised Susan Cooney that she was ineligible for licensure as a psychologist
       because the Commonwealth of Massachusetts did not recognize Saybrook as an
       accredited and qualified institution to train psychologists.

21.    In or about March, 2003, the Board advised Susan Cooney that Saybrook had knowledge
       that the Board would not provide licensure to Saybrook students.

22.    On various dates through late 2002 and 2003, Susan Cooney contacted representatives at
       Saybrook to resolve the Board's objections to her training from Saybrook.

23.    Susan Cooney has requested assistance from Saybrook to resolve this dispute, but has not
       received adequate assistance to qualify for state licensure.

24.    Saybrook has not offered Susan Cooney an administrative hearing or any other form of
       due process to resolve her grievance.

25.    Saybrook suggested that Susan Cooney commence legal action against the Board, and
       proposed defraying a limited portion of her legal costs.  Saybrook has never offered to
       pay for Susan Cooney's entire legal costs in taking such legal action.

3

26.   Saybrook has not initiated legal action on its own behalf against the Board.

27.   Pursuant to Massachusetts General Laws, Chapter 93A, on or about September 15, 2003, Susan Cooney wrote a demand letter to advise Saybrook that it has engaged in unfair and deceptive trade practices in providing her graduate training in psychology that would not allow her to qualify for licensure, and for failing to advise her of communications from the Board that Saybrook students would be ineligible for licensure.

28.   By its counsel, Saybrook responded to this demand letter on October 21, 2003, beyond the prescribed thirty-day period for responses to a Chapter 93A demand letter.

COUNT I
BREACH OF CONTRACT
(Against Saybrook)

29.   Plaintiff reaffirms the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.   By paying tuition to Saybrook and by enrolling in a course of graduate study as described in the Saybrook Catalogue, a contract was formed between Plaintiff and Saybrook.

31.   Plaintiff performed all her obligations under the contract.

32.   Saybrook breached this contract by violating its own policies, thereby denying Plaintiff opportunities and benefits to which she was entitled under the contract.

33.   Plaintiff has wrongfully been denied the opportunity to complete requirements necessary to receive licensure as a psychologist from the Commonwealth of Massachusetts.

34.   Saybrook's decision to deny Plaintiff an education sufficient to obtain state licensure was arbitrary and capricious.

35.   Due to Saybrook's breach of contract, Plaintiff was damaged in that she has been precluded from obtaining licensure as a Massachusetts psychologist.

4

## COUNT II
## PROMISSORY ESTOPPEL
(Against Saybrook)

36.    Plaintiff reaffirms the allegations contained in paragraphs 1 through 35 as if fully set forth
herein.

37.    By receiving tuition and fees from Susan Cooney and by providing a course of graduate
study as described in the Saybrook Catalogue, Saybrook made a promise that it was
qualified to deliver professional training that would qualify her for licensure as a
psychologist in Massachusetts.

38.    Saybrook knew or should have known that Susan Cooney would rely on its promise to
deliver professional training that would qualify her for licensure as a psychologist in
Massachusetts.

39.    Saybrook breached this promise, thereby denying Susan Cooney the opportunity to
complete requirements necessary to receive licensure as a psychologist from the
Commonwealth of Massachusetts.

40.    Due to Saybrook's breach of this implied promise, Plaintiff was damaged in that she has
been precluded from obtaining state licensure.

## COUNT III
## DENIAL OF DUE PROCESS
(Against Saybrook)

41.    Plaintiff reaffirms the allegations contained in paragraphs 1 through 40 as if fully set forth
herein.

42.    Defendant is obligated to provide Plaintiff with due process during the course of any
grievance.

43.    Defendant failed to provide Plaintiff with due process by failing to provide Plaintiff with
the opportunity for a hearing on her grievance.

5

COUNT IV
CHAPTER 93 VIOLATION
(Against Saybrook and O'Hara)

44.  Plaintiff reaffirms the allegations contained in paragraphs 1 through 43 as if fully set forth
     herein.

45.  Susan Cooney sent multiple copies of a Chapter 93A demand letter to Saybrook and
     various administrators at Saybrook.

46.  Susan Cooney served her Chapter 93A demand letter on Maureen O'Hara, President of
     Saybrook.

47.  Saybrook engaged in unfair and deceptive business practices in its relationship with
     Susan Cooney.

48.  Maureen O'Hara knew that Saybrook engaged in unfair and deceptive business practices
     in its relationship with Susan Cooney.  Specifically, Dr. O'Hara knew that the Board
     would not provide licensure to Saybrook Students.

49.  Dr. O'Hara authorized Saybrook to provide educational services to Ms. Cooney and other
     Massachusetts students, and authorized the collection of tuition and fees from these
     students, after receiving actual or constructive notice that the Board would not license
     Saybrook students.

50.  Saybrook and Dr. O'Hara did not provide a timely response within thirty days of their
     receipt of Susan Cooney's 93A demand letter.  Saybrook and Dr. O'Hara did not extend
     a reasonable offer of settlement in its response to Susan Cooney's 93A demand letter.


     WHEREFORE, Plaintiff Susan Cooney respectfully requests an order of this court:

          (I)     Finding that Defendant breached its contract and promise with Plaintiff
                  and awarding damages in an amount to be determined at trial;

          (ii)    Finding that Defendant violated Plaintiff's right to due process;

          (iii)   Finding that Defendants engaged in unfair and deceptive trade practices,
                  and awarding multiple damages and attorney fees in an amount to be
                  determined at trial; and •

6

(iv)    Any other such relief this court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

*Paul W. Morenberg*

PAUL W. MORENBERG
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, Massachusetts   02464
(617) 969-7139

Dated:        May 28, 2004

7

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-2296 F | Trial Court of Massachusetts Superior Court Department County: __Middlesex__ |
|---|---|---|

| PLAINTIFF(S) Susan Cooney | DEFENDANT(S) Humanistic Psychology Institute d/b/a Saybrook Institute; Maureen O'Hara |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul W. Morenberg, Kerstein Coren... 233 Needham St.; Newton, MA 02464 Board of Bar Overseers number: 631101  (617)969-7139 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Contract; 93A, etc. | ( F ) | ( X ) Yes   ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
                                                        Subtotal $ . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . $ . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . $ . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                              $ . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                              $ . . . . . . . . . . .
                                                      TOTAL $ . . . . . . . . . . .

FILED
IN THE OFFICE OF THE
CLERK OF THE COURT
FOR THE CO...
JUN 0 1 2004
_Edward_
CLERK

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendants provided plaintiff with graduate studies in psychology even though the Massachusetts Board of Registration of Psychologists will not provide licensure to students of Saybrook Institute **TOTAL $.2,00,000....**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _Paul W. Morenberg_                    DATE: 5/28/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

MAS-20031124
gilmanr

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
**Case Summary**
**Civil Docket**

07/20/2004
03:44 PM

## MICV2004-02246
## Cooney v Humanistic Psychology Institute d/b/a Saybrook Institute et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 06/01/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 07/19/2004 | **Session** | F - Cv F (10A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/30/2004 | **Answer** | 10/29/2004 | **Rule12/19/20** | 10/29/2004 |
| **Rule 15** | 10/29/2004 | **Discovery** | 03/28/2005 | **Rule 56** | 04/27/2005 |
| **Final PTC** | 05/27/2005 | **Disposition** | 07/26/2005 | **Jury Trial** | Yes |

| PARTIES |
|---|

| | |
|---|---|
| **Plaintiff**<br>Susan Cooney<br>1445 Centre Street<br>Newton Center, MA 02459<br>Active 06/01/2004 | **Private Counsel 631101**<br>Paul W Morenberg<br>Kerstein Coren Lichten & Finkelstein<br>223 Needham Street<br>Newton Upper Falls, MA 02464<br>Phone: 617-969-7139<br>Active 06/01/2004 Notify |
| **Defendant**<br>Humanistic Psychology Institute d/b/a Saybrook<br>Institute<br>450 Pacific Avenue<br>San Francisco, CA 94108<br>Service pending 06/01/2004 | **Private Counsel 024850**<br>Michael F Aylward<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 07/19/2004 Notify |
| | **Private Counsel 640970**<br>Grace V Bacon<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-737-8822<br>Fax: 617-342-4914<br>Active 07/19/2004 Notify |
| **Defendant**<br>Maureen O'Hara<br>450 Pacific Avenue<br>Service pending 06/01/2004 | **Private Counsel 024850**<br>Michael F Aylward<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 07/19/2004 Notify |

MAS-20031124
gilmanr

Case 1:04-cv-11572-JLT Document 2 Filed 07/26/2004 Page 27 of 28
Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

07/20/2004
03:44 PM

## MICV2004-02246
## Cooney v Humanistic Psychology Institute d/b/a Saybrook Institute et al

**Private Counsel 640970**
Grace V Bacon
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-737-8822
Fax: 617-342-4914
Active 07/19/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/01/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 06/01/2004 | | Origin 1, Type A01, Track F. |
| 07/19/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by defts Humanistic Psychology Institute d/b/a Saybrook Institute and Maureen O'Hara |
| 07/19/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |