UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

SUSAN COONEY,
Plaintiff,

v.

HUMANISTIC PSYCHOLOGY INSTITUTE, d/b/a SAYBROOK INSTITUTE and MAUREEN O'HARA, Individually,
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MAUREEN O'HARA'S MOTION TO DISMISS, OR ALTERNATIVELY TRANSFER, AND DEFENDANT HUMANISTIC PSYCHOLOGY INSTITUTE'S MOTION TO TRANSFER**

## INTRODUCTION

This case arises out of plaintiff's claim that the Massachusetts Board of Registration of Psychologists may not license her as a psychologist because the Humanistic Psychology Institute d/b/a Saybrook Institute ("Saybrook Institute"), the California institution from which she obtained her Doctor in Philosophy, does not carry certain, necessary accreditations required by this Commonwealth. The plaintiff seeks recovery against Saybrook Institute for breach of contract, promissory estoppel, denial of due process and violation of Mass. Gen. Laws ch. 93A. Additionally, she has asserted an individual claim against Saybrook Institute's President Maureen O'Hara, who resides in California, for violation of Mass. Gen. Laws ch. 93A.

Dismissal of the sole count against O'Hara is appropriate pursuant to Fed. R. Civ. P. 12(b)(2) and (3) as this Court lacks personal jurisdiction over O'Hara and the plaintiff has brought this action in the improper venue. In the alternative, as venue is improper in this Court, O'Hara seeks the Court to transfer this case, pursuant to 28 U.S.C. § 1406, to the U.S. District

Court for the Northern District of California in San Francisco (the "California Court"). Additionally, in the interests of justice and convenience to the defendants and witnesses, it is proper for the Court to transfer the action against Saybrook Institute pursuant to 28 U.S.C. § 1404.

**BACKGROUND**

Saybrook Institute is a graduate school and research center located in San Francisco, California that offers graduate studies in Human Science, Psychology and Organizational Systems Inquiry. See Complaint ¶¶ 2-3, attached as Exhibit 1. Saybrook Institute is a non profit institute under the Internal Revenue Code Section 501(c). See Affidavit of Maureen O'Hara ("O'Hara Aff.") at ¶ 4, attached as Exhibit 2.[1] Maureen O'Hara is its President. She has resided in California since 1975. Id. at ¶¶ 1-2.

Saybrook Institutes provides instruction to out-of-state students, such as Cooney, through a distance learning model that emphasizes one-on-one interaction between students and faculty. See Complaint at ¶ 6. All course work is done electronically, telephonically, as well as through residential conferences and classroom work in San Francisco. See O'Hara Aff. at ¶ 5. Saybrook Institute does not offer any classes or conferences in Massachusetts. Id. Cooney enrolled in Saybrook Institute in the fall of 1995. See Complaint at ¶ 9. After completing the necessary academic curriculum, including numerous week long residential conferences in San Francisco, Saybrook Institute awarded Cooney a doctorate in clinical psychology in October 2002. Id. ¶ 3; see also Complaint at ¶¶ 15, 18.

Prior to Cooney's matriculation in 1995, Saybrook Institute informed her that if she intended to become a licensed psychologist, she must qualify for such a license through the

[1] Unlike a Fed R. Civ. P. 12(b)(6) motion, "the consideration of materials outside the complaint is appropriate in ruling on a motion to dismiss for lack of personal jurisdiction." Callahan v. Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 152-53 (D. Mass. 2001) (granting defendant's motion to dismiss for lack of personal jurisdiction).

appropriate state licensing authorities. Id. ¶ 7. Seven years after being informed that she would need to qualify for licensing through the state licensing board, and after graduating Saybrook Institute, Cooney "*inquired*" of the Massachusetts Board of Registration of Psychologists (the "Board") the procedures for obtaining a license to practice as a psychologist within the Commonwealth. Id. at ¶¶ 7, 18, 19. Cooney alleges that in response to her inquiry, the Board informed her that Saybrook Institute did not have the necessary accreditations required by the Board. Id. at ¶ 20.

## ARGUMENT

### A. This Court Lack Personal Jurisdiction Over O'Hara

The plaintiff bears the burden of persuading the Court that personal jurisdiction exists when faced with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). Massachusetts Sch. of Law at Andover, Inc. v. American Bar Assoc., 142 F.3d 26, 34 (1998). In actions based on diversity, for a court to have personal jurisdiction over a defendant moving to dismiss, the court must find both that the Massachusetts's long-arm statute authorizes personal jurisdiction and that the exercise of such jurisdiction comports with the due process requirement that the defendant has certain minimum contact in Massachusetts. Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F. Supp. 1106, 1109 (Mass. 1983). In this case, as plaintiff cannot show the necessary requirements for personal jurisdiction over O'Hara, dismissal is merited.

#### 1. O'Hara Has Not Transacted Business In Massachusetts

Under Massachusetts's long-arm statute, a court may exercise personal jurisdiction over a person as to a cause of action arising out of the person's transaction of business in this Commonwealth. Mass. Gen. Laws ch. 233A, § 3. Here, the plaintiff has not alleged that O'Hara herself performed any business in Massachusetts. See generally Complaint. Simply being the

President[2] of Saybrook Institute is not sufficient to show that O'Hara engaged in business in this jurisdiction. See e.g. Callahan, 138 F. Supp. 2d at 158 (the court performed a separate analysis to determine personal jurisdiction over a company's vice-president of finance from that of the company). Rather, the facts show that O'Hara is a resident of California with a business address in San Francisco, California. See O'Hara Aff. ¶ 1; Complaint ¶ 4. Moreover, O'Hara never acted as Cooney's appointed professor, faculty member, advisor or mentor. See O'Hara Aff. ¶ 6. Consequently, O'Hara cannot be said to have transacted business here in Massachusetts.

2. O'Hara Does Not Have Sufficient Contacts with Massachusetts for a Finding of Personal Jurisdiction

Even if the Court finds O'Hara has transacted business in Massachusetts, which O'Hara denies, plaintiff must prove that personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. See Callahan, 138 F. Supp. 2d at 157-158. Due process requires a showing by the plaintiff that O'Hara has sufficient contacts with Massachusetts for the Court to assert personal jurisdiction over her. Id. The touchstone of the minimum contacts inquiry is whether the defendant reasonably could have foreseen being haled into court in a particular jurisdiction based on its conduct and connection with that forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In determining whether the defendant has sufficient contacts with the forum, courts recognize that jurisdiction can be either general or specific jurisdiction. Callahan, 138 F. Supp. 2d. at 158. Here, as O'Hara has neither general nor specific contacts with Massachusetts, it is unforeseeable that she would be haled into court here. See Callahan, 138 F. Supp. 2d at 158 (finding that the court did not have specific or general jurisdiction over an individually named officer of the co-defendant corporate entity based on the

[2] It should be noted that O'Hara did not become President of Saybrook until 1999, four years after the plaintiff enrolled in her graduate program. See O'Hara Aff. at ¶¶ 2-3; Complaint at ¶ 9.

officer's sole action of signing a letter on behalf of the co-defendant and sending it to Massachusetts).

*a. There is No General Jurisdiction Over O'Hara*

In order to show general jurisdiction, it is the plaintiff's burden to show that O'Hara "engaged in continuous and systematic activity unrelated to the suit, in the forum state." Massachusetts Sch. of Law at Andover, Inc., 142 F.3d at 34. Here, O'Hara has no connection to Massachusetts. She is a resident of California, not of Massachusetts. See O'Hara Aff. ¶ 1. Her business address is in California, not Massachusetts. See Complaint at ¶ 4. The plaintiff has not alleged, nor can she, that O'Hara, as an individual, has any contacts to Massachusetts or undertook any actions in Massachusetts. See Complaint.

With respect to the sole count against O'Hara, an alleged violation of Mass. Gen. Laws ch. 93A, the only allegation that the plaintiff has made regarding O'Hara is that she *received* communications from the Massachusetts Board of Registration of Psychologists and allowed Saybrook Institute to provide educational services. Id. at ¶ 49. There are no allegations that O'Hara received those alleged communications from the Board anywhere else, other than in California. Moreover, there are no allegations that O'Hara herself had any contacts with Massachusetts. As a result, the Court cannot find general jurisdiction over O'Hara. Callahan, 138 F. Supp. 2d at 158 (finding no general jurisdiction over an officer of a co-defendant corporation as there was no "continuous and systematic" contacts with Massachusetts).

*b. There is No Specific Jurisdiction Over O'Hara*

In order for the plaintiff to show sufficient minimum contacts exist for a specific jurisdiction, she must show that "there is a demonstrable nexus between a plaintiff's claims and a defendant forum based activities." Massachusetts Sch. of Law at Andover, Inc., 142 F.3d at 34. Specifically, specific jurisdiction is assessed on the following factors: (1) whether the claim at issue relates to the defendant's forum activities, (2), whether the defendant has sufficient minimum contacts through purposefully availing itself of the forum, and (3) whether asserting jurisdiction is reasonable. See Comer v. Comer, 295 F. Supp. 2d 201, 206-07 (D. Mass. 2003) (dismissing the case against all defendants for lack of personal jurisdiction).

In order to satisfy the first factor, relatedness, the plaintiff must show that the suit arises out of, or is related to, the defendant's forum related activities. Id. This factor requires that the plaintiff show an element of causation. Id. Plaintiff has failed to make any allegations of activities that O'Hara conducted here in Massachusetts. To the contrary, all allegations contained in the plaintiff's Complaint against O'Hara are alleged actions that took place in California. See Complaint at ¶¶ 12, 13, 49. As such, the plaintiff cannot prove the first factor to show specific jurisdiction.

Additionally, the plaintiff has not fulfilled her obligation of showing that O'Hara has the necessary minimum contacts for the Court to assert personal jurisdiction. In order to show minimum contacts, the plaintiff has to show that O'Hara's "contacts with the forum state represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of the state's laws and making [her] involuntary presence before the [C]ourt foreseeable." Callahan, 138 F. Supp. 2d at 159. There are no allegations that O'Hara has purposefully availed herself of the benefits of transacting business in Massachusetts. She has not taken advantage of any Massachusetts law, and has not done some

affirmative conduct demonstrating her availment of doing business in Massachusetts. See World-Wide Volkswagen Corp., 444 U.S. at 297. As the plaintiff cannot show that O'Hara purposefully directed her activities in this State, jurisdiction cannot be found.

Although there is no further analysis required under the specific jurisdiction factors as O'Hara does not have sufficient contacts with Massachusetts for personal jurisdiction, even if the Court is to find otherwise, asserting personal jurisdiction would offend traditional notions of fair play and substantial justice. In looking at whether asserting personal jurisdiction is reasonable, the court needs to assess the burden on the defendant for appearing in this forum, Massachusetts's interest in adjudicating the dispute, the plaintiff's interest in obtaining effective relief, determine the forum that has the most interest in obtaining an effective resolution, and the common interest of promoting substantive social policies. Callahan, 138 F. Supp. 2s at 162. These factors, however, should be determined on a sliding scale; "The weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need to show in terms of unreasonableness to defeat jurisdiction." Id. (citation omitted).

In assessing the five factors, all of them weigh against a finding of personal jurisdiction. It would be a burden for O'Hara, a California resident to travel to Massachusetts. Also, Massachusetts has no interest in adjudicating this dispute: none of the events underlying this case occurred here in Massachusetts, none of the parties or witnesses, other than the plaintiff, are located here, and most of the relevant documents are located in California. Further, the plaintiff does not have a need to avail herself of this forum. It is clear that the plaintiff's contacts with Saybrook Institute, and with O'Hara, if any, have been in California, where she has traveled numerous times. See Complaint ¶ 15; O'Hara Aff. ¶ 5. Additionally, the judicial system as a whole would receive no benefit from this case being litigated in Massachusetts. Finally, the case

does not raise "substantive social policies" that need to be resolved in Massachusetts. As such, the Court should dismiss the clam against O'Hara as it does not have personal jurisdiction over her.

**B. Plaintiff Has Brought This Action Against O'Hara in the Improper Venue**

28 U.S.C. § 1391 mandates that venue is proper in a diversity action only in three circumstances, none of which apply here. First, venue is proper in the jurisdiction where a defendant resides. 28 U.S.C. § 1391(a). Second, venue is proper in the "judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Id. Third, venue is proper if the defendant is subject to personal jurisdiction only if there is no jurisdiction in which the action may otherwise be brought." Id. As the allegations against O'Hara, a California resident over which this Court does not have personal jurisdiction, did not occur here in Massachusetts, venue is not proper.

A motion brought pursuant to Fed. R. Civ. P. 12(b)(3) is evaluated under the same procedural analysis a motion pursuant to Fed. R. Civ. P. 12(b)(2). See Salisbury Cove Assoc., Inc. v. Indcon Design (1995), Inc., 211 F. Supp. 2d 184, 187-199 (Me. 2002). A plaintiff must make a prima facia demonstration that there are sufficient facts to establish proper venue. See Boit v. Gar-Tech Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992) (stating that to assess a motion to dismiss for lack of personal jurisdiction, the court looks to, "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction"). Based on the same lack of contacts with Massachusetts as outlined in Section A, it is proper for the Court to dismiss this case based on improper venue. Alternatively, O'Hara requests the Court transfer the case pursuant to 28 U.S.C. § 1406.

### C. It is Fair and In the Interests of Judicial Economy to Transfer This Case Against Saybrook Institute to the California Court

This case should be tried in the California District Court as all actions giving rise to the case took place in California. Pursuant to 28 U.S.C. § 1404(a), this Court has broad discretion in granting a motion to transfer "[f]or the convenience of parties and witnesses [and] in the interest of justice." In fact, the Court is allowed to grant a transfer upon a less showing of inconvenience than needs to be made to obtain a dismissal under the doctrine of forum non conveniens. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) (stating that the forum non conveniens doctrine is different than 28 U.S.C. § 1404 in that the latter is "intended to permit courts to grant transfers upon a lesser showing of inconvenience."

Saybrook Institute is a California corporation with its principal place of business located in San Francisco, California. See Complaint ¶ 2. Cooney entered a graduate school that she knew was located in California. In fact, Ms. Cooney traveled to California on numerous occasions pursuant to her graduate studies. See O'Hara Aff. ¶ 5. Most of the witnesses would be in California. Further, if this Court deems it proper to transfer the case against O'Hara to the California Court, it would be in the interest of judicial economy to try the case against Saybrook Institute in the same Court. As such, it is proper to transfer the case against Saybrook Institute to the California Court.

## CONCLUSION

Defendant Maureen O'Hara requests that the Court grant her Motion to Dismiss, or Alternatively Motion to Transfer pursuant to 28 U.S.C. § 1406 as the Court lacks personal jurisdiction over her and this is the improper venue. Additionally, defendant, Humanistic Psychology Institute d/b/a Saybrook Institute requests the Court grant its Motion to Transfer as this case should be properly heard in the U.S. District Court for the Northern District of

California in San Francisco. For the reasons stated above, the defendants also seek for such other and further relief that this Honorable Court may deem appropriate.

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d/b/a SAYBROOK INSTITUTE
and MAUREEN O'HARA

/s/Michael F. Aylward
/s/Grace V. Bacon

Michael F. Aylward, BBO #024850
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

Date: August 3, 2004