1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPT.
                                                 DOCKET NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUSAN COONEY,                                )
        Plaintiff                            )
                                             )
v.                                           )    CIVIL COMPLAINT AND
                                             )    DEMAND FOR JURY TRIAL
HUMANISTIC PSYCHOLOGY INSTITUTE,             )
d/b/a SAYBROOK INSTITUTE and                 )
MAUREEN O'HARA, Individually                 )
        Defendants                           )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


PARTIES / JURISDICTION


1.    Plaintiff, Susan Cooney, is an individual residing at 1445 Centre Street, Newton Centre,
      Middlesex County, Massachusetts, 02459.

2.    Defendant, Humanistic Psychology Institute, Inc. (hereinafter "HPI"), is a corporation
      licensed by the State of California, with a business address of 450 Pacific Avenue, San
      Francisco, California.

3.    HPI does business as Saybrook Institute, an educational institution that offers graduate
      studies in Human Science, Psychology, and Organizational Systems Inquiry.  Throughout
      the balance of this Complaint, HPI and Saybrook Institute will be referred to, collectively,
      as "Saybrook."

4.    Defendant, Maureen O'Hara, Ph.D., is the President of Saybrook.  Maureen O'Hara has a
      business address of 450 Pacific Avenue, San Francisco, California.

5.    Pursuant to M.G.L. Chapter 223A, Section 3, Plaintiff's causes of action against
      Defendants arise from the defendants:

      (a)    transacting business in Massachusetts;
      (b)    contracting to supply services in Massachusetts;
      (c)    causing tortious injury by an act or omission in Massachusetts; and/or
      (d)    causing tortious injury by an act or omission outside of Massachusetts and
             regularly doing or soliciting business, engaging in other persistent conduct, or
             deriving substantial revenue from services rendered in Massachusetts.

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.  Saybrook provides instruction to out of state graduate students through a distance learning model. The Saybrook Institute Interim Catalogue 1994-95 ("Saybrook Catalogues") states as follows:

> Because our programs are structured to meet the personal and professional needs of adult learners, and those persons not able or willing to travel to fixed classrooms, Saybrook uses a distance learning format, an adaptation of the European tutorial model which emphasizes one-to-one interaction between students and faculty. Saybrook Catalogue, p. 2.

7.  Saybrook advises prospective graduate students who intend to become licensed psychologists that they must qualify for licensure through the state licensing board. The Saybrook Institute catalogue indicates that Saybrook will provide assistance to enable students to be licensed: "Saybrook is committed to assisting those students who plan to seek licensure in the state of their choice." Saybrook Catalogue, p. 3.

8.  Saybrook advises students that it is qualified and competent to provide training sufficient for licensure in Massachusetts. "Saybrook graduates have been licensed in the states of Arizona, California, Connecticut, Florida, Georgia, Hawaii, Maryland, Massachusetts, Michigan, New Jersey, New York...."

9.  Plaintiff enrolled in Saybrook in or about the Fall of 1995 as a graduate student in the Doctor of Philosophy in Psychology program.

10. At the time of her acceptance, and at all times during her course of her study, Susan Cooney was a resident of Massachusetts who intended to practice psychology in the Commonwealth of Massachusetts.

11. Throughout her entire course of study, no one at Saybrook advised Susan Cooney that she would encounter any difficulties in being licensed as a psychologist in the Commonwealth of Massachusetts.

12. Saybrook and its president, Maureen O'Hara, Ph.D., received repeated communications from the Massachusetts Board of Registration of Psychologists (hereinafter "the Board") and other sources that Saybrook students would not be qualified to be licensed psychologists in Massachusetts. During the period of 1995 through August, 2003, Saybrook and Dr. O'Hara did not advise Susan Cooney or other Massachusetts students of these communications.

13.    After receiving the aforementioned communications, Saybrook and Dr. O'Hara continued to provide educational services to Susan Cooney and other Massachusetts students who intended to become psychologists licensed in Massachusetts.

14.    Susan Cooney satisfactorily completed all required coursework at Saybrook to obtain a PhD in clinical psychology.

15.    Ms. Cooney also met all other academic requirements that were established by Saybrook, including but not limited to: first and forth year reviews of student progress; internships; clinical research; and residential conferences at the Saybrook facility in San Francisco, California.

16.    Susan Cooney satisfactorily researched, wrote, edited, and defended a doctoral dissertation that was required for the award of her PhD degree.

17.    Ms. Cooney met all of her financial obligations to Saybrook, including full payment of all expenses for  tuition, books and supplies, student fees, and all other costs and charges.

18.    Ms. Cooney was awarded her doctorate in clinical psychology on or about October, 2002.

19.    In or about late, 2002 and early 2003, Susan Cooney had verbal and written communications with the Board inquiring about procedures for licensure as a psychologist in the Commonwealth of Massachusetts.

20.    The Board advised Susan Cooney that she was ineligible for licensure as a psychologist because the Commonwealth of Massachusetts did not recognize Saybrook as an accredited and qualified institution to train psychologists.

21.    In or about March, 2003, the Board advised Susan Cooney that Saybrook had knowledge that the Board would not provide licensure to Saybrook students.

22.    On various dates through late 2002 and 2003, Susan Cooney contacted representatives at Saybrook to resolve the Board's objections to her training from Saybrook.

23.    Susan Cooney has requested assistance from Saybrook to resolve this dispute, but has not received adequate assistance to qualify for state licensure.

24.    Saybrook has not offered Susan Cooney an administrative hearing or any other form of due process to resolve her grievance.

25.    Saybrook suggested that Susan Cooney commence legal action against the Board, and proposed defraying a limited portion of her legal costs.  Saybrook has never offered to pay for Susan Cooney's entire legal costs in taking such legal action.

3

26.    Saybrook has not initiated legal action on its own behalf against the Board.

27.    Pursuant to Massachusetts General Laws, Chapter 93A, on or about September 15, 2003, Susan Cooney wrote a demand letter to advise Saybrook that it has engaged in unfair and deceptive trade practices in providing her graduate training in psychology that would not allow her to qualify for licensure, and for failing to advise her of communications from the Board that Saybrook students would be ineligible for licensure.

28.    By its counsel, Saybrook responded to this demand letter on October 21, 2003, beyond the prescribed thirty-day period for responses to a Chapter 93A demand letter.

COUNT I
BREACH OF CONTRACT
(Against Saybrook)

29.    Plaintiff reaffirms the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.    By paying tuition to Saybrook and by enrolling in a course of graduate study as described in the Saybrook Catalogue, a contract was formed between Plaintiff and Saybrook.

31.    Plaintiff performed all her obligations under the contract.

32.    Saybrook breached this contract by violating its own policies, thereby denying Plaintiff opportunities and benefits to which she was entitled under the contract.

33.    Plaintiff has wrongfully been denied the opportunity to complete requirements necessary to receive licensure as a psychologist from the Commonwealth of Massachusetts.

34.    Saybrook's decision to deny Plaintiff an education sufficient to obtain state licensure was arbitrary and capricious.

35.    Due to Saybrook's breach of contract, Plaintiff was damaged in that she has been precluded from obtaining licensure as a Massachusetts psychologist.

COUNT II
PROMISSORY ESTOPPEL
(Against Saybrook)

36.    Plaintiff reaffirms the allegations contained in paragraphs 1 through 35 as if fully set forth
       herein.

37.    By receiving tuition and fees from Susan Cooney and by providing a course of graduate
       study as described in the Saybrook Catalogue, Saybrook made a promise that it was
       qualified to deliver professional training that would qualify her for licensure as a
       psychologist in Massachusetts.

38.    Saybrook knew or should have known that Susan Cooney would rely on its promise to
       deliver professional training that would qualify her for licensure as a psychologist in
       Massachusetts.

39.    Saybrook breached this promise, thereby denying Susan Cooney the opportunity to
       complete requirements necessary to receive licensure as a psychologist from the
       Commonwealth of Massachusetts.

40.    Due to Saybrook's breach of this implied promise, Plaintiff was damaged in that she has
       been precluded from obtaining state licensure.

COUNT III
DENIAL OF DUE PROCESS
(Against Saybrook)

41.    Plaintiff reaffirms the allegations contained in paragraphs 1 through 40 as if fully set forth
       herein.

42.    Defendant is obligated to provide Plaintiff with due process during the course of any
       grievance.

43.    Defendant failed to provide Plaintiff with due process by failing to provide Plaintiff with
       the opportunity for a hearing on her grievance.

5

## COUNT IV
## CHAPTER 93 VIOLATION
(Against Saybrook and O'Hara)

44. Plaintiff reaffirms the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Susan Cooney sent multiple copies of a Chapter 93A demand letter to Saybrook and various administrators at Saybrook.

46. Susan Cooney served her Chapter 93A demand letter on Maureen O'Hara, President of Saybrook.

47. Saybrook engaged in unfair and deceptive business practices in its relationship with Susan Cooney.

48. Maureen O'Hara knew that Saybrook engaged in unfair and deceptive business practices in its relationship with Susan Cooney. Specifically, Dr. O'Hara knew that the Board would not provide licensure to Saybrook Students.

49. Dr. O'Hara authorized Saybrook to provide educational services to Ms. Cooney and other Massachusetts students, and authorized the collection of tuition and fees from these students, after receiving actual or constructive notice that the Board would not license Saybrook students.

50. Saybrook and Dr. O'Hara did not provide a timely response within thirty days of their receipt of Susan Cooney's 93A demand letter. Saybrook and Dr. O'Hara did not extend a reasonable offer of settlement in its response to Susan Cooney's 93A demand letter.


WHEREFORE, Plaintiff Susan Cooney respectfully requests an order of this court:

    (I)     Finding that Defendant breached its contract and promise with Plaintiff and awarding damages in an amount to be determined at trial;

    (ii)    Finding that Defendant violated Plaintiff's right to due process;

    (iii)   Finding that Defendants engaged in unfair and deceptive trade practices, and awarding multiple damages and attorney fees in an amount to be determined at trial; and

(iv)    Any other such relief this court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

PAUL W. MORENBERG
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, Massachusetts   02464
(617) 969-7139

Dated:       May 28, 2004

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPT.
                                                  DOCKET NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUSAN COONEY,                          )
        Plaintiff                      )
                                       )
                                       )
v.                                     )        NOTICE OF
                                       )        APPEARANCE
                                       )
HUMANISTIC PSYCHOLOGY INSTITUTE,       )
d/b/a SAYBROOK INSTITUTE and           )
MAUREEN O'HARA, Individually           )
        Defendants                     )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


Please enter the appearance of Paul Morenberg and Kerstein, Coren, Lichtenstein &

Finkel, LLP as counsel of record for Plaintiff, Susan Cooney.


_____
PAUL W. MORENBERG
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, Massachusetts   02464
(617) 969-7139


Dated:       May 28, 2004