UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUSAN COONEY,                                      )
    Plaintiff                                               )
                                                                )
                                                                )
v.                                                               )
                                                                )
                                                                )
HUMANISTIC PSYCHOLOGY INSTITUTE,  )
d/b/a SAYBROOK INSTITUTE and             )
MAUREEN O'HARA, Individually               )
    Defendants                                           )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF SUSAN COONEY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Susan Cooney, by her counsel, hereby opposes Defendants' Motion to Dismiss and Transfer pursuant to F.R.C.P. Rule 12(b)(2) and (3). As grounds in support of this opposition, Plaintiff relies on the arguments and facts outlined below. Plaintiff also relies on the Affidavit of Susan Cooney, which is incorporated herein by reference.[1]

Plaintiff filed her Complaint against defendants Humanistic Psychology Institute and Maureen O'Hara in Middlesex Superior Court on May 28, 2004. On or about June 28, 2004, Plaintiff accomplished personal service of the defendants by means of a California process server. Defendants filed a Notice to Remove on or about July 14, 2004. Defendants then filed their Motion to Dismiss and Motion to Transfer on August 3, 2004.

---

[1] As noted in Defendants' Memorandum of Law, it is appropriate for the Court to consider materials outside the Complaint when considering a motion to dismiss for lack of personal jurisdiction. *See. eg.* Callahan v. Harvest Bd. Int'l, Inc. 138 F.Supp. 2d 147, 152-53 (D.Mass. 2001).

## KEY FACTS RELATING TO JURISDICTION AND VENUE

Plaintiff's Complaint and Affidavit allege sufficient facts to establish that Defendants O'Hara and Saybrook conducted business within Massachusetts and that Defendants had sufficient contacts with Massachusetts to justify a finding of personal jurisdiction and proper venue. Humanistic Psychology Institute, which is a California corporation, has done business as Saybrook Institute and as Saybrook Graduate School and Research Center (hereinafter "Saybrook"). Saybrook provides graduate studies in psychology to students within Massachusetts and throughout the United States, Canada, and other jurisdictions.

Saybrook provides instruction to its Massachusetts students through a distance learning model. Complaint, ¶ 6. Saybrook advises prospective students of its commitment to assist them in obtaining licensure in the "state of their choice." Complaint, ¶ 7. Saybrook also advises prospective students that its graduates have been licensed in Massachusetts. Complaint, ¶ 8. During the period of 1995 through 2002, Saybrook provided training to Susan Cooney, who was a resident of Massachusetts at all relevant times. Complaint, ¶¶ 9, 10, 18. During this period, Saybrook also provided training to other students in Massachusetts. Affidavit, ¶ 3. Susan Cooney attended "residential conferences" at Saybrook's San Francisco campus for about two weeks each year. Affidavit, ¶ 5. At all other times, her studies took place within the Commonwealth of Massachusetts. Affidavit, ¶ 6. Cooney's professors and advisors at Saybrook provided guidance and instruction to her in Massachusetts via telephone, mail, and electronic communications. Id. Before and during her course of study, Defendants advised Cooney that she would be eligible for licensure as a psychologist within Massachusetts. Affidavit, ¶ 2. Cooney completed all academic requirements of Saybrook, including publication of a dissertation, and she was awarded a Ph.D. in Psychology in 2002. Affidavit, ¶ 7.

2

During Cooney's participation in Saybrook's distance learning program, Defendants received communications from the Massachusetts Board of Registration of Psychologists (hereinafter "the Board") and from other sources that Saybrook graduates were ineligible for licensure in Massachusetts. Complaint, ¶ 21; Affidavit, ¶ 8. Defendant O'Hara was president of Saybrook at the time of these communications from the Board. As president, O'Hara knew or should have known that Saybrook students were ineligible for licensure in Massachusetts. Affidavit, ¶ 10. O'Hara and Saybrook failed to notify Ms. Cooney of the Board's communications regarding Massachusetts licensure. Complaint, ¶ 48. Moreover, after receiving notice from the Board, O'Hara and Saybrook continued to demand tuition from Cooney and continued to provide educational services that would not enable Cooney to become licensed in Massachusetts. Complaint, ¶ 49. On various dates in 2002 and 2003, Cooney was informed by the Board that she was ineligible for licensure in Massachusetts. Thereafter, Ms. Cooney requested assistance from Saybrook through oral and written communications, including a Chapter 93A demand letter. Saybrook offered to defray up to $2,500 of legal costs if Ms. Cooney agreed to sue the Board and to assume all legal costs in excess of $2,500. Affidavit, ¶ 13. Apart from its offer to defray a modicum of legal fees if Ms. Cooney sued the Board, Saybrook has failed to take any action to assist Cooney in obtaining licensure within Massachusetts. Affidavit, ¶ 13.

ARGUMENT

A.   **The Massachusetts District Court Has Personal Jurisdiction Over O'Hara.**

Defendant correctly asserts that the Plaintiff bears the burden of establishing personal jurisdiction over any defendant who file a Rule 12(b)(2) motion to dismiss. Defendant also correctly states that Plaintiff must establish that the Massachusetts long arm statute authorizes personal jurisdiction and that such jurisdiction meets the due process requirement of "minimum contacts." Hahn v. Vermont Law School, 698 F.2d 48, 50 (1st Cir. 1983).

Unfortunately, Defendants fail to acknowledge that Plaintiff's burden is satisfied by alleging specific facts in support of personal jurisdiction, whether or not such facts can be proven as true. The Court must assume the truth of all jurisdictional facts alleged by the plaintiff, and the Court may only consider allegations of the defendant to the extent they are uncontradicted:

> In conducting the requisite analysis under the prima facie standard, we take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim... We then add to the mix facts put forward by defendants, to the extent they are uncontradicted.... Mass. School of Law at Andover v. American Bar Assoc., 142 F.3d 26, 34 (1st Cir. 1998).

In the present case, Plaintiff's Complaint and Affidavit allege sufficient facts to warrant a finding that the Massachusetts District Court has personal jurisdiction over Defendants under the Massachusetts long-arm statute and under the "minimum contacts" test. Plaintiff's allegations in support of personal jurisdiction include but are not limited to five essential facts. First, Defendants provided educational services and career guidance in Massachusetts through a distance learning model. Second, Defendants provided repeated assurances to Plaintiff that

4

Saybrook graduates were eligible for licensure as Massachusetts psychologists. Third, Defendants were notified by the Board that Saybrook graduates were ineligible for licensure, but failed to notify Cooney. Fourth, Saybrook continued to collect tuition and provide further educational services to Cooney after receiving notice that she was ineligible for licensure as a Massachusetts psychologist. Fifth, after Cooney notified Saybrook that she was ineligible for licensure, Saybrook failed to take any action to challenge the Board's rulings concerning Saybrook students. Plaintiff has alleged ample factual allegations to support personal jurisdiction, and Defendant O'Hara's affidavit does not advance any facts that suggest personal jurisdiction is improper.

1.  <u>O'Hara Has Transacted Business in Massachusetts; O'Hara Has Also Caused Tortious Injury by Acts and Omissions Within or Without Massachusetts.</u>

In her memorandum of law, Defendant O'Hara has oversimplied the Massachusetts long arm statute by arguing that Plaintiff must show her cause of action arises from defendant's transaction of business in the Commonwealth. On the contrary, M.G.L. Chapter 223A, Section 3 provides a four-part test to evaluate personal jurisdiction, including (i) transacting business in Massachusetts; (ii) contracting to supply services in Massachusetts; (iii) causing tortious injury by an act or omission within Massachusetts; and/or (iv) causing tortious injury by an act or omission outside of Massachusetts while regularly doing or soliciting business, engaging in other persistent conduct, or deriving substantial revenue from services rendered in Massachusetts. While Defendant O'Hara argues that she did not conduct business within Massachusetts, she fails to dispute Plaintiff's allegations in the Complaint that Defendant O'Hara caused tortious injury

5

within or without Massachusetts.

Contrary to defendant's claim, plaintiff has alleged sufficient facts to show that Defendant conducted business in Massachusetts. Plaintiff alleges that O'Hara authorized Saybrook to deliver graduate training in psychology to Massachusetts students including Cooney, and continued to authorize these services after receiving notice from the Board that Saybrook graduates were ineligible for licensure. Defendant misconstrues the holding of <u>Callahan</u> in arguing that the Court must perform a separate analysis as to personal jurisdiction over a company and over its officer. 138 F.Supp. 2d at 158. In <u>Callahan</u>, the Court ruled that there was no personal jurisdiction over defendant Robertson because he signed only one letter that was delivered to Massachusetts. <u>Id</u>. <u>Callahan</u> does not state or imply that a plaintiff must demonstrate that a president committed individual acts or omissions that give rise to Plaintiff's injury. In <u>Johnson Creative Arts v. Wool Masters</u>, the District Court held that no Massachusetts or First Circuit case has applied a "fiduciary shield" doctrine as a limitation on the Massachusetts long arm statute. 573 F.Supp. 1106, 1111 (D. Mass. 1983). In <u>Johnson</u>, the Court noted that personal jurisdiction can be established over a president on the basis of "his corporation-related activities in Massachusetts." Id. At 1112. As the president of Saybrook since 1999, O'Hara was ultimately responsible for determining the jurisdictions in which Saybrook provides educational services. As O'Hara authorized Saybrook to deliver educational services in Massachusetts from 1999 through the present date, she has conducted business in Massachusetts.

Plaintiff can also establish personal jurisdiction over O'Hara if she caused a tortious injury by an act or omission inside Massachusetts, or if she has caused a tortious injury by an act or omission outside Massachusetts while regularly doing or soliciting business, engaging in persistent conduct, or deriving revenue from services. M.G.L. Chapter 223A, Section 3.

6

Plaintiff has alleged that O'Hara caused a tortious injury in Massachusetts by her failure to provide notice to Cooney of the Board's refusal to recognize a Saybrook education as a suitable credential for licensure as a psychologist. In the alternative, Plaintiff also alleges that O'Hara caused a tortious injury outside of Massachusetts by authorizing the delivery of educational services under false pretenses to Cooney and other Massachusetts residents. Plaintiff contends it was unfair and deceptive for Saybrook to deliver educational services, and to accept tuition payments, from Massachusetts students seeking state licensure as a psychologist.

2. <u>O'Hara Has Sufficient Contacts with Massachusetts to Warrant a Finding of Personal Jurisdiction.</u>

In addition to establishing personal jurisdiction under the Massachusetts long-arm statute, Plaintiff must demonstrate that such jurisdiction does not violate the Due Process clause of the Fourteenth Amendment. The Supreme Court has held that personal jurisdiction must be based on a finding of "minimum contacts" by the defendant in a particular jurisdiction. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291 (citing <u>International Shoe v. Washington</u>, 326 U.S. 310, 316 (1945). The Supreme Court does not define the extent of minimum contacts, but rather extrapolates that "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." 444 U.S. at 297. The Court establishes that this standard is met when a "corporation purposefully avails itself of the privilege of conducting activities with the forum State." <u>Id</u>. (citation omitted). In the present case, the decision of O'Hara and Saybrook to provide educational services to Massachusetts residents is precisely the type of conduct by which a corporation "avails itself of the privilege" of conducting operations in the forum state. O'Hara knew or should have known that by training psychologists

7

within Massachusetts, Saybrook was expected to comply with Massachusetts regulations that establish minimum standards for graduate schools.

    a.    *Plaintiff Does Not Assert that the Massachusetts District Court Has General Jurisdiction Over O'Hara.*

In analyzing whether a defendant has had minimum contacts that are sufficient to establish personal jurisdiction, the courts have recognized that jurisdiction can be either specific or general. The concept of "general jurisdiction" applies in cases where litigation is not based on the defendant's forum-based activities. In such a case, personal jurisdiction can only be established where defendant has engaged in "continuous and systematic activities unrelated to the suit, in the forum state." Mass School of Law, 142 F. 3d at 34.

The concept of "general jurisdiction is inapplicable in the present case, as Plaintiff contends that her claims are based on the defendant's forum-based activities. This argument is fully explained in the next section of this Opposition on "Specific Jurisdiction." Plaintiff does not contend that Defendant O'Hara engaged in continuous and systematic contacts in Massachusetts unrelated to the suit.

    b.    *The Massachusetts District Court Has Specific Jurisdiction Over O'Hara.*

The courts have held that specific jurisdiction exists whenever there is "a demonstrable nexus between a plaintiff's claims and defendant's forum based activities..." Mass. School of Law, 142 F.3d at 34. To determine if there are minimum contacts that confer specific jurisdiction, the court must inquire: (1) whether the claim arises from or relates to defendant's

8

conduct in the forum state; (2) whether defendant's contacts with the state represent a purposeful availment of the privilege of conducting activities within the forum state, and (3) whether it is fair and reasonable to require the defendant to defend herself in the forum state. Callahan v. Harvest Bd. Intern, Inc, 138 F.Supp. 2d 147, 159.

In the present case, the first and second prong of this test clearly support a finding of personal jurisdiction over Defendant O'Hara. Plaintiff has met the first prong of the specific jurisdiction test, as Plaintiff alleges that Defendant O'Hara authorized Saybrook faculty to provide educational services to Massachusetts students from 1999 through the present date. Plaintiff also alleges that Defendant O'Hara failed to provide timely notice to Cooney and other Massachusetts students of the Board's refusal to recognize Saybrook degrees. Plaintiff has also met the second prong of this test, as Plaintiff asserts that Defendant O'Hara's contacts with Massachusetts represent a purposeful availment of the privilege of providing educational services within Massachusetts. As the president of a graduate school that trains students from various states, Defendant O'Hara is aware that Saybrook must comply with the unique regulations of each jurisdiction. Plaintiff alleges in her Complaint and affidavit that Defendant O'Hara knew or should have known that Saybrook was obligated to comply with the Board's requirements for graduate programs for the training of psychologists.

The third prong of the specific jurisdiction test requires the Court to examine whether it is fair and reasonable for defendant to defend in the forum state. In assessing fairness and reasonableness, the Court examines five "Gestalt factors", including (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution, and (5) the common interests of all sovereigns to promote substantive

policies. In the present case, a balancing of these five factors suggests that the Massachusetts District Court has personal jurisdiction over Defendant O'Hara. While it is somewhat burdensome for Defendant to appear in Massachusetts, she has retained competent local counsel to assist her. The third factor favors adjudication in Massachusetts, as Plaintiff can obtain more convenient and effective relief in a local forum. It is far more burdensome for Ms. Cooney, as an individual who cannot obtain work as a psychologist, to appear in a distant forum than it is for Ms. O'Hara, whose legal and travel expenses are defrayed by Saybrook. The fourth factor also favors a Massachusetts trial, as the Massachusetts District Court has significantly more experience than a California court in applying Massachusetts laws, including Chapter 93A. Finally, the second and fifth factors both favor adjudication in Massachusetts. Massachusetts regulates the licensure of psychologists and has a strong public interest in ensuring that its citizens receive appropriate training for this profession. Moreover, Saybrook continues to recruit and to provide training to Massachusetts students in spite of its understanding that Saybrook graduates are ineligible for licensure. The adjudication of this case in Massachusetts District Court is vital to the timely and efficient resolution of Ms. Cooney's claims. In addition, adjudication of this matter in Massachusetts District Court will promote the sovereign interest of Massachusetts to protect its citizens from "distance learning" schools that do not meet the Commonwealth's standards for the training of licensed professionals.

3. <u>If Plaintiff Has Failed to Assert Sufficient Facts to Establish Personal Jurisdiction Over O'Hara, Plaintiff is Entitled to Conduct Jurisdictional Discovery.</u>

As Plaintiff has asserted ample legal and factual grounds to establish that Defendant O'Hara conducted business in Massachusetts[2] and has minimum contacts with Massachusetts,

---

[2] As noted above, Plaintiff also asserts long-arm jurisdiction over Defendant O'Hara in connection with her alleged tortious acts within or outside of Massachusetts.

Plaintiff contends that she has made a prima facie case that the Massachusetts District Court has personal jurisdiction over Defendant O'Hara. Assuming *arguendo* that Plaintiff has failed to establish personal jurisdiction over Defendant O'Hara, Plaintiff has demonstrated a good faith belief that she can supplement her jurisdictional allegations through discovery. Therefore, even if the Court were to determine that personal jurisdiction over O'Hara has not been established, Plaintiff would be entitled to a continuance--or to denial of defendant's motion without prejudice -- for the purpose of conducting "jurisdictional discovery."

Federal courts within the First Circuit have ruled that plaintiffs are entitled to conduct jurisdictional discovery to investigate defendant's contacts with the disputed forum. In United States v. Swiss American Bank, Ltd., the First Circuit Court of Appeals ruled that a "timely and properly supported request for jurisdictional discovery merits solicitous attention." 191 F.3d 30, 46 (1st Cir. 1999). In this case, the Appeals Court reversed the trial court's denial of jurisdictional discovery concerning the level of defendant's contacts with the disputed forum. Id. See also Noonan v. Winston Company, 135 F. 3d 85, 94-95 (1st Cir. 1998) (upholding trial court's approval of jurisdictional discovery that was limited to defendant's contacts with Massachusetts through the date of plaintiff's complaint). In a recently issued decision, the District Court of Maine has ruled that jurisdictional discovery is warranted where plaintiff has alleged personal jurisdiction based on defendant's limited sale of vehicles for distribution in the United States. In re New Motor Vehicles Canadian Export Antritrust Litigation, 307 F. Supp. 145, 157 (D. Maine 2004). Here, the trial judge deferred action on a motion to dismiss pending jurisdictional discovery on the scope of defendant's sales in the American market. Id.

Other circuit courts have supported the right of plaintiffs to seek jurisdictional discovery to establish defendant's contacts with the disputed forum. The Court of Appeals for the District

11

of Columbia has ruled that a plaintiff opposing a motion to dismiss for lack of personal jurisdiction should be entitled to appropriate discovery "lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." El-Fadl v. Cent. Bank of Jordan, 75 F.3rd 668, 676 (D.C. Cir. 1987). Jurisdictional discovery is warranted whenever plaintiff asserts a good faith belief that such discovery will assist the plaintiff in showing personal jurisdiction over the defendant. Caribbean Broad Sys., Ltd v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998). See also Leasco Data Processing Equipment Corp. v. Maxwell, 468 F.2d 1326 (2d Cir. 1972); Fraley v. Chesapeake & Ohio Railway Company, 397 F.2d 1 (3d Cir. 1968).

In the present matter, Plaintiff Susan Cooney asserts that she has made a strong prima facie case that Massachusetts has personal jurisdiction over O'Hara. Notwithstanding such evidence, if the Court were to question the sufficiency of Defendant O'Hara's alleged contacts with Massachusetts, the Court should allow Plaintiff to conduct jurisdictional discovery regarding O'Hara's contacts with this jurisdiction. Plaintiff's affidavit demonstrates her good faith belief in several allegations that warrant jurisdictional and/or pre-trial discovery. First, O'Hara knew or should have known that the Board advised Saybrook that its graduate students were ineligible for licensure as Massachusetts psychologists. Second, O'Hara breached a duty of care to advise Saybrook students of her actual or constructive knowledge of these licensing restrictions. Third, O'Hara was involved in Saybrook's ongoing recruitment of graduate students from Massachusetts during the period of 1997 through the present date. Finally, O'Hara was directly involved in Saybrook's decision to offer graduate training and to award graduate degrees in psychology to Massachusetts residents during the period of 1997 or 1999 through the present date. In light of these allegations, Plaintiff has asserted ample grounds to warrant jurisdictional

12

discovery regarding O'Hara's contracts with Massachusetts.

**B.     Plaintiff has Brought This Action Against O'Hara in the Proper Venue**

While Defendant O'Hara claims that Massachusetts is an improper venue for plaintiff's complaint, Plaintiff has clearly met the venue requirements of 28 U.S.C s. 1391(a). In a diversity action, a plaintiff can establish venue in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Id.

Plaintiff's Complaint and Affidavit clearly establish that a "substantial part of the events or omissions" occurred in Massachusetts. As noted above, Saybrook provides instruction to students in Massachusetts and other states through a distance learning model. Saybrook advises prospective students from Massachusetts of its commitment to help them to obtain licensure in Massachusetts, and Saybrook claims that its graduates have been licensed in Massachusetts. Complaint, ¶¶ 7, 8. Susan Cooney's professors and advisors provided guidance and instruction to her in Massachusetts via telephone and electronic communications. Before and during her course of study, Defendants pledged to Cooney that she would be eligible for licensure as a psychologist within Massachusetts. Defendants received communications from the Board that Saybrook students were ineligible for licensure in Massachusetts, but failed to notify Ms. Cooney. O'Hara and Saybrook also continued to demand tuition from Cooney and continued to provide educational services that would not enable Cooney to become licensed in Massachusetts. The foregoing allegations clearly establish that a substantial portion of the alleged events and omissions in this case occurred within the judicial district of Massachusetts.

In addition to the foregoing facts, Cooney's claims against Saybrook involve a potential property interest that may create another basis for venue. As noted above, federal law states that a plaintiff can establish venue in the judicial district in which a "a substantial part of the property that is the subject of the action is situated." 28 U.S.C s. 1391(a). The Massachusetts Supreme Judicial Court has held that professionals such as lawyers and doctors have a constitutionally protected interest in their license to practice. Matter of Kenney, 504 N.E.2d 652 (Mass.1987). The Supreme Court has held than individuals may have a property interest in any benefit for which they have a legitimate claim of entitlement. Board of Regents of State Colleges v. Roth, 92 S.Ct. (1972). Consequently, Ms. Cooney may have a property interest in her claim for a license to practice psychology. Such a property interest may create a basis for venue in Massachusetts District Court pursuant to 28 U.S.C s. 1391(a).

Defendant correctly notes that a challenge to venue is evaluated under the same procedural analysis as a motion pursuant to 12(b)(2). Plaintiff has shown sufficient evidence to establish that Massachusetts has personal jurisdiction over the defendants, and plaintiff has also asserted sufficient facts to establish that venue is appropriate in Massachusetts. Clearly, plaintiff has "proferred evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tech Products, 967 F.2d 671, 675 (1st. Cir. 1992). Plaintiff's evidence, if credited, also supports a finding that Massachusetts is an appropriate venue for this litigation in accordance with the standards of 28 U.S.C. S. 1391(a).

It should be noted that Defendant O'Hara requests, as alternative relief, that the Court transfer the case pursuant to 28 U.S.C. S. 1406. Defendant's Motion and Memorandum of Law offer no arguments or facts in support of this request for transfer. Plaintiff opposes this request for transfer as Massachusetts is the appropriate venue for plaintiff's claims against O'Hara.

14

Plaintiff also incorporates herein the factual and legal arguments that appear below.

### C. The Interests of Fairness and Judicial Economy Do Not Support Transfer of the Claims Against Saybrook to the California Court.

Defendant Saybrook argues that this case should be tried in California District Court as all actions giving rise to the case take place in California. As noted above, this argument is without merit as plaintiff has alleged that significant events and omissions occurred within Massachusetts.

Defendant has also failed to demonstrate that the proposed transfer of venue to California District Court is warranted pursuant to 28 U.S.C. S. 1404(a). The court has discretion to transfer venue "for the convenience of the parties and witnesses, [and] in the interest of justice...." Id. However, Defendant has failed to present any evidence that the proposed transfer would be more convenient for parties and witnesses other than the conclusory allegation that "most of the witnesses would be in California." Defendant must overcome the presumption that plaintiff's choice of forum is reasonable, and defendant has the burden of proving that a transfer is warranted. Fairview Machine & Tool Co., Inc. v. Oakbrook International, Inc., 56 F. Supp.2d 134, 141 (D. Mass 1999).

Contrary to defendant's assertion, most of the witnesses would be in Massachusetts. Massachusetts witnesses include but are not limited to: Susan Cooney (the Plaintiff); several other Massachusetts students who encountered difficulty in applying for licensure in Massachusetts; Attorney Daniel J. Finn (who represented Saybrook students seeking licensure from the Board); Karen Schwartz, Ph.D (Program Coordinator of the Board); and other Board members and staff who communicated with defendants. The only California witnesses are

Maureen O'Hara and any Saybrook staff or faculty that communicated with Susan Cooney or the Board. It appears there will be approximately six to ten witnesses from Massaschusetts, and approximately one to four witnesses from California.

Defendant has failed to meet its burden of proving that the proposed transfer of venue would be more convenient for witnesses or would serve the interests of justice. It is insufficient for defendant to allege that California witnesses would be inconvenienced by a trial in Massachusetts. Workgroup Technology Corp. v. MGM Grand Hotel, 246 F.Supp.2d 102, 116 (D.Mass. 2003) (rejecting a Nevada corporation's motion to transfer venue from Massachusetts to Nevada). In Workgroup Technology, the district court found "no meaningful basis to conclude that one side will be more inconvenienced than the other side or that some witnesses will be put out significantly more than others by traveling to a distant forum." Id.

Defendant has also failed to advance any argument that trial of the case in California would advance the interests of justice. Plaintiff's complaint alleges violations of Massachusetts General Law Chapter 93A as well as common law claims. Presumably, the Massachusetts District Court has more experience than the California district court in interpreting the vast body of Massachusetts case law on Chapter 93A violations. Moreover, the interests of justice suggest that a Massachusetts forum is more appropriate than a California forum to adjudicate a dispute concerning the licensure of psychologists within Massachusetts.

16

## CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and Motion to Transfer. In the alternative, if the Court determines that Plaintiff has failed to establish a prima facie case of personal jurisdiction over Defendant O'Hara, plaintiff requests that the Court defer its consideration of this motion to enable plaintiff to conduct jurisdictional discovery.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Plaintiff requests oral argument on Defendant's Motion to Dismiss and Motion to Transfer.

                                                                   /s/ *signature*
E. Steven Coren, BBO # 099740
Paul W. Morenberg, BBO # 631101
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, MA   02464
(617) 969-7139

Dated:       August 27, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail and by facsimile on August 27, 2004.

                                                                   /s/ *signature*
Paul W. Morenberg, BBO # 631101