1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>   Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF DEFENDANT MAUREEN O'HARA AND HUMANISTIC PSYCHOLOGY INSTITUTE TO PLAINTIFF'S OPPOSITION TO MAUREEN O'HARA'S MOTION TO DISMISS, OR ALTERNATIVELY TRANSFER, AND DEFENDANT HUMANISTIC PSYCHOLOGY INSTITUTE'S MOTION TO TRANSFER**

The defendants, Maureen O'Hara and Humanistic Psychology Institute d/b/a Saybrook Institute ("Saybrook Institute"), submit this Reply in support of Maureen O'Hara's Motion to Dismiss, or Alternatively Transfer, and Saybrook Institute's Motion to Transfer to address the following three issues raised in plaintiff, Susan Cooney's, Opposition (the "Opposition"): (1) plaintiff is erroneous in her argument that Saybrook Institute's contacts with this forum are sufficient to provide personal jurisdiction over O'Hara, as an individual; (2) jurisdictional discovery is not appropriate in this case, as the plaintiff has failed to make a colorable claim and a good faith showing that such discovery would actually support jurisdiction over O'Hara; and (3) the plaintiff's claim does not involve a genuine property interest, thus, she has asserted her case in an improper venue. Therefore, the Court should grant O'Hara's Motion to Dismiss, or Alternatively Transfer, and Saybrook Institute's Motion to Transfer. In further support thereof, the defendants state as follows:

935982v1

A. <u>Plaintiff Has Not Shown, And Cannot Show, That This Court Has Personal Jurisdiction Over O'Hara Individually</u>

The plaintiff has the burden of proving that this Court has personal jurisdiction over O'Hara based on both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment. As the plaintiff has sued both an individual and an entity in this case, she must bear the burden of proving that this Court has personal jurisdiction over both defendants, separately. Jurisdiction over O'Hara cannot be predicated on jurisdiction over Saybrook Institute. <u>Hahn v. Vermont Law School</u>, 698 F.2d 48, 52 (1st Cir. 1983) (ruling that jurisdiction over a school was not sufficient to find personal jurisdiction over a professor in that school). "The general rule is that jurisdiction over the individual officer of a corporation may not be based merely on jurisdiction over the corporation."[1] <u>Johnson Creative Arts, Inc. v. Wool Masters, Inc.</u>, 573 F. Supp. 1106, 1111 (D. Mass. 1983) (finding that a defendant who is an officer of the corporation over which there is jurisdiction, and who owns a substantial portion of the corporation's stock, does not, without more, establish jurisdiction over that officer). Indeed,

> basing jurisdiction on the activities of a defendant as a representative of a corporation does not subject a corporate officer to the jurisdiction of a foreign court whenever there is jurisdiction over the corporation. Where the corporate officer has no contacts with the forum state, jurisdiction may not be asserted merely because of the position which the defendant holds with the corporation. . . . To the contrary, to establish jurisdiction over a nonresident corporate officer, there must be an independent basis for requiring the officer to defend in a foreign court.

<u>Yankee Group, Inc. v. Yamashita</u>, 768 F. Supp. 20, 22 (D. Mass. 1988) (internal citation omitted). Thus, Cooney needs to prove an independent basis for asserting jurisdiction over O'Hara by showing that O'Hara acted in this forum to serve her personal interests, and did not

---

[1] Although the plaintiff correctly states that Massachusetts does not adhere to the fiduciary shield doctrine, she has failed to acknowledge that Massachusetts "still adheres to the general rule that jurisdiction over an officer cannot be based solely on jurisdiction over the corporation." <u>Nahigian v. Leonard</u>, 233 F. Supp. 2d 151, 158 n.1 (D. Mass. 2002).

2

935982v1

act solely as an agent of Saybrook Institute. See <u>LaVallee v. Parrot-Ice Drink Products of Am., Inc.</u>, 193 F. Supp. 2d 296, 301-302 (D. Mass. 2002) (finding no personal jurisdiction over a foreign corporation's senior business coordinator who did not act to further his own personal interests, but rather acted solely as an agent of his employer). Cooney has failed to fulfill her burden.

Cooney states that she has provided five facts to support personal jurisdiction over O'Hara, including: (1) "defendants" provided educational services in Massachusetts through a distance learning model; (2) "defendants" told Saybrook Institute graduates that they were eligible for licensure as Massachusetts psychologists; (3) "defendants" were notified by the Board of Registration for Psychologists that Saybrook Institute graduates were ineligible for licensure (4) *Saybrook Institute* collected tuition from the plaintiff after receiving such alleged notice; and (5) *Saybrook Institute* failed to take action to challenge the Board's ruling as to Saybrook Institute gradates. <u>See</u> Opposition at 4-5 (emphasis added). Cooney has only attempted to connect these allegations to O'Hara by alleging that O'Hara was the President of Saybrook Institute for a portion of the time she was enrolled at the school. Id. at 3 and 6. She has failed to state how O'Hara herself was involved as an individual, furthering her own interests, with regard to any of these five allegations. Rather, in her Opposition, the plaintiff refers either to both defendants together or to Saybrook Institute separately. Id. at 2, 4-5. In short, such allegations wholly fail to show an independent basis for this Court to assert jurisdiction over O'Hara.

Moreover, Cooney has not shown the minimum contacts necessary to comport with the requirements of the Fourteenth Amendment. Cooney claims that "the decision of O'Hara and Saybrook to provide education services to Massachusetts residents is precisely the type of

3

935982v1

conduct by which a corporation "avails itself of the privilege of conducting operations in a forum state." See Opposition at 7. With respect to O'Hara, this statement is inaccurate, as O'Hara became the President of Saybrook Institute *after* Saybrook Institute had individuals from Massachusetts enrolled in its educational program, and thus was obviously not a person leading that decision.[2] Moreover, and more importantly, however, is that such an allegation does not show how O'Hara herself availed herself of Massachusetts's privileges and laws. Therefore, the allegations only can be argued as to jurisdiction over Saybrook Institute, and cannot be argued as to jurisdiction over O'Hara.

Cooney has only asserted in her Complaint and Opposition, allegations regarding the operation of Saybrook Institute. All of the plaintiff's pleadings in this action lack any assertions that would support jurisdiction over O'Hara, as an individual, in this forum. Consequently, this Court must dismiss the action against O'Hara for lack of personal jurisdiction.

    1.    *Plaintiff Wholly Fails to Support Jurisdiction Based on Alleged Tortious Conduct By O'Hara*

Plaintiff, in an attempt to avoid dismissal, argues that under Massachusetts's long arm statute, jurisdiction over O'Hara can be based on claims of tortious injury.[3] See Opposition at 5 and 7. Plaintiff, however, has failed to assert a tort claim against O'Hara in her Complaint, and thus, jurisdiction pursuant to Mass. Gen. Laws. ch. 233A, § 3(c) or (d) cannot be found. Mass. Gen. Laws. ch. 233A, § 3(c) and (d) state that jurisdiction is proper by a showing that the individual has "(c) caus[ed] tortious injury by an act or omission in this commonwealth; [or] (d)

---

[2] It is clear from the plaintiff's own Complaint that as a Massachusetts resident, she enrolled in Saybrook Institute's program in 1995. See Complaint ¶¶ 9-10. Yet, as acknowledged in her Opposition, O'Hara did not become President of Saybrook Institute until four years later, in 1999. See Opposition at 6; see also Affidavit of Maureen O'Hara at ¶ 2.

[3] As argued in its Memorandum in Support of its Motion to Dismiss, Or Alternatively Transfer, even if this Court were to find jurisdiction pursuant to Massachusetts's long arm statute, which O'Hara denies, such is not enough for jurisdiction because the plaintiff still has not shown that asserting such jurisdiction comports with the Fourteenth Amendment's Due Process Clause. However, to be complete, O'Hara also argues that jurisdiction fails under Massachusetts's long arm statute.

4

935982v1

caus[ed] tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." As O'Hara has previously argued in her Memorandum of Law in Support of Her Motion to Dismiss, or Alternatively Transfer, she has not engaged in business here in Massachusetts. As such, in order for Cooney to show grounds for jurisdiction, she needs to show that O'Hara caused tortious injury by an act or omission in this forum. Cooney has not established this.

The plaintiff has asserted one count against O'Hara – violation of Mass. Gen. Laws. ch. 93A. Courts have had doubt whether a claim brought pursuant to Mass. Gen. Laws. ch. 93A can be considered "tortious injury" to support jurisdiction under Massachusetts's long arm statute. See e.g. Burtner v. Burnham, 13 Mass. App. Ct. 158, 164 (1982) (acknowledging that courts have found claims pursuant to ch. 93A as "neither wholly tortious nor wholly contractual," but rather a statutory remedy). Even if this Court were to consider such a claim a tort,[4] the plaintiff has failed to alleged specific facts that show O'Hara personally engaged in actions, separate and apart from Saybrook Institute, that constitute a tort causing the plaintiff damage.

The case of LaVallee v. Parrot-Ice Drink Products of Am., Inc. is useful in this regard. There, in assessing a motion to dismiss, the court found that a foreign corporation's senior business coordinator may have had some responsibility with respect to the plaintiff's chapter 93A claims. However, despite his actions, because the individual neither derived any personal benefit from his contacts in Massachusetts nor acted beyond the scope of his employment,

---

[4] O'Hara acknowledges the case of Lyle Richards Int'l v. Ashworth, Inc. 132 F.3d 111, 114 (1st Cir 1997), where the court assumed without deciding that a claim brought pursuant to Ch. 93A would be considered a tort in determining a motion to dismiss. Id. (affirming the district court's dismissal based on lack of jurisdiction as the contacts that the defendant had with Massachusetts were merely incidental, and therefore, insufficient to assert personal jurisdiction over it). O'Hara argues that such an assumption is not mandated, however, as such is not a rule of law.

Massachusetts could not assert jurisdiction over him. See 193 F. Supp. 2d at 302. Although O'Hara denies that she had any responsibility for alleged actions or inactions giving rise to Cooney's ch. 93A claim, even taking plaintiff's allegations as true for purposes of this Motion, the plaintiff has not asserted allegations that would provide for separate jurisdiction over O'Hara. Thus, it is appropriate to dismiss this action against O'Hara.

B.  Plaintiff Has Failed To Present Any Evidence Justifying Jurisdictional Discovery

Plaintiff should not be entitled to conduct jurisdictional discovery, as there is not a good faith basis to believe that such would be anything more than a "fishing expedition," unduly burdening O'Hara, and effectively bypassing the requirements of the Massachusetts long-arm statute and the Due Process requirements of the Fourteenth Amendment. If a plaintiff makes out a colorable case for the existence of personal jurisdiction, it *may* be entitled to limited jurisdictional discovery, but even then, such discovery "is not absolute." Sunview Condominium Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997). Only upon a showing that there is a colorable claim for jurisdictional discovery, should such even be contemplated. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 615, 626 (1st Cir. 2001) (affirming, for the second time, the district court's grant of defendant's motion to dismiss and denial of a request for jurisdictional discovery); see also United States v. Swiss Am. Bank, Ltd., 116 F. Supp. 2d 217, 222 (D. Mass. 2000) (although plaintiff argued it had asserted a "'colorable case' in satisfaction of the minimum contacts requirement for specific personal jurisdiction," the court denied its request for jurisdictional discovery, because it "offer[ed] scant evidence in support of that conclusion"). Moreover, even if the plaintiff has made a colorable claim for personal jurisdiction, "the district court still has 'broad discretion to decide whether discovery is required.'" Swiss Am. Bank, Ltd., 274 F.3d at 625-26, quoting, Crocker v. Hilton Int'l Barb.,

Ltd., 976 F.2d 797, 801 (1st Cir. 1992). This is because, in making a request for jurisdictional discovery, the plaintiff must "present facts to the court which show why jurisdiction would be found if discovery were permitted." Id. at 626.

Plaintiff has completely failed to make any allegations on how the allowance of jurisdictional discovery will effect the narrow issue of whether this Court has personal jurisdiction over O'Hara as an individual. The plaintiff, who should already have individual knowledge of her own contacts with O'Hara, if any, has been unable to make any allegation whatsoever that she had any contacts with O'Hara herself, much less any contacts that would be separate and distinct from O'Hara's status as President of Saybrook Institute. Indeed, the plaintiff has not even been able to proffer what evidence she would expect jurisdictional discovery to reveal. As such, the plaintiff's request for jurisdictional discovery should be denied.

C.   The Case Against O'Hara Has Been Brought In The Wrong Venue

In addition to Cooney's allegations that a substantial part of the events or omissions giving rise to her claim occurred in Massachusetts, she inappropriately claims that venue is proper as "Cooney's claims against *Saybrook* involves a potential property interest." See Opposition 14 (emphasis added). Cooney, however, has not asserted any facts that show events or omissions by O'Hara to have occurred in this jurisdiction, and has not asserted a viable property interest in this case. As such, this case has been brought in an appropriate venue.

The United States Supreme Court has held that "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have legitimate claim of entitlement to it." Board of Regents of State College v. Roth, 408 U.S. 564, 577 (1972) (holding a professor had no property interest in being rehired after teaching for one year). Indeed, property interests are

defined by rule or statute. Id. at 577-78. Here, there is no rule or statute applying to O'Hara that would give the plaintiff a property interest.[5] As such, this is the improper venue for Cooney to bring her claims.

## CONCLUSION

For all of the foregoing reasons, and those contained in their Memorandum in Support of Maureen O'Hara's Motion to Dismiss or Alternatively Transfer and Saybrook Institute's Motion to Transfer, the defendants respectfully request the Court grant their MOTIONS.

## REQUEST FOR ORAL ARGUMENT

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d/b/a SAYBROOK INSTITUTE
and MAUREEN O'HARA

/s/Michael F. Aylward
/s/Grace V. Bacon

Michael F. Aylward, BBO #024850
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

Date: September 8, 2004

---

[5] Although defendants deny that the plaintiff has a property interest in obtaining a license to practice psychology, even if this Court were to determine otherwise, it clearly would be the case that such a claim of property interest would be against the Massachusetts Board of Registration of Psychologists, not against either Saybrook Institute or O'Hara, as neither one has the ability to issue, or take away, such licenses.

935982v1

8