UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>　　　　Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d.b.a. SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(b)(6)[1]**

**INTRODUCTION**

In this case, the plaintiff alleges that the Massachusetts Board of Registration of Psychologists may not license her as a psychologist because the Humanistic Psychology Institute d.b.a. Saybrook Institute ("Saybrook Institute"), the educational institution from which she obtained her Doctor in Philosophy, does not carry certain, necessary accreditations required by the Commonwealth. Cooney has alleged breach of contract, promissory estoppel, denial of due process and violation of Mass. Gen. Laws ch. 93A against Saybrook Institute, and has also asserted a claim against Saybrook Institute's President, Maureen O'Hara for violation of Mass. Gen. Laws ch. 93A.

---

[1] Defendants acknowledge that on August 3, 2004, it filed Defendant Maureen O'Hara's Motion to Dismiss, or Alternatively Transfer, and Defendant Humanistic Psychology Institute's Motion to Transfer. Such Motion, which is currently before the Court, is based on Fed. R. Civ. P. 12(b)(2) and 12(b)(3), as well as 28 U.S.C. §§ 1404 and 1406.

933005v1

In addition to prior arguments made in Susan Cooney's Motion to Dismiss based on Fed. R. Civ. P. 12(b)(2) and 12(b)(3),[2] the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for two reasons. First, the plaintiff has failed to state a viable claim against Saybrook Institute for denial of due process, as there is no claim of state action. Second, this case is premature as the plaintiff has yet to apply for, and thus yet to be officially denied, a license from the Massachusetts Board of Registration of Psychologists. Cooney is therefore unable to state more than speculative allegations of damage. Consequently, pursuant to Fed. R. Civ. P. 12(b)(6), Saybrook Institute and O'Hara move the Court to dismiss the Complaint in its entirety.

## BACKGROUND

Saybrook Institute is a graduate school and research center located in San Francisco, California that offers graduate studies in Human Science, Psychology and Organizational Systems Inquiry. See Complaint ¶¶ 2-3, attached as Exhibit 1. Saybrook Institutes provides instruction through a distance learning model that emphasizes one-on-one interaction between students and faculty. Id. at ¶ 6. Cooney enrolled in Saybrook Institute in the fall of 1995. Id. at ¶ 9. After completing the necessary academic curriculum, Saybrook Institute awarded Cooney a doctorate in clinical psychology in October 2002. Id. ¶ 18.

Prior to Cooney's matriculation in 1995, Saybrook Institute informed her that if she intended to become a licensed psychologist, she must qualify for such a license through the appropriate state licensing authorities. Id. ¶ 7. Seven years after being informed that she would need to qualify for licensing through the state licensing board, and after graduating Saybrook Institute, Cooney *"inquired"* of the Massachusetts Board of Registration of Psychologists (the

---

[2] Defendants refer the Court to Docket entries # 3, 4, 8-12, all relating to its motion to dismiss and/or transfer based on jurisdictional grounds.

"Board") the procedures for obtaining a license to practice as a psychologist within the Commonwealth. Id. at ¶¶ 7, 18, 19.

Cooney alleges that in response to her inquiry, the Board informed her that Saybrook Institute did not have the necessary accreditations required by the Board. Id. at ¶ 20. Glaringly omitted from Cooney's Complaint is any allegation that the plaintiff has ever applied to the Board for a license. See Complaint. Consequently, and more importantly, the plaintiff has not alleged that the Board officially denied Cooney's application for a license. Id.

## ARGUMENT

### A.    Standard for Dismissal

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that the plaintiff cannot prove a set of facts in support of her claim that would entitle her to relief. Berner v. Delahanty, 129 F.3d 20, 25 (1997). When evaluating the sufficiency of a complaint, the Court must accept as true the factual allegations of the complaint, but should not accept plaintiff's unsupported conclusions or interpretations of law. Massachusetts Sch. of Law at Andover, Inc. v. American Bar Assoc., 142 F.3d 26, 40 (1998); see also Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001). "To survive a motion to dismiss, a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner, 129 F.3d at 25, quoting, Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Accepting all of the allegations contained in Cooney's Complaint as true, the plaintiff has failed to state sufficient allegations against Saybrook Institute or O'Hara for her to proceed with her claims.

933005v1

### B. Plaintiff Has Failed to State A Viable Claim for Denial of Due Process

In Count III of the Complaint, plaintiff claims that she was denied due process. See Complaint at ¶¶ 41-43. Specifically, she alleges that Saybrook Institute is obligated to provide her with due process, or a hearing, with respect to any grievance. Id. The plaintiff, however, has failed to give any indication of how such an obligation on behalf of Saybrook Institute arises.

The plaintiff cannot argue that Saybrook Institute has denied her due process under the Fourteenth Amendment of the U.S. Constitution. Under the Fourteenth Amendment, one is protected from a *state* depriving them from life, liberty or property without due process of law. See U.S. Const. 14th Amendment. The Due Process clause contained in the Fourteenth Amendment applies only to state action, not private acts. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 157 (1978). 42 U.S.C. § 1983 creates liability against any person who violates the Constitution or laws of the United States while acting "under color of any statute, ordinance, regulation, custom or usage of any State or Territory." Because 42 U.S.C. § 1983 does not apply to private actions, in order to prove a valid cause of action in the instant case, plaintiff must prove deprivation of a right through the actions of Saybrook Institute, a private graduate school, may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

This Court has considered the following three-part inquiry to determine if a private defendant's conduct constituted a state action:

> (1) whether there was a sufficient nexus between the state and the private actor which compelled the private actor to act as it did; (2) whether the private actor has assumed a traditionally public function; or (3) whether there is a sufficient "symbiotic relationship" between the state and the private actor so that the state may be recognized as a joint participant in the challenged activity.

Tynecki v. Tufts Univ., 875 F. Supp. 26, 31 (D. Mass. 1994), quoting Citizens to End Animal Suffering v. Faneuil Hall, 745 F. Supp. 65, 69 (D. Mass. 1990).

4

933005v1

Under the first portion of the inquiry, a plaintiff can only establish the presence of state action where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Tynecki, 875 F. Supp. at 31, quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). "A State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Blum v. Yaretsky, 457 U.S. 991, 1004-1005 (1982). In the instant case, Cooney has not set forth any factual allegations to demonstrate a connection between Saybrook Institute and any government entity. See Complaint. Indeed, the Complaint lacks any allegation that any government entity encouraged, coerced or affirmatively induced the purported denial of due process. See Ponce v. Basketball Fed'n, 760 F.2d 375, 378 (1st Cir. 1985).

The second part of the inquiry is whether the defendant was performing a public function that has been "traditionally the exclusive prerogative of the State." Jackson, 419 U.S. at 353. Indeed, even if Cooney was to assert, which she has not, that Saybrook Institute received public funding or that it served a public interest, such is not enough to make any of its actions attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 843 (1982) (holding that a high school, which received 90% of its operating budget from state and federal agencies, was not acting under color of state law when it discharged the plaintiff). Indeed, "[t]hat a private entity performs a function which serves the public does not make its acts state action." Id. at 842.

The final inquiry is "the symbiotic relationship test". Under this test, the actions of a private party constitute state action "only where the State 'has so far insinuated itself into a position of interdependence with [the private party] that it must be recognized as a joint

participant in the challenged activity.'" Citizens to End Animal Suffering, 745 F. Supp. at 72, quoting Burton v. Wilmington Parking Auth., 365 U.S. 715, 725(1961). Plaintiff has not alleged that Saybrook Institute is anything other than a private institution. Additionally, there is no allegation of state action, which is necessary for a claim of denial of due process or a claim pursuant to 42 U.S.C. § 1983, the statutory basis for such a claim. Moreover, the plaintiff has not alleged, nor can she allege, that Saybrook Institute is responsible for either granting the state license she seeks or that it has denied granting her such a state license. Cooney simply has made a summary allegation that Saybrook Institute is obligated to provide her with due process during the course of any grievance. Id. at ¶ 42. To survive a motion to dismiss, Cooney must plead a relationship between the state and Saybrook Institute. McGillicuddy v. Clements, 746 F.2d 76, 77-78 (1st Cir. 1984). As there are no allegations of the necessary state action to support such a claim, plaintiff's allegations are insufficient. Thus, it is appropriate for the Court to dismiss Count III of the Complaint.

### C. It is Proper To Dismiss the Remaining Counts as Each Count Requires an Element of Damage Which Has Not Been Sufficiently Pled

Cooney must produce evidence of damage in order to succeed on her claim, whether for breach of contract, promissory estoppel or Mass. Gen. Laws. ch. 93A. See Singarella v. City of Boston, 342 Mass. 385, 387 (1961) (it is essential to a contract action that the plaintiff show she suffered damaged as a result of the breach); Coll v. PB Diagnostic Sys., Inc., 50 F.3d 115, 1125 n. 4 (Mass. 1995) (a plaintiff must show that she was harmed by the defendant in order to prove promissory estoppel); Mass. Gen. Laws. ch. 93A, § 9 (a consumer must show injury to sustain a claim); Lord v. Commercial Union Ins. Co., 60 Mass. App. Ct. 309, 311 (2004) (one needs to show some actual damages in order to prevail on a Mass. Gen. Laws ch. 93A claim). At present,

plaintiff's injury is speculative at best, because she has not alleged that she has actually applied to the Board to be a licensed psychologist or has been denied.[3]

Massachusetts law provides that damages must be set upon a solid foundation of fact and must not be speculative. Cooney cannot recover if her damages, an essential element of all of her claims, are based on conjecture, surmise or hypothesis. White Spot Constr. Corp. v. Jet Spray Cooler, Inc., 344 Mass. 632, 635 (1962) (plaintiff's damages must be proven and not speculative); see also Newton v. Rockwood & Co., 261 F. Supp. 485, 488 (D. Mass. 1966) (dismissing plaintiff's complaint because of his inability to prove its damages). Plaintiff's current allegations of damages are only based on plaintiff's mere assumption that she will be denied a license. Thus, this case is premature as the damages are nothing more than speculative.

This case can be compared to Leominster Materials Corp. v. Town of Lancaster, 56 Mass. App. Ct. 820 (2002). There, the Board of Health informed the plaintiff that its proposed concrete plant might be in violation of certain laws. It further required the plaintiff to take certain steps before proceeding with construction, including filing a site application. The plaintiff filed a complaint seeking, among other things, damages for being "deprived of its right to operate its plant." Id. at 821. At no time, did the plaintiff file an application for a site assignment with the Board or take any other administrative action. Id. The Appeals Court of Massachusetts affirmed the lower court's finding that the case was premature as the Board's order was merely interlocutory and not a final determination that the plaintiff was forbidden to operate its plant. Id. at 823.

Here, Cooney has asked the Board what the requirements are to obtain her license. She has yet to actually apply for a license, nor has any application been denied. See Complaint.

---

[3] In order to become a licensed psychologist within Massachusetts there are several requirements, including that one apply with the Board and successfully complete an examination. See Mass. Gen. Laws. ch. 112, §§ 119-120; 251 C.M.R. 3.02, 2.07.

Moreover, there is no allegation that she has taken any steps on the administrative level to obtain a license. Therefore, this action because it is premature. See e.g. Wehringer v. Powers & Hall, P.C., 874 F. Supp. 425, 428 (1995) (in a legal malpractice action, the court granted defendant's motion to dismiss, finding plaintiff's suit was premature as he had filed suit before the underlying litigation was completed); Huntoon v. City of Quincy, 349 Mass. 9, 15 (1965) (finding plaintiffs could not maintain their action to recover employee compensation because the plaintiff had yet to complete certain administrative steps making their action premature); Sherman v. Akins, 21 Mass. 283 (1826) (noting that at the time the plaintiffs originally brought its first action to recover certain sums of money, the action was premature as the plaintiffs had yet to pay those monies and thus only faced the possibility of being injured). As Cooney is unable to allege actual damages, which are a necessary element to her claims of breach of contract, promissory estoppel and violation of Mass. Gen. Laws ch. 93A, it is appropriate for the Court to determine that this action is premature and to dismiss Counts I, II and IV of the Complaint.

## CONCLUSION

Because both plaintiff's claim for denial of due process is inadequate as a matter of law and the plaintiff has brought this case prematurely, and thus cannot prove her damages, the defendants, Humanistic Psychology Institute d.b.a. Saybrook Institute and Maureen O'Hara, request that the Court grant their Motion to Dismiss and for such other and further relief that this Honorable Court may deem appropriate.

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d.b.a. SAYBROOK INSTITUTE
and MAUREEN O'HARA

/s/Michael F. Aylward
/s/Grace V. Bacon

---

Michael F. Aylward, BBO #024850
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

Date:  September 21, 2004

933005v1

9