UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

```
****************************************
SUSAN COONEY,                          )
     Plaintiff                         )
                                       )
v.                                     )
                                       )
HUMANISTIC PSYCHOLOGY INSTITUTE,       )
d/b/a SAYBROOK INSTITUTE and           )
MAUREEN O'HARA, Individually           )
     Defendants                        )
****************************************
```

## PLAINTIFF SUSAN COONEY'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

### INTRODUCTION

Plaintiff Susan Cooney, by her counsel, hereby opposes Defendants' Second Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6). As grounds for this Opposition, plaintiff states that Defendants recently served a motion to dismiss on August 3, 2004, attempting to dismiss this action under F.R.C.P. Rules 12(b)(2) and (3). Defendants have failed to explain why they did not assert any grounds to dismiss under Rule 12(b)(6) at the time of its earlier motion to dismiss. Defendants' Rule 12(b)(6) motion to dismiss is untimely and baseless, and plaintiff requests that the Court deny this motion and award reasonable attorneys fees to plaintiff. As further grounds in support of this opposition, Plaintiff states that Defendants have failed to establish that plaintiff's claims are legally insufficient.

## ARGUMENT

I.    <u>Defendant Cannot Meet the Standard for Dismissal under F.R.C.P. Rule 12(b)(6).</u>

In evaluating the sufficiency of a complaint, the Court must accept the truthfulness of plaintiff's factual allegations. Moreover, the Court must determine whether the pleadings encompass any set of facts that would entitle the plaintiff to relief. <u>Berner v. Delahanty</u>, 129 F.3rd 20, 25 (1st Cir. 1997) (citing <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990). The Court may consider any factual allegation of the plaintiff, whether direct or inferential, respecting each material elements of her claims. <u>Id</u>. (citing <u>Gooley v. Mobile Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988). If the Court accepts the factual allegations of Plaintiff's Complaint, or reasonable inferences from said allegations, a motion to dismiss must be denied. In the present case, plaintiff has set forth ample grounds to support her legal claims, and defendant's second motion to dismiss should be denied.

II.    <u>Plaintiff Has Asserted a Viable Claim for Denial of Due Process</u>

Defendants claim that Count III of Plaintiff's Complaint for denial of due process fails to state a claim as the Constitution's due process clause applies to state action, not private acts. While Plaintiff does not dispute this principal as a general matter, Defendants disregard the well-established body of case law that requires institutions of higher education to provide students with fair procedures in matters involving academic rights and interests. The inapplicability of the state action doctrine to private schools "does not necessarily mean that the student stands procedurally naked before the authority of the school." <u>The Law of Higher Education</u>, (3rd Ed.

2

1995), § 4.8.4, p. 497.

Many state and federal courts have recognized that private institutions may not act arbitrarily in denying relief requested by students. See e.g. Carr v. St. John's University, 231 N.Y.S.2d 410 (N.Y.App. Div. 1962), *affirmed* 187 N.E.2d 18 (N.Y. 1962). While this New York court upheld the university's decision to dismiss a student, it held that private institutions must act "not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion." Id. Another New York Court has ruled private institutions must act reasonably in student discipline cases, and college actions must "be predicated on procedures which are fair and reasonable and which lend themselves to a reliable determination." Kwiatkowski v. Ithaca College, 368 N.Y.S.2d 973 (N.Y. Sup.Ct. 1975). Certain federal courts have applied a similar test of the procedural fairness of actions taken by a private university. The Tenth Circuit Court of Appeals has held that federal courts may determine if a private institution's conduct was arbitrary by investigating both the "adequacy of the procedure" and the adequacy of the evidence. Slaughter v. Brigham Young University, 514 F.2d 622 (10th Cir. 1975). In this case, the Court interpreted the adequacy of college procedures by using constitutional due process as a guide. Id; see also Miller v. Hamline University School of Law, 601 F.2d 970 (8th Cir. 1979).

It should also be noted that the state of California recognizes a common law doctrine that nonprofit institutions are required to provide "minimum requisites of procedural fairness." Abalkhail v. Claremont University Center, 2d Civ. No B014012 (Cal. Ct. App. 1986). In this case, the California Court of Appeals ruled that California common law requires that private colleges afford students a fair opportunity to present their position, and a fair hearing. Id. at 15. In light of the foregoing rulings, plaintiff has stated a viable claim that Saybrook denied her right to due process when refusing to hear her grievances regarding Saybrook's failure to assist her in

obtaining licensure as a psychologist in Massachusetts.

II.     Plaintiff's Remaining Claims Assert the Element of Damages

Plaintiff Susan Cooney has also asserted viable and well-supported claims for breach of contract, promissory estoppel, and unfair trade practices. Defendants argue that these claims must fail because plaintiff has failed to establish that she was harmed by defendant. Plaintiff does not dispute that she must allege damages caused by the Defendant. However, Plaintiff's complaint does allege that defendants' conduct caused damages to her.

Plaintiff contends that Saybrook falsely advised her that she was eligible for licensure in Massachusetts. Complaint, ¶ 8. Plaintiff contends that she chose to pursue her studies at Saybrook as a result of this certification as well as advice by Saybrook faculty and staff that she was eligible for licensure in Massachusetts. Affidavit of Susan Cooney, ¶ 2. Plaintiff further contents that Defendants O'Hara and/or Saybrook received notice that Saybrook students would be ineligible for licensure in Massachusetts, but failed to communicate this information to the Plaintiff and continued to accept plaintiff's tuition payments. Complaint, ¶¶ 12, 13.

Defendants argues that Plaintiff cannot assert that she sustained any injury unless she shows evidence that she applied for a license to become a psychologist, and was denied licensure. Defendants' argument is completely without merit. First, as a matter of fact, plaintiff does not agree that she has failed to apply for licensure as a psychologist. Plaintiff communicated with the Board about applying for licensure, and was advised by Board personnel that she was ineligible for licensure under Massachusetts law and regulations. Complaint, ¶¶ 19, 20. Plaintiff contends that these communications constituted an application for licensure. Defendant also falsely asserts that "there is no allegation that she has taken any steps on the

4

administrative level to obtain a license." Defendant's assertion is also contradicted by paragraphs 19 and 20 of Plaintiff's Complaint, which details some of Cooney's communications with the Board of Registration of Psychologists.

Whether plaintiff's actions constitute an appropriate and reasonable application for licensure is a question of fact, and defendant cannot seek a 12(b)(6) motion on the basis of disputed facts that defendants seek to infer from the pleadings. Plaintiff's complaint neither alleges that an application was made, or was not made. As noted above, Plaintiff's complaint also does not support defendants' allegation that Susan Cooney has not taken "steps on the administrative level to obtain a license." In a motion to dismiss under F.R.C.P. Rule 12(b)(6), Defendant cannot rely on any facts not established in the pleadings. As plaintiff's complaint does not admit that an application was not made or that "steps on the administrative level" were not taken, defendants' arguments that an application for licensure is an essential element of plaintiff's claims need not be considered by this court.

Assuming arguendo that an application for licensure is a necessary element of plaintiff's claims for breach of contract, promissory estoppel, and unfair trade practices—and Plaintiff denies both that she has failed to make an application and that an application for licensure is required to show damages in connection with these claims– plaintiff should not required to apply for a license for which she is ineligible as a matter of Massachusetts laws and regulations. The Board of Registration of Psychologists has promulgated regulations that establish that graduates of Saybrook are ineligible for licensure in Massachusetts:

> (b)  For Applications Filed After September 1, 2000: A "program in psychology" shall mean a psychology program that:
> 1.  is designated as a doctoral program in psychology by the Association of State and Provincial Psychology Boards at the time the degree is granted or within two years thereafter, and
> 2.  meets the course of studies requirements described in 251 CMR 3.03(1)(a)2.i.

Saybrook is not accredited by the Association of State and Provincial Psychology Boards. While Saybrook failed to provide notice of this fact to Cooney, Saybrook recently began to advise prospective students for the 2004-2005 academic year that it lacks this crucial certification.

As a matter of law and regulation, Plaintiff Cooney in ineligible for licensure as a psychologist within the Commonwealth of Massachusetts. It is alleged by the Plaintiff that Saybrook falsely represented to her that Saybrook complied with Massachusetts requirements for licensure. Plaintiff also alleges that Saybrook and/or O'Hara received notice that its students were ineligible for licensure in Massachusetts, but failed to notify Cooney and continued to accept her tuition payments in bad faith. Consequently, Cooney has alleged ample grounds that Saybrook and O'Hara have engaged in wrongful conduct that has caused her injury, whether or not Cooney has completed an application for licensure.

Moreover, it is a well-established principle of Massachusetts and federal law that a party is not required to exhaust administrative remedies that would prove futile. Norfolk Electric, Inc. v. Fall River Housing Authority, 417 Mass. 207, 210 (1994); Stock v. Massachusetts Hospital School, 392 Mass. 205, 209 (1984).

## CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that the Court deny Defendants' Second Motion to Dismiss. As Defendants' alleged 12(b)(6) grounds are baseless and should have been asserted at the time of its prior motion to dismiss, plaintiff requests that the Court award plaintiff its reasonable attorney fees in defending this motion.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Plaintiff requests oral argument on Defendant's Second Motion to Dismiss.

---
E. Steven Coren, BBO # 099740
Paul W. Morenberg, BBO # 631101
Kerstein, Coren, Lichtenstein & Finkel, LLP
233 Needham Street
Newton, MA   02464
(617) 969-7139

Dated:        October 5, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on October 5, 2004.

---
Paul W. Morenberg, BBO # 631101

7