1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

|  |  |
|---|---|
| SUSAN COONEY, <br>     Plaintiff, <br><br> v. <br><br> HUMANISTIC PSYCHOLOGY INSTITUTE, d/b/a SAYBROOK INSTITUTE and MAUREEN O'HARA, Individually, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

The defendants, Maureen O'Hara and Humanistic Psychology Institute d/b/a Saybrook Institute ("Saybrook Institute"), submit this Reply in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to address misstatements of the law contained in the Plaintiff's Opposition to their Motion (the "Opposition").

In assessing a Fed. R. Civ. P. 12(b)(6) motion, a court does *not* need to accept every allegation made by the plaintiff as true, especially if they are conclusory or generalized. Rather,

> In connection with run-of-the-mine motions brought under Rule 12(b)(6), a reviewing court is obliged neither to 'credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' [] nor to honor subjective characterizations, optimistic predictions or problematic suppositions. []. 'Empirically unverifiable' conclusions, not 'logically compelled, or least supported, by the stated facts,' deserve no deference.

United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992) (internal citations omitted). Here, the plaintiff has failed to allege sufficient, non-conclusory, facts that support each material

939040v1

element of her claims. As such, the Court should grant defendants' Motion to Dismiss. In further support thereof, the defendants state as follows:

    A.    <u>Plaintiff's Claim for Violation of Due Process Fails and Should Be Dismissed</u>

The Due Process clause contained in the Fourteenth Amendment applies only to state action, not private acts. <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 157 (1978). As such, the plaintiff must show that there was some state action with respect to her claim against Saybrook Institute for denial of due process. The plaintiff, however, has wholly failed to present any allegation of such necessary and required state action, and thus, Count III should be dismissed.

The cases which plaintiff cites in her Opposition are not only non-binding on this Court, but do not support a count for "Denial of Due Process." The plaintiff is unable to cite any precedential case that supports an argument for a claim for violation of due process. For instance, the plaintiff cites to <u>Carr v. St. John Univ.</u>, 231 N.Y.S.2d 410 (N.Y. App. Div. 1962) (attached hereto as Exhibit A). There, the defendant dismissed a student from enrollment for violation of the university's policies. In deciding the case, the court did not discuss due process, but rather made a ruling based on a claim of implied contract.[1] As such, the case is irrelevant to the facts of the current case before this Court.

Moreover, plaintiff's citation of <u>Kwiatowski v. Ithaca College</u>, 368 N.Y.S.2d 973 (Sup. Ct. N.Y. 1975), only serves to support dismissal of plaintiff's due process claim. In that case, in evaluating a claim for due process with respect to the suspension of a student, the court stated, "Before a private college's student disciplinary procedure can be circumscribed by all of the constitutional safeguards of due process, it must first be shown that the State is involved in the

---

[1] The plaintiff in her Opposition took out of context her quote regarding the court's holding. The court in making its decision, stated "*When a university, in expelling a student, acts within its jurisdiction*, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion, *a court may not review the exercise of discretion.*" <u>Carr</u> 321 N.Y.S.2d at 414. This holding has nothing to do with a claim for due process.

activities to a significant degree." Id. at 977 (attached hereto as Exhibit B). Determining that the plaintiff did not show any state involvement, the court found that there was no basis to bring the claim within the reach of the Fourteenth Amendment. Id. Such is the case here.

Finally, in citing to Slaughter v. Bingham Young Univ., the plaintiff fails to mention that the case was "upon contract theory alone." See 514 F.2d 622, 624 (10th Cir. 1975) (attached as Exhibit C). Although the court discussed due process in its ruling, there was no claim for due process, and its discussion of due process was solely focused to assess the plaintiff's contract claim. Id. at 624, 626. Thus, this case does not support plaintiff's argument. Consequently, the plaintiff has failed to present *any* state action to support her claim of violation of due process in either her Complaint and in her Opposition. Therefore, it is appropriate to dismiss Count III of the Complaint.

    B.    <u>The Complaint Must Be Dismissed in Full as Plaintiff's Damages are Merely Speculative</u>

In her Opposition, the plaintiff contends that communications with the Massachusetts Board of Registration of Psychologists (the "Board") *"about applying for licensure"* is sufficient to constitute an application to the Board and a denial. See Opposition at 4. This unsubstantiated contention only presents "empirically unverifiable" conclusions by the plaintiff that make this case appropriate for dismissal. See AVX Corp., 962 F.2d at 115. Interestingly, the plaintiff conversely states that she omitted from her Complaint any assertion regarding whether she made an official application for a license to the Board or not. See Opposition at 5. Plaintiff's intentional omission of such allegations from the Complaint makes the dismissal of this case appropriate because without it, the plaintiff has failed to assert sufficient allegations for her to support each element of the four counts of the Complaint.

Specifically, plaintiff's failure to assert in her Complaint that she officially applied to the Board and was denied a license, prevents the plaintiff from showing, with any definitiveness, that she actually has sustained damage. Indeed, without such denial, her damages are merely speculative. Newton v. Rockwood & Co., 261 F. Supp. 485, 488 (D. Mass. 1966) (dismissing plaintiff's complaint because of his inability to prove its damages). Moreover, any allegations that she would be denied based on Saybrook Institute's accreditation if she applied, is only conjecture, as the plaintiff could also be denied for failure to fulfill any of one of the requirements to obtain a license as a psychologist in Massachusetts. See Mass. Gen. Laws. ch. 122, §§ 119-121 (listing several requirements one must fulfill to obtain a license as a psychologists). Likewise, as plaintiff cannot show that she has been denied a license, any allege damage suffered by the plaintiff is only speculative. Therefore, the plaintiff's sole, general, assertion that she had communications with the Board *about* applying for a license is inadequate to support her claim of damages, a necessary element of each count contained in the Complaint. See Goodman & Son v. United Lacquer Mfg. Corp., 81 F. Supp. 890, 893 (D. Mass. 1949) (granting defendant's motion to dismiss, determining that plaintiff's allegations that the defendant's actions caused her injury were merely speculation).

Plaintiff's argument that she does not have to exhaust administrative remedies where such would be futile, misses the point. See Opposition at 6. In order for there to be a case in which a discussion of administrative *remedies* is necessary, such implies an administrative action has been taken to begin with. As the plaintiff has failed to allege that the Board has officially taken some type of action, either a denial of her application for licensure or an acceptance, one is only left with speculation whether administrative remedies would be needed, and if so, if they would be futile.

## CONCLUSION

For all of the foregoing reasons, and those contained in their Memorandum in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants respectfully request the Court grant their MOTION.

## REQUEST FOR ORAL ARGUMENT

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d/b/a SAYBROOK INSTITUTE
and MAUREEN O'HARA

/s/Michael F. Aylward
/s/Grace V. Bacon

---

Michael F. Aylward, BBO #024850
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

Date: October 20, 2004