B

LEXSEE 368 NYS 2D 973

In the Matter of Randy A. Kwiatkowski, Petitioner, v. Ithaca College et al., Respondents

[NO NUMBER IN ORIGINAL]

Supreme Court of New York, Special Term, Tompkins County

*82 Misc. 2d 43; 368 N.Y.S.2d 973; 1975 N.Y. Misc. LEXIS 2553*

May 23, 1975

LexisNexis(R) Headnotes

HEADNOTES: [***1]
Colleges and universities -- student discipline -- student at private college was suspended for one semester after being found guilty of charges preferred after he admittedly pushed another student's mattress from 10th floor dormitory window -- matter was adjudicated under college's Judicial Code and, as prescribed by it, he was accorded hearing, with representation by student judicial advocate, right to call witnesses and right of cross-examination, and appeal to appeal board from hearing board's decision -- in present article 78 proceeding for reinstatement, he alleges violation of due process, but has failed to make required showing of State involvement in activities of college -- in college's Judicial Code, more than rudiments of adversary proceeding are observed, and there is no merit to various claims by student as to discriminatory enforcement and unlawful and arbitrary actions and other improprieties at hearing level -- however, in violation of provision in code, neither he nor his representative was allowed to appear before appeal board -- matter is remanded to that board, where he or his representative is to be permitted opportunity to be heard on excessiveness of penalty, [***2] principal issue he sought to raise on appeal.

1. A student at a private college was suspended for one semester after being found guilty of charges which were preferred after he admittedly pushed another student's mattress from a 10th floor dormitory window. In lieu of having the matter referred to the Sheriff's Department for processing, he had requested to have it adjudicated under the college's Judicial Code, and, as prescribed by that code, he was accorded a hearing before a randomly selected board, composed of four students, one faculty, one staff and one administrative member, with representation by a member of the college's corps of judicial advocates, students trained to prosecute and defend those charged with violations, the right to call witnesses, and the right of cross-examination, and an appeal to an appeal board from the hearing board's decision. In his present article 78 proceeding, to obtain an order directing his reinstatement, he alleges, *inter alia*, violation of his due process rights, but he has failed to make a showing of State involvement in the activities of the college, as required before a private college's student disciplinary procedure can be circumscribed [***3] by all of the constitutional safeguards of due process.

2. However, a decision by a private college to discipline a student must be predicated on procedures which are fair and reasonable and which lend themselves to a reliable determination. In the subject Judicial Code, more than the rudiments of an adversary proceeding are observed, and there is no merit to various claims made by the student as to discriminatory enforcement and unlawful and arbitrary actions and other improprieties at the hearing level. However, in violation of a provision in the code that, on appeal, the student shall have the same rights as those possessed at the hearing level, neither the student nor his representative was allowed to appear before the appeal board. The matter is remanded to that board, where he or his representative is to be permitted an opportunity to be heard on the excessiveness of the penalty, the principal issued he sought to raise on the appeal.

COUNSEL:

Case 1:04-cv-11572-JLT    Document 16-4    Filed 10/20/2004    Page 3 of 5

Page 2

82 Misc. 2d 43, *; 368 N.Y.S.2d 973, **;
1975 N.Y. Misc. LEXIS 2553, ***

*Norman D. Freeman* for petitioner.

*Wiggins, Tsapis, Holmberg & Gersh (Walter J. Wiggins* of counsel), for respondents.

**JUDGES:**

Paul J. Yesawich, Jr., J.

**OPINIONBY:**

YESAWICH, JR.

**OPINION:**

[*44] [**976] In this article 78 proceeding [***4] petitioner, a student attending Ithaca College, a private educational institution, seeks an order restraining his suspension from school and directing the college to reinstate him as a regular student.

Suspension resulted from an on campus incident which occurred in the early morning hours of November 16, 1974, when he pushed another student's mattress from a 10th floor dormitory window. While retrieving the mattress he was met by a campus security officer to whom he admitted his aberrant conduct. He was thereupon taken to the college's office of safety and security where he was apprised of and waived his *Miranda* rights.

Under the Ithaca College Judicial Code, which had been adopted after a student referendum, a student charged with violating the code may request to have the matter adjudicated through the college's judicial system or referred to the Sheriff's Department for processing. Petitioner opted for adjudication under the code and his request to so proceed was acceded to by the Deputy Judicial Administrator.

After reviewing the security offices investigative report relating to this incident the deputy then formally charged petitioner with violating three specific sections [***5] of the code. Written notice of the charges as well as notice of the date for a hearing were served on petitioner.

Although the code does not provide that a student has the right to an attorney it does provide that he may choose any member of the college community to act as his counsel. At the hearing petitioner was represented by a member of the college's corps of judicial advocates, a group apparently consisting of students trained to prosecute and defend college community members charged with code violations. Petitioner raised no objection to the student who volunteered to represent him.

A randomly selected hearing board, composed of four students, one faculty, one staff and one administrative member heard the matter. As provided by the code the deputy was also present and empowered to interpret and apply the rules of [*45] procedure subject to his being overruled by a majority of the hearing board.

At the outset of the hearing petitioner pled guilty to unauthorized possession or removal of property belonging to the college. With respect to the other charges the prosecutor introduced evidence in the form of written statements as well as oral testimony. The witnesses [***6] who testified were subject to cross-examination. Petitioner testified voluntarily and a character witness was called on his behalf.

[**977] He was found guilty of two of the charges and acquitted of the third. The penalty imposed, on this sophomore student, was suspension from the college for one semester. An appeal was taken and the appeal board upheld the hearing board's decision.

Petitioner then initiated this proceeding contending that the college's action was arbitrary and unlawful in that certain of the procedures followed by it violated his due process rights, that his prosecution constituted discriminatory enforcement, and that the penalty was unfair.

Before a private college's student disciplinary procedure can be circumscribed by all of the constitutional safeguards of due process, it must first be shown that the State is involved in the activities of the college to a significant degree. (*Grossner v Trustees of Columbia Univ. in City of N. Y.,* 287 F Supp 535; cf. *Powe v Miles,* 407 F2d 73; *Matter of Oefelein v Monsignor Farrell High School,* 77 Misc 2d 417.) Since petitioner has not shown State involvement of any degree there is no basis for bringing [***7] this disciplinary proceeding within the reach of the Fourteenth Amendment.

While New York courts have applied a contract standard when reviewing a private educational institution's disciplinary proceedings (*Matter of Carr v St. John's Univ.,* 17 AD2d 632, affd 12 NY2d 802), the efficacy of that standard and the manner of its application has been questioned. (Note, "Developments in the Law, Academic Freedom", *81 Harv L Rev 1045, 1145-1147.*) But even when that standard is applied it is imperative that the college or university's decision to discipline the student be predicated on procedures which are fair and reasonable and which lend themselves to a reliable determination. (Cf. *Matter of Bonwitt v Albany Medical Center School of Nursing,* 77 Misc 2d 269; *Mitchell v Long Is. Univ.,* 62 Misc 2d 733, affd 35 AD2d 654; *Goldstein v New York Univ.,* 76 App Div 80.) These authorities implicitly recognize [*46] that the need to

82 Misc. 2d 43, *; 368 N.Y.S.2d 973, **;
1975 N.Y. Misc. LEXIS 2553, ***

obtain a higher education for most high school graduates is more a necessity than a luxury and that the courts will not permit a student's efforts to attain this goal to be thwarted because of an innately unfair disciplinary proceeding.

In the code [***8] more than the rudiments of an adversary proceeding are observed. The fact that a tape recording of the disciplinary hearing was not preserved does not alter that conclusion nor does it make it insurmountable for the court to conclude whether the determinations of the hearing and appeal boards were supported by substantial evidence. The reason for the tapes' destruction was not to inhibit review but rather to prevent use of the tapes to the student's detriment in the future. While retention of the tapes until the time to take legal action had expired would appear to be more desirable [**978] fortunately here what transpired at the hearing is largely undisputed. Furthermore the lack of a transcript of the hearing is not an impediment to judicial review for there is no showing that the student either requested the tapes be preserved or that he was denied the right to make his own recording of the hearing. (Cf. *Whitfield v Simpson,* 312 F Supp 889; *Esteban v Central Missouri State Coll.,* 277 F Supp 649, affd 415 F2d 1077. But see *Due v Florida Agric & Mechanical Univ.,* 233 F Supp 396.)

While petitioner does not claim a right to be represented by an attorney at the [***9] hearing he does allege he was denied the right to retain an attorney to assist him in his defense. That claim is insupportable not only because he has failed to show that the code was interpreted so as to expressly exclude such assistance, but additionally because there is no averment that he ever attempted to retain an attorney.

Focusing more particularly on petitioner's allegations of unlawful and arbitrary action at the hearing, petitioner claims use of written statements authored by other college community members violated his right to cross-examine witnesses. However his failure to cross-examine the authors was self-imposed for under the code, a party may call any member of the college community to testify and that person is under an affirmative duty to do so. Petitioner did not avail himself of that right.

Also without merit is the claim that petitioner was not allowed to remain silent for the code recognizes that right, the [*47] hearing board was so charged, and petitioner voluntarily took the stand.

The fact that the deputy prepared the charges against petitioner, observed the hearing board's deliberations and after the verdict had been reached informed the board [***10] of petitioner's lack of any prior disciplinary record are factors to be carefully scrutinized but they do not render the proceeding objectionable per se. (Cf. *Blanton v State Univ. of N. Y.,* 489 F2d 377; *Winnick v Manning,* 460 F2d 545; *Center for Participant Educ. v Marshall,* 337 F Supp 126.) The code envisions the deputy as an active participant. His presence at these proceedings provides the judicial system with continuity for he is one of the few persons who possesses historic knowledge of the manner in which the college has proceeded in similar matters. The availability of that knowledge to randomly selected hearing personnel ensures against a hearing board's unwitting departure from orderly procedure. In the absence of a showing that the deputy was actually biased or that his involvement in the hearing divested the hearing board of impartiality his participation is considered unobjectionable.

With respect to petitioner's written waiver of his *Miranda* rights he stresses the waiver he signed stated "Anything you say can [**979] be used against you in a Court of Law'" but that at no time was he advised that the statements he made to the college's security [***11] officers could be used against him in the nonjudicial proceeding brought under the code. Inasmuch as the procedure to be followed in disciplining a student need not contain all the safeguards inherent in a criminal proceeding, *Miranda* warnings have been held inapplicable to a college disciplinary proceeding. (See Project, "Procedural Due Process and Campus Disorder: A Comparison of Law and Practice", *1970 Duke L. J., 763, 770.*) Moreover the college's security officers were not law enforcement officers within the spirit or meaning of *Miranda.* (Cf. *People v Ronald W. [Anonymous],* 24 NY2d 732.)

Other grounds urged by petitioner to annul the determination involve issues of credibility, require superimposing the criminal laws' technical rules on a college disciplinary hearing or stem from petitioner's unfamiliarity with the rights accorded him under the code.

Credibility issues however are for the hearing board to resolve. And because the discipline of students is a part of the teaching process a college's disciplinary process need not [*48] conform to the intricate technical requirements which must be met to impose criminal responsibility. (Cf. General Order on [***12] Judicial Standards of Procedure and Substance in Review of Student Discipline in *Tax Supported Institutions of Higher Education, 45 FRD 133, 142; Jones v Snead, 431 F2d 1115;* and see generally Wright, The Constitution on the Campus, *22 Vand L Rev 1027, 1059-1082.*) Nor does petitioner's unfamiliarity with the code's provisions aid him since a copy of the code was issued to each student at registration and petitioner and his student representative must therefore be deemed to have constructive knowledge of its contents. (Cf. *Anthony v*

Case 1:04-cv-11572-JLT   Document 16-4   Filed 10/20/2004   Page 5 of 5

82 Misc. 2d 43, *; 368 N.Y.S.2d 973, **;
1975 N.Y. Misc. LEXIS 2553, ***

Page 4

*Syracuse Univ.*, 224 App Div 487; *Counts v Voorhees Coll.*, 312 F Supp 598, affd 439 F2d 723.)

Since it was apparently not uncommon in the past for articles to be discarded from the 10th floor of this dormitory, petitioner contends that others violated the Code in a similar manner but have not been prosecuted by the College. It is true that even in purely private proceedings courts have been concerned with practiced discrimination. ( *Bower v O'Reilly*, 65 Misc 2d 578, 580.) However, in raising discriminatory enforcement as a defense petitioner bears a heavy burden for purposeful discrimination is not to be presumed. (Cf. *Snowden v Hughes* [***13] , *321 U.S. 1, 8.*) That burden has not been met. His prosecution was prompted by his own admission. Other members of the college community may not have been prosecuted because of the difficulty in identifying the errant student. More importantly disciplinary proceedings are presently pending against other students who have engaged in similar acts.

[**980] Left to be resolved is whether respondent violated its own rules relating to appeals. The code provides that on an appeal the petitioner shall have the same rights as those possessed at the hearing level. Petitioner was not accorded those rights for respondent refused to allow petitioner or his representative to appear before the appeal board. ( *Matter of Ryan v Hofstra Univ.*, 67 Misc 2d 651, 672.)

This matter is therefore remanded to the appeal board, where the petitioner or his representative is to be permitted an opportunity to be heard on the excessiveness of the penalty, that being the principal issue he sought to raise on the appeal.

The stay restraining petitioner's suspension shall continue in effect pending the appeal board's determination.