UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04- 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>    Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER AND JURY CLAIM
TO PLAINTIFF'S COMPLAINT**

Defendants, Humanistic Psychology Institute d/b/a/ Saybrook Institute ("Saybrook") and Maureen O'Hara, respond to the plaintiff's Complaint paragraph by paragraph as follows:

**PARTIES/JURISDICTION**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Denied.

3. In the first sentence of Paragraph 3, defendants deny that it currently does business as "Saybrook Institute" but admits that it offers graduate studies in Human Science, Psychology and Organizational Systems Inquiry. The second sentence of Paragraph 3 does not contain any allegations and thus, does not require an answer.

4. Defendants admit the first sentence of Paragraph 4, but deny the second sentence..

5. The allegations set forth in Paragraph 5 (a-d) call for a legal conclusion, and therefore no response is required. To the extent a response is required, the defendants deny such allegations.

947699v1

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6.   Paragraph 6 refers to a document, which document speaks for itself and therefore does not call for a response by the defendants.

7.   Defendants admit the first sentence of Paragraph 7. The second sentence of Paragraph 7 refers to a document, which document speaks for itself and therefore does not call for a response by the defendants.

8.   Defendants deny the first sentence of Paragraph 87. The second sentence of Paragraph 8 refers to a document, which document speaks for itself and therefore does not call for a response by the defendants.

9.   Admitted.

10.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Admitted.

16.  Admitted.

17.  Admitted.

18.  Admitted.

19.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

947699v1

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Admitted.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

## COUNT I
## BREACH OF CONTRACT
## (Against Saybrook)

29. Defendants repeat and reallege their responses to Paragraphs 1 through 28 as if set forth in full herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II
## PROMISSORY ESTOPPEL
## (Against Saybrook)

947699v1

36.  Defendants repeat and reallege their responses to Paragraphs 1 through 35 as if set forth in full herein.

37.  Denied.

38.  Denied.

39.  Denied.

40.  Denied.

## COUNT III
## DENIAL OF DUE PROCESS
## (Against Saybrook)

41.  Defendants repeat and reallege their responses to Paragraphs 1 through 40 as if set forth in full herein.

42.  Denied.

43.  Denied.

## COUNT IV
## CHAPTER 93 VIOLATION
## (Against Saybrook and O'Hara)

44.  Defendants repeat and reallege their responses to Paragraphs 1 through 43 as if set forth in full herein.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Denied.

WHEREFORE, defendants deny that the plaintiff is entitled to relief in any amount.

947699v1

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants deny each allegation of plaintiff's Complaint except as specifically admitted above.

**THIRD AFFIRMATIVE DEFENSE**

Defendant, Humanistic Psychology Institute d/b/a/ Saybrook Institute has been improperly named.

**FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, defendants state that the Court lacks personal jurisdiction over Maureen O'Hara.

**FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, defendants state that the Court lacks subject-matter jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, defendants state that the plaintiff's claims are barred because it failed to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, defendants state that the plaintiff's claims are barred on the basis that any damages, which the plaintiff alleges, resulted from acts and omissions of third parties over which defendants had no control.

947699v1

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that there is no contract between the plaintiff and the defendants.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the principles of waiver and estoppel.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that it did not promise the defendant licensure in Massachusetts, and thus, the plaintiff is not entitled to a claim for promissory estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that it fulfilled all obligations, if any, of due process to the plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, if the plaintiff has sustained damages, those damages were the result of conduct of entities of individuals over whom the defendants had no control and for which the defendants are not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendants upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L. c. 93A.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the plaintiff is not entitled to any recovery under G.L., c. 93A for the reason that the transactions and actions did not occur primarily and substantially within the Commonwealth.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

The defendants reserve the right to add such other and further defenses as become apparent in the course of discovery.

## **JURY CLAIM**

## **DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES.**

        Respectfully Submitted By,

        Counsel for Defendants,
        Humanistic Psychology Institute
        d/b/a/ Saybrook Institute
        Maureen O'Hara

        s/Michael F. Aylward
        /s/Grace V. Bacon

        _____
        Michael F. Aylward, BBO #024850
        Grace V. Bacon, BBO #640970
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA  02210
        Tel. (617) 439-7500

Dated:  March 9, 2005

947699v1