UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
SUSAN COONEY,                              )
    Plaintiff                              )
                                           )
v.                                         )
                                           )
HUMANISTIC PSYCHOLOGY INSTITUTE,           )
d/b/a SAYBROOK INSTITUTE and               )
MAUREEN O HARA, Individually               )
    Defendants                             )
*******************************************

## JOINT STATEMENT OF PARTIES IN ACCORDANCE WITH LOCAL RULE 16.1

In accordance with the provisions of Local Rule 16.1(D) and the Court's Notice of Scheduling Conference, which has been scheduled for May 3, 2005, the parties hereby submit their Joint Statement addressing a proposed pretrial schedule.

The parties, having conferred pursuant to Local Rule 16.1(B), have agreed on the following joint discovery plan:

    **A.**    **The Parties' Proposed Discovery Plan**

    1.    <u>Automatic Required Disclosures</u>. The parties have made Automatic Required Disclosures under Local Rule 26.2, and are in the process of exchanging discoverable documents in each parties' possession or control. The parties will complete the exchange of all documents within fourteen days after the May 3, 2005 scheduling conference.

    2.    <u>Further Discovery</u>. As soon as each party has produced all documents to be disclosed under F.R.C.P. Rule 26.2(a)(1), and has also produced a sworn statement in

accordance with Local Rule 26.1(B), that party may commence discovery events in accordance with the limitations set forth in Local Rule 26.1(C).

3. <u>Resolution of Discovery Disputes</u>. The parties pledge to make a reasonable and good faith effort to reach agreement on any discovery dispute prior to filing any discovery motion in accordance with Local Rule 37.1.

4. <u>Phased Discovery</u>. The parties agree that an order for phased discovery is not necessary at this time.

5. <u>Discovery Period</u>. The parties agree that all factual discovery must be completed by March 3, 2006, unless the Court approves an extension of the discovery period. Any such request for an extension of discovery must be filed by the discovery deadline.

6   <u>Contested Discovery Issues</u>.

    a. **Confidentiality of Student Records under FERPA.** The parties wish to advise the Court that they anticipate that discovery disputes may arise regarding the confidentiality of certain records and communications concerning Humanistic Psychology Institute, d/b/a/ Saybrook Institute ("Saybrook") students other than Susan Cooney, if any such records exists. Plaintiff contends that that the Court should permit the discovery of communications by or about current or former students of Saybrook who have encountered obstacles to professional licensure as a psychologist in Massachusetts and other jurisdictions. To the extent that Saybrook raises objections to any discovery request based on FERPA,

privacy, or related grounds, Plaintiff expects that Saybrook will disclose the date of each record or communication, as well as the state, territory, or country of residence for each student whose records or communications may be responsive to the contested discovery request, unless after Saybrook gives notice to the student(s) or former student(s), if any, as required by FERPA, and such student(s) or former student(s) request the information not to be disclosed. The parties will attempt to narrow any discovery disputes by means of redaction of confidential student information and/ or confidentiality agreements. If the parties cannot resolve objections surrounding FERPA by a conference under LR 37.1, the party seeking discovery will file an appropriate motion.

b. **Depositions of Witnesses Outside of Massachusetts.** Plaintiff proposes that Boston and Wellesley, Massachusetts be deemed convenient places for the deposition of Maureen O'Hara, and for other current officers of Saybrook. In the case of other Saybrook employees, and other witnesses who reside outside of Massachusetts, plaintiff proposes that the parties endeavor to conduct video depositions in accordance with M.R.C.P. Rule 30A. Defendants object to these proposals.

**B.     Complexity of Case; Preparation for Trial.** The parties agree that this case does not fall into any of the categories specified by Local Rule 16.1(E)(4). The parties agree that this case can be tried on or after July 3, 2006.

**C.     Scheduling Order.** The parties have conferred about scheduling orders, and agree that the Court should establish specific deadlines that are comparable to the deadlines suggested below.

1.     Amendments to the pleadings, or requests to join other parties, should be requested on or before October 3, 2005;

2.     Written discovery requests should be served on or before December 15, 2005. Responses to written discovery requests must be completed by February 3, 2006 unless leave of court is granted.

3.     All fact and witness depositions shall be noticed and completed by March 3, 2006;

4.     Plaintiff will provide her expert witness disclosures to the defendants in accordance with Fed. R. Civ. P. 26(a)(2) on or before March 3, 2006.

5.     Defendants will provide their expert witness disclosures to the plaintiff in accordance with Fed. R. Civ. P. 26(a)(2) on or before April 3, 2006.

6.     All expert depositions will be noticed and completed by May 3, 2006.

7.     Motions. Fed. R. Civ. P. 56 motions will be filed and served on or before April 3, 2006.

8.     Oppositions to Fed. R. Civ. P. 56 motions and cross-motions will be filed and served on or before May 3, 2006.

9.  The parties do not anticipate a need for a case management conference prior to the pre-trial conference.

10. The parties will be prepared for a final pre-trial conference and/or settlement conference at any date on or after June 3, 2006, and for a trial on any date on or after July 3, 2006.

**D.  Trial by Judge**

The parties request trial before a Justice of the Court, and both parties have requested a jury trial. However, the parties reserve the right to request trial before a Magistrate Judge on or before the final pre-trial conference.

**E.  Certification**

Each party has filed or will file certifications signed by counsel and by an authorized representative of each party as required by Local Rule 16.4 on or before May 3, 2005.

Respectfully submitted

/s/Paul W. Morenberg                             /s/Grace V. Bacon

---

E. Steven Coren, BBO # 099740              Michael F. Aylward, BBO # 024850
Paul W. Morenberg, BBO # 631101         Grace V. Bacon, BBO # 640970
Counsel for Plaintiffs                              Counsel for Defendants
Kerstein, Coren, Lichtenstein & Finkel, LLP   Morrison Mahoney LLP
60 Walnut Street                                     250 Summer Street
Wellesley, MA 02481                              Boston, MA 02210
(781) 997-1600                                       (617) 439-7500

Dated:      April 26, 2005

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party (by hand) on 4/26/05