UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
SUSAN COONEY,                               )
    Plaintiff                               )
                                            )
v.                                          )
                                            )
SAYBROOK GRADUATE SCHOOL AND                )
RESEARCH CENTER, and                        )
MAUREEN O'HARA, Individually                )
    Defendants                              )
*******************************************

### PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT
### WITH LOCAL RULE 7.1(A)(2) CERTIFICATION

Now comes the plaintiff, Susan Cooney, by her counsel, and moves the Court, pursuant to Fed.R.Civ.P. 15(a), for leave to file an amended complaint. The proposed Amended Complaint is attached as **Exhibit A**. As grounds for allowance of this motion, plaintiff states as follows:

1. This case arises from plaintiff Susan Cooney's graduate studies in psychology at Saybrook Graduate School and Research Center from 1995 through 2002. Saybrook, which is based in California, offers a "distance learning" program to students throughout the United States. Through its catalogues and in various oral communications, Saybrook advised Cooney that it could provide a graduate degree that would qualify her to become a licensed psychologist in Massachusetts. After her graduation, Cooney learned that Massachusetts did not recognize Saybrook as an approved graduate program in psychology. In or about March, 2003, the Board of Registration of Psychologist advised Cooney that Saybrook was aware that it did not comply

with Massachusetts regulations.

2.      On or about June 1, 2004, Dr. Cooney filed suit in Middlesex Superior Court, alleging breach of contract, violation of Chapter 93, and related claims against Saybrook and its then president, Maureen O'Hara.

3.      On or about July 19, 2004, Defendants removed the litigation to the United States District Court.  Defendants filed two motions to dismiss, which were denied by the Court.

4.      Pursuant to the Court's discovery order, the parties have engaged in extensive paper discovery, and have scheduled various depositions.  As a result of discovery objections and scheduling difficulties, the parties have been unable to take any depositions to date.  The Court recently approved the parties' joint motion to extend discovery through March 31, 2006.

5.      Plaintiff now seeks to amend her Complaint for three purposes.  First, plaintiff seeks to correct an error in Saybrook's corporate name and the defendants' business address.  Second, plaintiff agrees to dismiss Count III of the Complaint (Denial of Due Process).  Finally, plaintiff seeks to add two new counts, Negligence and Negligent Infliction of Emotional Distress.

6.      Plaintiff contends that the existence of a negligence claim has become apparent due to documents recently received from Saybrook during discovery.  In the proposed Amended Complaint (**Exhibit A**), plaintiff alleges that Saybrook had a duty to provide graduate studies in psychology that conformed to the regulatory standards of all jurisdictions from which Saybrook accepts students.  Plaintiff also alleges that Saybrook had a duty to advise students of its knowledge of regulatory changes that would limit or preclude licensure.  Saybrook breached this duty to Cooney by failing to provide her with an education that met Massachusetts standards for graduate programs in psychology.  Saybrook also failed to advise Cooney that it knew of

expected regulatory changes in Massachusetts that made Saybrook graduates ineligible for licensure as psychologists.

7. The discovery process has recently yielded evidence in support of the proposed claims. On or about December 6, 2005; January 6, 2006, and January 13, 2006, Defendants produced supplemental responses to plaintiff's requests for documents.  These documents include communications to and from Rudy Melone and Gerald Bush, both former presidents of Saybrook, and William Bruff, Vice-President of Saybrook.  Certain documents suggest that Saybrook knew of expected regulatory changes in Massachusetts in or about January, 1996. Other documents suggest that Saybrook may have anticipated these regulatory changes as early as November, 1994, before Cooney applied to Saybrook.

8. Plaintiff's proposed claim of negligence will come as no surprise to defendants.  Cooney has alleged that Saybrook breached a contractual duty to provide a graduate education in psychology that would qualify her for licensure as a Massachusetts psychologist.  Plaintiff's negligence claim is founded on Saybrook's concomitant duty of care to meet the licensure standards of all states from which Saybrook admits students.  Saybrook also has a duty to advise students of regulatory changes that would impact their licensure goals.  Saybrook breached its duty by delivering education services to Cooney in 1996 and thereafter (when Saybrook knew that expected regulatory changes would disqualify Saybrook graduates from becoming Massachusetts psychologists), and by withholding this information from Cooney.

9. Plaintiff's motion is timely filed, as Defendants' recent production of documents has yielded important evidence of negligent conduct by Saybrook and its officers.

10.     Plaintiff's other proposed claim, Negligent Infliction of Emotional Distress, is also timely because Cooney's emotional injuries are directly related to Saybrook's negligent conduct.

11.     Plaintiff's proposed amended claims against Saybrook are not time-barred.  Under Massachusetts law, the three-year statute of limitations for negligence-based claims runs from plaintiff's discovery of negligent conduct that has caused harm.  As Massachusetts is a "discovery" state, the statute of limitations begins to run when a plaintiff "knows or reasonably should know that he or she has sustained appreciable harm as a result of the [defendant's] conduct."  Williams v. Ely, 423 Mass. 467, 473 (1996).  Plaintiff has alleged that she first developed concerns about Saybrook's knowledge of its non-compliance with Massachusetts regulation in or about March, 2003.  See Complaint, ¶ 21 (**ECF Document No. 2**); and proposed Amended Complaint, ¶ 26 (**Exhibit A).**  As noted above, Plaintiff is now filing her motion to amend in light of recently discovered evidence of Saybrook's negligent conduct.

12.     Defendants may argue that Cooney should have discovered Saybrook's alleged negligence at the time of her graduation in 2002, or at some earlier date during her graduate studies.  However, Massachusetts courts have consistently held that factual disputes regarding the accrual of an action should be resolved by the jury.  See e.g. Riley v. Presnell, 409 Mass. 239, 240 (1991) ("We ... hold that the question when a plaintiff knew or should have known of his cause of action is one of fact which in most instances will be decided by the trier of fact.")

13.     Plaintiff's Motion to Amend also satisfies the relation back standards of Rule 15(c). Plaintiff's amended pleading should relate back to the date of her original pleading, which was filed in Middlesex Superior Court on or about June 1, 2004.  Federal Rule 15(c) favors relation back when (1) permitted by the applicable statute of limitations, or (2) where the amended

claims arise out of conduct that was set forth (or that was attempted to be set forth) in the original pleading. Massachusetts law recognizes "relation back" of all civil claims. Massachusetts General Laws, Chapter 231, § 51. Based on the information known to the plaintiff in June, 2004, Plaintiff's original complaint reasonably attempted to set forth Saybrook's negligent failure to provide graduate studies that conform to Massachusetts regulations, and its negligent failure to notify Cooney of its knowledge of licensure obstacles in Massachusetts.

14.     Plaintiff's counsel provided the proposed Amended Complaint to defendants' counsel on January 24, 2006, two days in advance of Susan Cooney's deposition. Cooney is scheduled to be deposed over two day (on January 26 and 27, 2006).

15.     Plaintiff was unable to file its Motion to Amend at an earlier date, as plaintiff's counsel has been carefully evaluating over 2000 pages of documents, which Defendants have produced between November 17, 2005 and January 13, 2006.

16.     Plaintiff's counsel has agreed to make Susan Cooney available for fourteen hours of deposition. Defendants' counsel will have ample time to examine Dr. Cooney about her existing claims, and her proposed amended claims. Plaintiff's counsel has also advised defendants' counsel that it does not object to further written discovery regarding the amended claims.

17.     The Court has just scheduled a Pre-Trial Conference for April 6, 2006. The parties have agreed to complete discovery by March 31, 2006. The parties will have ample time to obtain discovery related to the proposed amended claims.

18.     Fed. R. Civ. P., Rule 15(a) states that leave for a party to amend her pleading "shall be freely given when justice so requires." The trial judge should allow a motion to amend unless

5

there are compelling reasons to deny it.  The First Circuit Court of Appeals has often described the "liberal" amendment policy underlying Rule 15.  See e.g. Wilson v. Mendon, 294 F.3rd 1, 7 n. 16 (1st Cir. 2002); Mills v. Maine, 118 F.3d 37, 53 (1st Cir. 1997); USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 23 (1st Cir. 1978).  A motion to amend should be granted unless the record suggests: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In the absence of the preceding factors, leave to amend should be "freely given." Id.

19.     The motion to amend has been filed in a timely and reasonable manner.  The discovery process is at an early stage, and the pre-trial conference is scheduled for April 6, 2006.  Neither party has taken any depositions, though the deposition of plaintiff is imminent.  Defendants will have a full and meaningful opportunity to discover information about plaintiff's amended claims at her upcoming deposition, and/or through additional written discovery requests.  Consequently, defendants will not be prejudiced by the allowance of this motion.


        WHEREFORE, the plaintiff respectfully requests leave pursuant to Fed.R.Civ.P. 15(a) to amend her complaint and to file the proposed Amended Complaint, which is **Exhibit A**.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

On January 25, 2006, plaintiff's counsel conferred with Attorney Grace V. Bacon Garcia, defendants' counsel. Counsel conferred in good faith regarding Plaintiff's Motion to Amend, but were unable to resolve or narrow the issues contained in the motion.

                        Respectfully submitted,
                        SUSAN COONEY,
                        By her counsel,

                        /s/ E. Steven Coren
                        /s/ Paul W. Morenberg
                        _____
                        E. Steven Coren, BBO #
                        Paul W. Morenberg, BBO # 631101
                        Kerstein, Coren, Lichtenstein & Finkel, LLP
                        233 Needham Street
                        Newton, Massachusetts   02464
                        (617) 969-7139

Dated:           January 25, 2004