UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:  04 11572 JLT

|  |  |
|---|---|
| SUSAN COONEY,<br>            Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION FOR RECONSIDERATION AND OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Defendants Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook") and Maureen O'Hara respectfully request that this Court reconsider it January 26, 2006 decision to allow the plaintiff Susan Cooney's Motion to Amend her Complaint[1] to add new causes of action against defendants.  Specifically, the defendants oppose the Motion[2] and ask for this Court's reconsideration because (1) the plaintiff cannot show good cause for attempting to assert new claims at this late date; (2) the proposed negligence-based claims are futile; and (3) introducing these new causes would be highly prejudicial to the defendants.

## BACKGROUND

Saybrook is a graduate school and research center located in San Francisco, California that offers graduate studies in Human Science, Psychology and Organizational Systems Inquiry.

---

[1] In her Motion to Amend, the plaintiff appears willing to dismiss Count III of her Complaint, which is entitled "Denial of Due Process."  It is defendants' position that such is properly done by a Stipulation of Dismissal, and does not require an amendment to the Complaint.

[2] Defendants submit this Opposition is timely pursuant to Local Rule 7.1(B)(2).

<u>See</u> Complaint ¶¶ 2-3.[3]  Cooney enrolled in Saybrook Institute in the fall of 1995.  <u>Id.</u> at ¶ 9. After completing the necessary academic curriculum, Saybrook awarded Cooney a doctorate in psychology in October 2002.  <u>Id.</u> ¶ 18.

Prior to, and during, Cooney's matriculation in 1995, Saybrook Institute informed her that if she intended to become a licensed psychologist, she must qualify for such a license through the appropriate state licensing authorities.  <u>Id.</u> ¶ 7.  After graduating, and seven years after being informed by Saybrook that she was responsible for ensuring that she would qualify for a license through the state licensing board, Cooney "inquired" of the Massachusetts Board of Registration of Psychologists (the "Board") the procedures for obtaining a license to practice as a psychologist within the Commonwealth.  <u>Id.</u> at ¶¶ 7, 18, 19.

In response to her inquiry, Cooney alleges that the Board informed her that Saybrook Institute did not have the necessary accreditations required by the Board for her to be eligible for licensure in Massachusetts.  <u>Id.</u> at ¶¶ 19-20.  As a result of her alleged inability to be licensed by the Board, she sued Saybrook on June 1, 2004, claiming breach of contract, promissory estoppel, and violation of due process against Saybrook.  In addition, she has asserted violation of Mass. Gen. Laws ch. 93A against both Saybrook and its president emeritus, Dr. Maureen O'Hara.

On May 11, 2005, this Court held a Rule 16 Scheduling Conference.  As required by the Court and the Local Rules, in preparation for that Scheduling Conference the parties submitted a "Joint Statement of Parties in Accordance to Local Rule 16.1."  <u>See</u> Docket #23.  In that Joint Statement, the parties *agreed* that "**<u>Amendments to the pleadings . . . should be requested on or before October 3, 2005</u>**."  <u>Id.</u> (emphasis added).  As a result of the Conference, the Court ordered that all discovery shall be completed by January 31, 2006.  <u>See</u> Order, Docket #24.

---

[3] Saybrook refers to the plaintiff's original Complaint filed on June 1, 2004 in the Middlesex Superior Court and then removed to this Court on July 14, 2004.

After the parties conducted significant written discovery, they agreed to move to extend the discovery period to March 31, 2006 to accommodate logistical problems in scheduling several depositions, including seven that are to occur in California,. See Docket No. 29; Affidavit of Grace Bacon Garcia ("Garcia Aff.") attached as Exhibit 1. At no time during the discussions for that stipulation to extend the discovery period did the plaintiff state or infer that she was going to move to amend the Complaint, nor was an extension allowing for amendments to the pleadings agreed to by the defendants. See Garcia Aff. Now, on the eve of the plaintiff's deposition, which was taken on January 26 and 27, 2005, Cooney moves to add claims against Saybrook for negligence and negligent infliction of emotional distress, which are substantially different from the contractual claims that have been the focus of this case.

## Argument

### 1.    The Plaintiff Cannot Show "Good Cause" for Her Undue Delay

Without a showing of "good cause" by the plaintiff, the plaintiff's motion to amend should be denied. Unlike Fed. R. Civ. P. 15(a)'s default rule that leave to amend is to be "freely given when justice so requires," after a scheduling order has been issued, and the plaintiff has blatantly failed to adhere to it, the plaintiff is required to show "**good cause**" to amend. Steir v. Girl Scouts of the USA, 383 F. 3d 7, 12 (2004) (emphasis added); see also Ruiz-Rivera v. Internal Revenue Serv., 93 Fed. Appx. 244, 246-47 (1st Cir. 2004) (stating plaintiff needed to show good cause for moving to amend the pleadings after missing the scheduling order deadline). The purpose of limiting the period for amendments to the pleadings is to assure that at some point the pleadings will be fixed. O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004). Only after a showing of good cause, which assumes that the requesting party has been diligent in its efforts, can a motion amend be allowed. Id.

986772v1

"Good cause" is still the standard to determine the appropriateness of a motion to amend regardless of whether the court memorialized the parties' agreement from their Joint Statement on amendments to the pleadings, as long as there is no dispute on what the parties agreed to. Steir, 383 F.3d at 8 n.5 (finding that although the date agreed to by the parties for amendments to the pleadings was not reflected in the District Court's scheduling order, the date agreed upon was not in dispute and set the deadline for such allowable amendments). In this case, the plaintiff and the defendants agreed that all amendments to the pleadings would be done on or before October 3, 2005. See Docket #23. Now, the plaintiff has filed its motion to amend three and a half months beyond that date, during which significant written discovery and case strategy has been undertaken.

Pursuant to Fed. R. Civ. P. 16(b), the good cause standard emphasizes the diligence, or lack thereof, of the party seeking the amendment. Steir, 383 F.3d at 12. Although not the primary focus, prejudice to the opposing party is also relevant. O'Connell, 357 F.3d at 155. By failing to follow the time standards, the "indifference by the moving party 'seals off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause. Id. at 155, quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). Therefore, a court should deny a motion to amend when the amendment would "reward, inter alia, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F. 3d 251, 253 (1st Cir. 1994) (emphasis added). Indeed, the First Circuit has stated that "[r]egardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself sufficient reason for the court to withhold permission to amend." Steir, 383 F. 3d at 12.

4

Here, there is no evidence that the plaintiff has been diligent in her efforts, or that she has good cause to bring this Motion at this late date. Cooney cannot claim that she was unaware of the existence of these new allegations at the outset of this lawsuit.

In her Motion, plaintiff states that the proposed negligence allegations are based on an alleged duty that Saybrook had to provide education conforming to regulatory standards in all jurisdictions in which it accepted students and to advise students of any regulatory changes. See Plaintiff's Motion at ¶ 6. Plaintiff then claims that certain documents produced during discovery *suggests* that Saybrook knew of regulatory changes that were going to occur in Massachusetts while Cooney was a student. Id. at ¶ 7. Yet, these are **not** new allegations and the documents produced during discovery do not lead to new allegations. Indeed, the plaintiff in her original Complaint alleges that Saybrook knew through communications from the Massachusetts Board of Registration of Psychologists that Saybrook students would not be qualified for licensure in Massachusetts. See Complaint ¶ 12. Further, the plaintiff alleges that Saybrook knew this information while Cooney was a student, and thus, denied her a right to obtain an education sufficient for Massachusetts licensure. Id. at ¶¶ 13, 33, 37-39. Although the defendants deny these allegations, the fact that the plaintiff knew and was aware of the facts at the time she originally filed the Complaint on June 1, **2004**, bars her from a showing of good faith in attempting to amend her complaint at this date. See O'Connell, 357 F.3d at 155-56, citing, Leary v. Daeschner, 349 F.3d 888, 908 (6th Cir. 2003) (affirming district court's refusal to find good cause where plaintiff was "obviously aware of the claim for many months" but failed to move to amend the complaint) and citing Sosa v. Airprint Sys., Inc., 133 F.3d 1471, 1419 (11th Cir. 1998) (affirming district court's refusal to find good cause where "information supporting the proposed amendment to the complaint was available [to plaintiff] even before she filed suit).

There is no justification for the delay in asserting these tort claims and plaintiff's motion to amend should be denied.

**2.    The Proposed Amendment Should Be Denied as it is Futile**

"Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters" and denial of a motion to amend is proper. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (finding the district court did not err in denying a motion to amend on the grounds of futility). Here, the plaintiff does not have a proper basis to maintain claims for negligence or negligent infliction of emotional distress and her Motion should be denied.

**a.    *Plaintiff's Cannot Prove The Elements of Negligence*[4]**

To prove a claim for negligence, the plaintiff must show that the defendant breached a duty to the plaintiff. Cottam v. CVS Pharmacy, 436 Mass. 316, 320 (2002). The existence of such a duty is a question of law for a judge and is determined by looking at "existing social values and customs, as well as to appropriate social policy." Id., quoting, Davis v. Westwood Group, 420 Mass. 739, 743 (1995).

In an attempt to assert a negligence claim, the plaintiff has developed a fictitious duty for which she has no authority, based in either law or social custom. The plaintiff "alleges that Saybrook had a duty to provide graduate studies in psychology that conformed to the regulatory standards of all jurisdictions from which Saybrook accepted students." See Plaintiff's Motion at ¶ 6. Yet, to defendants' knowledge, no such duty exists on the part of any school and the plaintiff has not cited any authority for such proposition. For instance, many law schools are not accredited by the American Bar Association ("ABA"). Yet, these schools are allowed to operate

---

[4] In order to focus on the plaintiff's Motion, the defendants have omitted a choice of law argument, but rather submit that under either Massachusetts or California's substantive law, the plaintiff's proposed tort claims would be futile.

and confer degrees on their graduates notwithstanding the fact that a degree from an ABA accredited school is required for bar admission in numerous states.    See e.g. http://www.stopunionpoliticalabuse.org/SUPA%20Website/legal_education_and_admission_to_t he_bar.pdf at 36 (visited on January 29, 2006).

The plaintiff simply cannot prove that a school owes a duty to provide education that fulfills the requirements for each states' licensing board in the areas for which it supplies an education. There is no evidence that such a duty exists under law or social custom. Therefore, Cooney's motion to amend to assert a claim of negligence is futile.

Moreover, a "duty of care" tort action in the educational context is not viable in California. Under California law, claims based on tort in the academic setting are not an "injury" within the meaning of the law. Peter W. v. San Francisco Unified Sch. Dt., 60 Cal. App. 3d 814, 825-26 (1976) (attached as Exhibit A to Garcia Aff.). Educational methodology, "[u]like the activity on the highway or marketplace, . . . affords no readily acceptable standards of care, or cause, or injury." Id. at 824;  Chevlin v. Los Angeles Comm. College Dt., 212 Cal. App. 3d. 382, 389-90 (1989) (college had no duty under tort law to student in program) (attached as Exhibit B to Garcia Aff.). As such, the plaintiff's negligence claim is additionally futile under California law.

**b.**    ***Plaintiff Cannot Sustain a Claim for Negligent Infliction of Emotional Distress as She Cannot Prove All of the Required Elements***

For the plaintiff to maintain a claim for negligent infliction of emotional distress, she must prove the following elements: (1) physical harm manifested by objective symptoms; (2) negligence; (3) emotional distress; (4) causation; and (5) that a reasonable person would have suffered emotional distress under the circumstances. Sullivan v. Boston Gas Co., 414 Mass. 129,

132 (1992).  As discussed above, the plaintiff does not have a claim for negligence, and thus, she cannot satisfy the basic element to a negligent infliction of emotional distress claim.

Moreover, her proposed amended complaint fails to evidence any signs of physical harm manifested by objective symptoms.  The plaintiff claims that her symptomology includes "sleeplessness, difficulties in working and concentrating, anxiety and depression."  See Plaintiff's Proposed Amended Complaint at ¶ 58.  Yet, these are not sufficient for the plaintiff to bring this cause of action.  For instance, depression and anxiety are not enough to satisfy the element of physical harm as they are not objective symptoms.  See e.g. Continental Ins. Co. v. Bahnan, 1997 U.S. Dist. Lexis 23796 (D. Mass. 1997) (Gorton, J.) (despite an affidavit from a medical doctor that the defendant suffered anxiety and depression the court found that the defendant could not sustain his counterclaim because there was no evidence of physical harm manifested by objective symptoms) (attached as Exhibit C to Garcia Aff.); cf. Rodriquez v. Cambridge Housing Auth., 443 Mass. 697, 703 (2005) (finding plaintiff's allegations for negligent infliction of emotional distress sufficient because the damages went beyond alleging "mere upset, dismay, and grief," and were objectively verifiable as the plaintiff had to be hospitalized for seventeen days).  The plaintiff has not made any showing of such objective symptoms.

As such, the plaintiff's proposed claim for negligence infliction of emotional distress should be denied as futile as she can prove neither the required element of negligence nor the element of physical harm manifested by objective symptoms.[5]

---

[5] As stated above, the plaintiff could not assert a tort action under California law, therefore, like the negligence claim, the negligent infliction of emotional distress claim would also be barred under California law.

986772v1

**3.    An Amendment at this Stage is Highly Prejudicial**

Contrary to plaintiff's bald assertion that an amendment would not prejudice the defendants, such could not be further from the truth. "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics.'" Steir, 383 F. 3d at 8-9; quoting Acosta-Mestre v. Hilton Int's of P.R., Inc., 156 F. 3d 49, 52 (1st Cir. 1998). If the Court were to permit Cooney to amend its Complaint now, such an amendment would cause a continued delay in time, an overhaul of defendants trial strategy, as well as additional expenses of further discovery. See e.g. Logan Equip. Corp. v. Simon Aerials, Inc., 736 F. Supp. 1188, 1207 (D. Mass. 1990).

In Logan Equip. Corp., the court denied plaintiff's motion to amend its complaint to add claims, which the plaintiff's filed one month before the discovery deadline. The court found that because the motion was filed "on the eve" of the discovery deadline, after defendants had almost finished discovery, the motion was justifiably denied. Here, the discovery deadline had meant to close on 31 January 2006. Due to the logistics of scheduling the plaintiff, and more importantly, the defendants' depositions which are being taken in California, the parties agreed to extend discovery until March 31, 2006. At *no time* during the discussion of the extension of discovery did plaintiff ever mention or infer that she intended on amending the Complaint to add new claims. See Garcia Aff. Thus, in looking at the original Court's discovery deadline, the plaintiff gave notice of its intent to Amend the Complaint, on January 24, 2006, just 6 days before the original close of discovery.

Moreover, plaintiff has admitted in her Motion, that these new causes of action and supporting factual allegations may require further discovery, by stating that she would not object

9

to further written discovery regarding the amended claims.  <u>See</u> Plaintiff's Motion at ¶ 16. Clearly, the plaintiff recognizes that these new claims, if allowed, will cause further discovery than that that was contemplated by the parties at the time that the parties agreed to a stipulation to extend the discovery for depositions.

The defendants have invested time and money defending the allegations contained in the Complaint. As this case has progressed, the defendants have put in considerable efforts into their litigation and trial strategies based on the counts of the Complaint, which currently involve contractual claims. The plaintiff was well aware of all the facts involved from the beginning of this case, but did not choose to amend the Complaint at an earlier date, although she could have done so. It is only now, after written discovery has been complete and after the depositions have been determined, that she seeks this Honorable Court's permission.  There are no newly discovered facts or evidence that give rise to these claims that the plaintiff did not know prior to discovery. Defendants should not be penalized or punished for the plaintiff's failure to move to amend at an earlier date.

Furthermore, during discovery, the defendants have spent considerable time and efforts undertaking significant discovery and investigation on the claims the plaintiff asserted in the Complaint.   Specifically, they have propounded two sets of Request for Production of Documents, twenty-four Requests for Admissions, and twenty-five Interrogatories. Additionally, they have issued three Keeper of Record Subpoenas to obtain documents and has performed its own independent investigation.

If, the plaintiff's Motion is allowed, Saybrook will be forced to conduct additional further discovery on the new, proposed claims. In addition, Saybrook may need to retake plaintiff's deposition regarding the new, proposed claims, as based on the filing of this late motion, the

10

defendants were unable to prepare for deposing the plaintiff on these additional claims before the plaintiff's deposition took place.

### Conclusion

As plaintiff's Motion to Amend has been brought after an undue delay and without good cause, the proposed additional claims if asserted would be futile, and allowance of the Motion would be highly prejudicial, the defendants respectfully request the Court reconsider its January 26, 2006 decision and deny plaintiff's Motion to Amend the Complaint.

### REQUEST FOR ORAL ARGUMENT

Respectfully Submitted,

Attorney for Defendants,
Humanistic Psychology Institute, d/b/a/ Saybook
Institute and Maureen O'Hara

*/s/ Grace V. Bacon Garcia*

_____

Grace V. Bacon Garcia, BBO #640970
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

Date:  February 1, 2006

### Certificate of Service

I hereby certify that this documents(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 1, 2006.

*/s/ Grace V. Bacon Garcia*

_____

Grace V. Bacon Garcia

11

986772v1