**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>      Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF GRACE V. BACON GARCIA

I, Grace V. Bacon, do hereby depose as follows:

1. I appear as counsel of record for the defendants Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook") and Maureen O'Hara.

2. I am licensed to practice before the Courts of this Commonwealth, including this U.S. District Court for the District of Massachusetts.

3. I submit this affidavit in support of Defendants' Motion for Reconsideration and Opposition to Plaintiff's Motion to Amend the Complaint.

4. Due to the logistics of scheduling depositions, plaintiff's counsel suggested and I agreed to stipulate to extend discovery. The logistics of the depositions has involved scheduling the plaintiff's deposition for a two day period of time, as well as scheduling possibly seven (Maureen O'Hara, John Reho, Arthur Bohart, Alan Vaughn, William Bruff, Donald Cooper and John Wagener) depositions in California.

5. During the conversations to extend discovery, the only basis for such extension was to conduct the depositions, not to conduct other further discovery. Indeed, in a letter I wrote to plaintiff's counsel on January 6, 2006, I reiterated that "Although we agree to sign the

985951v1

proposed Motion to Extend the Discovery Deadline, we want to make it known that we do not want to delay the depositions."

6. At no time during any conversations or communications with plaintiff's counsel was I informed or was it eluded to that the plaintiff would seek to amend the Complaint. Further, there was never an agreement, as the issue was not discussed, to extend the time allowed to amend the pleadings.

7. Attached as Exhibit A is a true and accurate copy of Peter W. v. San Francisco Unified Sch. Dt., 60 Cal. App. 3d 814 (1976).

8. Attached as Exhibit B is true and accurate copy of Chevlin v. Los Angeles Comm. College Dt., 212 Cal. App. 3d. 382 (1989).

9. Attached as Exhibit C is a true and accurate copy of Continental Ins. Co. v. Bahnan, 1997 U.S. Dist. Lexis 23796 (D. Mass. 1997) (Gorton, J.).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1st DAY OF FEBRUARY 2006

/s/ Grace V. Bacon Garcia

Grace V. Bacon Garcia
BBO # 640970

Dated: _____