UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>            Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS MOTION FOR A PROTECTIVE ORDER
## TO LIMIT ANTICIPATED DEPOSITION INQUIRIES

The defendants, Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook")

and Maureen, O'Hara, move this Honorable Court for a protective order pursuant to Fed. R. Civ.

P. 26 (c), restricting the areas of inquiry on which the plaintiff, Susan Cooney, can inquire during

the deposition of the defendants or their agents.[1]  Specifically, the defendants seek to prohibit the

plaintiff from inquiring or seeking documents concerning the following two matters: (1) the

circumstances surrounding Dr. O'Hara's recent change in position from Saybrook's President to

president emeritus and faculty member on sabbatical, which occurred in August 2005; and (2)

information relating to licensure and state licensing boards, other than licensure in the

Commonwealth of Massachusetts and the Massachusetts Board of Registration of Psychologists.

Defendants have good cause to request this order as employment information is protected under

California law, and all anticipated areas of inquiry are not relevant to the issues in this case, will

---

[1] Based on the Notices of Deposition and the Deposition Subpoenas, it is anticipated that the plaintiff will take the depositions of the following individuals: Maureen O'Hara, John Reho, Arthur Bohart, Alan Vaughn, William Bruff, Donald Cooper and John Wagener.

964331v1

not lead to information that might be relevant, and will only serve to delay and prolong the depositions, causing undue costs.

## BACKGROUND

Saybrook is a graduate school and research center located in San Francisco, California that offers graduate studies in Human Science, Psychology and Organizational Systems Inquiry. See Complaint ¶¶ 2-3.[2]  Cooney enrolled in Saybrook Institute in the fall of 1995.  Id. at ¶ 9. After completing the necessary academic curriculum, Saybrook Institute awarded Cooney a doctorate in psychology in October 2002.  Id. ¶ 18.

Prior to, and during, Cooney's matriculation in 1995, Saybrook Institute informed her that if she intended to become a licensed psychologist, she must qualify for such a license through the appropriate state licensing authorities.  Id. ¶ 7.  After graduating Saybrook Institute, and seven years after being informed by Saybrook that she was responsible for ensuring that she would qualify for a license through the state licensing board, Cooney "inquired" of the Massachusetts Board of Registration of Psychologists (the "Board") the procedures for obtaining a license to practice as a psychologist within the Commonwealth.  Id. at ¶¶ 7, 18, 19.

In response to her inquiry, Cooney alleges that the Board informed her that Saybrook Institute did not have the necessary accreditations required by the Board for her to be eligible for licensure.  Id. at ¶¶ 19-20.  As a result of her alleged inability to be licensed by the Board, on June 1, 2004, the plaintiff asserted breach of contract, promissory estoppel, and violation of due process against Saybrook.  In addition, she has asserted violation of Mass. Gen. Laws ch. 93A

---

[2] Saybrook refers to the plaintiff's original Complaint filed on June 1, 2004 in the Middlesex Superior Court and then removed to this Court on July 14, 2004.

964331v1

against both Saybrook and its current president emeritus, Dr. Maureen O'Hara. See generally Complaint.[3]

It is anticipated, that based on the discovery propounded by the plaintiff, that the plaintiff will seek to question deponents on multiple areas, including the following two areas: (1) the circumstances surrounding Dr. O'Hara's change in position from President of Saybrook to president emeritus and faculty member on sabbatical, which occurred in August 2005; and (2) information regarding Saybrook's communications, involvement and knowledge of licensure and state licensing boards, in jurisdictions beyond the Commonwealth of Massachusetts and the Massachusetts Board of Registration of Psychologists.

## ARGUMENT

The limits of discovery and the protection of parties and witnesses against excessive discovery rests in the broad discretion of the judge. See Fed. R. Civ. P. 26 2000 Advisory Committee Notes. Plaintiff is only entitled to obtain discovery on matters that are relevant to the claims and defenses, and are not otherwise privileged. See Fed. R. Civ. P. 26(b)(1). All discovery, both privileged and not privileged, may be limited by the Court, however, pursuant to Rule 26(b)(2).

"Under Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit." Gill v. Gulfsteam Park Racing Assoc., Inc., 399 F.3d 391, 400 (1st Cir. 2005). As such, a protective order is proper to prevent a party from questioning during the depositions on issues unrelated, and irrelevant to the case. Rule 26(b), which authorizes discovery of relevant matters, limits it, in the Court's discretion, where it is unreasonably cumulative, duplicative, or unduly burdensome. See generally Pedraza v. Holiday Housewares,

---

[3] On January 25, 2006, the plaintiff filed a Motion for Leave to Amend the Complaint and add counts against Saybrook for negligence and negligent infliction of emotional distress. This Court allowed the Motion on January 26, 2006. The defendants have filed a Motion for Reconsideration, with an opposition to the Motion to Amend.

964331v1

Inc., 203 F.R.D. 40 (D. Mass. 2001).  Indeed, Fed. R. Civ. P. 26(c) gives the Court a specific

option for a protective order, including ordering: "(4) that certain matters not be inquired into, or

that the scope of the disclosure or discovery be limited to certain matters."  Here, the defendants

submit that they have good cause for such an order to be issued.

1.   <u>**Dr. Maureen O'Hara's Change in Recent Position Should Not be the Subject of Discovery**</u>

a.   <u>***Questions Concerning Dr. O'Hara's Change in Employment Position Seeks Constitutionally Private Information***</u>

Personnel information of California employees are patently private under California's

Constitution.  <u>Board of Trustees v. Superior Ct.</u>, 119 Cal. App. 3d 516 (1981) (finding

employment records are protected under Article I, Section I of California's Constitution) (a copy

attached for the Court's convenience as Exhibit A.).  In <u>Board of Trustees v. Superior Court,</u> the

court held that the faculty members of the medical school had a constitutional right of privacy in

their personnel records and information and that the superior court abused its discretion in

granting the plaintiff access thereto.   <u>See</u> <u>Board of Trust.</u>, 119 Cal. App. 3d at 526-27.

Specifically, the court held that the state interest in discovery was trumped by the faculty's

privacy rights in the personnel information.  <u>Id.</u>  As Dr. O'Hara is a California resident, works in

California and her employment is under the laws of California, her change in employment status

should be given protection under the laws of California, and a protective order issued.

b.   <u>***Inquires Regarding Dr. O'Hara's Change of Position is Irrelevant and Protected by a Confidentiality Provision***</u>

The plaintiff's claims before this Court revolve around an argument that the defendants

are liable to her for failing to advise her that she was not eligible for licensure as a psychologist

in the Commonwealth of Massachusetts.  <u>See</u> Complaint at ¶¶ 11, 33, 38, 48; Amended

Complaint at ¶¶ 12-14, 36, 41, 47, 52.  As part of her claim, the plaintiff alleges that Dr. O'Hara,

4

in her position as Saybrook's President, knew *while Ms. Cooney was a student*, that Massachusetts regulations prevented Saybrook graduates from becoming licensed.    See Complaint at ¶¶ 48-49; Amended Complaint at ¶¶ 47-48.    The issue of Dr. O'Hara's current status, her personal reasons for that status, and/or any disagreements she may or may not have had with Saybrook that has led to her status, are irrelevant to the determination of liability in the instant matter.    Simply, Dr. O'Hara's change in status in August 2005, which occurred three years after the plaintiff graduated Saybrook and a year after the plaintiff initiated this lawsuit, is irrelevant to the claims.

Furthermore, Dr. O'Hara has stated in her Interrogatory Answers to the plaintiff that "It is my belief that my change of position from President to President Emeritus was not related to plaintiff or the facts and circumstances alleged in her lawsuit."    See Interrogatory Answer Nos. 6 and 7, attached as Exhibit B.    The defendants submit that allowing the plaintiff to question Dr. O'Hara or other witnesses regarding Dr. O'Hara's change in position would only serve to be "a possible fishing expedition into what appears to be largely irrelevant issues . . .."    Pedraza, 203 F.R.D. at 42 (in a decision by Judge Gorton, the court denied plaintiff's motion to seek further discovery finding such would be unduly burdensome and irrelevant).    As questioning regarding Dr. O'Hara's change in position will not lead to relevant information relating to the claims and defenses of this case, but will merely produce irrelevant material, causing time to be wasted at the deposition, adding to the expense, and being harassing of defendant O'Hara, the defendants request a protective order be issued.

Not only is Dr. O'Hara's change in status not relevant to the case at hand, but on August 1, 2005, Dr. O'Hara executed a "Confidential Resignation, Release, Employment and Arbitration Agreement."    Paragraph 7 of the Agreement states as follows:

5

> Dr. O'Hara assures that she will not, directly or indirectly, disclose the terms of this Agreement to anyone other than her attorney and spouse, except to the extent such disclosure may be required for tax purposes including preparation of tax forms, and except as necessary for arbitration of disputes. Saybrook assures that it will not, directly or indirectly, disclose the terms of this Agreement to anyone other than its officers and trustees, except to the extent such disclosure may be required for tax purposes including preparation of tax forms and except as necessary for arbitration of disputes and to comply with the Agreement. Notwithstanding the foregoing, the parties shall comply with all subpoenas and/or court or administrative orders regarding disclosure of this Agreement and/or the terms of this Agreement, after notice to the other side and an opportunity for the other side to contest such disclosure. In the event of subpoena or order for disclosure, the party subpoenaed or ordered shall provide the other party with ten (10) days written notice prior to disclosure.

As such, Dr. O'Hara is prevented from disclosing information relating to her change in position without Court order. The defendants submit that such Court order is not necessary, but rather, a Court order protecting her from disclosure is proper. As Dr. O'Hara is entitled to some privacy, the matter is irrelevant to this case, and certainly does not relate to the claims or defenses in this case, the defendants have shown good cause for requesting a protective order preventing the plaintiff from questioning witnesses in this area.

## 2.  Licensure Questions Involving States Other than Massachusetts Are Irrelevant

Similarly, questions relating to licensure issues that may be present in other states are irrelevant to whether Saybrook knew and informed the plaintiff of licensure issues in Massachusetts. The breadth of allowable discovery under the Federal Rules was changed in 2000 from allowing parties to discover any relevant information relating to the "subject matter" of the case to only allowing the parties to obtain discovery of material that is relevant to the claims and defenses in the case, unless a showing of good cause exists. See Fed. R. Civ. P. 26 2000 Advisory Committee Notes. Such a change prevents parties from "justify[ing] discovery

requests that sweep far beyond the claims and defenses of the parties . . .." Id. Here, it is anticipated that the plaintiff will seek information during the depositions regarding issues involving licensure and licensing boards **in all** states, not just Massachusetts.

Such information, although it may relate to the subject matter of the case, is not relevant to the claims or defenses in this case, and will only impose an unfair burden on the defendants by prolonging the seven depositions and creating further costs. Indeed, "[a] vague possibility that loose and sweeping discovery might turn up something . . . does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry." Pedraza, 203 F.R.D. at 42, quoting Joslin Dry Goods Co. v. EEOC, 483 F.2d 178, 183-84 (10th Cir. 1973). Here, based on the claims the plaintiff has asserted, which all revolve around her ability to become licensed as a psychologist in the Commonwealth of Massachusetts and the defendants' alleged knowledge of such problem, makes licensing issues in states other than Massachusetts irrelevant to the claims. As such, the defendants, for good cause, respectively request that the plaintiff be limited to asking questions regarding licensure and licensure issues in the Commonwealth of Massachusetts.

## Conclusion

WHEREFORE, Defendants request that this Court allow this motion enter a protective order with respect to certain topics of inquiry. A proposed Order is attached hereto as Exhibit C.

## REQUEST FOR ORAL ARGUMENT

Defendants,
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

8

964331v1

<u>Fed R. Civ. P. 37(a)(2)(A) and Local Rule 7.1(A)(2) and Local Rule 37.1 Certification</u>

I, Grace V. Bacon Garcia, Esquire, counsel for the defendants hereby certify that, pursuant to Fed R. Civ. P. 37(a)(2)(A) and Local Rules 7.1(A)(2) and 37.1, I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 3, 2006 by telephone.  Despite an attempt in good faith to resolve the issue presented by the within Motion and we were unable to do so.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

Date: February 3, 2006

964331v1