# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>  Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, MAUREEN O'HARA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The defendant, Maureen O'Hara ("Dr. O'Hara"), pursuant to Fed. R. Civ. P. 33, answers the Plaintiff's First Set of Interrogatories without waiving the following:

(i) the right to object on any grounds to the use of any of the following answers in any other subsequent proceedings or at the trial of this or any other action;

(ii) the right to object on any grounds to any demand for further answers to these Interrogatories or any other discovery procedure relating to the subject matter of these Interrogatories; and

(iii) the right at any time to revise, correct, add to or clarify any of the following answers.

## GENERAL OBJECTIONS

1. Dr. O'Hara objects to the Interrogatories to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

2. Dr. O'Hara objects to the Interrogatories to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

963623v1

in state-by-state efforts to monitor and influence existing and changing regulations, which permit graduates from alternative programs to sit for licensure, was also greatly concerned with identifying scientific and philosophical basis for an alternative - namely Humanistic - approach to psychology. Division 32's interest in the CDPP was intellectual and philosophical, not with regards to applied psychology.

In further answering, pursuant to Fed. R. Civ. P. 33(d), I have already produced a curriculum vitae which describes offices, honors and such positions.

## INTERROGATORY NO. 6

Please describe any and all reasons and circumstances underlying your resignation as president of Saybrook, describing any policy disagreements between you and Saybrook's Board of Trustees.

## ANSWER NO. 6

Dr. O'Hara objects to this Interrogatory as it request information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. It is also a matter of constitutional right of privacy in California as to my personnel privacy. It is also subject to a confidential employment agreement setting forth my continuing relationship with Saybrook. It is my belief that my change of position from President to President Emeritus was not related to plaintiff or the facts and circumstances alleged in her lawsuit.

## INTERROGATORY NO. 7

Please describe the location, purpose, and objectives of your one-year sabbatical from Saybrook.

## ANSWER NO. 7

Dr. O'Hara objects to this Interrogatory as it request information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of

admissible evidence. It is also a matter of constitutional right of privacy in California as to my personnel privacy. It is also subject to a confidential employment agreement setting forth my continuing relationship with Saybrook. It is my belief that my change of position from President to President Emeritus was not related to plaintiff or the facts and circumstances alleged in her lawsuit.

**INTERROGATORY NO. 8**

Please describe your understanding of any regulatory, statutory, or other obstacles that restrict Saybrook students or graduates from qualifying for licensure as a psychologist in Massachusetts and specify the year when Defendant first determined that Saybrook students or graduates would encounter these obstacles.

**ANSWER NO. 8**

Dr. O'Hara objects to this Interrogatory on the grounds that it seeks a legal conclusion. Additionally, Dr. O'Hara objects as it seeks the mental impressions, conclusions, opinions and/or legal theories of counsel, which is protected by the attorney work-product privilege. Notwithstanding nor waiving these objections and subject to the General Objections specifically incorporated herein, Dr. O'Hara states as follows:

Saybrook was a member of the Consortium of Diversified Programs in Psychology ("CDPP"). The CDPP was active in state-by-state efforts to monitor and influence existing and changing regulations, which permit graduates from alternative programs to sit for licensure. As a result of Saybrook's membership with the CDPP, and my direct participation in CDPP, I was aware in 1997 that Saybrook graduates may face challenges in obtaining a license as a psychologist in Massachusetts. It is my understanding that in early 1996, the CDPP became aware that Massachusetts was considering changing its residency requirements to require one

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30th DAY OF November 2005.

*/s/ Maureen O'Hara*
Dr. Maureen O'Hara

As to Objections:

*/s/ Grace Garcia*
Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
617-439-7500

33

963623v1

## CERTIFICATE OF SERVICE

I, Grace V. Bacon Garcia hereby certify that I served a true copy of the following documents:

1. **Defendant, Maureen O'Hara's, Supplemental Response to Plaintiff, Susan Cooney's Request for Production of Documents;**

2. **Defendant, Maureen O'Hara's, Answers to Plaintiff's First Set of Interrogatories**

on December 6, 2005 upon the following counsel of record via facsimile and first class mail in compliance with the F.R.C.P.:

Paul W. Morenberg, Esq.
Kerstein, Coren, Lichtenstein & Finkel, LLP
60 Walnut Street
Wellesley, MA 02481

/s/ Grace Garcia
Grace V. Bacon Garcia

974970v1