

EXHIBIT

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:  04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>            Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, HUMANISTIC PSYCHOLOGY INSTITUTE D/B/A SAYBROOK INSTITUTE'S RESPONSE TO PLAINTIFF, SUSAN COONEY'S, REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant, improperly named as Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook"), pursuant to the Federal R. Civ. P. 34, responds to Plaintiff, Susan Cooney's First Request for the Production of Documents without waiving the following:

(i)     the right to object on any grounds to the use of any of the following Responses in any other subsequent proceedings or at the trial of this or any other action;

(ii)    the right to object on any grounds to any demand for further responses to these Requests or any other discovery procedure relating to the subject matter of these Requests; and

(iii)   the right at any time to revise, correct, add to or clarify any of the following Responses.

## GENERAL OBJECTIONS

1.      Saybrook objects to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

964331v1

2.    Saybrook objects to the Requests to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

3.    Saybrook objects to the Requests to the extent that they call for information protected from discovery because it is subject to the attorney-client privilege or constitutes materials prepared by or for Saybrook or its representatives in anticipation of litigation or for trial and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

4.    Saybrook objects to the Requests to the extent that they call for information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to discovery of admissible evidence.

5.    Saybrook objects to the Requests to the extent that they seek information not within its possession, custody or control.

6.    Saybrook objects to the Requests as inherently burdensome and oppressive to the extent that they seek information already in the possession of the plaintiff.

7.    Saybrook's failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional grounds at a later time.

8.    Saybrook incorporates by reference, as if set forth at length, the General Objections to the Requests into each and every Answer below.

**RESPONSES**

**REQUEST NO. 1**

Susan Cooney's application for admission to Saybrook, including all related forms, references, and supporting documentation.

## RESPONSE NO. 1

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession.    Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which included the plaintiff's application for admission to Saybrook, including all related forms, references, and supporting documentation. Additionally, in further response, Saybrook refers the plaintiff to Susan Cooney's complete registrar's file, Susan Cooney's claim-related file, and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 2

All Saybrook records relating to Susan Cooney's admission to, or enrollment at, Saybrook, whether such documents were provided to Ms. Cooney, or were prepared internally in response to Ms. Cooney's application or enrollment.

## RESPONSE NO. 2:

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession.    Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which included all records relating to the plaintiff's admission and enrollment at Saybrook. Additionally, in further response, Saybrook refers the plaintiff to Susan Cooney's complete registrar's file, Susan Cooney's claim-related file, and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover.

3

**REQUEST NO. 3**

All documents relating to Susan Cooney's payment of tuition and fees to Saybrook at any time between 1995 and the present, including all student account and bursar records, any applications for financial aid, and any other financial aid documents.

**RESPONSE NO. 3:**

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which included all records to relating to the plaintiff's payment of tuition and fees. Additionally, in further response, Saybrook refers the plaintiff to Susan Cooney's complete registrar's file, Susan Cooney's claim-related file, and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 4**

All documents relating to Susan Cooney's academic progress at Saybrook, including all correspondence, transcripts, academic awards or distinctions, and communications regarding her academic status, dissertation or degree from Saybrook.

**RESPONSE NO. 4:**

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

964331v1

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which included her transcript, and documentation and correspondence relating to her academic progress. Additionally, in further response, Saybrook refers the plaintiff to Susan Cooney's complete registrar's file, Susan Cooney's claim-related file, and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 5

All documents relating to Susan Cooney's participation in residential conferences at Saybrook at any time between 1995 and the present.

## RESPONSE NO. 5:

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which include the plaintiff's Registration Form for the 1998 residential conference, invoices, e-mails, Customer Balance Details, and copies of telephone messages regarding plaintiff's decision not to attend the residential conference in 1998 and 1999. In further response, Saybrook refers the plaintiff to further documents regarding the plaintiff's participation in residential conferences at Saybrook, included in Susan Cooney's

complete registrar's file, Susan Cooney's claim-related file, and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 6

All evaluations of Susan Cooney by any Saybrook representatives prepared at any time during or after Susan Cooney's studies at Saybrook.

## RESPONSE NO. 6:

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosure that were previously provided to the plaintiff, which included evaluations of her work. Additionally, Saybrook refers the plaintiff to Susan Cooney's complete registrar's file, Susan Cooney's claim-related file and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Saybrook believes that there may be additional such documents and is continuing to search for such materials and will supplement this response if such additional documents are found.

## REQUEST NO. 7

All Saybrook communications (including internal documents) regarding Ms. Cooney's efforts or interest to become licensed as a Massachusetts psychologist, or Ms. Cooney's legal claims against Saybrook.

6

**RESPONSE NO. 7:**

Saybrook objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Saybrook or its representatives in anticipation of litigation or for trial. Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which contain all non-privileged communications between Saybrook and Ms. Cooney regarding her alleged efforts to become licensed in Massachusetts as a psychologist as well as her legal claims. Saybrook also refers the plaintiff to all communications between the plaintiff's counsel and Saybrook's counsel, which have been drafted as a result of this litigation, as well as documents produced by the Massachusetts Board of Registration of Psychologists pursuant to a subpoena, which are already in plaintiff's possession. Additionally, Saybrook refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded to the plaintiff under separate cover.

**REQUEST NO. 8**

All Saybrook communications (including internal documents) regarding the efforts or interest of Saybrook students or graduates, other than Susan Cooney, to become licensed as a Massachusetts psychologist.

**RESPONSE NO. 8:**

Saybrook objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34

964331v1

C.F.R. 99, as well as various state privacy laws.  Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to documents that lists Saybrook graduates, from a Saybrook program of clinical courses, as students, who listed themselves under a Massachusetts residence address, and Susan Cooney's claim-related file, which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 9

All Saybrook communications (including internal documents) relating to the Massachusetts Board of Registration of Psychologists, whether these communications pertain to Susan Cooney, other students, or any other subject.

## RESPONSE NO. 9:

Saybrook objects to this Request on the grounds that it is overly broad and requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws.  Saybrook also objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.  Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which contain all non-privileged communications between Saybrook and Ms. Cooney regarding her alleged efforts to become licensed in

8

Massachusetts as a psychologist. Additionally, Saybrook refers the plaintiff to Susan Cooney's claim-related file, which are being forwarded to the plaintiff under separate cover.

Saybrook also refers the plaintiff to documents produced by the Massachusetts Board of Registration of Psychologists pursuant to a subpoena, which are already in plaintiff's possession.

## REQUEST NO. 10

All communications between Saybrook representatives and government agencies or elected officials concerning problems encountered by Saybrook graduates seeking licensure as a Massachusetts psychologist. (NOTE: This request includes but is not limited to licensing boards, higher education boards or agencies, Attorneys General, consumer protection agencies, state or federal legislators, and any other government officials.)

## RESPONSE NO. 10:

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff. Additionally, Saybrook refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded to the plaintiff under separate cover.

## REQUEST NO. 11

All communications between Saybrook representatives and government agencies or elected officials concerning problems encountered by Saybrook graduates seeking licensure as a psychologist in states other than Massachusetts. (NOTES: This request includes but is not limited to licensing boards, higher education boards or agencies, Attorneys General, consumer protection

964331v1

agencies, state or federal legislators, and any other government officials. Saybrook may redact the names of students other than Susan Cooney mentioned in such communications.)

## RESPONSE NO. 11:

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook has documents responsive to this Request, however they arise after the filing of the plaintiff's claim and do not relate in any way to Massachusetts.

## REQUEST NO. 12

All Saybrook communications (including internal documents) relating to any statutory, regulatory, or other restrictions affecting the licensure of Saybrook graduates as psychologists in Massachusetts during the period of 1990 to the present.

## RESPONSE NO. 12:

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-1995, Student Handbook 1996-1997, Student Handbook 1997-1998,

10

Student Handbook 1998-1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2000, Saybrook Catalogue 2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the plaintiff in its Automatic Disclosures. Additionally, Saybrook refers the plaintiff to a February 2004 alert letter to students, March 2004 related documents to students who are or may be seeking clinical psychology licensure, and to the student catalogs covering the 1990-1994 period of time, which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 13

All Saybrook communications (including internal documents) relating to any statutory, regulatory, or other restrictions affecting the licensure of Saybrook graduates as psychologists in states other than Massachusetts during the period of 1990 to the present.

## RESPONSE NO. 13:

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Saybrook has documents responsive to this Request, however, they arise after the filing of the plaintiff's claim and do not relate in any way to Massachusetts.

964331v1

**REQUEST NO. 14**

All communications, writings, research, or other documents prepared or received by Alan Vaughn on statutory, regulatory, or other restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as a psychologist in Massachusetts or any other state during the period of 1990 to the present.

**RESPONSE NO. 14:**

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to the Susan Cooney claim-related file, which is being forwarded to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Saybrook has found no other responsive documents, but is continuing to search for such materials, and will supplement this Response if such additional documents are found.

**REQUEST NO. 15**

All communications, writings, research, or other documents prepared or received by Maureen O'Hara on statutory, regulatory, or other restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as a psychologist in Massachusetts or any other state during the period of 1990 to the present.

12

**RESPONSE NO. 15:**

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which contain correspondence from the plaintiff to Maureen O'Hara regarding becoming licensed in Massachusetts as a psychologist. Additionally, Saybrook refers the plaintiff to Susan Cooney's claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to students who are or may be seeking clinical psychology licensure, and to the student catalogs covering the 1994-2002 period of time, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 16**

All communications, writings, research, or other documents prepared or received by Gerald Bush on statutory, regulatory, or other restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as a psychologist in Massachusetts or any other state during the period of 1990 to the present.

**RESPONSE NO. 16:**

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-

product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Susan Cooney's claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to students who are or may be seeking clinical psychology licensure, and the student catalogs covering the 1994-2002 period of time, all of which are being forwarded to the plaintiff under separate cover. Despite a thorough and exhaustive search, Saybrook otherwise has no other non-privileged documents responsive to this Request.

## REQUEST NO. 17

All communications, writings, research, or other documents prepared or received by Rudy Melone on statutory, regulatory, or other restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as a psychologist in Massachusetts or any other state during the period of 1990 to the present.

## RESPONSE NO. 17:

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Susan Cooney's claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to

14

students who are or may be seeking clinical psychology licensure, and the student catalogs covering the 1994-2002 period of time, which are being forwarded to the plaintiff under separate cover.    Despite a thorough and exhaustive search, Saybrook has no other non-privileged documents responsive to this Request.

## REQUEST NO. 18

All communications, writings, research, or other documents prepared or received by other Saybrook representatives on statutory, regulatory, or other restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as a psychologist in Massachusetts or any other state during the period of 1990 to the present.

## RESPONSE NO. 18:

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege.    Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which contain correspondence from the plaintiff to Saybrook regarding becoming licensed in Massachusetts as a psychologist.    Furthermore, Saybrook refers the plaintiff to Susan Cooney's claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to students who are or may be seeking clinical psychology licensure, and the student catalogs covering the 1994-2002 period of time,   are being forwarded to the plaintiff under separate cover. Despite a thorough and

exhaustive search, Saybrook otherwise has no other non-privileged documents responsive to this Request.

**REQUEST NO. 19**

All documents related to Saybrook's participation in the Consortium for Diversified Psychology Programs regarding statutory, regulatory, or other restrictions facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 19:**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to the APA-related files, which are being forwarded to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Saybrook has found no other responsive documents, but is continuing to search for such materials, and will supplement this Response if such additional documents are found.

**REQUEST NO. 20**

All documents related to Saybrook's participation in the National Psychology Advisory Association regarding statutory, regulatory, or other restrictions facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 20:**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to the APA-related files, which are being forwarded to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Saybrook has found

no other responsive documents, but is continuing to search for such materials, and will supplement this Response if such additional documents are found.

**REQUEST NO. 21**

All documents related to Saybrook's participation in the American Psychological Association (including all APA divisions, committees and sections) regarding statutory, regulatory, or other restrictions facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 21:**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Saybrook's APA-related files, which is being forwarded to the plaintiff under separate cover.

**REQUEST NO. 22**

All civil, criminal, or administrative complaints or demand letters prepared by or on behalf of current or former Saybrook students, other than Susan Cooney, which have been filed against Saybrook or its officers regarding the inability of students to obtain licensure as a psychologist in Massachusetts.

**RESPONSE NO. 22:**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states that it has no documents responsive to this Request.

**REQUEST NO. 23**

All civil, criminal, or administrative complaints or demand letters prepared by or on behalf of current or former Saybrook students, other than Susan Cooney, which have been filed against Saybrook or its officers regarding the inability of students or graduates to obtain licensure as a psychologist in states other than Massachusetts.

**RESPONSE NO. 23:**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

**REQUEST NO. 24**

All civil, criminal, or administrative complaints or demand letters prepared by, or on behalf of, current or former Saybrook students, other than Susan Cooney, against any psychology licensing board in Massachusetts.

**RESPONSE NO. 24**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

18

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states that it has no documents responsive to this Request.

**REQUEST NO. 25**

All communications between Saybrook and academic accrediting agencies regarding difficulties encountered by Saybrook students or graduates in obtaining licensure as psychologists during the period of 1990 to the present.

**RESPONSE NO. 25**

Saybrook objects to this Request on the grounds that it is overly broad and not limited in scope. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and is vague and ambiguous.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states that it possesses responsive documents, however, they arise after the filing of the plaintiff's claim and do not relate in any way to Massachusetts. All responsive documents regarding Massachusetts have been produced and/are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 26**

All Saybrook communications to current, former, or prospective students regarding statutory, regulatory, or other restrictions facing Saybrook students, and/or students or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

964331v1

**RESPONSE NO. 26**

Saybrook objects to this Request on the grounds that it is overly broad.  Notwithstanding

nor waiving these objections, and subject to the General Objections specifically incorporated

herein, Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-

1995, Student Handbook 1996-1997, Student Handbook 1997-1998, Student Handbook 1998-

1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-

1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2000, Saybrook Catalogue

2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the

plaintiff in its Automatic Disclosures.  Additionally, Saybrook refers the plaintiff to the Cooney

claim-related file, APA-related files, February 2004 alert letter to students, March 2004

documents related to students who are or may be seeking clinical psychology licensure, and the

student catalogs covering the 1994-2002 period of  time, which are being forwarded to the

plaintiff under separate cover.

**REQUEST NO. 27**

All Saybrook communications to current, former, or prospective students regarding Saybrook's

efforts to seek broader accreditation through the American Psychological Association or any

other entity during the period of 1990 to the present.

**RESPONSE NO. 27**

Saybrook objects to this Request on the grounds that it is overly broad, vague and

ambiguous.  Saybrook also objects to the Request on the grounds that it seeks records that are not

relevant to the subject matter of this litigation and are not reasonably calculated to lead to

discovery of admissible evidence.  Notwithstanding nor waiving these objections, and subject to

the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Saybrook's APA-related files, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 28**

All applications, letters, e-mails, or other documents that Saybrook submitted to the American Psychological Association between 1990 and the present for the purpose of obtaining accreditation, certification, or recognition.

**RESPONSE NO. 28**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Saybrook's APA-related files, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 29**

All applications, letters, e-mails, or other documents that Saybrook submitted in order to be designated as a doctoral program in psychology by the Association of State and Provincial Psychology Boards between 1990 and the present.

**RESPONSE NO. 29**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections

21

specifically incorporated herein, Saybrook refers the plaintiff to Saybrook's APA-related files, which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 30

All documents showing Saybrook's efforts to recruit graduate students from Massachusetts at any time from 1990 through the present date. This request includes but is not limited to any documents showing Saybrook's participation in career fairs, academic conferences, non-academic conferences, trade shows, or other activities in which Saybrook has provided information to prospective students from Massachusetts.

## RESPONSE NO. 30

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its current website, which can be accessed by prospective students from Massachusetts. In addition, Saybrook refers the plaintiff to the Massachusetts graduates lists, Susan Cooney's claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to students who are or may be seeking clinical psychology licensure, and the student catalogs covering the 1994-2002 period of time, and to "Cambridge" documents, all of which are being forwarded to the plaintiff under separate cover.

## REQUEST NO. 31

All minutes, notes, reports, communications, or other documents describing any meetings, gatherings, votes, recommendations, inquiries, or activities of Saybrook's Board of Trustees relating to statutory, regulatory, or other restrictions facing Saybrook students, and/or students or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

964331v1

**RESPONSE NO. 31**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Board of Trustee documents mentioning consideration of application for American Psychological Association accreditation, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 32**

All minutes, notes, reports, communications, or other documents describing any meetings, gatherings, votes, recommendations, inquiries, or activities of Saybrook's Board of Trustees relating to proposals or efforts to seek accreditation of Saybrook by the American Psychological Association during the period of 1990 to the present.

**RESPONSE NO. 32**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Board of Trustee documents mentioning consideration of application for American Psychological Association accreditation, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 33**

All minutes, notes, reports, communications, or other documents describing any meetings, gatherings, votes, recommendations, inquiries, or activities of Saybrook's Board of Trustees

964331v1

relating to proposals or efforts to have Saybrook designated as a doctoral program in psychology by the Association of State & Provincial Psychology Boards.

**RESPONSE NO. 33**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to Board of Trustee documents mentioning consideration of application for American Psychological Association accreditation, which are being forwarded to the plaintiff under separate cover.

**REQUEST NO. 34**

All minutes, notes, reports, communications, or other documents describing any meetings, gatherings, votes, recommendations, inquiries, or activities of Saybrook's Board of Trustees regarding differences between Saybrook and Maureen O'Hara in the management, operations, or future direction of Saybrook.

**RESPONSE NO. 34**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and are within the California constitutional right of privacy for such personnel matters.

**REQUEST NO. 35**

All communications by or between members of Saybrook's Board of Trustees regarding differences between Saybrook and Maureen O'Hara in the management, operations, or future direction of Saybrook.

**RESPONSE NO. 35**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and are within the California constitutional right of privacy for such personnel matters.

**REQUEST NO. 36**

All communications by or between members of Saybrook's Board of Trustees and Maureen O'Hara regarding the resignation of Maureen O'Hara, and/or any differences between Saybrook and Maureen O'Hara in the management, operations, or future direction of Saybrook.

**RESPONSE NO. 36**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and are within the California constitutional right of privacy for such personnel matters.

**REQUEST NO. 37**

All reports, data, surveys, and other documents prepared by Saybrook or any consultants showing the occupation, employment status, or post-graduate placement status of Saybrook graduates that received doctoral degrees in psychology during the period of 1990 to the present.

964331v1

**RESPONSE NO. 37**

Saybrook objects to this Request on the grounds that it is overly broad. Saybrook objects to this Request on the grounds that some of the requested documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to alumni survey 2003 and 2005 forms, which are being served to the plaintiff under separate cover. Despite a diligent search, Saybrook avers that no survey forms from Massachusetts-based graduates who were in clinical concentration have been located.

**REQUEST NO. 38**

All catalogues, bulletins, prospectuses, or related documents describing graduate degree programs offered by Saybrook for each and every academic year from 1990-1991 through 2005-2006.

**RESPONSE NO. 38**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Saybrook states all documents have been produced  or  are being forwarded to the plaintiff under separate cover and are available to Plaintiff on the current Saybrook website.

**REQUEST NO. 39**

All reports prepared by any expert witnesses retained by Saybrook.

**RESPONSE NO. 39**

Subject to the General Objections specifically incorporated herein, Saybrook will disclose any such report of its trial expert(s) pursuant to the Court's Scheduling Order.

964331v1

Defendants,
By its attorneys,

Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

27

964331v1