EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY, | ) |
|     Plaintiff, | ) |
| v. | ) |
| HUMANISTIC PSYCHOLOGY | ) |
| INSTITUTE, d/b/a SAYBROOK | ) |
| INSTITUTE and MAUREEN O'HARA, | ) |
| Individually, | ) |
|     Defendants. | ) |

**DEFENDANT, HUMANISTIC PSYCHOLOGY INSTITUTE D/B/A SAYBROOK INSTITUTE'S SUPPLEMENTAL RESPONSE TO PLAINTIFF, SUSAN COONEY'S, REQUEST FOR PRODUCTION OF DOCUMENTS**

The defendant, improperly named as Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook"), pursuant to the Federal R. Civ. P. 26 and 34, supplements its response to Plaintiff, Susan Cooney's First Request for the Production of Documents without waiving the following:

(i) the right to object on any grounds to the use of any of the following Responses in any other subsequent proceedings or at the trial of this or any other action;

(ii) the right to object on any grounds to any demand for further responses to these Requests or any other discovery procedure relating to the subject matter of these Requests; and

(iii) the right at any time to revise, correct, add to or clarify any of the following Responses.

**GENERAL OBJECTIONS**

1. Saybrook objects to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

964331v1

2. Saybrook objects to the Requests to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

3. Saybrook objects to the Requests to the extent that they call for information protected from discovery because it is subject to the attorney-client privilege or constitutes materials prepared by or for Saybrook or its representatives in anticipation of litigation or for trial and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

4. Saybrook objects to the Requests to the extent that they call for information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to discovery of admissible evidence.

5. Saybrook objects to the Requests to the extent that they seek information not within its possession, custody or control.

6. Saybrook objects to the Requests as inherently burdensome and oppressive to the extent that they seek information already in the possession of the plaintiff.

7. Saybrook's failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional grounds at a later time.

8. Saybrook incorporates by reference, as if set forth at length, the General Objections to the Requests into each and every Answer below.

## RESPONSES

**REQUEST NO. 6**

All evaluations of Susan Cooney by any Saybrook representatives prepared at any time during or after Susan Cooney's studies at Saybrook.

2

964331v1

**RESPONSE NO.6:**

Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiffs possession. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosure that were previously provided to the plaintiff, which included evaluations of her work. Additionally, Saybrook refers the plaintiff to Susan Cooney's complete registrar's file, Susan Cooney's claim-related file and log of attendance at Residential Conference, which are being forwarded to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Saybrook believes that there may be additional such documents and is continuing to search for such materials and will supplement this response if such additional documents are found.

**SUPPLEMENTAL RESPONSE NO.6:**

Subject to the objections contained in Response 6, Saybrook supplements its Response as follows:

Saybrook refers the plaintiff to the enclosed additional bate-stamped documents. Specifically, Saybrook refers the plaintiff to bate-stamped documents 502004-S02009 and S02042-502084.   Saybrook has completed its extensive and diligent search for responsive documents and has no further documents responsive to this Request.

964331v1

**REQUEST NO. 8**

All Saybrook communications (including internal documents) regarding the efforts or interest of Saybrook students or graduates, other than Susan Cooney, to become licensed as a Massachusetts psychologist.

**RESPONSE NO.8:**

Saybrook objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to documents that lists Saybrook graduates, from a Saybrook program of clinical courses, as students, who listed themselves under a Massachusetts residence address, and Susan Cooney's claim-related file, which are being forwarded to the plaintiff under separate cover.

**SUPPLEMENTAL RESPONSE NO.8:**

Saybrook refers the plaintiff to the enclosed additional bate-stamped documents. Specifically, Saybrook refers the plaintiff to bate-stamped documents S02036-S02037.

**REQUEST NO. 9**

All Saybrook communications (including internal documents) relating to the Massachusetts Board of Registration of Psychologists, whether these communications pertain to Susan Cooney, other students, or any other subject.

**RESPONSE NO.9:**

Saybrook objects to this Request on the grounds that it is overly broad and requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Saybrook also objects to the

964331v1

Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Saybrook or its representatives in anticipation of litigation or for trial. Saybrook objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff, which contain all non-privileged communications between Saybrook and Ms. Cooney regarding her alleged efforts to become licensed in Massachusetts as a psychologist. Additionally, Saybrook refers the plaintiff to Susan Cooney's claim-related file, which are being forwarded to the plaintiff under separate cover.

Saybrook also refers the plaintiff to documents produced by the Massachusetts Board of Registration of Psychologists pursuant to a subpoena, which are already in plaintiffs possession.

**SUPPLEMENTAL RESPONSE NO.9:**

Saybrook refers the plaintiff to the enclosed additional bate-stamped documents. Specifically, Saybrook refers the plaintiff to bate-stamped documents S02036-S02037.

**REQUEST NO. 10**

All communications between Saybrook representatives and government agencies or elected officials concerning problems encountered by Saybrook graduates seeking licensure as a Massachusetts psychologist. (NOTE: This request includes but is not limited to licensing boards, higher education boards or agencies, Attorneys General, consumer protection agencies, state or federal legislators, and any other government officials.)

964331 v1

**RESPONSE NO.*10*:**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that were previously provided to the plaintiff.    Additionally, Saybrook refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded to the plaintiff under separate, cover.

**SUPPLEMENTAL RESPONSE NO. 10**

Subject to the objections contained in Response 10, Saybrook supplements its Response as follows:

Saybrook refers the plaintiff to bate stamped document SO 1989.

**REQUEST NO. 12**

All   Saybrook communications (including internal documents) relating to any statutory, regulatory, or other restrictions affecting the licensure of Saybrook graduates as psychologists in Massachusetts during the period of 1990 to the present.

**RESPONSE NO. 12:**

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-1995, Student Handbook 1996-1997, Student Handbook 1997-1998,

6

9643310

Student Handbook 1998-1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2001), Saybrook Catalogue 2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the plaintiff in its Automatic Disclosures.  Additionally, Saybrook refers the plaintiff to a February 2004 alert letter to students, March 2004 related documents to students who are or may be seeking clinical psychology licensure, and to the student catalogs covering the 1990-1994 period of time, which are being forwarded to the plaintiff under separate cover.

**SUPPLEMENTAL RESPONSE NO. 12:**

Saybrook refers the plaintiff to the enclosed additional bate-stamped documents. Specifically, Saybrook refers the plaintiff to bate-stamped documents S02036-S02037.

**REQUEST NO. 18**

All communications, writings, research, or other documents prepared or received by other Saybrook representatives on statutory, regulatory, or other restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as a psychologist in Massachusetts or any other state during the period of 1990 to the present.

**RESPONSE NO. 18:**

Saybrook objects to this Request on the grounds that it is overly broad and seeks documents containing a legal conclusion and/or documents containing the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege. Saybrook also objects to the Request to the extent that it seeks documents prepared by or for Saybrook or its representatives in anticipation of litigation or for trial.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Automatic Disclosures that

7

964331vI

were previously provided to the plaintiff, which contain correspondence from the plaintiff to Saybrook regarding becoming licensed in Massachusetts as a psychologist. Furthermore, Saybrook refers the plaintiff to Susan Cooney's claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to students who are or may be seeking clinical psychology licensure, and the student catalogs covering the 1994-2002 period of time, are being forwarded to the plaintiff under separate cover. Despite a thorough and exhaustive search, Saybrook otherwise has no other non-privileged documents responsive to this Request.

**SUPPLEMENTAL RESPONSE NO. 18**

Subject to the objections contained in Response 18, Saybrook supplements its Response as follows:

Saybrook refers the plaintiff to bate stamped document S01989.

**REQUEST NO. 25**

All communications between Saybrook and academic accrediting agencies regarding difficulties encountered by Saybrook students or graduates in obtaining licensure as psychologists during the period of 1990 to the present.

**RESPONSE NO. 25**

Saybrook objects to this Request on the grounds that it is overly broad and not limited in scope. Saybrook also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and is vague and ambiguous.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states that it possesses responsive documents, however, they arise after the filing of the plaintiff's claim and do not relate in any way to

Massachusetts. All responsive documents regarding Massachusetts have been produced and/are being forwarded to the plaintiff under separate cover.

**SUPPLEMENTAL RESPONSE NO. 25**

Saybrook refers the plaintiff to the enclosed additional bate-stamped documents. Specifically, Saybrook refers the plaintiff to bate-stamped documents S02036-S02037.

**REQUEST NO. 26**

All Saybrook communications to current, former, or prospective students regarding statutory, regulatory, or other restrictions facing Saybrook students, and/or students or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

**RESPONSE NO. 26**

Saybrook objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-1995, Student Handbook 1996-1997, Student Handbook 1997-1998, Student Handbook 1998-1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2000, Saybrook Catalogue 2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the plaintiff in its Automatic Disclosures. Additionally, Saybrook refers the plaintiff to the Cooney claim-related file, APA-related files, February 2004 alert letter to students, March 2004 documents related to students who are or may be seeking clinical psychology licensure, and the student catalogs covering the 1994-2002 period of time, which are being forwarded to the plaintiff under separate cover.

**SUPPLEMENTAL RESPONSE NO. 26:,**

      Saybrook refers the plaintiff to the enclosed additional bate-stamped documents.

Specifically, Saybrook refers the plaintiff to bate-stamped documents S02036-S02037.

                            Defendants,
                            By its attorneys,

                            Michael F. Aylward, : BO #024850
                            Grace V. Bacon Garcia, BBO# 640970
                            Morrison Mahoney LLP
                            250 Summer Street
                            Boston, MA 02210-1181
                            (617) 439-7500

I hereby certify **that a** true copy of the abiwe document was served upon (each t+°ny appe$r1ea pro se and) th a atlvrna of r&tord for eac her) party by mail

964331v1