

EXHIBIT

E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:  04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>        Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, MAUREEN O'HARA'S, RESPONSE TO PLAINTIFF, SUSAN COONEY'S, REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant, Maureen O'Hara ("Dr. O'Hara") pursuant to the Federal R. Civ. P. 34, responds to Plaintiff, Susan Cooney's First Request for the Production of Documents without waiving the following:

(i)    the right to object on any grounds to the use of any of the following Responses in any other subsequent proceedings or at the trial of this or any other action;

(ii)    the right to object on any grounds to any demand for further responses to these Requests or any other discovery procedure relating to the subject matter of these Requests; and

(iii)    the right at any time to revise, correct, add to or clarify any of the following Responses.

## GENERAL OBJECTIONS

1.    Dr. O'Hara objects to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

2.    Dr. O'Hara objects to the Requests to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

3.     Dr. O'Hara objects to the Requests to the extent that they call for information protected from discovery because it is subject to the attorney-client privilege or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

4.     Dr. O'Hara objects to the Requests to the extent that they call for information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to discovery of admissible evidence.

5.     Dr. O'Hara objects to the Requests to the extent that they seek information not within its possession, custody or control.

6.     Dr. O'Hara objects to the Requests as inherently burdensome and oppressive to the extent that they seek information already in the possession of the plaintiff.

7.     Dr. O'Hara's failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional grounds at a later time.

8.     Dr. O'Hara incorporates by reference, as if set forth at length, the General Objections to the Requests into each and every Answer below.

## RESPONSES

## REQUEST NO. 1

All documents regarding Susan Cooney's interest in, or efforts to, seek licensure in any state or jurisdiction.

**RESPONSE NO. 1:**

Dr. O'Hara objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Dr. O'Hara objects to this Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain all non-privileged communications between Saybrook and Ms. Cooney regarding her alleged efforts to become licensed in Massachusetts as a psychologist. Dr. O'Hara also refers the plaintiff to the documents produced by the Massachusetts Board of Registration of Psychologists pursuant to a subpoena, which are already in plaintiff's possession. Furthermore, Dr. O'Hara also refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded by Saybrook to the plaintiff under separate cover.

**REQUEST NO. 2**

All communications between you and Susan Cooney.

**RESPONSE NO. 2:**

Dr. O'Hara objects to the Request on the grounds that it is inherently burdensome as it seeks documents already in the plaintiff's possession. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain communications from Ms. Cooney to Dr. O'Hara. Furthermore, Dr. O'Hara also

964340v1

refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded by Saybrook to the plaintiff under separate cover..

## REQUEST NO. 3

All communications between you and any Saybrook students or graduates other than Susan Cooney regarding statutory, regulatory or other obstacles to licensure as a psychologist in Massachusetts.

## RESPONSE NO. 3:

Dr. O'Hara objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students, March 2004 related documents, and to the student catalogs covering the 1997-2002 period of time, which are being forwarded by Saybrook to the plaintiff under separate cover. Dr. O'Hara has no other documents responsive to this Request.

## REQUEST NO. 4

All communications between you and any Saybrook students or graduates other than Susan Cooney regarding statutory, regulatory, or other obstacles to licensure as a psychologist in states other than Massachusetts.

## RESPONSE NO. 4:

Dr. O'Hara objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Dr. O'Hara also objects to the Request in that it is overly

4

broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, APA-related files, a February 2004 alert letter to students, March 2004 related documents and to the student catalogs covering the 1997-2002 period of time, which are being forwarded by Saybrook to the plaintiff under separate cover. Dr. O'Hara has no other responsive documents to this Request.

### REQUEST NO. 5

All communications between you and any Saybrook representatives regarding the efforts or intention of Susan Cooney to seek licensure as a psychologist in Massachusetts.

### RESPONSE NO. 5:

Dr. O'Hara objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students, March 2004 related documents, and to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

### REQUEST NO. 6

All communications between you and any Saybrook representatives regarding the efforts or intention of Saybrook students or graduates other than Susan Cooney to seek licensure as a

psychologist in Massachusetts. NOTE: Defendant may redact student names other than Susan Cooney.

## REQUEST NO. 6

Dr. O'Hara objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students, March 2004- related documents, the Board of Trustees-related documents, documents in Saybrook's possession that lists graduates of Saybrook from a Saybrook program of clinical courses, who, as students, listed themselves under a Massachusetts residence address, all of which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications.   Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 7

All communications between you and any Saybrook representatives regarding legal claims or demands of Susan Cooney.

## RESPONSE NO. 7:

Dr. O'Hara objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a

6

February 2004 alert letter to students, March 2004- related documents, and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 8

All communications between you and any Saybrook representatives regarding legal claims or demands of Saybrook students or graduates other than Susan Cooney in connection with their inability to become licensed as a psychologist in Massachusetts due to statutory, regulatory, or other legal obstacles.

## RESPONSE NO. 8:

Dr. O'Hara objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Dr. O'Hara further objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students, March 2004- related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 9

All communications between you and any Saybrook representatives regarding legal claims or demands of Saybrook students or graduates in connection with their inability to become licensed as a psychologist in states other than Massachusetts due to statutory, regulatory, or other legal obstacles. NOTE: Defendant may redact student names other than Susan Cooney.

## RESPONSE NO. 9:

Dr. O'Hara objects to the Request in that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Dr. O'Hara further objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents, and to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 10

All communications between you and the Massachusetts Board of Registration of Psychologists at any time between 1990 and the present, whether these communications pertain to Susan Cooney, other students, or any other subject.

**RESPONSE NO. 10:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara has no documents responsive to this Request.

**REQUEST NO. 11**

All communications between you and Gerald Bush at any time between 1990 and the present, whether these communications pertain to Susan Cooney or any other Saybrook student or graduate seeking licensure as a psychologist in Massachusetts.

**RESPONSE NO. 11:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and ambiguous. Notwithstanding nor waiving the objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara has no documents reflecting communications with Gerald Bush regarding graduates seeking licensure as psychologists in Massachusetts. In further response, Dr. O'Hara refers the plaintiff to the documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications.

**REQUEST NO. 12**

All correspondence between you and government agencies or officials concerning problems encountered by Saybrook graduates seeking licensure as psychologists in Massachusetts. NOTE: This request includes but is not limited to licensing boards, higher education boards or agencies, Attorneys General, consumer protection agencies, state or federal legislators, and any other government officials.

**RESPONSE NO. 12:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara has no documents responsive to the Request.

**REQUEST NO. 13**

All correspondence between you and government agencies or officials concerning problems encountered by Saybrook graduates seeking licensure as psychologists in states other than Massachusetts. NOTES: This request includes but is not limited to licensing boards, higher education boards or agencies, Attorneys General, consumer protection agencies, state or federal legislators, and any other government officials. Defendant may redact student names other than Susan Cooney.

**RESPONSE NO. 13:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara has no documents responsive to the Request.

**REQUEST NO. 14**

All correspondence, memoranda, e-mails, or other documents prepared by you, or reviewed by you, relating to any obstacles or restrictions affecting the licensure of Saybrook graduates as psychologists in Massachusetts during the period of 1990 to the present.

964340v1

**RESPONSE NO. 14:**

Dr. O'Hara further objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain communications from Ms. Cooney relating to obstacles she allegedly incurred in obtaining a license in Massachusetts. Dr. O'Hara also refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

**REQUEST NO. 15**

All correspondence, memoranda, e-mails, or other documents prepared by you, or reviewed by you, relating to any obstacles or restrictions affecting the licensure of Saybrook graduates as psychologists in states other than Massachusetts during the period of 1990 to the present.

**RESPONSE NO. 15:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Dr. O'Hara also objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Dr. O'Hara objects to this Request on the

11

grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 16

All writings, research, or other documents prepared by you on obstacles, challenges, or restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

## RESPONSE NO. 16:

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover for Plaintiff's review for any such communications. Despite a thorough and exhaustive search, Dr. O'Hara has found no other

964340v1

responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

## REQUEST NO. 17

All writings, research, or other documents prepared by any other Saybrook officers, administrator, faculty member, or staff on obstacles, challenges, or restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

## RESPONSE NO. 17:

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Dr. O'Hara also objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein,. Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, APA-related files, a February 2004 alert letter to students and March 2004 -related documents and to the student catalogs covering the 1997-2002 period of time, which are being forwarded by Saybrook to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Dr. O'Hara has found no other responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

964340v1

**REQUEST NO. 18**

All communications between you and the Consortium for Diversified Psychology Programs regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 18:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**REQUEST NO. 19**

All communications between you and the National Psychology Advisory Association regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 19:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as

discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

## REQUEST NO. 20

All communications between you and the American Psychological Association (including all APA divisions, committees and sections) regarding proposals or efforts to obtain APA accreditation of Saybrook, or regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

## RESPONSE NO. 20:

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the APA-related files, a February 2004 alert letter to students and March 2004 -related documents and to the student catalogs covering the 1995-2002 period of time, which are forwarded by Saybrook to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Dr. O'Hara has found no other responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

## REQUEST NO. 21

All communications between you and the Association of State and Provincial Psychology Boards regarding designation of Saybrook as a doctoral program in psychology, or statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

964340v1

**RESPONSE NO. 21:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**REQUEST NO. 22**

All communications between you and the Consortium for Diversified Psychology Programs, the National Psychology Advisory Association, and the American Psychological Association (including all APA divisions, committees and sections) regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 22:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

964340v1

**REQUEST NO. 23**

All civil, criminal, or administrative complaints or demand letters prepared by or on behalf of current or former Saybrook students, other than Susan Cooney, which have been filed against you regarding the inability of students to obtain licensure as a psychologist in Massachusetts.

**RESPONSE NO. 23:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Dr. O'Hara also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara states that she has no documents responsive to this Request.

**REQUEST NO. 24**

All civil, criminal, or administrative complaints or demand letters prepared by or on behalf of current or former Saybrook students, other than Susan Cooney, which have been filed against you regarding the inability of students or graduates to obtain licensure as a psychologist in states other than Massachusetts.

**RESPONSE NO. 24:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Dr. O'Hara also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

964340v1

Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara states that she has no documents responsive to this Request.

## REQUEST NO. 25

All communications, letters, e-mails, notices or other documents that Saybrook distributed to current, former, or prospective students regarding obstacles, challenges, or restrictions facing Saybrook students, and/or students or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

## RESPONSE NO. 25:

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain its Catalogs and Student Handbooks. In addition, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 26

All communications, letters, e-mails, notices or other documents that Saybrook distributed to current, former, or prospective students regarding Saybrook's efforts to seek broader

18

accreditation through the American Psychological Association or any other entity during the period of 1990 to the present.

**RESPONSE NO. 26:**

Subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain its Catalogs and Student Handbooks. In addition, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents, the APA-related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

**REQUEST NO. 27**

All communications between you and the Western Association of Schools & Colleges, regarding any formal complaints filed by Susan Cooney or other Saybrook students or graduates.

**RESPONSE NO. 27:**

Subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain its Catalogs and Student Handbooks. In addition, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

**REQUEST NO. 28**

All communications between you and the Western Association of Schools & Colleges, regarding obstacles, challenges, or restrictions facing Saybrook students, and/or students or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

**RESPONSE NO. 28:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.   Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain its Catalogs and Student Handbooks.  In addition, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, which is being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications.  Dr. O'Hara has no other non-privileged documents responsive to this Request.

**REQUEST NO. 29**

All communications between you and accrediting organizations, excluding the Western Association of Schools & Colleges, between 1990 and the present for the purpose of obtaining accreditation, certification, or recognition of Saybrook.

**RESPONSE NO. 29:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and is vague and ambiguous.

Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara has no non-privileged documents responsive to this Request.

## REQUEST NO. 30

All reports, letters, or communications between you and Saybrook's Board of Trustees relating to obstacles, challenges, or restrictions facing Saybrook students, and/or students or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

## RESPONSE NO. 30:

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Dr. O'Hara also objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff. In addition, Dr. O'Hara refers the plaintiff to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 31

All communications between you and Saybrook's Board of Trustees regarding differences between Saybrook and you in the management, operations, or future direction of Saybrook.

964340v1

**RESPONSE NO. 31:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Dr. O'Hara also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and is protected by Dr. O'Hara's California and federal right of privacy.

**REQUEST NO. 32**

All communications between you and Saybrook's Board of Trustees relating to your resignation, including all communications prior to your resignation in which there is any mention of resignation, reassignment of duties, censure, or other penalties or remedies.

**RESPONSE NO. 32:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Dr. O'Hara also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence and is protected by Dr. O'Hara's California and federal right of privacy.

**REQUEST NO. 33**

All communications between you and any member of Saybrook's Board of Trustees regarding Susan Cooney's efforts or intention to attain licensure as a psychologist in Massachusetts.

**RESPONSE NO. 33:**

Subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Susan Cooney's claim-related file and to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

964340v1

**REQUEST NO. 34**

All communications between you and any member of Saybrook's Board of Trustees regarding the efforts or intentions of students other than Susan Cooney to attain licensure as a psychologist in Massachusetts.

**RESPONSE NO. 34:**

Dr. O'Hara objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file and to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

**REQUEST NO. 35**

All communications between you and any member of Saybrook's Board of Trustees regarding proposals or efforts to obtain accreditation by the American Psychological Association.

**RESPONSE NO. 35**

Dr. O'Hara objects to this Request on the grounds that it is overly broad. Dr. O'Hara also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, , Dr. O'Hara refers the plaintiff to the APA-related file and to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff

under separate cover, for plaintiff's review for any such communications.  Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 36

All communications between you and any member of Saybrook's Board of Trustees regarding proposals or efforts to have Saybrook designated as a doctoral program in psychology by the Association of State and Provincial Psychology Boards.

## RESPONSE NO. 36:

Dr. O'Hara objects to this Request on the grounds that it is overly broad.  Dr. O'Hara also objects to the Request on the grounds that it seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.  Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the APA-related file and to the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover, for plaintiff's review for any such communications.  Dr. O'Hara has no other non-privileged documents responsive to this Request.

## REQUEST NO. 37

All reports by expert witnesses retained by Defendant.

## RESPONSE NO. 37:

Subject to the General Objections specifically incorporated herein, Saybrook will disclose any such report of its trial expert(s) pursuant to the Court's Scheduling Order.

## REQUEST NO. 38

Your most recent curriculum vitae.

24

964340v1

**RESPONSE NO. 38:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving the objection, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to her curriculum vitae, which is being forwarded to the plaintiff under separate cover.

Defendants,
By its attorneys,

Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

25

964340v1