EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>    Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT, MAUREEN O'HARA'S, SUPPLEMENTAL RESPONSE TO PLAINTIFF, SUSAN COONEY'S, REQUEST FOR PRODUCTION OF DOCUMENTS**

The defendant, Maureen O'Hara ("Dr. O'Hara") pursuant to the Federal R. Civ. P. 34, supplements and responds to Plaintiff, Susan Cooney's First Request for the Production of Documents without waiving the following:

(i) the right to object on any grounds to the use of any of the following Responses in any other subsequent proceedings or at the trial of this or any other action;

(ii) the right to object on any grounds to any demand for further responses to these Requests or any other discovery procedure relating to the subject matter of these Requests; and

(iii) the right at any time to revise, correct, add to or clarify any of the following Responses.

### **GENERAL OBJECTIONS**

1. Dr. O'Hara objects to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

2. Dr. O'Hara objects to the Requests to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

964340v1

3. Dr. O'Hara objects to the Requests to the extent that they call for information protected from discovery because it is subject to the attorney-client privilege or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

4. Dr. O'Hara objects to the Requests to the extent that they call for information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to discovery of admissible evidence.

5. Dr. O'Hara objects to the Requests to the extent that they seek information not within its possession, custody or control.

6. Dr. O'Hara objects to the Requests as inherently burdensome and oppressive to the extent that they seek information already in the possession of the plaintiff.

7. Dr. O'Hara's failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional grounds at a later time.

8. Dr. O'Hara incorporates by reference, as if set forth at length, the General Objections to the Requests into each and every Answer below.

## RESPONSES

### REQUEST NO. 14

All correspondence, memoranda, e-mails, or other documents prepared by you, or reviewed by you, relating to any obstacles or restrictions affecting the licensure of Saybrook graduates as psychologists in Massachusetts during the period of 1990 to the present.

**RESPONSE NO. 14:**

Dr. O'Hara further objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the Automatic Disclosures that were previously provided to the plaintiff, which contain communications from Ms. Cooney relating to obstacles she allegedly incurred in obtaining a license in Massachusetts. Dr. O'Hara also refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

**SUPPLEMENTAL RESPONSE NO. 14:**

Subject to the objections stated in Response No. 14, Dr. O'Hara also refers the plaintiff to documents relating to the Consortium of Diversified Psychology Programs, bate stamped S01969 through S02003, which are attached hereto as Exhibit A.

**REQUEST NO. 15**

All correspondence, memoranda, e-mails, or other documents prepared by you, or reviewed by you, relating to any obstacles or restrictions affecting the licensure of Saybrook graduates as psychologists in states other than Massachusetts during the period of 1990 to the present.

**RESPONSE NO. 15:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably

3

964340v1

calculated to lead to discovery of admissible evidence. Dr. O'Hara also objects to the Request to the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Dr. O'Hara objects to this Request on the grounds that it requests documents that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and March 2004- related documents and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover for plaintiff's review for any such communications. Dr. O'Hara has no other non-privileged documents responsive to this Request.

**SUPPLEMENTAL RESPONSE NO. 15:**

Subject to the objections stated in Response No. 15, Dr. O'Hara also refers the plaintiff to documents relating to the Consortium of Diversified Psychology Programs, bate stamped S01969 through S02003, which are attached hereto as Exhibit A.

**REQUEST NO. 16**

All writings, research, or other documents prepared by you on obstacles, challenges, or restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

4

964340v1

**RESPONSE NO. 16:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, a February 2004 alert letter to students and the Board of Trustees-related documents, which are being forwarded by Saybrook to the plaintiff under separate cover for Plaintiff's review for any such communications. Despite a thorough and exhaustive search, Dr. O'Hara has found no other responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 16:**

Dr. O'Hara has completed her extensive and diligent search for responsive documents and has no further documents responsive to this Request.

**REQUEST NO. 17**

All writings, research, or other documents prepared by any other Saybrook officers, administrator, faculty member, or staff on obstacles, challenges, or restrictions facing Saybrook graduates, or graduates of humanistic psychology programs, seeking licensure as psychologists in Massachusetts or any other jurisdiction during the period of 1990 to the present.

**RESPONSE NO. 17:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Dr. O'Hara also objects to the Request to

5

964340v1

the extent that it seeks documents protected from discovery because it is subject to the attorney-client privilege and/or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to Susan Cooney's claim-related file, APA-related files, a February 2004 alert letter to students and March 2004 -related documents and to the student catalogs covering the 1997-2002 period of time, which are being forwarded by Saybrook to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Dr. O'Hara has found no other responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 17:**

Subject to the objections stated in Response No. 17, and further objecting on the grounds that such documents although prepared by a Saybrook administrator were not prepared on behalf of Saybrook, but rather on behalf of the Consortium of Diversified Psychology Programs, Dr. O'Hara also refers the plaintiff to documents relating to the Consortium of Diversified Psychology Programs, bate stamped S01969 through S02003, which are attached hereto as Exhibit A.

**REQUEST NO. 18**

All communications between you and the Consortium for Diversified Psychology Programs regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

964340v1

6

**RESPONSE NO. 18:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 18:**

Subject to the objections stated in Response No. 18, Dr. O'Hara also refers the plaintiff to documents relating to the Consortium of Diversified Psychology Programs, bate stamped S01969 through S02003, which are attached hereto as Exhibit A. Dr. O'Hara has completed her extensive and diligent search for responsive documents and has no further documents responsive to this Request.

**REQUEST NO. 19**

All communications between you and the National Psychology Advisory Association regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 19:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a

thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 19:**

Dr. O'Hara has completed her extensive and diligent search for responsive documents and has no documents responsive to this Request.

**REQUEST NO. 20**

All communications between you and the American Psychological Association (including all APA divisions, committees and sections) regarding proposals or efforts to obtain APA accreditation of Saybrook, or regarding statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 20:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Dr. O'Hara refers the plaintiff to the APA-related files, a February 2004 alert letter to students and March 2004 -related documents and to the student catalogs covering the 1995-2002 period of time, which are forwarded by Saybrook to the plaintiff under separate cover. In addition, despite a thorough and exhaustive search, Dr. O'Hara has found no other responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 20:**

Dr. O'Hara has completed her extensive and diligent search for responsive documents and has no further documents responsive to this Request.

**REQUEST NO. 21**

All communications between you and the Association of State and Provincial Psychology Boards regarding designation of Saybrook as a doctoral program in psychology, or statutory, regulatory, or other obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 21:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 21:**

Dr. O'Hara has completed her extensive and diligent search for responsive documents and has no further documents responsive to this Request.

**REQUEST NO. 22**

All communications between you and the Consortium for Diversified Psychology Programs, the National Psychology Advisory Association, and the American Psychological Association (including all APA divisions, committees and sections) regarding statutory, regulatory, or other

obstacles facing graduates of humanistic psychology programs who seek licensure as a psychologist.

**RESPONSE NO. 22:**

Dr. O'Hara objects to this Request on the grounds that it is overly broad and seeks records that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, despite a thorough and exhaustive search, Dr. O'Hara has found no responsive documents, but as discovery is ongoing, Dr. O'Hara is continuing to search for such materials, and will supplement this Response if further responsive documents are found.

**SUPPLEMENTAL RESPONSE NO. 22:**

Subject to the objections stated in Response No. 22, Dr. O'Hara also refers the plaintiff to documents relating to the Consortium of Diversified Psychology Programs, bate stamped S01969 through S02003, which are attached hereto as Exhibit A. Dr. O'Hara has completed her extensive and diligent search for responsive documents and has no further documents responsive to this Request.

Defendants,
By its attorneys,

Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

10

964340v1