EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SUSAN COONEY, <br>     Plaintiff <br> v. <br> <br> SAYBROOK GRADUATE SCHOOL AND <br> RESEARCH CENTER, and <br> MAUREEN O'HARA, Individually <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROPOSED ORDER

After consideration of <u>Plaintiff's Motion to Compel Further Discovery Responses from Defendants Saybrook and O'Hara</u>, the Court hereby orders as follows:

1. Saybrook and O'Hara are ordered, on or before March 1, 2006, to produce additional documents and to provide further answers to interrogatories, as described below.

2. If Defendants claim that any communication or document, which is subject to disclosure pursuant to this Order, is protected by the attorney-client privilege or any other privilege, Defendants shall produce a privilege log to plaintiff's counsel and to the Court on or before March 1, 2006. Pursuant to the requirements of F.R.C.P. Rule 26(b)(5), the privilege log shall provide sufficient information about each document or communication to enable the Court and the plaintiff to evaluate defendants' claim of privilege.

3. Saybrook and O'Hara shall disclose the name(s) and address(es) of any current or former Saybrook staff, administrators, or faculty who assisted Cooney in reviewing Massachusetts regulations at the September, 1995 Residential Orientation Conference, or at any other time. If

any of these persons are currently employed by Saybrook, defendants shall make the employee(s) available for deposition in California during the week of March 13 to 17, 2006.

4. Defendants shall produce all documents related to Cooney's goal to become licensed as a Massachusetts psychologist, Cooney's legal claims against defendants, and Saybrook's evaluation of Cooney's legal claims, <u>including but not limited to e-mails, memoranda, letters, reports, notes or minutes, and any other documents (hereinafter "all documents")</u>.

5. Defendants shall describe their knowledge of licensure obstacles in Massachusetts from 1990 to the present, and shall provide a detailed description of their efforts to assist John Burke, Richard Francis, plaintiff, and other Saybrook graduates in overcoming licensure obstacles.

6. Defendants shall produce all documents related to their knowledge of Massachusetts licensure standards for psychologists at any time between 1990 and the present; their knowledge of specific licensure obstacles encountered by John Burke, Richard Francis, plaintiff, or any other Massachusetts students; and their efforts to provide assistance to these students.

7. Defendants shall describe their knowledge of licensure obstacles in states other than Massachusetts; the source of their knowledge; the approximate date(s) when these licensure obstacles were discovered by Defendants; the names of Saybrook students who experienced these obstacles; and all actions taken by Defendants to assist students from these jurisdictions.

8. Defendants shall produce all documents related to their participation in the Consortium for Diversified Psychology Programs ("CDPP"), the National Psychology Advisory Association ("NPAA"), and other similar programs from 1990 to the present. Defendants shall also produce all documents related to any Saybrook initiatives to monitor or to influence licensure standards for psychologists in any state ("Saybrook initiatives").

9. Defendants shall also provide a detailed explanation of their participation in CDPP, NPAA, and similar programs from 1990 to the present. Defendants shall also provide a detailed explanation of their participation in any Saybrook initiatives to monitor or to influence licensure standards for psychologists in any states. Defendants should describe their recollection of the date and substance of all related communications, proposals, and actions.

10. Defendants shall produce all documents related to Saybrook or student communications with state licensing boards, from 1990 to the present, regarding obstacles to achieving licensure as a psychologist. Defendants shall also provide all documents related to legal actions by Saybrook or its students against state licensing boards.

11. Defendants shall produce all documents related to their communications with Saybrook students and Saybrook graduates, from 1990 to the present, regarding any problems or obstacles that Saybrook graduates or students have encountered in qualifying for licensure as a psychologist in Massachusetts or any other state.

12. Defendants shall produce copies of all civil complaints, criminal complaints, or demand letters filed by Saybrook students or graduates against either or both Defendants, from 1990 to the present, and related to student problems in qualifying for licensure outside of Massachusetts.

13. If Defendants cannot locate complete copies of all civil complaints, criminal complaints, and demand letters filed against Saybrook and / or O'Hara, defendants shall also provide a detailed explanation of the dates(s) and substance of these complaints, and shall disclose the Court name and docket number for each complaint.

14. Defendants shall produce all documents relating to communications with Saybrook's Board of Trustees, between 1995 and the present, regarding licensure obstacles facing Saybrook students in any state; legal claims by Saybrook students regarding licensure in any state; and Saybrook's efforts to research or to apply for APA accreditation. This request includes, but is not limited to, all "State of the School" and related presentations by O'Hara or Saybrook officers.

15. Defendants shall produce all copies of the "the Bulletin" and "the Forum" for the period of January 1, 1995 to the present.

By the Court,

_____
Joseph L. Tauro, District Judge

Dated: _____, 2006