UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

The defendants, Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook") and Maureen O'Hara ("Dr. O'Hara"), oppose the plaintiff's Motion to Compel as (1) it seeks information that the plaintiff has not previously requested in discovery; and (2) the voluminous information on which the plaintiff now moves has been fully and completely produced based on exhaustive searches of defendants' files, except for one category of wholly irrelevant information, which has been justifiably withheld as it is far beyond the scope of permissible discovery established by Fed. R. Civ. P. 26.

## **BACKGROUND**

Despite the fact that the plaintiff has written her Motion based on misleading assumptions and exaggerations, the defendants have fully and properly responded to discovery.[1] On

---

[1] For example, the plaintiff attempts to make an issue that the defendants failed in properly responding to discovery because they would not answer plaintiff's additional eight interrogatories, which were over and above the well-known limit. See Motion at 13-14 (plaintiff incorrectly states that she "requested" assent from plaintiff to respond to an additional five interrogatories); cf. Plaintiff's Exhibits C and G (showing that without a request, the plaintiff served thirty interrogatories to Saybrook and twenty-eight to Dr. O'Hara). The defendants were entirely within their right not to respond to discovery that is beyond the limits of those set by the Court, given the broad discovery

964331v1

September 2, 2005, the plaintiff served discovery on the defendants, consisting of thirty-nine requests for production of documents to Saybrook, thirty-eight requests for production of documents to Dr. O'Hara, thirty interrogatories to Saybrook and twenty-eight interrogatories to Dr. O'Hara. After the plaintiff granted an extension to respond, which was less than the extension defendants gave the plaintiff to respond to their discovery[2], the defendants served its discovery responses. In order to produce good faith answers, defendants served all responses in final form, except it produced Dr. O'Hara's answers to interrogatories, unsigned and marked as "Draft," because Dr. O'Hara was out of the country and unable to sign the answers. See November 18, 2005 correspondence attached as Exhibit 2. On November 29, 2005, Attorney Morenberg and Attorney Garcia had an extensive conference call regarding the discovery. During that conversation, among other things, Attorney Morenberg specifically asked for Dr. O'Hara's discovery to be supplemented. See Garcia Aff. ¶ 5. As Dr. O'Hara was coming back into the country and could further review her interrogatory responses before signing them, Dr. O'Hara did in fact add to her draft interrogatory responses as requested by the plaintiff and produced her final interrogatory answers on December 6, 2005, along with supplemental responses to document requests.

In further response to conversations with plaintiff's counsel, Saybrook also in good faith further supplemented its discovery responses on January 6, 2006.

## ARGUMENT

The plaintiff has no basis for her Motion to Compel, other than trying to make the discovery in this case into a fishing expedition. Indeed, the Motion lacks any evidence that

---

already propounded on the defendants, and the fact that the number of allowed interrogatories, twenty-five, is not only set by the Rules of Civil Procedure, but were also agreed to by the plaintiff in the Joint Statement of the Parties in Accordance With Local Rule 16.1. See Fed. R. Civ. P. 33; Local Rule 26.1.(C); Docket #23.

[2] See Grace Bacon Garcia Affidavit ("Garcia Aff.") ¶ 5. (attached hereto as Exhibit 1)

plaintiff has requested material that either Saybrook or Dr. O'Hara actually have in their possession, but have not already been produced. Rather, the plaintiff's motion is simply full of unsupported assumptions.

The limits of discovery and the protection of parties and witnesses against excessive discovery rests in the broad discretion of the judge. See Fed. R. Civ. P. 26 2000 Advisory Committee Notes. Plaintiff is only entitled to obtain discovery on matters that are relevant to the claims and defenses, and are not otherwise privileged. See Fed. R. Civ. P. 26(b)(1). The plaintiff, however, now seeks an order from the Court outlining fifteen areas of information that seek information the defendants have already responded to, information not previously requested in prior written discovery, and information that is beyond Fed. R. Civ. P. 26. As such, the Motion should be denied in its entirety.

Specifically, with respect to the plaintiff's Proposed Order[3], the defendants object as follows:

> "2.[4]  If Defendants Claim that any communication or document, which is subject to disclosure pursuant to this Order, is protected by the attorney-client privileged or any other privilege, Defendants shall produce a privilege log . . .."

Defendants' counsel has informed plaintiff's counsel on numerous occasions that they have not withheld any responsive documents based on attorney-client privilege. See Garcia Aff. ¶¶ 6-7. During these conversations, attorney Grace Garcia has informed attorney Paul Morenberg that although defendants properly objected to some of the discovery requests on the grounds that they requested information protected by the attorney-client privileged and work-

---

[3] Plaintiff is unclear in her Motion as to the specific discovery responses she alleges were not fully responded to. As such, the defendants have used the plaintiff's "Proposed Order," attached to plaintiff's Motion as Exhibit J, as an outline for this Opposition.

[4] Paragraph 1 of the Proposed Order is not responded to simply because it does not set anything but a timeline. To the extent the Court allows for any part of plaintiff's Motion, the defendants would respectfully request ten days to comply with any such order.

3

964331v1

product doctrines, the defendants have not withheld any documents based on these privileges, other than those documents that she or attorney Michael Vartain has prepared during this current litigation to their clients, and have not released to other individuals. Id. Such correspondence, which reflect the attorneys' mental impressions and strategies, are fully protected under Fed. R. Civ. P. 26. Furthermore, to draft a privilege log for each such attorney-client communication and work product document that defendants' counsel have drafted in this case, which then presumably would need to be supplemented as the case is ongoing, is not only unduly burdensome, but beyond the contemplated scope of such privilege logs. Consequently, the plaintiff's Motion to Compel a privilege log should be denied as the defendants have not withheld any documents based on privilege other than specific client-attorney and work product documents which were, and are continuing to be, prepared by defendants' counsel through the course of this litigation.

> "3. Saybrook and O'Hara shall disclose the name(s) and address(es) of any current or former Saybrook staff, administrators, or faculty who assisted Cooney in reviewing Massachusetts regulations at the September, 1995 Residential Orientation Conference, or at any other time . . . ."

Plaintiff has never specifically requested information in her interrogatories regarding the names of those who assisted her with reviewing Massachusetts regulations while she was a student. Rather, the plaintiff's interrogatory was significantly broader and requested information regarding the names of all individuals who provided assistance to Saybrook students to help them understand licensure requirements. See Saybrook's Answers to Plaintiff's First Set of Interrogatories ("Saybrook's Answers") No. 11 (Plaintiff's Exhibit C). In responses to the interrogatory propounded, defendants fully answered, stating the names of individuals who may have given assistance to students. Id.; see also Saybrook's Supplemental Answers to Plaintiff's First Set of Interrogatories ("Saybrook's Answers") No. 11 (Plaintiff's Exhibit D); Dr. O'Hara's

4

964331v1

Answers to Plaintiff's First Set of Interrogatories ("O'Hara's Answers") No. 12 (Plaintiff's Exhibit G).

Notwithstanding the full response given to the plaintiff, the defendants have no knowledge of any individual, current or former, who assisted the plaintiff in reviewing Massachusetts regulations at the September 1995 Residential Orientation Conference, or at any other time. There is no document or any other evidence that Saybrook has in its possession that would provide such information. See Affidavit of John W. Reho ("Reho Aff.") at ¶ 5 (attached as Exhibit 3); see also Saybrook's Answers Nos. 11, O'Hara's Answers No. 12. As such, the plaintiff's Motion to Compel should be denied.

> "4. Defendants shall produce all documents related to Cooney's goal to become licensed as a Massachusetts psychologist, Cooney's legal claims against defendants, and Saybrook's evaluation of Cooney's legal claims . . . ."

Defendants have produced all information and documents that it has regarding the plaintiff's alleged goal to become licensed as a Massachusetts psychologists as well as the plaintiff's legal claims against the defendants. Specifically, it has produced the plaintiff's application and all communications regarding this legal claim between the plaintiff and any member of Saybrook. See Saybrook's Responses to Plaintiff Susan Cooney's Request for Production of Documents ("Saybrook's Responses") Nos. 1, 2, 7, 8, 9 (Plaintiff's Exhibit A); Dr. O'Hara's Responses to Plaintiff Susan Cooney's Request for Production of Documents ("O'Hara's Responses") No. 1 (Plaintiff's Exhibit E); Saybrook's Answers No. 12; O'Hara's Answers No. 13. Saybrook has no further documents with respect to this area of inquiry. See Reho Aff at ¶ 6.

Defendants object, however, to the extent the plaintiff moves to compel the production of Saybrook's evaluation of Cooney's legal claims. Such evaluations, which have in fact been

made by defendants' counsel, are protected from disclosure by the attorney-client privilege and the attorney work product privilege as they involve the mental impressions, conclusions, opinion and legal theories of counsel. Fed. R. Civ. P. 26 (b)(3). Hence, the plaintiff's Motion to Compel should be denied.

> "5. Defendants shall describe their knowledge of licensure obstacles in Massachusetts from 1990 to the present, and shall provide a detailed description of their efforts to assist John Burke, Richard Francis, plaintiff, and other Saybrook graduates in overcoming licensure obstacles."

Defendants have previously disclosed all responsive information regarding their knowledge of alleged Massachusetts licensure obstacles. See Saybrook's Answers Nos. 5, 6; Saybrook's Supplemental Answers Nos. 10, 13; O'Hara's Answers Nos. 8; Reho Aff. at ¶¶ 7-10. It is possible that two individuals, Gerry Bush and Rudy Melone may have had information, but they are deceased and Saybrook does not have any means of finding out the information they may or may not have had other than through the documents previously produced to the plaintiff. See Reho Aff. at ¶ 15.

The plaintiff has scheduled six deposition of Saybrook employees during the week of March 13, 2006. In addition, although the defendants will be opposing the Motion, the plaintiff has proposed taking up to fifteen depositions in this case. See Plaintiff's Motion For Leave of Court To Exceed Ten Depositions, Docket #34. Thus, to the extent the plaintiff wants to obtain further information, she will have a significant amount of opportunity to do so, at least during the six depositions that are already scheduled to take place in March. Therefore, plaintiff's Motion to Compel should be denied.

> "6. Defendants shall produce all documents related to their knowledge of Massachusetts licensure standards for psychologists at any time between 1990 and the present; their knowledge of specific licensure obstacles encountered by John Burke, Richard Francis, the plaintiff, or any other Massachusetts students; and their efforts to provide assistance to these students."

6

964331v1

Defendants have previously disclosed all responsive information to the plaintiff. Specifically, it has produced to the plaintiff its Catalogues and Handbooks, which states its knowledge that licensure requirements vary in every state and it is the students' responsibility to monitor such regulation. See Saybrook's Responses Nos. 12, 14-18; Saybrook's Supplemental Responses to Plaintiff Susan Cooney's Request for Production of Documents ("Saybrook's Supplemental Responses") Nos. 9, 10, 12 (Plaintiff's Exhibit B); O'Hara's Responses Nos. 3, 14, 16, 17; Dr. O'Hara's Supplemental Responses to Plaintiff Susan Cooney's Request for Production of Documents ("O'Hara's Supplemental Responses") Nos. 14, 16, 17 (Plaintiff's Exhibit F); Reho Aff. at ¶¶ 7-10. It is possible that two individuals, Gerry Bush and Rudy Melone may have had information, but they are deceased and Saybrook does not have any means of finding out the information they may or may not have had other than through the documents previously produced to the plaintiff. See Reho Aff. at ¶ 15. As all responsive documents in this area have been produced, the plaintiff's Motion to Compel should be denied.

> "7.   Defendants shall describe their knowledge of licensure obstacles in states other than Massachusetts; the source of their knowledge; the approximate date(s) when these licensure obstacles were discovered by Defendants; the names of Saybrook students who experience these obstacles; and all actions taken by Defendants to assist students from these jurisdictions."

Defendants object to any discovery requests that seeks information relating to licensure issues that may be present in other states, as such are irrelevant to the claims and defenses in this case. Specifically, the plaintiff claim revolves around whether Saybrook knew and informed the plaintiff of licensure issues in Massachusetts. See generally Complaint. The breadth of allowable discovery under the Federal Rules was changed in 2000 from allowing parties to discover any relevant information relating to the "subject matter" of the case to only allowing the parties to obtain discovery of material that is relevant to the claims and defenses in the case,

unless a showing of good cause exists. See Fed. R. Civ. P. 26 2000 Advisory Committee Notes. Such a change prevents parties from "justify[ing] discovery requests that sweep far beyond the claims and defenses of the parties . . .." Id.

Information relating licensure in all states other than Massachusetts, although it may relate to the subject matter of the case, is not relevant to the claims or defenses in this case, and will only impose an unfair burden on the defendants. Indeed, "[a] vague possibility that loose and sweeping discovery might turn up something . . . does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry." Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 42 (D. Mass. 2001), quoting Joslin Dry Goods Co. v. EEOC, 483 F.2d 178, 183-84 (10th Cir. 1973). Here, based on the claims the plaintiff has asserted, which all revolve around her ability to become licensed as a psychologist in the Commonwealth of Massachusetts and the defendants' alleged knowledge of such problem, makes licensing issues in states other than Massachusetts irrelevant to the claims.

Plaintiff incorrectly argues that such alleged information would lead to evidence of similar "wrongs" or "acts" under Fed. R. Evid. 404(b). The plaintiff has misappropriately cited three cases for the proposition that Fed. R. Evid. 404(b) applies equally to civil and criminal matters. See Plaintiff's Motion at 11, n. 6. Indeed, the only cases the plaintiff cites for her alleged proposition, which are not binding precedent on this Court, discuss the admissions of criminal records and/or legal judgments, not discovery without bounds. See United States v. Hetherington, 256 F.3d 788, 795-96 (8th Cir. 2001) (in an appeal of a wire and securities fraud conviction, the Eighth Circuit made it clear that there is no bright-line rule that allows prior civil judgments to be admissible under Fed. R. Evid. 404(b), but rather, the determination must be made whether the past reasons for such judgment are similar to the case that is currently

8

964331v1

presented to the court, otherwise the information is irrelevant); Hynes v. Coughlin, 79 F.3d 285, 290-93 (2nd Cir. 1996) (in an appeal by plaintiff prisoner on his alleged civil rights claims, the Second Circuit found the lower court's allowance of five of the prisoner's past disciplinary records into evidence in a case that arose out of a physical altercation to be improper); Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 508, 517 (1997) (in a common law fraud case, the court allowed evidence of twelve unpaid judgments, as such was relevant to the case and fit into the contours of R. 404(b)) (cases attached for the Court's convenience as Exhibits 4, 5, and 6, respectively). These cases do not support an argument that licensure regulations in all fifty states are relevant to plaintiff's claims. Rather, these cases, at most, only support an argument for discovery of information in Massachusetts. Such discovery has been done, and has been responded to. See Saybrook's Responses Nos. 22, 24; O'Hara's Responses Nos. 8, 9, 23; O'Hara's Answers Nos. 25.

The plaintiff's attempt to make the discovery into this case into a vast, limitless expedition of licensure regulations and issues in all fifty states, despite plaintiff's claims which solely involve Massachusetts, is beyond the scope of discovery. Saybrook has already produce all information regarding licensure in Massachusetts. Further, it has admitted that it did not monitor licensing requirements in all fifty states, but rather obtained knowledge of Massachusetts's regulation change when the plaintiff informed it in 2003.[5] See Saybrook's Answers Nos. 6, 8, 10, 11; Saybrook's Supplemental Answers Nos. 6, 7; Dr. O'Hara's Answer Nos. 8, 9. Notwithstanding these admissions, the plaintiff will have plenty of opportunity to explore questions regarding her allegations of Saybrook's alleged knowledge during the six

---

[5] Plaintiff states that an admission by a Saybrook employee in May 2004, a year *after* the defendants have already admitted that they were aware of the change in Massachusetts licensure regulations is probative on the issue of whether she should be entitled to perform a fishing expedition on licensure information on all states. See Plaintiff's Motion at 11 and Exhibit 11. Yet, there is nothing about a 2004 admission that supports the plaintiff's desire to conduct discovery that is beyond the scope of relevant information material to the claims and defenses in this case.

964331v1

depositions of Saybrook employees scheduled the week of March 13, 2006. As such, the defendants, request that the Court deny plaintiff's Motion to Compel and limit the discovery to the claims and defenses of this case, which solely involve licensure issues in Massachusetts.

> "8.   Defendants shall produce all documents related to their participation in the Consortium for Diversified Psychology Programs ("CDPP"), the National Psychology Advisory Association ("NPAA"), and other similar programs from 1990 to the present. Defendants shall also produce all documents related to any Saybrook initiatives to monitor or to influence licensure standards for psychologists in any state ("Saybrook initiatives")."

Defendants have previously disclosed all responsive information to the plaintiff regarding the CDPP and NPAA. See Saybrook's Responses Nos. 19-20; Saybrook's Answers Nos. 8; O'Hara's Responses Nos. 18, 19, 22; O'Hara's Supplemental Responses Nos. 14, 18, 19, 22; see also Reho Aff. at ¶ 1. Plaintiff has no basis to assert that Saybrook has any further documents that it has not already produced.

With respect to what the plaintiff has called "Saybrook initiatives," Saybrook has specifically responded in discovery that at no time did it undertake any responsibility in monitoring licensure standards. See Saybrook's Answers Nos. 8, 10. As such, plaintiff's Motion to Compel should be denied, as the defendants have fully and properly responded to the plaintiff.

> "9.   Defendants shall also provide a detailed explanation of their participation in the CDPP, NPAA and similar programs from 1990 to the present. Defendants shall also provide a detailed explanation of their participation in any Saybrook initiatives to monitor or to influence licensure standards for psychologists in any states. Defendants should describe their recollection of the date and substance of all related communications, proposals, and actions."

Defendants have previously disclosed all responsive information to the plaintiff. See Saybrook Supplemental Answer No. 7; O'Hara's Answers Nos. 5, 8, 11. It is possible that two individuals, Gerry Bush and Rudy Melone may have had information, but they are deceased and

10

Saybrook does not have any means of finding out the information they may or may not have had other than through the documents previously produced to the plaintiff. See Reho Aff. ¶ 15.

Moreover, the plaintiff has requested that she be able to depose Dr. O'Hara for up to two days. Defendants have agreed to the deposition. As such, to the extent the plaintiff desires to obtain further information regarding the CDPP and NPAA, the plaintiff will have ample opportunity to do so.

> "10. Defendants shall produce all documents related to Saybrook or student communications with state licensing boards, from 1990 to the present, regarding obstacles to achieving licensure as a psychologist. Defendants shall also provide all documents related to legal actions by Saybrook or its students against state licensing boards."

Defendants again argue that this Request, like Number 7, is overbroad and irrelevant to this case. To the extent that this proposed request covers any communications with the Massachusetts Board of Registration of Psychologists, such documents have already previously been disclosed to the plaintiff. See Saybrook's Supplemental Responses No. 25; Saybrook's Answers Nos. 14; O'Hara's Responses Nos. 10; O'Hara's Answers Nos. 15; see also Reho Aff. at ¶ 12. Thus, the plaintiff's Motion to Compel should properly be denied.

> "11. Defendants shall produce all documents related to their communications with Saybrook students and Saybrook graduates, from 1990 to the present, regarding any problems or obstacles that Saybrook graduates or students have encountered in qualifying for licensure as a psychologist in Massachusetts or any other state.

Defendants again argue that this Request, which relates to discovery in all states, not just Massachusetts is overbroad and irrelevant. To the extent that this proposed request covers any communications with Massachusetts graduates and students, all such information and documents have already previously been disclosed to the plaintiff. Specifically, Saybrook has produced to the plaintiff its Catalogues and Handbooks, as well as a February 2004 alert letter to students,

11

964331v1

and March 2004 documents that relate to students seeking clinical licensure. <u>See</u> Saybrook's Responses Nos. 15, 26; Saybrook's Answers Nos. 8, 9; Saybrook's Supplemental Answers Nos. 8; O'Hara's Responses Nos. 25; O'Hara's Answers Nos. 9, 10, 14; <u>see also</u> Reho Aff. at ¶ 13. Therefore, the plaintiff's Motion should be denied.

> 12. "Defendants shall produce copies of all civil complaints, criminal complaints, or demand letters filed by Saybrook students or graduates against either or both Defendants from 1990 to the present, and related to student problems in qualifying for licensure outside of Massachusetts."

Defendants again argue that this Request, which relates to discovery in all states, not just Massachusetts is overbroad and irrelevant. To the extent that this proposed request covers any such complaints or demand letters regarding any claim in Massachusetts, the defendants do not have any such responsive documents other than the plaintiff's claim. <u>See</u> Saybrook's Responses Nos. 22, 24; O'Hara's Responses Nos. 8, 9, 23; O'Hara's Answers Nos. 25.

> "13. If Defendants cannot located complete copies of all civil complaints, criminal complaints, and demand letters filed against Saybrook and/or O'Hara, defendants shall also provide a detailed explanation of the date(s) and substance of these complaints, and shall disclose the Court name and docket number for each complaint."

Defendants again argue that this Request, which relates to discovery in all states, not just Massachusetts is overbroad and irrelevant. To the extent that this requests covers any such complaints or demand letters regarding any claim in Massachusetts, such documents have already previously been disclosed to the plaintiff. <u>See</u> Saybrook's Responses Nos. 22, 24; O'Hara's Responses Nos. 8, 9, 23; O'Hara's Answers Nos. 25. Therefore, the plaintiff's Motion should be denied.

> "14. Defendants shall produce all documents relating to communications with Saybrook's Board of Trustees, between 1995 and the present, regarding licensure obstacles facing Saybrook students in any state; legal claims by Saybrook students regarding licensure in any state and Saybrook's efforts to research and to apply for APA accreditation . . .."

12

Defendants again argue that this Request, which relates to discovery in all states, not just Massachusetts is overbroad and irrelevant. To the extent that this proposed request covers any such information by the Board of Trustees relating to Massachusetts, such documents have already previously been disclosed to the plaintiff. See Saybrook's Responses Nos. 3-33; O'Hara's Responses Nos. 30, 33, 34, 35; see also Reho Aff. at ¶ 14. Hence, plaintiff's Motion to Compel should be denied.

> "15. Defendants shall produce all copies of the "[] Bulletin" and "the Forum" for the period of January 1, 1995 to the present.

Despite plaintiff's allegations, it never requested copies of "The Bulletin" or "The Forum." The plaintiff in her Request No. 38, requested all documents "describing graduate degrees offered by Saybrook." See Plaintiff's Exhibit A. Both The Forum and The Bulletin, which were newspaper type documents and not documents describing graduate degrees, were not routinely published by Saybrook and ceased to be published by 2003. See Reho Aff. at ¶ 16. The plaintiff should not be entitled, through a motion to compel, to seek information that she did not previously request through discovery. In the event the Court deems it appropriate, the defendants are willing to produce such documents, although contend that the dates should be restricted to the dates during which the plaintiff was a student, September 1995 through October 2002, as further dates are beyond the claims and defenses in this case. Moreover, as at the time of this Motion, Saybrook has not had an opportunity to review which copies it may possess, the defendants would request that if ordered, that they are given at least fourteen days to comply with such order so to allow them time to find all issues they possesses and review them before production.

## CONCLUSION

WHEREFORE, Defendants request that this Court deny plaintiff's Motion to Compel as the defendants have fully disclosed all documents and information that was requested by the plaintiff and which is relevant to the claims and defenses in this action.

## REQUEST FOR ORAL ARGUMENT

        Defendants,
        By its attorneys,

        /s/ *Grace V. Bacon Garcia*

        Michael F. Aylward, BBO #024850
        Grace V. Bacon Garcia, BBO# 640970
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA 02210-1181
        (617) 439-7500

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

        /s/ *Grace V. Bacon Garcia*

        Grace V. Bacon Garcia

Date: February 14, 2006

964331v1