# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>　　　　Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JOHN W. REHO

I, John W. Reho, do hereby depose as follows:

1. I am currently the Vice President of Operations and Chief Financial Officer of Saybrook Graduate School and Research Center.

2. In my position, I have been the person appointed to lead, on behalf of Saybrook, the gathering of information and documents responsive to the plaintiff's discovery requests. I have done this through the assistance of my attorneys.

3. In order to perform this task, I made a thorough and exhaustive search of all Saybrook records and files that may possibly produce responsive information. This search took numerous days and hours, as well as the assistance of several other Saybrook personnel. In addition, to find out further information, I also spoke with all Saybrook personnel who may have knowledge regarding this case, as well as those who had knowledge regarding the topic areas in which the plaintiff sought information.

4. Based on this thorough and exhaustive search, I turned over all documents and information that I, and other Saybrook employees found, to Saybrook's attorneys.

988740v1

5. Based on the above search, there are no individuals or documents that Saybrook possesses that identify, who, if anyone, spoke with the plaintiff individually at Saybrook's new student Residential Orientation in 1995. Regarding Massachusetts regulations for licensure as a psychologist, Saybrook has produced all documents in its possession that could indicate any and all other communications by agents of Saybrook with the plaintiff regarding Massachusetts regulations regarding licensure as a psychologist. Saybrook has produced all records regarding Dr. Ruth Richards's communications with the plaintiff. Dr. Richards served as plaintiff's academic advisor during her matriculation. It is possible, but no records show, that Dr. Richards spoke individually with plaintiff at Saybrook's new student Residential Orientation in 1995.

6. Based on the above search, Saybrook has produced all records relating to the plaintiff's alleged goal to become a licensed Massachusetts psychologist, as well as the plaintiff's legal claims against Saybrook.

7. Based on the above search, Saybrook has produced all records relating to Saybrook's knowledge of Massachusetts' licensure requirements and any possible licensure obstacles in Massachusetts. It is possible, although I am unaware of anyone based on the extensive information gathering, that certain Saybrook employees may have knowledge, gained through their own personal activities, of Massachusetts' licensure requirements. I am not aware of such individuals who possess such knowledge, and such knowledge, if it exists, was not knowledge of Saybrook.

8. Based on the above search, there are no documents that Saybrook possesses regarding obstacles John Burke allegedly faced in obtaining his license as a Massachusetts psychologist. The student files of Mr. Burke and other student matriculated at the time of

2

988740v1

his enrollment, which was more than ten years ago, were discarded by Saybrook long before the instant claim was first presented to Saybrook, pursuant to Saybrook's record retention practices.

9. Based on the above search, Saybrook has produced all records relating to assistance it gave graduate Richard Francis when he was going through the Massachusetts licensure process.

10. Based on the above search, Saybrook has produced all records relating to Susan Cooney and Saybrook's offer of assistance to help her obtain a Massachusetts psychology license.

11. Based on the above search, Saybrook has produced all records relating to the Consortium for Diversified Psychology Programs and the National Psychology Advisory Association.

12. Based on the above search, Saybrook has produced all records relating to communications it had with the Massachusetts Board of Registration of Psychologists.

13. Based on the above search, Saybrook has produced all records relating to communications it had with students and graduates relating to any potential obstacles to licensure in the Commonwealth of Massachusetts.

14. Based on the above search, Saybrook has produced all records relating to the Board of Trustee and issues of licensure in Massachusetts, the plaintiff's legal claims and communications regarding potential application to the APA for accreditation.

15. It is possible that former Saybrook presidents, Gerry Bush and Rudy Melone, may or may not have had information relating to licensure and/or licensure obstacles in Massachusetts, as well as information relating to the Consortium for Diversified Psychology Programs and the National Psychology Advisory Association. These two individuals, however, are, and were, deceased prior to the first presentation of the instant

claim to Saybrook. Despite the thorough and exhaustive search, we have identified no files that either individual kept with Saybrook relating to such alleged licensure obstacles or entities.

16. Although not ever requested during the course of written discovery, after my receipt of the current discovery motion by the plaintiff, this week I have made a thorough search for documents called "The Bulletin" and "The Forum." Both documents, which were newsletters, were printed as follows: Saybrook Forum was printed from September of 1986 through May 1993, and again from the Fall of 1993 through the Spring of 2003. The Saybrook Bulletin was printed from March of 1982 through September of 1986, and from July 1993 through November of 1999.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14 DAY OF FEBRUARY 2006.

_____
John W. Reho