# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>      Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR RECONSIDERATION

Defendants, Humanistic Psychology Institute d/b/a Saybrook Institute ("Saybrook Institute") and Maureen O'Hara, submit this Reply in support of their Motion for Reconsideration and Opposition to the Plaintiffs' Motion to Amend to address misstatements of fact and law contained in the Plaintiff's Opposition to their Motion (the "Opposition"). Specifically, (1) based on the agreed upon deadline for filing motions to amend, the plaintiff is now required to show good cause for her motion, (2) there is no viable negligence-based action arising from the education defendants provided under either Massachusetts or California law; and (3) the defendants will be prejudiced by plaintiff's amendment of the Complaint at this late date. As such, the Court should grant defendants' Motion for Reconsideration and deny plaintiff's Motion to Amend. In further support thereof, the defendants state as follows:

A. **Plaintiff Fails to Show the Necessary Good Cause as She Had the Facts Required for Her Motion to Amend Over a Year Prior to Filing Her Motion**

Plaintiff is required to show "good cause" to amend the Complaint as the parties had agreed that motions to amend must be filed by October 3, 2005, an agreement the parties filed

989005v1

with this Court. See Docket #23; Steir v. Girl Scouts of the USA, 383 F. 3d 7, 8 n.5, 12 (1st Cir. 2004) (finding "good cause" was the standard to determine a motion amend after the parties had agreed upon a date for such). Plaintiff blames the defendants for their discovery responses,[1] yet there is nothing in defendants' discovery responses that add more to what the plaintiff had already alleged at the time this Complaint was filed, and thus, could have alleged in a timely amended complaint. Notwithstanding plaintiff's assertion that it did not know that Saybrook knew of regulatory changes in 1996,[2] plaintiff's own allegations in her Complaint undermine such statement. Specifically, in her Complaint, which was signed "May 28, 2004," the plaintiff stated:

> Saybrook and its president, Maureen O'Hara, Ph.D., received repeated communications from the Massachusetts Board of Registration of Psychologists . . . and other sources that Saybrook students would be not qualified to be licensed psychologists in Massachusetts. During the period of 1995 through August, 2003, Saybrook and Dr. O'Hara did not advise Susan Cooney or other Massachusetts students of these communications.

See Complaint ¶ 12 (emphasis added). Although the defendants deny this allegation, the plaintiff certainly had the information to assert a claim for negligence prior to the October 3, 2005 deadline for filing motions to amend. There is nothing in this discovery that gave the plaintiffs any new information, and certainly nothing that provides the plaintiff with good cause to introduce entirely new claims and causes of action to this case at this late date.

B.   **Plaintiff's Negligence Based Claims are Not Viable**

Plaintiff has no basis in law to assert negligence claims based on the facts asserted in this case. Plaintiff's citations to Massachusetts case law involving negligent actions against colleges

---

[1] Plaintiff did not serve her discovery to the defendants until September 2, 2005, although she could have done so earlier. For instance, the defendants jointly served discovery three and a half months earlier on May 19, 2005. See Affidavit of Grace Garcia filed as Exhibit 1 to Opposition to Motion to Compel (Docket No. 35). Defendants should not be penalized by plaintiff's failure to take discovery action for three months.

[2] A statement that defendants both deny in terms of plaintiff's knowledge, as well as the truth of the statement itself.

2

989005v1

are not on point and are irrelevant to the claims in this case.  See Opposition at 4-5.  The plaintiff cites three cases, all of which involve a bodily injury occurring on school property.  Here, there is no bodily injury, but rather a claim that the defendants' education did not meet the qualifications for licensure as a psychologist in Massachusetts.  See Complaint.  There is neither Massachusetts case law that the defendants have found nor that the plaintiff has provided, that reflects a duty that a school has to provide education of a certain level.  Rather, claims arising from such education are properly contract based.

In addition, the plaintiff improperly cites to Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).  In Rodi, the court evaluated the dismissal of misrepresentation and Mass. Gen. Laws ch. 93A claims.  389 F.3d at 11.  The court stated, "Under Massachusetts law, a claim for misrepresentation entails a false statement of material fact made to induce the plaintiff to act and reasonably relied upon by him to his detriment." Id. at 13.  An element obviously missing from a misrepresentation claim, which is the first element of a negligence claim, is a proof of a legal duty.  Cottam v. CVS Pharmacy, 436 Mass. 316, 320 (2002).  Therefore, as plaintiff has not shown that the defendants had such a legal duty and Rodi does not support plaintiff's position, the plaintiff's negligence claims would be futile.

Similarly, the plaintiff improperly cites Jolicoeur v. Southern New England School of Law, 104 Fed. Appx. 745 (1st Cir. 2004).  In Jolicoeur, the plaintiff brought a claim alleging eight counts, one of which was negligence.  Jolicoeur, 104 Fed. Appx. At 746.  The court did not discuss whether the claims, including negligence, were viable, but rather, affirmed the lower court's dismissal based on the expiration of the statue of limitations.  Id.  The fact that the court did not address the negligence claim does not mean that it had merit, or was properly asserted.

3

Furthermore, the plaintiff has failed to acknowledge choice of law issues. The plaintiff stated that "When sitting in diversity, the district court must apply the substantive law of the forum state. See Opposition at 7. This is not the complete law. Rather, the plaintiff's fails to acknowledge that a federal court will "apply the substantive law of the forum in which it sits, including that state's conflict-of-laws provisions." Daynard v. MRRM, P.A., 225 F. Supp. 2d 146 (D. Mass .2004), citing, Dykes v. DePuy, 140 F. 3d 31, 39 (1st Cir. 1998). Massachusetts substantive law provides a functional choice of law approach that responds to the interests of the parties, the states involved, and the interstate system as a whole. Bushkin Assoc, Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985). Specifically, the following factors are weighed in determining the substantive law to be applied: the predictability of the result, the interstate systems' needs, simplification of the judicial tasks, the forum's relevant policies, and the ease in applying the law. Id. at 632, 634. In reviewing these factors, California's substantive law should be applied to determine whether plaintiff's negligence claims are viable.

California courts have refused to adopt a "duty of care" tort action fro claims against colleges or universities. Under California law, claims in tort in the academic setting are not an "injury" within the meaning of the law. Peter W. v. San Francisco Unified Sch. Dt., 60 Cal. App. 3d 814, 825-26 (1976). Massachusetts has yet to decide the issue.

For the claims the plaintiff wishes to allege, there are other appropriate avenues other than asserting a negligence claim. Rather, the plaintiff can, and has, asserted a claim for breach of contract. Thus, the predictability of the result, the ease in applying the law, and the policies of Massachusetts would prevail, if California substantive law is applied. As such, this Court should use California's law, which clearly holds that a negligence claim arising out of the provision of education is not viable.

### 3. Defendants Will Suffer Substantial Prejudice If the Amendment is Allowed

Plaintiff's argument that there is no prejudice to the defendants by the amendment is without merit. At the time of the plaintiff's deposition, the plaintiff's Complaint contained counts for breach of contract, promissory estoppel, denial of due process and violation of Mass. Gen. Laws ch. 93A. In response to a question at the plaintiff's deposition regarding her damages, the plaintiff alleged that she was seeking an "emotional component." See Plaintiff's Deposition Transcript at 289 attached as Exhibit A. In response, questions were asked of the plaintiff regarding such damages as they applied to the current counts of her then Complaint, not questions regarding negligence and negligent infliction of emotional distress counts. As such, the defendants will be required to reopen discovery, take further written discovery as well as the plaintiff's deposition on those topics.

### CONCLUSION

For all of the foregoing reasons, the defendants respectfully request the Court grant defendants' Motion for Reconsideration and deny plaintiff's Motion to Amend.

### REQUEST FOR ORAL ARGUMENT

Respectfully Submitted By,

Counsel for Defendants,
HUMANISTIC PSYCHOLOGY INSTITUTE,
d/b/a SAYBROOK INSTITUTE
and MAUREEN O'HARA

/s/Grace V. Bacon Garcia

Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500