UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04- 11572 JLT

|  |  |
|---|---|
| SUSAN COONEY,<br>   Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE SCHOOL<br>AND RESEARCH CENTER and<br>MAUREEN O'HARA,<br>Individually,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY CLAIM

Defendants, Saybrook Graduate School and Research Center ("Saybrook") and Maureen O'Hara ("O'Hara"), respond through this Amended Answer to the plaintiff's Amended Complaint paragraph by paragraph as follows:

### PARTIES/JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Admitted.

3. Admitted.

4. Defendants admit the first sentence of Paragraph 4. The allegations set forth in Paragraph 4 (a-d) call for a legal conclusion, and therefore no response is required. To the extent a response is required, defendants deny such allegations.

5. Admitted

993262v1

6. Paragraph 6 calls for a legal conclusion, and therefore no response is required. To the extent a response is required, defendants deny the allegations in Paragraph 6.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Defendants admit the first sentence of Paragraph 7. The remainder of Paragraph 7 refers to a document, which document speaks for itself and therefore does not call for a response by defendants.

8. Defendants admit the first sentence of Paragraph 8. The remainder of Paragraph 8 refers to a document, which document speaks for itself and therefore does not call for a response by defendants.

9. Denied.

10. Defendants deny the first sentence of Paragraph 10. The remainder of Paragraph 10 refers to a document, which document speaks for itself and therefore does not call for a response by defendants.

11. Admitted.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Defendants deny the first and second sentences of Paragraph 16. Defendants admit to the third sentence of Paragraph 16.

17. Denied.

18. Defendants admit that Saybrook provided education between 1995 through 2002 to students who had addresses in Massachusetts. Defendants deny the remaining allegations contained in Paragraph 18.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Admitted.

28. Denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

## COUNT I
## BREACH OF CONTRACT
## (Against Saybrook)

33. Defendants repeat and reallege their responses to Paragraphs 1 through 32 as if set forth in full herein.

3

993262v1

34. Denied.

35. Denied.

36. Denied.

37. Denied.

WHEREFORE, defendants deny that the plaintiff is entitled to relief in any amount.

## COUNT II
## PROMISSORY ESTOPPEL
## (Against Saybrook)

38. Defendants repeat and reallege their responses to Paragraphs 1 through 37 as if set forth in full herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE, defendants deny that the plaintiff is entitled to relief in any amount.

## COUNT III
## CHAPTER 93 VIOLATION
## (Against Saybrook and O'Hara)

44. Defendants repeat and reallege their responses to Paragraphs 1 through 43 as if set forth in full herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

4

993262v1

WHEREFORE, defendants deny that the plaintiff is entitled to relief in any amount.

## COUNT IV
## NEGLIGENCE
## (Against Saybrook)

50. Defendants repeat and reallege their responses to Paragraphs 1 through 49 as if set forth in full herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

WHEREFORE, defendants deny that the plaintiff is entitled to relief in any amount.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (Against Saybrook)

55. Defendants repeat and reallege their responses to Paragraphs 1 through 54 as if set forth in full herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

WHEREFORE, defendants deny that the plaintiff is entitled to relief in any amount.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

993262v1

## SECOND AFFIRMATIVE DEFENSE

Defendants deny each allegation of plaintiff's Amended Complaint except as specifically admitted above.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the Court lacks personal jurisdiction over defendant Maureen O'Hara.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the Court lacks subject-matter jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the plaintiff's claims are barred because she failed to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the plaintiff's claims are barred on the basis that any damages, which the plaintiff alleges, resulted from acts and omissions of third parties over which defendants had no control.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that there is no contract between the plaintiff and the defendants.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the principles of waiver and estoppel.

993262v1

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they did not promise the plaintiff licensure in Massachusetts, and thus the plaintiff is not entitled to a claim of promissory estoppel.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, if the plaintiff has sustained damages, those damages were the result of conduct of entities of individuals over whom the defendants had no control and for which the defendants are not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L. c. 93A.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the plaintiff is not entitled to any recovery under G.L., c. 93A for the reason that the transactions and actions did not occur primarily and substantially within the Commonwealth.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not guilty of any negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to her alleged injuries and, therefore, the plaintiff is barred from recovery under M.G.L. Chapter 231 Section 85.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state the plaintiff is guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Chapter 231 Section 85.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that if the plaintiff suffered injuries, such injuries were a result of the plaintiff's breach of her duty to exercise due care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that the damage plaintiff alleges was caused in whole or in part by the negligence of the plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendants state that if the plaintiff was injured as alleged, such injuries were due to the acts or negligence of another, which constitutes an intervening, superceding cause, and therefore the defendants are not liable.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add such other and further defenses as become apparent in the course of discovery.

## JURY CLAIM

**THE DEFENDANTS DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully Submitted By,

Counsel for Defendants,
SAYBROOK GRADUATE SCHOOL AND
RESEARCH CENTER
and MAUREEN O'HARA

/s/Grace V. Bacon Garcia
_____
Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

Date:  March 13, 2006

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 13 2006.

/s/Grace V. Bacon Garcia
_____
Grace V. Bacon Garcia, BBO #640970

993262v1