UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUSAN COONEY,                             )
    Plaintiff                              )
v.                                        )
                                          )
SAYBROOK GRADUATE SCHOOL AND              )
RESEARCH CENTER, and                      )
MAUREEN O'HARA, Individually              )
    Defendants                             )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO DEPOSE THOMAS GREENING

Pursuant to Local Rule 26.1(C), plaintiff Susan Cooney ("Cooney") moves the Court for leave to depose Thomas Greening, Ph.D. In support of this motion, Plaintiff states the following grounds:

1. Thomas Greening, Ph.D. is an executive faculty member at Saybrook. Upon information and belief, Dr. Greening has been a full-time faculty member at Saybrook since about 1990.

2. Upon information and belief, Dr. Greening was a faculty advisor to John Burke, a Massachusetts resident who graduated from Saybrook in or about 1993. Saybrook has produced no letters, e-mails, or other documents regarding Dr. Greening's knowledge of licensing obstacles that Dr. Burke encountered in or about 1996.

3. Upon information and belief, Dr. Greening was also an advisor and/or dissertation committee member for Richard Francis, a Massachusetts resident who graduated from Saybrook in or about 1997. Saybrook has produced no letters, e-mails, or other documents regarding Dr. Greening's knowledge of licensing obstacles that Dr. Francis encountered in or about 2000.

4. Defendants' counsel took the deposition of Daniel Finn, Richard Francis' attorney. After the deposition, Attorney Finn produced letters from Saybrook faculty in support of Richard Francis' application for licensure. Attorney Finn produced a letter from Dr. Greening, which indicates that Dr. Greening was aware that Richard Francis' academic goal to become licensed in Massachusetts. Attorney Finn produced a similar letter from Ilene Serlin, another Saybrook faculty member. See Saybrook letters, which are attached as **Exhibit A**.

5. Saybrook has been unable to offer any explanation as to why it failed to locate and/or produce letters from professors Greening and Serlin in support of Richard Francis' legal action to become licensed in Massachusetts.

6. Saybrook's vice president, John Reho, coordinated the efforts of Saybrook to locate documents that were responsive to plaintiff's documents requests. Mr. Reho also answered Saybrook's interrogatories. At Mr. Reho's deposition in California, he conceded that he did not speak to Dr. Greening, Dr. Serlin, or other Saybrook faculty who were aware of licensure obstacles in Massachusetts. See **Exhibit C** to Plaintiff's Motion to Compel (4/10/06, Document # 41).

7. It is apparent that Dr. Greening possesses information regarding licensure obstacles encountered by Massachusetts students, including John Burke and Richard Francis. Saybrook has failed to disclose Dr. Greening's communications with, and on behalf of, Saybrook students seeking licensure in Massachusetts.

8. On or about March 7, 2006, plaintiff's counsel requested that Saybrook make Dr. Greening available for a deposition in California. See March 7, 2006 Letter, which is attached as **Exhibit B**. Defendants' counsel, Grace Garcia, advised plaintiff's counsel that she would not

produce Dr. Greening in California.

## COMPLIANCE WITH LOCAL RULES 7.1(A)(2) AND 37.1(A)

9.     On or about March 7 and April 10, 2006, counsel for plaintiff and Saybrook discussed plaintiff's request to depose Thomas Greening. After conferring in good faith, counsel for the parties were unable to narrow this discovery dispute.

## CONCLUSION

For the reasons outlined above, plaintiff seeks leave of court to depose Thomas Greening. Plaintiff further requests that the Court order defendants to bear the costs of producing Dr. Greening for his deposition in Wellesley, Massachusetts. Plaintiff's request to depose Dr. Greening will not prejudice any party, and will not cause significant delay to the completion of discovery or to the disposition of this case.

**WHEREFORE**, plaintiff requests leave of Court to depose to depose Dr. Greening, and requests that the Court order defendants to bear the costs of producing Dr. Greening for his deposition in Wellesley, Massachusetts.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

/s/ Paul W. Morenberg, BBO # 631101

E. Steven Coren, BBO #
Paul W. Morenberg, BBO # 631101
Kerstein, Coren, Lichtenstein & Finkel, LLP
60 Walnut Street, 4th Floor
Wellesley, Massachusetts  02481
(781) 997-1600

Dated:        April 10, 2006

3