# KERSTEIN, COREN, LICHTENSTEIN & FINKEL LLP
ATTORNEYS AT LAW

60 WALNUT STREET
WELLESLEY, MA 02481
E-mail: pmorenberg@kclf-law.com

PAUL W. MORENBERG
OF COUNSEL

TEL:   (781) 997-1600 Ext. 250
FAX:   (781) 997-1633

March 7, 2006

<u>By Facsimile and E-Mail</u>
Grace V. Bacon Garcia, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

RE:   <u>Susan Cooney v. Humanistic Psychology Institute et al</u>
      United States District Court; Docket No. 04 11572 JLT

Dear Attorney Garcia:

I am writing to address several issues regarding the depositions noticed by the plaintiff. First, I want to confirm the location, order, and approximate schedule for the California depositions.

On Monday, March 13, 2006 (day one of Dr. O'Hara's deposition), we will meet at 388 Market Street, Suite 400, San Francisco. For subsequent depositions (March 14 through 17, 2006), we will meet at Attorney Vartain's office at 601 Montgomery Street, Suite 540, San Francisco. You have confirmed that Golden Gate Reporters will be available for all depositions on March 13 to 17, 2006, and expenses will be apportioned as agreed in our e-mails. Below, I have summarized the agreed upon schedule and order of depositions, which reflects prior notices as well as our discussions. Per our telephone discussion this morning, I have noted a couple of additional changes:

| | | |
|---|---|---|
| (1) | Dr. Maureen O'Hara | Monday, March 13, 2006, 9:00 a.m.; Tuesday, March 14, 2006, 9:00 a.m.; |
| (2) | Dr. Ruth Richards | Tuesday, March 14, 2006; 4:00 p.m.(if available);* |
| (3) | Dr. William Bruff | Wednesday, March 15, 2006, 9:00 a.m.;** |
| (4) | Mr. John W. Reho | Thursday, March 16, 2006; 9:00 a.m. ** |
| (5) | Dr. Alan Vaughan | Thursday, March 16, 2006; 2:00 p.m. (if necessary);*** |
| (6) | Mr. Donald Cooper | Friday, March 17, 2006; 9:00 a.m. |

\* You indicated that Dr. Richards is available on Tuesday, March 14th only. Per our discussion, I expect that her deposition would be brief (about one hour). However, I cannot be sure that Dr. O'Hara's deposition will be completed by 4:00 p.m., and you were not sure if Dr. Richards had restrictions on her availability due to child care. If we cannot depose Dr. Richards at this time, I am agreeable to conducting her deposition by telephone at a later date.
\*\* Dr. Bruff's deposition was originally noticed for March 14, 2006 at 2:00 p.m., with the expectation that his deposition could start later that day, or begin on March 15, 2006. Dr. Reho was originally scheduled on Wednesday, March 15, 2006 at 1:00 p.m., with the expectation that his deposition may start the next day. I am therefore changing his deposition to March 16, 2006 at 9:00 a.m. You mentioned Dr. Reho has the most flexible schedule of all witnesses.
\*\*\* Dr. Vaughan was originally noticed for March 16, 2006 at 11 a.m. I have postponed his deposition start time to 3:00 p.m. Please also advise Dr. Vaughan that I may cancel this deposition (with at least 24 hours notice).

Grace V. Bacon Garcia, Esq.
March 7, 2006
Page 2

Second, as we discussed, I understand that Dr. Bohart is currently unable to speak to counsel, and it is therefore agreed by counsel that he is medically unable to participate in a deposition next week. Per our stipulation, the deposition of Dr. Bohart will be continued to a date after March 31, 2006 and will be conducted by telephone or other remote electronic means.

Third, I have just received documents from Attorney Finn regarding the assistance that he provided to Richard Francis regarding Massachusetts licensure. Per our telephone discussion of this morning, I am faxing a letter from Dr. Greening, which you should also receive with Attorney Finn's mailing. Clearly, this is a Saybrook communication to the Board of behalf of a student seeking licensure in Massachusetts. I am concerned that it was not produced by defendants. Dr. Greening notes that he chaired a faculty curriculum committee, whose mission included "revision and creation of courses aimed at better preparing graduates for licensure." The letter also notes that "Dr. Francis told me from the beginning that he wanted to tailor his program so he could be licensed in Massachusetts."

I was aware that Dr. Greening played a role in Saybrook's evaluation of APA accreditation. However, Saybrook produced no documents or information regarding Dr. Greening's work on the designing and revising courses to prepare students for licensure. Also, Saybrook produced no documents or information on Dr. Greening's advice to, or communications on behalf of, Saybrook students seeking licensure in Massachusetts. I reserve the right to depose Dr. Greening regarding these issues. If Dr. Greening is available on March 16 or 17, 2006, it may be convenient to conduct his deposition in San Francisco. I anticipate that his deposition would take about two to three hours. If you object, I will seek leave of court to depose Dr. Greening.

Fourth, I have received some recent communications regarding the proposed depositions of Drs. Schwartz, Norman, and Taylor. I have heard from Attorney Alexander Borre of the Division of Professional Licensure. He is not available on the date that I selected for Dr. Schwartz's deposition, and he will be advising me of alternative dates that are convenient for him and Dr. Schwartz. I also heard from Dr. Eugene M. Taylor, who advised that he was served in error. A new subpoena will be served on Eugene I. Taylor, whose last known address is Cambridge MA. I have not yet received any communication from Dr. Norman.

Finally, I may be noticing one or two more depositions for late March. I am still reviewing the materials Attorney Finn provided, and I have not yet determined if I will subpoena Dr. Francis. As we previously agreed, I will select dates that are convenient for me. If you or the witness has a conflict, these depositions will be rescheduled.

Thank you for your attention to these matters.

Very truly yours,

*/s/ Paul W. Morenberg*

Paul W. Morenberg
Enclosure
cc:   E. Steven Coren, Esq.                                              Susan Cooney, Ph.D.
      Michael Vartain, Esq. (By facsimile and e-mail only)

Thomas Greening, Ph.D.
Saybrook Graduate School
450 Pacific
San Francisco, CA 94123

November 16, 2000

Cynthia Chase, Ph.D.
Chairperson
Board of Registration of Psychologists
239 Causeway Street
Boston, MA 02114

Re: Licensure of Richard Francis, Ph.D.

Dear Dr. Chase:

I am writing on behalf of Richard Francis, who graduated from Saybrook Graduate School with a doctorate degree in psychology in November 1997. Dr. Francis has informed me that the Massachusetts Board of Psychologists has denied him licensure, citing 251 CMR 3.03 defining a "program in psychology," specifically referring to (1)(a)2.h. He sent me a copy of the letter he received from the Board, and informed me that he has six months to appeal this decision and to supplement his appeal with additional materials.

Allow me to introduce myself. I have been a full-time senior core faculty member at Saybrook since 1990. Saybrook's mission includes the extension of the work of Maslow, Rogers and May, whom I knew personally, and I am dedicated to communicating their heritage to a new generation of psychologists. I am a Diplomate in Clinical Psychology, Fellow of four APA divisions, and have been in private clinical practice for 42 years. During that time I have supervised over forty aspiring psychologists who were students at UCLA, in training at agencies, or psychological assistants, all of whom have gone on to be licensed.

After I arrived at Saybrook I helped with the on-going process of keeping the psychology program up-to-date and insuring that it is a "coherent curriculum" in which students can obtain a clear understanding of "core concepts" and "domains of knowledge." I subsequently served as Chair of the faculty curriculum committee for four years, supervising the review, revision and creation of courses aimed at better preparing graduates for licensure. I share with the Massachusetts Board the wish that licensed psychologists be well-prepared to serve the public effectively and ethically. Because of my contact with graduate students at UCLA (where I am a Clinical Professor) and

Pepperdine (where I am a Distinguished Adjunct Professor) I am able to compare Dr. Francis's education with theirs, and believe he is equally well-prepared for licensure.

After reading the Board's letter, I wish to respond especially to the concern that Saybrook's residential conferences might not fulfill the one year residency requirement. I have been centrally involved with the design and delivery of our clinical residential seminars and can assure you that they are quite rigorous. There is intense student-faculty interaction that is equivalent to that in traditional APA-approved programs in which I have taught, and to the one at the University of Michigan where I was trained. We present cases at the conferences and have very focused discussions with students. Many of them have been working in the field for years and bring much experience and knowledge to the discussions. The cases come from course material, from cases presented by the faculty, and from cases presented by students, and are integrated with didactic material. The students' average age is over 40, and many have been working "on the front line," so much is learned from each other as well as from faculty. I have found this to be less true of younger students from other programs.

I have had many clinical discussions with Dr. Francis, and he is astute yet humble, realizing that it is a great privilege and responsibility to work with clients. One meeting he and I had concerned the psychology of disability, about which he speaks passionately and from experience. He is also concerned with upholding the highest ethical standards. Not only do I know this on a personal level from discussions with Dr. Francis but also because I taught him the course on Ethics that is a most important requirement for licensure. In that course, the APA code of ethics is a central focus. .

Dr. Francis told me from the beginning that he wanted to tailor his program so that he could be licensed in Massachusetts, and worked on each course with a strong clinical orientation and with a close eye on Massachusetts' regulations. I, too, want students to have "intensive exposure to a community of scholars and views," and to learn "within a community of other matriculated doctoral students." I believe that Dr. Francis has had these experiences sufficient to warrant his being eligible for licensure. In sum, I see him as having become a junior colleague to whom I would be willing to refer clients and represent clinical psychology to the public.

Please contact me if I can be of further help in resolving questions about Dr. Francis's eligibility for licensure.

Sincerely,

Thomas Greening, Ph.D.
Professor of Psychology
Saybrook Graduate School