UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
| |
|---|
| SUSAN COONEY, ) |
|     Plaintiff ) |
| v. ) |
| ) |
| SAYBROOK GRADUATE SCHOOL AND ) |
| RESEARCH CENTER, and ) |
| MAUREEN O'HARA, Individually ) |
|     Defendants ) |

*******************************************

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO SUBMIT FURTHER DOCUMENT REQUESTS

Plaintiff Susan Cooney ("Cooney") moves the Court for leave to request two additional categories of documents from Saybrook. In support of this motion, Plaintiff states the relevance of the requested documents has been established by recent depositions. In further support of this motion, plaintiff states as follows:

1. Maureen O'Hara, former president of Saybrook, has testified that she received annual bonuses linked to achieving Saybrook's institutional objectives. Dr. O'Hara claimed that her bonuses were not linked to increasing enrollment at Saybrook. However, Dr. O'Hara acknowledged that her bonuses were linked to the financial performance of the school. O'Hara received large annual bonuses from 1999 through 2004, during a period of dramatic enrollment growth at Saybrook. It is plaintiff's contention that O'Hara and Saybrook had a powerful financial disincentive to withhold their knowledge of licensing obstacles in Massachusetts and other states in order to achieve Saybrook's goals for enrollment and tuition.

2. In or about February, 2004, Saybrook began disclosing its knowledge of licensure obstacles in eighteen to twenty-five states. According to the deposition testimony of Jack Reho, Saybrook's enrollment declined significantly for the 2004-2005 and 2005-2006 academic years.

3. In light of the deposition testimony of O'Hara and Reho, plaintiff is now seeking leave of Court to obtain additional documents showing the calculation and payment of O'Hara's bonus incentives, as president, between 1999 and 2005. Plaintiff is entitled to determine if O'Hara received bonuses linked to enrollment at Saybrook, and to explore if O'Hara's compensation was linked to increasing Saybrook's tuition revenues.

4. Plaintiff's counsel was able to obtain a single annual report from Saybrook for the period of 2001 to 2003. Defendants did not produce this document to plaintiff. Interestingly, the 2001 to 2003 annual reports includes references to Saybrook's assistance to students regarding licensure issues. This document also shows that Saybrook experienced a dramatic surge in enrollment during this period.

5. Plaintiff should be allowed to obtain Saybrook annual reports and financial reports that illustrate enrollment and revenue trends during the period of 1995 through the present. Plaintiff also believes that other annual reports may contain references to Saybrook's policies on licensing or its knowledge of licensing obstacles.

## COMPLIANCE WITH LOCAL RULES 7.1(A)(2) AND 37.1(A)

6. On or about April 10, 2006, counsel for plaintiff and Saybrook discussed plaintiff's request to obtain further documents, as described in the motion. After conferring in good faith, the parties were unable to narrow their areas of disagreement.

CONCLUSION

For the reasons outlined above, plaintiff seeks leave of court to obtain documents requested in this motion. Plaintiff has prepared a Second Request for Documents to Saybrook, which is attached as Exhibit A.

**WHEREFORE**, plaintiff requests leave of Court to obtain documents from Saybrook as described in this motion and to serve the enclosed Second Request for Production of Documents on Defendant Saybrook.

>Respectfully submitted,
>SUSAN COONEY,
>By her counsel,
>/s/ Paul W. Morenberg, BBO # 631101
>
>_____
>E. Steven Coren, BBO #
>Paul W. Morenberg, BBO # 631101
>Kerstein, Coren, Lichtenstein & Finkel, LLP
>60 Walnut Street, 4th Floor
>Wellesley, Massachusetts 02481
>(781) 997-1600

Dated:      April 10, 2006

3