# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:  04 11572 JLT

|  |  |
|---|---|
| SUSAN COONEY,<br>            Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT HUMANISTIC PSYCHOLOGY INSTITUTE D/B/A SAYBROOK INSTITUTE'S ANSWERS TO THE PLAINTIFF FIRST SET OF INTERROGATORIES

The defendant, improperly named as Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook"), pursuant to Fed. R. Civ. P. 33, answers the Plaintiff's First Set of Interrogatories without waiving the following:

(i)      the right to object on any grounds to the use of any of the following answers in any other subsequent proceedings or at the trial of this or any other action;

(ii)     the right to object on any grounds to any demand for further answers to these Interrogatories or any other discovery procedure relating to the subject matter of these Interrogatories; and

(iii)    the right at any time to revise, correct, add to or clarify any of the following answers.

## GENERAL OBJECTIONS

1.     Saybrook objects to the Interrogatories to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

2.    Saybrook objects to the Interrogatories to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

3.    Saybrook objects to the Interrogatories to the extent that they call for information protected from discovery because it is subject to the attorney-client privilege or constitutes materials prepared by or for Saybrook or its representatives in anticipation of litigation or for trial and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

4.    Saybrook objects to the Interrogatories to the extent that they call for information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to discovery of admissible evidence.

5.    Saybrook objects to the Interrogatories to the extent that they seek information not within its possession, custody or control.

6.    Saybrook objects to the Interrogatories as inherently burdensome and oppressive to the extent that they seek information already in the possession of the plaintiff.

7.    Saybrook's failure to object to the Interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional grounds at a later time.

8.    Saybrook incorporates by reference, as if set forth at length, the General Objections to the Interrogatories into each and every Answer below.

## INTERROGATORIES AND ANSWERS

INTERROGATORY NO. 1

Please identify the name and address of all individuals who provided information that was used to answer these interrogatories and specify the interrogatory answers to which each individual contributed.

2

ANSWER NO. 1

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states that these Answers constitute the Answers of Saybrook. These Answers have been prepared based upon information gathered by and through the various employees, representatives and agents of Saybrook with the assistance of its attorneys, including, but not limited to, Registrar J.T. Brown, Ann Luckiesh, Robert Schley, Bill Bruff and his assistant Susan, Director of Alumni Relations, Don Cooper, Director of Human Resources, Kim Sroda, John Reho and Maureen O'Hara and other administrative personnel. The information gathered was not used to respond to any one Interrogatory, but was used to respond to all such Interrogatories.

INTERROGATORY NO. 2

Please identify any and all statutes and regulations, in the state of California, that establish standards governing Saybrook's delivery of graduate training in psychology, clinical psychology, or related fields.

ANSWER NO. 2

Saybrook objects to this Interrogatory on the grounds that it seeks a legal conclusion. Additionally, Saybrook objects as it seeks the mental impressions, conclusions, opinions and/or legal theories of counsel, which are protected by the attorney work-product privilege.

INTERROGATORY NO. 3

For each academic year between 1995-96 and the present, identify the name and address of every graduate student who was enrolled at Saybrook and who maintained an address in Massachusetts.

3

ANSWER NO. 3

Saybrook objects to this Interrogatory on the grounds that it requests information that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Additionally, Saybrook objects to this Interrogatory on the grounds that it is overly broad. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

Saybrook is allowed to disclose pursuant to the Family Educational Rights and Privacy Act that the plaintiff maintained an address in Massachusetts from the time she enrolled in 1995 through the time she obtained her degree. Saybrook is aware of two addresses for Ms. Cooney. The first address was P.O. Box 4, Watertown, Massachusetts. At some point during her studies, Ms. Cooney changed her address it 831 Beacon Street #148, Newton Center, Massachusetts. In further response, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to a list of Massachusetts addressed residents who are degreed Ph.D.'s from Saybrook by major, as well as a list of current students who are residents of Massachusetts, both of which are being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 4

If any of the students identified in your answer to Interrogatory No.3 received a Saybrook degree, specify the name and date of the degree that was awarded.

ANSWER NO. 4

Saybrook objects to this Interrogatory as it request information that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various privacy laws. Additionally, Saybrook objects to this Interrogatory on the grounds that

4

it is overly broad. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

Saybrook is allowed to disclose pursuant to the Family Educational Rights and Privacy Act that the plaintiff obtained a Ph.D. in Psychology in October 2002. In further response, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to a list of Massachusetts addressed residents who are degreed Ph.D.'s from Saybrook by major, which is being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 5

Identify every state in the United States in which Saybrook students or graduates have encountered problems in qualifying for licensure as a psychologist, on account of their Saybrook degree, at any time between 1990 and the present.

ANSWER NO. 5

Saybrook objects to this Interrogatory as it request information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

Saybrook is unable to determine which graduates, if any, encountered problems qualifying for licensure as a psychologist solely on account of their Saybrook degree. Specifically, the statutory and regulatory licensing standards are diverse among the states and the actual judgment of each state licensing board varies from case to case, and year to year.

In further answering, based on the discovery in this case, it appears that subsequent to September 1, 2000, an application by the plaintiff for a clinical psychology license from the Commonwealth of Massachusetts may not, absent special request for an exception, which she failed without good cause to present, have been accepted for further evaluation by the Board of

Psychology, because she did not obtain her degree from a doctoral program designated by the Association of State and Provincial Psychology Boards. Prior to September 1, 2000, it would appear from some interpretations of Massachusetts law, that had the plaintiff by that date submitted a completed application to the Commonwealth of Massachusetts for a clinical psychology license, she would have been evaluated by the Board of Psychology for licensure notwithstanding that Saybrook was not a doctoral program so designed. Saybrook is unable to determine, however, whether there would be other reasons, such as failure to fulfill all of the requirements set out by the Massachusetts Board of Registration of Psychologists, including the written examination, which could also prevent the plaintiff from qualifying for licensure as a psychologist. Plaintiff did not, at any time during her matriculation at Saybrook, or prior to her graduation from Saybrook in late 2002 with her Ph.D. degree, inform Saybrook of changes to Massachusetts laws or regulatory interpretations that occurred after her enrollment, despite her obligation on her own to learn of such matters in her home state. Plaintiff failed to fulfill her obligation during her matriculation at Saybrook from 1996 to 2002, to acquire information regarding her home state's revisions to existing laws governing licensure, despite being advised by Saybrook that she should do so and that Saybrook had neither undertaken the obligation to do so nor had undertaken the obligation to inform her of such laws or revisions to laws.

INTERROGATORY NO. 6

For each state identified in your answer to Interrogatory No.5, specify the year when Saybrook first learned that its graduates would face obstacles in qualifying for licensure as a psychologist, on account of their Saybrook degree, and describe Saybrook's understanding of the precise nature of each obstacle.

6

ANSWER NO. 6

Saybrook objects to this Interrogatory on the grounds that it is overly broad and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

Saybrook is unable to state the precise nature of each obstacle that a Saybrook graduate may have faced seeking licensure in any particular state as Saybrook does not license graduates and does not participate on behalf of any state licensing board in the licensing process. In further answering, it came to Saybrook's attention that its graduates may face obstacles obtaining a license in Massachusetts in 2003, by the plaintiff who informed it of such. After being informed of the obstacle, Saybrook learned that effective September 1, 2000, Massachusetts required that its applicants obtain their degrees from a doctoral program designated by the Association of State and Provincial Psychology Boards.

Plaintiff did not, at any time during her matriculation at Saybrook, or prior to her graduation from Saybrook in late 2002 with her Ph.D. degree, inform Saybrook of any changes to Massachusetts laws or regulatory interpretations. Plaintiff failed to exercise her obligation during her matriculation at Saybrook from 1996 to 2002, to acquire information regarding her home state's revisions to existing laws governing licensure, despite being advised by Saybrook that she should do so and that Saybrook had neither undertaken the obligation to do so nor had undertaken the obligation to inform her of such laws or revisions to laws.

INTERROGATORY NO. 7

Please describe Saybrook's understanding of any regulatory, statutory, or other obstacles that restrict Saybrook students or graduates from qualifying for licensure as a psychologist in

7

Massachusetts, <u>on account of their Saybrook degree</u>, and specify the year when Saybrook first determined that its students or graduates would encounter these obstacles.

ANSWER NO. 7

Saybrook objects to this Interrogatory on the grounds that it seeks a legal conclusion. Additionally, Saybrook objects as it seeks the mental impressions, conclusions, opinions and/or legal theories of counsel, which is protected by the attorney work-product privilege. Notwithstanding nor waiving these objections and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

It appears effective September 1, 2000, Massachusetts required that its applicants graduate from a doctoral program that is designated by the Association of State and Provincial Psychology Boards. Saybrook first became aware of this change after plaintiff graduated. Prior to September 1, 2000, it would appear from some interpretations of Massachusetts law, that had the plaintiff by that date submitted a completed application to the Commonwealth of Massachusetts for a clinical psychology license, she would have been evaluated by the Board of Psychology for licensure notwithstanding that Saybrook was not a doctoral program so designated.

Plaintiff did not, at any time during her matriculation at Saybrook, or prior to her graduation from Saybrook in late 2002 with her Ph.D. degree, inform Saybrook of changes in Massachusetts laws or regulatory interpretations. Plaintiff failed to exercise her obligation during her matriculation at Saybrook from 1996 to 2002, to acquire information regarding her home state's revisions to existing laws governing licensure, despite being advised by Saybrook that she should do so and that Saybrook had neither undertaken the obligation to do so nor had undertaken the obligation to inform her of such laws or revisions to laws.

8

INTERROGATORY NO. 8

Describe the dates and contents of all communications that Saybrook provided to any students or graduates regarding regulatory, statutory, or other obstacles that face students who seek licensure as a psychologist in Massachusetts.

ANSWER NO. 8

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and not limited in time. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

During the time that the plaintiff was a student, Saybrook communicated to plaintiff that it was her responsibility to contact the local licensing boards in the state in which she planned to practice in order to obtain detailed licensure requirements. It further informed her that such legal regulations are constantly changing and thus she should monitor such regulations. At no time did Saybrook inform the plaintiff that Saybrook would monitor those regulations on her behalf; nor did Saybrook give her legal advice; nor did Saybrook exempt the plaintiff from her responsibility to stay informed of Massachusetts laws and changes thereto; nor did it guarantee plaintiff that there would never be changes to Massachusetts laws that could adversely affect her application for a Massachusetts clinical psychology license. In further answering, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-1995, Student Handbook 1996-1997, Student Handbook 1997-1998, Student Handbook 1998-1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2000, Saybrook Catalogue 2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the plaintiff in its Automatic Disclosures. Additionally, Saybrook refers the plaintiff to a February 2004 alert letter to students who are or may be seeking clinical

9

psychology licensure, and related March 2004 documents, which are being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 9

Describe the dates and contents of all communications that Saybrook provided to any students or graduates regarding regulatory, statutory, or other obstacles that face students who seek licensure as a psychologist in states other than Massachusetts.

ANSWER NO. 9

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

During the time that the plaintiff was a student, Saybrook communicated to plaintiff (and other students as well, but communications to other students or non-communications to other students is inapposite to the communications to plaintiff) that it was the plaintiff's responsibility to contact the local licensing boards in the state in which she planned to practice in order to obtain detailed licensure requirements. It further informed her that regulations are constantly changing and thus she was responsible to monitor the regulations. In further answering, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-1995, Student Handbook 1996-1997, Student Handbook 1997-1998, Student Handbook 1998-1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2000, Saybrook Catalogue 2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the plaintiff in its Automatic Disclosures. Additionally, Saybrook refers

10

the plaintiff to a February 2004 alert letter to students, March 2004 related documents, and to student catalogs covering the 1990-1994 period of time, which are being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 10

For the period of 1995 to the present, please describe all efforts that were undertaken by, or on behalf of Saybrook, to determine if Saybrook students or graduates would meet regulatory, statutory, or other requirements for licensure as a psychologist in each of the fifty states of the Unites States, describing:

> (a) the names and addresses of all persons who researched these issues;

> (b) the nature and extent of their research; and

> (c) the date(s) of their research.

ANSWER NO. 10

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

Saybrook never made a determination that its students would meet regulatory, statutory, or other requirements for licensure as a psychologist in each of the fifty states as it could not make that determination because it is not a licensing board. Saybrook did not undertake the responsibility to research various states licensing requirements, but rather made it clear to its students that such was their own responsibility. Saybrook received information about some states' licensing requirements, but it has no knowledge of any officer or managing agent of Saybrook, or any Saybrook employee, before or during the matriculation of plaintiff at Saybrook, receiving knowledge that Massachusetts changed its laws, effective September 1, 2000, so as to

11

restrict the ability of graduates of schools not designated by the Association of State and Provincial Psychology Boards, to apply for such a license.

INTERROGATORY NO. 11

For every academic year between 1995-96 and the present, please identify all individuals at Saybrook who provided assistance to Saybrook students or graduates to help them understand professional licensure requirements for psychologists in any jurisdictions, stating separately for each academic year:

      (a) the names and addresses of all Saybrook employee who provided assistance; and

      (b) a description of the assistance that was provided.

ANSWER NO. 11

      Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

      Saybrook communicated generally to applicable students that it was the student's responsibility to contact the local licensing boards in the state in which they planned to practice in order to obtain detailed licensure requirements and that Saybrook did not undertake that responsibility. It further informed the students that regulations are constantly changing and thus they must monitor the regulations. This was communicated in its handbooks, catalogues, as well as during its residential conferences. If a student had a particular question regarding a state's licensing requirements, Saybrook would include information that the student should contact that state's licensing board to discuss the requirement. To the extent that Saybrook was able to assist in the basic understanding of a requirement, Saybrook undertook no obligation but would refer the student to external sources for knowledge of the requirement, but without guarantees of its accuracy or finality, since the student was advised to be responsible to obtain reliable

12

information from their respective state authority and not second-hand from others. At no time did Saybrook make any representations of fact to plaintiff, of which it knew to be untrue, as to the state of the law in Massachusetts regarding licensure. Saybrook did not have superior knowledge of such information as compared with the plaintiff, and plaintiff in fact had at least equal or greater access to such information and was fully aware of how to access that information. At no time did Saybrook inform plaintiff that during her ongoing matriculation at Saybrook it would or had undertook an obligation to inquire on her behalf, or otherwise, as to Massachusetts laws and changes thereto. It appears that at the time of plaintiff's enrollment with Saybrook, plaintiff had indeed inquired of Massachusetts as to its law and gained information that at that time attending Saybrook would not prohibit her from gaining licensure under Massachusetts law; however, plaintiff failed thereafter to inquire of Massachusetts' authorities, and failed to read periodical information disseminated or available to her in Massachusetts. In addition to Saybrook's faculty, during plaintiff's matriculation the following individuals may have knowledge of these matters

1.  Dr. Maureen O'Hara, president emeritus, Saybrook Graduate School and Research Center, 747 Front Street, 3rd Floor, San Francisco, CA 94111;

2.  John W. Reho, Vice President of Operations and CFO, Saybrook Graduate School and Research Center, 747 Front Street, 3rd Floor, San Francisco, CA 94111;

3.  Dr. William Bruff, Associate Vice President of Academic Affairs, Saybrook Graduate School and Research Center, 747 Front Street, 3rd Floor, San Francisco, CA 94111;

4.  Donald Cooper, Director of Alumni Affairs, Saybrook Graduate School and Research Center, 747 Front Street, 3rd Floor, San Francisco, CA 94111.

5.  Robert Schley, Director of Conferences, Saybrook Graduate School and Research Center, 747 Front Street, 3rd Floor, San Francisco, CA 94111.

6.  Bruce Gordon, Director of Financial Aid, Saybrook Graduate School and Research Center, 747 Front Street, 3rd Floor, San Francisco, CA 94111.

13

INTERROGATORY NO. 12

Please describe all communications between Susan Cooney and Saybrook administrators or staff, at any time between 1995 and the present, regarding Ms. Cooney's intention or efforts to be licensed as a Massachusetts psychologist, stating for each such communication:

> (a) the date of the communication;

> (b) the names and addresses of all persons who participated in the communication;

> (c) a summary of what each participant said in the communication; and

> (d) a description of any documents that memorialize the communication.

ANSWER NO. 12

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

The plaintiff stated in her application for admission that she wished to pursue a Ph.D. in psychology and "planned to pursue a position in [Dr. Bessel Van der Kolk's] Trauma Clinic at the Eric Lindemann Mental Health Center which is part of Mass. General Hospital."

Saybrook is not aware of any efforts the plaintiff took to be licensed as a Massachusetts psychologist other than those alleged in the correspondence previously produced in its Automatic Disclosures, as well as the records produced by subpoena from the Massachusetts Board of Registration of Psychologists, which also have been produced to the plaintiff.

Saybrook is not aware of any graduates of Saybrook whose application for licensure as a clinical psychologist was not granted including Richard Francis who, Saybrook has been informed, was licensed by Massachusetts in or about year 2002. Saybrook was contacted in late 2000 or early 2001 to assist Mr. Francis. At that time, it appears that the plaintiff had already completed all course requirements for her Ph.D. degree and remaining only was her dissertation.

14

In further answering, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to all correspondence and the plaintiff's Application for Admission previously produced to the plaintiff in Saybrook's Automatic Disclosures.

INTERROGATORY NO. 13

Please describe all communications between Saybrook students other than Susan Cooney and Saybrook administrators or staff, at any time between 1990 and the present, regarding the problems or issues that Saybrook graduates encountered in attempting to qualify for licensure as a Massachusetts psychologist, stating for each such communication:

> (a) the date of the communication;

> (b) the names and addresses of all persons who participated in the communication;

> (c) a summary of what each participant said in the communication; and

> (d) a description of any documents that memorialize the communication.

ANSWER NO. 13

Saybrook objects to this Interrogatory as it is ambiguous and requests information that if disclosed would violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. 99, as well as various state privacy laws. Saybrook also objects to this Interrogatory on the grounds that it is unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

Saybrook had communications with one graduate regarding problems encountered in obtaining a license from the Massachusetts Board of Registration of Psychologists in approximately late 2000 or early 2001. Saybrook is aware that the Massachusetts Board of Registration of Psychologists did grant the graduate a license to practice in Massachusetts.

15

Since becoming aware of the plaintiff's problems obtaining a license, Saybrook has had communications with students who have informed Saybrook that they wish to become licensed psychologists in Massachusetts and informing the students that they may not be able to become licensed in Massachusetts as a psychologist based on recent changes in the law and that they should secure accurate information by direct contact with the Massachusetts Board of Registration of Psychologists. In further answering, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to its February 2004 alert letter to students and March 2004 documents, all of which are being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 14

Please describe all communications between Saybrook and the Board of Registration of Psychologists of Massachusetts, at any time from 1990 to the present, concerning efforts by any Saybrook students or graduates to obtain licensure in Massachusetts, stating for each such communication:

> (a) the date of the communication;
>
> (b) the names and addresses of all persons who participated in the communication;
>
> (c) a summary of what each participant said in the communication;
>
> (d) the name and address of each student who was seeking licensure; and
>
> (e) a description of any documents that memorialize the communication.

ANSWER NO. 14

Saybrook objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

Saybrook is unaware of any communications with the Massachusetts Board of Registration of Psychologists. Saybrook offered to the plaintiff to speak with the Massachusetts

16

Board of Registration of Psychologists to assist her in obtaining her license, but the plaintiff declined.

INTERROGATORY NO. 15

Please describe all communications between Saybrook and psychology licensing boards in states other than Massachusetts, at any time from 1990 to the present, concerning statutory, regulatory, or other restrictions facing Saybrook graduates in qualifying for licensure as a psychologist, stating for each such communication;

   (a) the date of the communication;

   (b) the names and addresses of all persons who participated in the communication;

   (c) a summary of what each participant said in the communication;

   (d) the name and address of each student who was seeking licensure;

   (e) identification of the state(s) in which licensure was sought; and

   (f) a description of any documents that memorialize the communication.

ANSWER NO. 15

   Saybrook objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence.  Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

   Saybrook has information, after the filing of the plaintiff's claim, that does not relate in any way to Massachusetts.  Saybrook has had communications with the State of California's psychology licensing board on several occasions over the fifteen year span.

17

963619v1

INTERROGATORY NO. 16

Please describe all communications between Saybrook and elected officials or government agencies (other than psychology licensing boards) regarding statutory, regulatory, or other restrictions facing Saybrook graduates in qualifying for licensure as psychologists in Massachusetts, stating for each such communication:

 (a) the date of the communication;

 (b) a description of all persons who participated in the communication;

 (c) a summary of what each participant said in the communication;

 (d) the name and address of each student who was seeking licensure;

 (e) a description of any documents that memorialize the communication.

NOTE: This request includes but is not limited to Attorneys General, consumer protection agencies, higher education boards or agencies, state or federal legislators, and any other elected officials.

ANSWER NO. 16

 Saybrook objects to this Interrogatory on the grounds that it is not relevant, overly broad, and unduly burdensome. Notwithstanding nor waiving the objection and subject to the General Objections specifically incorporated herein, Saybrook states as follows:

 Saybrook is unaware of such communications.

INTERROGATORY NO. 17

Please describe all communications between Saybrook and elected officials or government agencies (other than psychology licensing boards) regarding obstacles or restrictions facing Saybrook students, on account of their Saybrook degree, in qualifying for licensure as psychologists in jurisdictions other than Massachusetts, stating for each such communication:

 (a) the date of the communication;

(b) a description of all persons who participated in the communication;

(c) a summary of what each participant said in the communication;

(d) the name and address of each student who was seeking licensure;

(e) identification of the state(s) in which licensure was sought; and

(f) a description of any documents that memorialize the communication.

NOTE: This request includes but is not limited to Attorneys General, consumer protection agencies, higher education boards or agencies, state or federal legislators, and any other elected officials.

ANSWER NO. 17

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence.

Saybrook has information, after the filing of the Cooney claim, which does not relate in any way to Massachusetts.

INTERROGATORY NO. 18

Please describe all communications between Saybrook and academic accrediting agencies regarding difficulties encountered by Saybrook graduates, on account of their Saybrook degree, in qualifying for licensure as psychologists, at any time between 1990 and the present.

ANSWER NO. 18

Saybrook objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

19

Saybrook is unable to determine which graduates, if any, encountered problems qualifying for licensure as a psychologist solely on account of their Saybrook degree. Specifically, the statutory and regulatory licensing standards are diverse among the states and the actual judgment of each state licensing board varies from case to case, and year to year. Saybrook has information, after the filing of the Cooney claim that does not relate in any way to Massachusetts.

INTERROGATORY NO. 19

Please describe all communications between Saybrook and the American Psychological Association regarding difficulties encountered by Saybrook graduates, on account of their Saybrook degree, in qualifying for licensure as psychologists.

ANSWER NO. 19

Saybrook objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

Saybrook is unable to determine which graduates, if any, encountered problems qualifying for licensure as a psychologist solely on account of their Saybrook degree. Specifically, the statutory and regulatory licensing standards are diverse among the states and the actual judgment of each state licensing board varies from case to case, and year to year. As such, Saybrook is unaware of communications with academic accrediting agencies regarding difficulties encountered by Saybrook graduates on account of their Saybrook degree.

20

963619v1

INTERROGATORY NO. 20

Please describe any and all steps that Saybrook has taken, at any time between 1990 and the present, to seek accreditation through the American Psychological Association.

ANSWER NO. 20

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

Saybrook has not sought accreditation through the American Psychological Association; however, at different times in its history, different faculty and officers of Saybrook have given consideration to the possibility of exploring same. In further answering, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff and to the APA-related documents, which are being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 21

Please describe any and all steps that Saybrook has taken, at any time between 1990 and the present, to be designated as a doctoral program in psychology by the Association of State & Provincial Psychology Boards.

ANSWER NO. 21

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

21

Saybrook has not sought to be designated as a doctoral program in psychology by the Association of State & Provincial Psychology Boards. In further answering, pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to the APA-related documents, which are being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 22

Please describe all research, tracking, and/or reporting that is done by, or on behalf of Saybrook, regarding the occupation, employment placement, or post-graduate studies of Saybrook graduates that received doctoral degrees in psychology or any allied field.

ANSWER NO. 22

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

To the extent it is able to obtain the information, which is voluntarily given by its graduates, Saybrook has some, but not complete or systematic information regarding its graduates' occupations, employment placements, and post-graduate studies. This information normally comes through its Alumni Association.

INTERROGATORY NO. 23

Please describe all seminars, presentations, information tables, or other recruitment efforts that Saybrook has conducted in Massachusetts from 1990 to the present, describing for each such effort:

(a) the date of the seminar, presentation, information, table, etc;

(b) the location where the presentation or information was offered;

22

(c) the names and titles of all Saybrook staff who attended the event.

ANSWER NO. 23

Saybrook objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

Pursuant to Fed. R. Civ. P. 33(d), Saybrook refers the plaintiff to documents referring to the Cambridge meeting in Massachusetts in 1998 and 1999, which are being forwarded to the plaintiff under separate cover. In addition, Saybrook refers the plaintiff to its Interim Catalog 1994-1995, Student Handbook 1994-1995, Student Handbook 1996-1997, Student Handbook 1997-1998, Student Handbook 1998-1999, Student Handbook 1999-2000, Student Handbook 2000-2001, Saybrook Catalogue 1996-1998, Saybrook Catalogue 1998-1999, Saybrook Catalogue 1999-2000, Saybrook Catalogue 2000-2001, and Saybrook Catalogue 2001-2002, all of which were previously provided to the plaintiff in its Automatic Disclosures. Additionally, Saybrook refers the plaintiff to a February 2004 alert letter to students, March 2004 related documents, and to the student catalogs covering the 1990-1994 period of time, which are being forwarded to the plaintiff under separate cover and which show that Massachusetts residents were not ineligible for application for admission to Saybrook.

INTERROGATORY NO. 24

Please identify all academic terms during which Susan Cooney attended Saybrook or received graduate instruction at Saybrook.

ANSWER NO. 24

Saybrook objects to this request on the grounds that it is unduly burdensome as the plaintiff is already in possession of such information. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, pursuant to

23

Fed. R. Civ. P. 33(d), Saybrook refers the Plaintiff to the Official Academic Transcript previously given to the plaintiff in Saybrook's Automatic Disclosures as well as Susan Cooney's complete registrar's file, which is being forwarded to the plaintiff under separate cover.

INTERROGATORY NO. 25

Please identify any instances in which Susan Cooney violated any academic code of conduct or any other Saybrook policy, stating for each such instance:

    a. The exact name of the code, policy or rule that was violated;

    b. A summary of the nature of the alleged violation(s);

    c. The date of the alleged violations; and

    d. The manner in which the alleged violation was documented, and reported to Susan Cooney.

ANSWER NO. 25

    Subject to the General Objections specifically incorporated herein, Saybrook states that the plaintiff did not violate any academic code of conduct while she was a student at Saybrook. The plaintiff, however, did fail to follow Saybrook's polices as outlined in its Catalogues and Student Handbooks. Specifically, the plaintiff failed to undertake her responsibility to monitor and stay current with the licensure requirements for the state in which she planned to practice. In further answering, pursuant to Fed. R. Civ. P. 33(c), Saybrook refers the plaintiff to the Catalogues and Student Handbooks previously produced to the plaintiff in its Automatic Disclosures, as well as to the plaintiff's Registrar's file, which is being forwarded to the plaintiff under separate cover, and which reveals plaintiff's academic issues.

INTERROGATORY NO. 26

Please identify all academic degrees, honors, awards, or certificates that Susan Cooney received as a result of her studies at Saybrook.

963619v1

ANSWER NO. 26

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26.1(C), Saybrook objects to this Interrogatory as the plaintiff is not entitled to serve more than 25 interrogatories without leave of the Court.

INTERROGATORY NO. 27

Please identify all civil, criminal or administrative complaints filed by Saybrook, or its students or graduates, against any psychology licensing board concerning the eligibility of Saybrook students for licensure as a psychologist. For each such legal action, state the following:

(a) the names and addresses of the parties;

(b) the name and address of the court or agency at which the complaint was filed;

(c) the docket number of the complaint, and the date of filing;

(e)(sic) a description of all legal claims; and

(f) a description of the current status of the legal claim.

ANSWER NO. 27

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26.1(C), Saybrook objects to this Interrogatory as the plaintiff is not entitled to serve more than 25 interrogatories without leave of the Court.

INTERROGATORY NO. 28

Please describe all civil, criminal, or administrative complaints, demand letters, or other complaints filed against Saybrook by any current or former student, at any time from 1990 to the present. For each such legal action, state the following:

(a) the names and addresses of the parties;

(b) the name and address of the court or agency at which the complaint was filed;

(c) the docket number of the complaint, and the date of filing;

25

(e)(sic) a description of all legal claims; and (f) a description of the current status of the legal claim.

(f) a description of the current status of the legal claim.

ANSWER NO. 28

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26.1(C), Saybrook objects to this Interrogatory as the plaintiff is not entitled to serve more than 25 interrogatories without leave of the Court.

INTERROGATORY NO. 29

Describe the dates, subjects, and outcomes of any meetings of Saybrook's Board of Trustees, or any Trustee committees, during which there was an agenda item, discussion, presentation, vote, order, or recommendation related to any of the following subjects:

(a) statutory, regulatory, or other restrictions that limit the ability of Saybrook graduates, on account of their degree, to qualify for licensure as a psychologist in Massachusetts or any other jurisdiction;

(b) accreditation of Saybrook by the American Psychological Association;

(c) designation of Saybrook as a doctoral program in psychology by the Association of State & Provincial Psychology Boards;

(d) legal claims initiated by or against Saybrook or by or against Saybrook students related, in any way, to obstacles facing Saybrook graduates in qualifying for licensure as a psychologist.

ANSWER NO. 29

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26.1(C), Saybrook objects to this Interrogatory as the plaintiff is not entitled to serve more than 25 interrogatories without leave of the Court.

26

INTERROGATORY NO. 30

Identify each person that you intend to call as an expert witness at trial, stating:

      (a) the subject matter on which the expert is expected to testify;

      (b) the substance of the facts and opinions to which the expert is expected to testify; and

      (c) a summary of the grounds for each such position.

ANSWER NO. 30

      Pursuant to Fed. R. Civ. P. 33 and Local Rule 26.1(C), Saybrook objects to this Interrogatory as the plaintiff is not entitled to serve more than 25 interrogatories without leave of the Court.

27

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___18___ DAY OF _NOVEMBER_ 2005.


*The undersigned deposes and says that he signs the answers to Plaintiff's First Set of Interrogatories for and on behalf of himself and is authorized to do so; that the matters stated in the foregoing responses are not all within his personal knowledge; that such facts as are stated in said answers which are not within the personal knowledge of the deponent have been assembled by authorized agents, employees and counsel of said defendant and the deponent is informed and believes that the facts stated in said responses are true and so states under the pains and penalties of perjury.*

John W. Reho
Vice President of Operations & CFO


As to Objections:


_____
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
617-439-7500

28

963619v1