

**SAYBROOK**

SAYBROOK INSTITUTE
GRADUATE SCHOOL AND
RESEARCH CENTER
450 PACIFIC, 3RD FLOOR
SAN FRANCISCO, CA 94133-4640
(415) 433-9200
FAX: (415) 433-9271

OFFICE OF THE PRESIDENT

February 13, 1996

**EXHIBIT 11**
to Plaintiff's Opposition

Robert G. Coutu, Ph.D., Chair
Board of Registration of Psychologists
L. Saltonstall Building, Government Center
100 Cambridge Street, 15th Floor
Boston, MA 02202

Dear Dr. Coutu:

This letter is to protest the regulatory changes being proposed by the Massachusetts Board of Registration of Psychologists. The proposed rules would discriminate against graduates of Saybrook Institute, a regionally accredited graduate school and research center. If passed by the Board over the substantial protests registered on January 12, 1996, at a meeting of that Board, the Board will have changed a long-standing rule permitting our graduates to sit for the psychologist's licensure examination. The clauses would be discriminatory for the following reasons:

- If adopted, the law will discriminate against individuals, especially older persons, women, minorities, and disabled persons who choose to engage in quality regionally accredited doctoral programs which include alternatively formatted formulae consistent with the intent of the Massachusetts law relating to residency in the doctoral programs qualifying for psychologist licensure eligibility.

- The proposed clauses are contrary to the original intent of the Massachusetts law which was clearly written to provide alternative paths for completing the educational requirements for psychologist licensure. The proposed clauses serve to restrict those alternative paths. The Commonwealth of Massachusetts has a long history of equitable government and affirmative concern for law, order, nondiscriminatory access and inclusion, and for the voices and rights of citizens. The proposed clauses are contrary to those tenets. The proposed clauses are representative of unnecessary additional governmental control, and unnecessary additional government restriction and interference with trades and professions.

- The proposed clauses serve to deprive a set of appropriately trained individuals, especially older persons, women, minorities, and disabled persons the property of a license to practice psychology. That deprivation limits access to the profession, an act which is discriminatory and which constitutes a restraint of trade, and which will ultimately drive up the costs of health care in Massachusetts by limiting competition.

RECEIVED
FEB 16 1996
BOARD OF REGISTRATION
OF PSYCHOLOGISTS

- There is absolutely no evidence which has been presented by the Board or which has appeared in the professional literature which conclusively proves that individuals who engaged in psychology doctoral programs with "traditional," "on campus" residency formulae as indicated in the proposed change in the Board's laws and rules are any better trained, educated, acculturated, and socialized as psychologists than individuals who have graduated from doctoral programs which have alternative, but equivalent residency formulae.

- The proposed clauses manifest complete disregard for contemporary educational philosophy and technology, especially as applied to the population of adult mid-career professionals for whom the traditional model of "on campus" education has proved to be inaccessible, ineffective, and inordinately expensive to the state and to citizens. The proposed clauses are contrary to all tenets of contemporary educational philosophy including the writings of Malcolm Knowles and the very recent publication of the American Psychological Association pertaining to "Learner-Centered Psychological Principles: A Framework for School Redesign and Reform." The APA document emphasizes the nature of the learning process and successful learning as being active, goal directed, self regulating. It indicates that "technologies and instructional practices must be appropriate for learners' level of prior knowledge, cognitive abilities, and their learning and thinking strategies." The proposed clauses are restrictive and presume that all learners are at the same level and are likely to learn via the same strategy -- the very limited strategy of instruction in the on-campus classroom.

- The proposed changes represent an act of overreaching by the Board extending well beyond its established domain of consumer protection. No evidence has been presented which indicates that consumers are harmed by individuals who have achieved licensure and who have graduated from accredited doctoral programs which include alternatively formatted but equivalent residency formulae.

- The adoption of the new clauses (especially without a grandfathering clause) will irrevocably harm many current and potential Massachusetts residents who have studied the current working of the Massachusetts law (for which psychologist licensure precedent has been set), and who have in good faith invested considerable time, effort, and money on the basis of the currently published and effective Massachusetts laws and rules.

The Saybrook Institute Board of Trustees, administration, faculty, students and graduates urge that the Board reject these proposed changes, and that you stand in support of our recommendation.

Sincerely,

Rudy J. Melone, Ph.D.
Interim President



RECEIVED
FEB 16 1996
BOARD OF REGISTRATION
OF PSYCHOLOGISTS

Case 1:04-cv-11572-JLT    Document 53-12    Filed 09/20/2006    Page 3 of 4


EXHIBIT 96
Schwartz
4/28/06  03



SAYBROOK INSTITUTE
GRADUATE SCHOOL AND
RESEARCH CENTER
450 PACIFIC, 3RD FLOOR
SAN FRANCISCO, CA 94133-4640
(415) 433-9200
FAX: (415) 433-9271

OFFICE OF THE PRESIDENT

February 13, 1996


RECEIVED
FEB 16 1996
BOARD OF REGISTRATION
OF PSYCHOLOGISTS

David Ramsey
Board of Registration of Psychologists
L. Saltonstall Building, Government Center
100 Cambridge Street, 15th Floor
Boston, MA 02202

Dear Mr. Ramsey:

This letter is to protest the regulatory changes being proposed by the Massachusetts Board of Registration of Psychologists. The proposed rules would discriminate against graduates of Saybrook Institute, a regionally accredited graduate school and research center. If passed by the Board over the substantial protests registered on January 12, 1996, at a meeting of that Board, the Board will have changed a long-standing rule permitting our graduates to sit for the psychologist's licensure examination. The clauses would be discriminatory for the following reasons:

- If adopted, the law will discriminate against individuals, especially older persons, women, minorities, and disabled persons who choose to engage in quality regionally accredited doctoral programs which include alternatively formatted formulae consistent with the intent of the Massachusetts law relating to residency in the doctoral programs qualifying for psychologist licensure eligibility.

- The proposed clauses are contrary to the original intent of the Massachusetts law which was clearly written to provide alternative paths for completing the educational requirements for psychologist licensure. The proposed clauses serve to restrict those alternative paths. The Commonwealth of Massachusetts has a long history of equitable government and affirmative concern for law, order, nondiscriminatory access and inclusion, and for the voices and rights of citizens. The proposed clauses are contrary to those tenets. The proposed clauses are representative of unnecessary additional governmental control, and unnecessary additional government restriction and interference with trades and professions.

- The proposed clauses serve to deprive a set of appropriately trained individuals, especially older persons, women, minorities, and disabled persons the property of a license to practice psychology. That deprivation limits access to the profession, an act which is discriminatory and which constitutes a restraint of trade, and which will ultimately drive up the costs of health care in Massachusetts by limiting competition.

- There is absolutely no evidence which has been presented by the Board or which has appeared in the professional literature which conclusively proves that individuals who engaged in psychology doctoral programs with "traditional," "on campus" residency formulae as indicated in the proposed change in the Board's laws and rules are any better trained, educated, acculturated, and socialized as psychologists than individuals who have graduated from doctoral programs which have alternative, but equivalent residency formulae.

- The proposed clauses manifest complete disregard for contemporary educational philosophy and technology, especially as applied to the population of adult mid-career professionals for whom the traditional model of "on campus" education has proved to be inaccessible, ineffective, and inordinately expensive to the state and to citizens. The proposed clauses are contrary to all tenets of contemporary educational philosophy including the writings of Malcolm Knowles and the very recent publication of the American Psychological Association pertaining to "Learner-Centered Psychological Principles: A Framework for School Redesign and Reform." The APA document emphasizes the nature of the learning process and successful learning as being active, goal directed, self regulating. It indicates that "technologies and instructional practices must be appropriate for learners' level of prior knowledge, cognitive abilities, and their learning and thinking strategies." The proposed clauses are restrictive and presume that all learners are at the same level and are likely to learn via the same strategy -- the very limited strategy of instruction in the on-campus classroom.

- The proposed changes represent an act of overreaching by the Board extending well beyond its established domain of consumer protection. No evidence has been presented which indicates that consumers are harmed by individuals who have achieved licensure and who have graduated from accredited doctoral programs which include alternatively formatted but equivalent residency formulae.

- The adoption of the new clauses (especially without a grandfathering clause) will irrevocably harm many current and potential Massachusetts residents who have studied the current working of the Massachusetts law (for which psychologist licensure precedent has been set), and who have in good faith invested considerable time, effort, and money on the basis of the currently published and effective Massachusetts laws and rules.

The Saybrook Institute Board of Trustees, administration, faculty, students and graduates urge that the Board reject these proposed changes, and that you stand in support of our recommendation.

Sincerely,

Rudy J. Melone, Ph.D.
Interim President

RECEIVED FEB 16 1996 BOARD OF REGISTRATION OF PSYCHOLOGISTS