

**EXHIBIT 15**
to Plaintiff's Opposition

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY, <br>     Plaintiff, <br><br> v. <br><br> HUMANISTIC PSYCHOLOGY INSTITUTE, d/b/a SAYBROOK INSTITUTE and MAUREEN O'HARA, Individually, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT, MAUREEN O'HARA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The defendant, Maureen O'Hara ("Dr. O'Hara"), pursuant to Fed. R. Civ. P. 33, answers the Plaintiff's First Set of Interrogatories without waiving the following:

(i) the right to object on any grounds to the use of any of the following answers in any other subsequent proceedings or at the trial of this or any other action;

(ii) the right to object on any grounds to any demand for further answers to these Interrogatories or any other discovery procedure relating to the subject matter of these Interrogatories; and

(iii) the right at any time to revise, correct, add to or clarify any of the following answers.

### GENERAL OBJECTIONS

1. Dr. O'Hara objects to the Interrogatories to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

2. Dr. O'Hara objects to the Interrogatories to the extent that they are overly broad, duplicative, vague and ambiguous, or unduly burdensome.

963623v1

3. Dr. O'Hara objects to the Interrogatories to the extent that they call for information protected from discovery because it is subject to the attorney-client privilege or constitutes materials prepared by or for Dr. O'Hara or her representatives in anticipation of litigation or for trial and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

4. Dr. O'Hara objects to the Interrogatories to the extent that they call for information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to discovery of admissible evidence.

5. Dr. O'Hara objects to the Interrogatories to the extent that they seek information not within her possession, custody or control.

6. Dr. O'Hara objects to the Interrogatories as inherently burdensome and oppressive to the extent that they seek information already in the possession of the plaintiff.

7. Dr. O'Hara's failure to object to the Interrogatories on a particular ground shall not be construed as a waiver of her right to object on that ground or any additional grounds at a later time.

8. Dr. O'Hara incorporates by reference, as if set forth at length, the General Objections to the Interrogatories into each and every Answer below.

### INTERROGATORIES

### INTERROGATORY NO. 1

Please identify your name and current residential address(es).

### ANSWER NO. 1

Dr. Maureen O'Hara, Greenbrae, California.

admissible evidence. It is also a matter of constitutional right of privacy in California as to my personnel privacy. It is also subject to a confidential employment agreement setting forth my continuing relationship with Saybrook. It is my belief that my change of position from President to President Emeritus was not related to plaintiff or the facts and circumstances alleged in her lawsuit.

**INTERROGATORY NO. 8**

Please describe your understanding of any regulatory, statutory, or other obstacles that restrict Saybrook students or graduates from qualifying for licensure as a psychologist in Massachusetts and specify the year when Defendant first determined that Saybrook students or graduates would encounter these obstacles.

**ANSWER NO. 8**

Dr. O'Hara objects to this Interrogatory on the grounds that it seeks a legal conclusion. Additionally, Dr. O'Hara objects as it seeks the mental impressions, conclusions, opinions and/or legal theories of counsel, which is protected by the attorney work-product privilege. Notwithstanding nor waiving these objections and subject to the General Objections specifically incorporated herein, Dr. O'Hara states as follows:

Saybrook was a member of the Consortium of Diversified Programs in Psychology ("CDPP"). The CDPP was active in state-by-state efforts to monitor and influence existing and changing regulations, which permit graduates from alternative programs to sit for licensure. As a result of Saybrook's membership with the CDPP, and my direct participation in CDPP, I was aware in 1997 that Saybrook graduates may face challenges in obtaining a license as a psychologist in Massachusetts. It is my understanding that in early 1996, the CDPP became aware that Massachusetts was considering changing its residency requirements to require one

year on site. Despite the challenge, it is my understanding that Saybrook graduates have in fact been granted licenses in Massachusetts.

I was unaware, however, until after the plaintiff graduated from Saybrook, that Massachusetts required that its applicants graduate from a doctoral program that is designated by the Association of State and Provincial Psychology Boards. It appears that change became into effective September 1, 2000. Prior to September 1, 2000, as I now understand it, it would appear from some interpretations of Massachusetts law, that had the plaintiff by that date submitted a completed application to the Commonwealth of Massachusetts for a clinical psychology license, she would have been evaluated by the Board of Psychology for licensure notwithstanding that Saybrook was not a doctoral program so designated.

I am informed that plaintiff did not, at any time during her matriculation at Saybrook, or prior to her graduation from Saybrook in late 2002 with her Ph.D. degree, inform me of Massachusetts laws or regulatory interpretations; and that plaintiff failed to exercise her obligation during her matriculation at Saybrook from 1996 to 2002, to acquire information regarding her home state's revisions to existing laws governing licensure, despite being advised by Saybrook that she should do so and that Saybrook had neither undertaken the obligation to do so nor had undertaken the obligation to inform her of such laws or revisions to laws.

**INTERROGATORY NO. 9**

Describe your knowledge of the dates and contents of all communications that Saybrook or Defendant provided to any students or graduates regarding regulatory, statutory, or other obstacles that face students who seek licensure as a psychologist in Massachusetts.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30th DAY OF November 2005.

_____
Dr. Maureen O'Hara

As to Objections:

_____
Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
617-439-7500

33

963623v1

3·33