UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04- 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>      Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE SCHOOL<br>AND RESEARCH CENTER and<br>MAUREEN O'HARA, Individually,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff incorrectly argues in her Opposition to Defendant's Motion for Summary Judgment that Saybrook Graduate School and Research Center ("Saybrook") breached the terms of a contract by failing to inform her of changing regulations and emerging licensure obstacles in Massachusetts. As there is no basis in law or fact for this argument, the Court should grant defendant's Motion for Summary Judgment.

    A.    **There is No Evidence for Plaintiff's Breach of Contract Claim**

Despite an attempt to make the simple facts of this case appear convoluted, plaintiff's Opposition boils down to one single argument: "Saybrook breached the clear and unequivocal terms of its contract with Cooney by failing to inform her of changing regulations and emerging licensure obstacles in Massachusetts." See Plaintiff's Opposition p.10 (Docket #53). This argument, however, fails in light of the unambiguous terms of Saybrook's 1994-95 Interim Catalogue ("1994-95 Catalogue"), which the plaintiff has acknowledged constituted the contract between her and Saybrook. Id. at p. 2, 9-10.

Saybrook's 1994-95 Catalogue does not contain any promise, enforceable or not, that Saybrook would in the future notify students of any changes in state certification regulations. As plaintiff notes, in order for a promise in a student handbook to be considered a contract, it must be "definite and certain so that the promissory should reasonably foresee that it will induce reliance." Guckenberger v. Boston Univ., 974 F. Supp. 106, 150 (D. Mass. 1997). Plaintiff cannot show that the 1994-95 Catalogue contained a promise to inform students of future changes in state regulations, let alone one that was "definite and certain." A promise is defined as "'a manifestation of an intention to act or refrain from acting in a specified way, so as to justify a promisee in understanding that a commitment has been made.'" Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. 841, 850 (1995) (finding a bank's oral statement of its intention to give a construction loan, was not a binding promise), quoting, Restatement (Second) of Contracts § 2 (1981). Clearly, Saybrook did not manifest an intention or agreement to keep students informed of the changing regulations in every state, as such language is nowhere set forth in the Catalogue.

Rather, Saybrook's 1994-95 Catalogue clearly and unequivocally advised students to contact the licensing board in the state that they plan to practice and "to be aware, however, that states review applications individually to be sure all requirements of the state licensing board have been met. Regulations are constantly changing." See 1994-95 Catalogue at 3 (Exhibit 2 to Garcia Aff. Docket # 50). The fact that Saybrook is "committed to assisting those students who plan to seek licensure in the state of their choice" does not create a contract in which Saybrook agreed to inform students of changing regulations. Id. Rather, these words have to be interpreted based on their unambiguous meaning. Alternative Energy v. St. Paul Fire & Marine Ins. Co., 311 F.3d 450, 452 (1st Cir. 2002) ("When a contract is unambiguous, the interpretation

1027155v1

of such contract is left to the court to construe the unambiguous language in accordance with its plain and generally accepted meaning").

Saybrook's notification to students that it was a member of the Consortium of Diversified Psychology Programs (the "CDPP") also does not create the promise the plaintiff desires. Specifically, Saybrook's Catalogue explained that it was the CDPP, not Saybrook, which was "active in state-by-state efforts to monitor and influence existing and changing regulations which permit graduates from alternative programs to sit for licensure." See 1994-95 Catalogue at 3. This statement of the CDPP's purpose does not state, and cannot be interpreted as stating, that Saybrook agreed to inform students of "changing regulations and emerging licensure obstacles in Massachusetts" as the plaintiff alleges. Therefore, plaintiff's allegations regarding information on various states' regulations that Saybrook may or may not have known is not at issue in this case as Saybrook had no duty, contractual or otherwise, to monitor or disclose such information.

Susan Cooney breached her responsibilities as stated in Saybrook's 1994-5 Catalogue. The 1994-95 Catalogue advised students that state licensing regulations are constantly changing and that, as a result, students should stay current with the regulations. Id. at 3. Susan Cooney has admitted that she neglected to keep herself current with Massachusetts regulations. See Cooney Dep. at Vol. 1 56-7, 72 (stating that she did not make inquiry of the Board regarding the requirements for licensure as a psychologist from the summer of 1995 until early 2003) (Exhibit 4 to Garcia Aff. Docket #50). As such, Cooney cannot pin the consequences of her complete disregard of Saybrook's Catalogue onto Saybrook. See e.g. Doyle v. Hasbro, 103 F.3d 186, 1948 (1st Cir. 2001) (plaintiff must be ready, willing and able to perform in order to sustain a breach of contract); Vander Realty Co. v. Gabriel, 335 Mass. 267, 270-71 (1956) ("the general rule is that when performance under a contract is concurrent one party cannot put the other in

3

1027155v1

default unless he is ready, able and willing to perform"). Therefore, this Court should enter summary judgment in favor of Saybrook on all counts of the summary judgment motion.

## REQUEST FOR ORAL ARGUMENT

Respectfully Submitted By,

Counsel for Defendants,
SAYBROOK GRADUATE SCHOOL AND
RESEARCH CENTER
and MAUREEN O'HARA

/s/ *Grace V. Bacon Garcia*

Michael F. Aylward, BBO #024850
Grace V. Bacon Garcia, BBO #640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 16, 2006.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia