UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

SUSAN COONEY,
    Plaintiff,

v.

SAYBROOK GRADUATE AND
RESEARCH CENTER,
    Defendant.

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM OFFERING INTO EVIDENCE ANY ALLEGED PROBLEMS TWO SAYBROOK ALUMNI FACED IN OBTAINING LICENSURE AS A PSYCHOLOGIST

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff, Susan Cooney ("Cooney"), from offering into evidence, through any witness or document, any allegations that two former Saybrook alumni, namely Richard Francis and John Burke, had problems obtaining their license as a psychologist in Massachusetts as such testimony is irrelevant to the plaintiff's claims and would only serve to distract the jury.

### RELEVANT FACTS

The plaintiff, through her claims of breach of contract, breach of promissory estoppel, and violation of ch. 93A, contends that Saybrook breached its contract or promise with her to monitor and inform her of licensing changes in Massachusetts. See Amended Complaint ¶¶ 34-48 (Docket #28). In late 2002 and early 2003, the Massachusetts Board of Registration of Psychologists ("Board") informed Cooney that she was ineligible for licensure. Id. at ¶25. During discovery, there has been reference to two Saybrook alumni, Richard Francis and John

1044179v1

Burke, who faced difficulties in obtaining their license as a psychologist in Massachusetts. Both individuals, however, did in fact obtain their license.

Based on the discovery, it appears that Cooney is not eligible to obtain her license in Massachusetts because Saybrook is not designated by the Association of State and Provincial Psychology Boards ("ASPPB"). See October 20, 2004 Correspondence from the Board (Exhibit 1). Discovery has not shown that either Richard Francis or John Burke faced any issues in obtaining licensure because Saybrook was not designated by the ASPPB. Rather, Richard Francis apparently faced issues due to the amount of time he spent "in residence," and John Burke needed to supply course catalogues. The plaintiff has indicated that she intends to submit the following documents:

- November 30, 2000 correspondence by William Bruff to the Massachusetts Board of Registration of Psychologists ("Board") regarding Richard Francis (Exhibit 2);

- Letter from the Board to Richard Francis on November 6, 2001 (Exhibit 3); and

- March 20, 1995 correspondence by Rudy Melone to the Board regarding John Burke (Exhibit 4).

Additionally, although the plaintiff has not identified Richard Francis or John Burke as witnesses to this case, Saybrook anticipates that the plaintiff will seek to question others regarding John Burke and Richard Francis.

## ARGUMENT

Evidence pertaining to Richard Francis and John Burke is irrelevant to the plaintiff's claims. Relevant evidence is that evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

2

1044179v1

Here, Saybrook anticipates that the plaintiff will seek to enter into evidence that Richard Francis and John Burke faced problems in obtaining their license in order to prove that Saybrook knew that Cooney would face an obstacle. Such evidence, even if it shows knowledge of some obstacles, should be precluded as it is not relevance to the plaintiff's claim that Saybrook had a contractual or promissory obligation to monitor and inform her of changing regulations. Indeed, the obstacles alumni may have faced does not make the plaintiff's claim "more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. Therefore, evidence relating to John Burke and Richard Francis should be excluded.

## CONCLUSION

As any testimony or documentary evidence relating to Richard Francis or John Burke is irrelevant to the plaintiff's claims, and is prejudicial, Saybrook respectfully requests an order precluding the plaintiff from offering such evidence.

> Defendant,
> Saybrook Graduate and Research Center
> By its attorneys,
>
> /s/ *Grace V. Bacon Garcia*
> _____
> Thomas C. Federico, BBO# 160830
> Grace V. Bacon Garcia, BBO# 640970
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500

3

1044179v1

## Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: February 1, 2007