UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>　　　　Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL DOCUMENTS RELATING TO THE CONSORTIUM FOR DIVERSIFIED PSYCHOLOGY PROGRAMS AND ANY ALLEGED PARTICIPATION BY RUDY MELONE OR GERRY BUSH AS SUCH IS HEARSAY**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), respectfully requests that the Court preclude the plaintiff, Susan Cooney ("Cooney"), from introducing into evidence certain documents regarding, or purportedly from, the Consortium for Diversified Psychology Programs ("CDPP"). These documents cannot be authenticated, include multiple levels of inadmissible hearsay, and are irrelevant. No witness that Cooney may use to introduce the documents into evidence can corroborate the statements or remedy the hearsay nature of the documents. Therefore, these CDPP documents should be excluded.

**FACTS**

In 1995, the plaintiff Susan Cooney became a student at Saybrook. In October 2002, she graduated Saybrook with a Ph.D. in Psychology. This case centers on the plaintiff's contention that Saybrook is liable to her as it allegedly had a contract with and/or made a promise to her that it would monitor and inform her of changes in licensure regulations while she was a student. See Amended Complaint. To support her claim, Cooney asserts that through involvement with the

1033491v1

CDPP, Saybrook was aware that she would face obstacles in obtaining a license in Massachusetts and that Saybrook had knowledge of this information at the time of her enrollment in the Fall of 1995. Based on the Final Pretrial Memorandum, Cooney intends to introduce at trial the following documents that relate to the CDPP:

1. Information About the Consortium for Diversified Psychology Programs (Exhibit 1);

2. Art Warmoth's December 5, 1994 Memorandum to Psychology Faculty regarding the CDPP (Exhibit 2); and

3. CDPP documents regarding a January 24, 1996 Conference Call (Exhibit 3).

See Final Joint Pre-Trial Memorandum, Plaintiff's List of Contested Exhibits 1, 14, 17 (Docket #65).

## ARGUMENT

### I. Documents Related to the CDPP Should Be Excluded as Plaintiff Cannot Authenticate Them.

The Federal Rules of Evidence require that documents be authenticated or identified to show that they are what they are purported to be. See Fed. R. Evid. 901(a). Although there are several ways to authenticate a document, the plaintiff cannot authenticate any of the documents it proposes to submit. Specifically, there is no one that can testify that has any personal knowledge of the information contained in the documents. Indeed, because these documents are not authenticated, and are not self-authenticating, there is no way to determine which one of the declarants (if any) was actually present at the meetings involving the CDPP. Therefore, there is no one to corroborate the accuracy of these documents. Where there is no guarantee of trustworthiness, such evidence is properly excluded.

## II. The CDPP Documents Should be Precluded as They Contain Inadmissible Hearsay

Hearsay is a statement offered by someone other than the declarant to prove the truth of the matter asserted, see Fed. R. Evid. 801(c), and is generally not admissible, see Fed. R. Evid. 802. Saybrook expects that Cooney will attempt to use the documents to prove that Massachusetts was considering changing its licensing laws and that Saybrook, through its involvement with the CDPP, was aware of the proposed changes. See Final Joint Pre-Trial Memorandum (Docket #65). As Cooney's only purpose for introducing these documents is to prove the truth of the matters asserted therein, and where the documents do not fall within one of the hearsay exceptions, the CDPP documents should be excluded as inadmissible hearsay. Furthermore, the CDPP documents should be excluded because they are rife with multiple levels of inadmissible hearsay which cannot be fixed. See e.g. Exhibit 3 (the document purports to paraphrase what participants discussed during a January 24, 1996 conference call).

## III. Documents Relating to the CDPP Are Not Relevant

Relevant evidence is that having a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Exhibits 1, 2 and 3, relating to the CDPP, are not relevant to any of the plaintiff's claims, such evidence should be excluded.

The plaintiff's only claims against Saybrook are breach of contract, promissory estoppel and violation of Mass. Gen. Laws c. 93A. These claims are based on the allegation that Saybrook breached a contract with the plaintiff to monitor and inform her of state licensing laws. Significantly, the CDPP documents the plaintiff seeks to introduce do not address whether Saybrook had a contract or enforceable promise obligating it to inform Cooney of a change in

3

licensing laws and do not show that Saybrook knew of any such changes. Although the documents indicate that Rudy Melone, a co-chair of the CDPP, had knowledge that different states were contemplating licensing changes, neither the specific licensing changes contemplated nor the extent of Melone's knowledge of those changes is identified. More importantly, there is no information contained in the documents evidencing that Melone relayed any such information to Saybrook. Consequently, introduction of the CDPP documents will not make the existence of any determinative facts more or less probable and, therefore, the documents should be excluded.

## CONCLUSION

As documents relating to the CDPP cannot be authenticated, constitute inadmissible hearsay, and are not relevant, the defendant respectfully requests the Court to preclude the plaintiff from offering such documents into evidence or referring to them at trial.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*
_____
Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

4

1033491v1

## Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: February 1, 2007

1033491v1