UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>　　　　Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING PROPOSED EXHIBITS INTO EVIDENCE WHICH CONTAIN INADMISSIBLE HEARSAY OR ARE IRRELEVANT TO THE CLAIMS ASSERTED**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff from offering the following proposed exhibits into evidence as they either contain hearsay or are irrelevant:

(1) Lawrence Ryan Letter of January 16, 1996 to Robert Coutu (Exhibit 1);

(2) Lawrence Ryan Letter to Robert Coutu dated February 28, 1997 (Exhibit 2)

(3) Lawrence Ryan Letter to Board dated May 8, 1997 (Exhibit 3);

(4) Rudy Melone's Letters to Robert Coutu of February 13, 1996 (Exhibit 4); and

(5) Rudy Melone's Letters to David Ramsey of February 13, 1996 (Exhibit 5).

**RELEVANT FACTS**

Cooney enrolled at Saybrook in the Fall of 1995 and obtained her Ph.D. in October of 2002. See Amended Complaint (Docket #28). Plaintiff claims that while she was a student, Saybrook breached a contract and/or promise to monitor and inform her of psychology licensing regulation changes in Massachusetts. To support these claims, the plaintiff has indicated that she will be producing evidence relating to Saybook's deceased interim President, Rudy Melone, as

1044235v1

well as other school's knowledge of proposed changes to Massachusetts regulations regarding licensure. See Final Pre-Trial Memorandum (Docket # 65).

## ARGUMENT

1. **Lawrence Ryan Letter of January 16, 1996 to Robert Coutu (Exhibit 1) Should Be Excluded, As It Cannot Be Authenticated, Contains Inadmissible Hearsay, And Is Irrelevant.**

Lawrence Ryan's January 16, 1996 letter should be excluded as it cannot be authenticated, contains inadmissible hearsay and is irrelevant. First, this document was not written by anyone affiliated with Saybrook, but rather is an individual apparently affiliated with another school. As such, there is no witness in this case that has any personal knowledge of the information contained in this document, and there is no one who can testify if it is even a complete document. Authentication or identification is a condition precedent to admissibility. See Fed. R. Evid. 901(a). As the plaintiff cannot satisfy this requirement, the document should be excluded.

Second, this document is only being offered to prove the truth of the matter asserted and, thus, is hearsay. See Fed. R. Evid. 801. As this document was not written on behalf of Saybrook, it does not fit into any of the hearsay exceptions and should be excluded. See Fed. R. Evid. 802.

Finally, this document is irrelevant to the plaintiff's claims, as it is not probative on the issue of whether Saybrook had a contractual or promissory obligation to inform the plaintiff of changing licensure laws. See Fed. R. Evid. 401. Therefore, the plaintiff should be precluded from offering this document at trial. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

2

1044235v1

2. **<u>Lawrence Ryan Letter to Robert Coutu dated February 28, 1997 (Exhibit 2) and Lawrence Ryan Letter to Board Dated May 8, 1997 (Exhibit 3) Should Be Excluded As They Cannot Be Authenticated, Contain Inadmissible Hearsay, And Are Irrelevant.</u>**

For the same reasons that Lawrence Ryan's letter of January 16, 1996 should be excluded, both of Lawrence Ryan's 1997 letters should be excluded. Namely, these records cannot be authenticated, contain inadmissible hearsay, and are not relevant to the case. Although both of these letters indicate that Rudy Melone, Saybrook's former interim President, was copied on these letters, there is no one who can testify as to whether Melone actually received the documents, or if he did, the date on which they were received.[1] In fact, Saybrook did not have these letters in its files and, therefore, did not produce them during discovery. Rather, in response to a subpoena, it was the Massachusetts Board of Registration of Psychologists that produced these records. As these records cannot be authenticated, contain inadmissible hearsay and are not relevant to the plaintiff's claims, they should be excluded pursuant to Fed. R. Evid. 901, 802 and 402.

3. **<u>Rudy Melone's Letters to Robert Coutu of February 13, 1996 (Exhibit 4) and Rudy Melone's Letters to David Ramsey of February 13, 1996 (Exhibit 5) Should Be Excluded, As They Are Irrelevant And Their Prejudicial Nature Substantially Outweighs Any Probative Value.</u>**

The two letters, written in 1996 by Saybrook's interim President Rudy Melone, should be excluded as they are irrelevant to the plaintiff's claims. Even if these letters were relevant, their probative value is substantially outweighed by the danger of unfair prejudice.

Defendant expects the plaintiff to offer these letters as evidence that Saybrook knew that the Massachusetts Board of Registration of Psychologists ("Board") was considering making regulatory changes with respect to licensure. See Final Pre-Trial Memorandum (Docket # 65).

---

[1] Rudy Melone died in 1998. See Deposition of Maureen O'Hara at 47 (Exhibit 6).

3

1044235v1

There is nothing in these letters, however, that shows that Saybrook had a contractual or promissory duty to inform the plaintiff of changing licensure laws. Rather, the only thing these letters reflect is that Rudy Melone opposed a *proposed change to regulations*. As such, these records are not relevant to this case, and should be excluded pursuant to Fed. R. Evid. 401 and 402.

Even if this Court finds these records to be relevant, which Saybrook denies, they should be excluded on the grounds that their probative value is substantially outweighed by the danger of unfair prejudice to Saybrook. See Fed. R. Evid. 403. Although these letters indicate that Rudy Melone was aware that the Board was considering a change to the licensure laws, they do not identify the specific regulatory change of which he was aware. The plaintiff is apparently unable to obtain her license because Saybrook is not designated by the Association of State and Provincial Psychology Boards ("ASPPB"). See Board letter to Cooney (Exhibit 7). Thus, it is significant that there is nothing in these letters to indicate that the contemplated change of which Melone was aware had anything to do with designation by the ASPPB.

Additionally, as Rudy Melone died in 1998,[2] there is no indication whether he, or Saybrook, was ever aware that the changes to the Massachusetts regulations governing licensure of psychologists required graduation from programs designated by the ASPPB. Therefore, the mere fact that Rudy Melone was protesting changes to regulations, even if probative, lends itself for a jury to improperly speculate as to whether Saybrook was aware of the change requiring designation by the ASPPB. Therefore, these letters should be excluded pursuant to Fed. R. Evid. 403.

---

[2] See id.

4

1044235v1

## CONCLUSION

For the foregoing reasons, Saybrook respectfully requests that the plaintiff be precluded from offering the proposed documents identified as Exhibits 1 through 5 into evidence.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

## Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

1044235v1

## CERTIFICATE OF SERVICE

    I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: February 1, 2007