UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY, <br>     Plaintiff, <br><br> v. <br><br> SAYBROOK GRADUATE AND <br> RESEARCH CENTER, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM CALLING ARTHUR BOHART, ALAN VAUGHAN AND THOMAS GREENING AS WITNESSES AND INTRODUCING THREE PROPOSED EXHIBITS ON RELEVANCY GROUNDS AND TO PRECLUDE AN ADVERSE INFERENCE ARGUMENT AND/OR INSTRUCTION TO THE JURY WITH REGARD TO THOSE WITNESSES**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff from the following: (1) calling as witnesses Drs. Arthur Bohart, Alan Vaughan or Thomas Greening, as well as from using the deposition testimony of Drs. Bohart and Vaughan,[1] (2) entering into evidence three documents that were prepared or produced by these witnesses; and (3) making an adverse inference argument based on the decision not to call Drs. Bohart, Greening or Vaughan as witnesses. Saybrook moves for such an order as the expected testimony of these individuals, as well as the proposed documents, are not relevant and would only be cumulative of other testimony.

---

[1] To the extent the Court allows the testimony of Drs. Bohart and/or Vaughan, Saybrook intends to produce them in person as opposed to relying on their deposition testimony.

1042656v1

## **RELEVANT FACTS**

Currently, Plaintiff only has three claims pending against the defendant: (1) breach of contract, (2) breach of promissory estoppel; (3) and violation of ch. 93A.[2] Specifically, the plaintiff has asserted that Saybrook breached a contract by failing to monitor and inform her of changing licensing laws while she was a Saybrook student between 1995 and October 2002. See Amended Complaint (Docket #28).

To support these claims, the plaintiff has indicated that she will call Drs. Arthur Bohart, Alan Vaughan and Thomas Greening in order to authenticate three documents. Specifically, the plaintiff expects these witnesses will testify to the following:

(a) Dr. Arthur Bohart will testify regarding the ASPPB Handbook of Licensing and Certification Requirements (Exhibit 1);

(b) Dr. Thomas Greening will testify regarding a March 24, 1997 Memorandum referring to APA Accreditation (Exhibit 2); and

(c) Dr. Alan Vaughan will testify to Psychology Licensing Information Bulletin which is on Saybrook's website (Exhibit 3).

See Joint Pre-Trial Memorandum, Docket # 59.

### A.     **The Proposed Documents and Witnesses are Irrelevant to Plaintiff's Claims**

Plaintiff's intention to examine Drs. Bohart, Greening and Vaughan, will only serve to unnecessarily prolong the trial and distract the jury, as their testimony is irrelevant to the plaintiff's claims. Relevant evidence is that evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. To determine whether something is relevant, it must be shown that the "item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it into evidence." See

---

[2] Plaintiff has dismissed her claims for negligence and negligent infliction of emotional distress.

id. Advisory Committee Notes. Here, the proposed testimony and exhibits are not relevant as they do not have any probative value on any of the essential elements of the breach of contract, promissory estoppel, or violation of 93A claims.[3] As such, the testimony and exhibits should be barred to avoid prejudice, as well as for judicial economy.

### a.    *Dr. Arthur Bohart*

Plaintiff has stated that she intends to call Dr. Arthur Bohart to testify to the ASPPB Handbook of Licensing and Certification Requirements. During Dr. Bohart's deposition, he testified that he downloaded this document from the internet in the Spring of 2003 for the purpose of preparing a letter that went to Saybrook students in 2004. See Bohart Deposition at 12-13 (Exhibit 4). Dr. Bohart further testified that he did not recall ever looking at this website at any time prior to the Spring of 2003. Id. The plaintiff was enrolled as a student at Saybrook between the Fall of 1995 and October of 2002. See Amended Complaint at ¶¶ 11, 18, 23 (Docket #28). All of her claims relate to the time period of 1995-2002. Therefore, any licensure information this document contains is not probative of whether Saybrook breached a contract, or promise, with the plaintiff to monitor and inform her of licensure changes during the time in which she was a student.

### b.    *Dr. Thomas Greening*

The plaintiff intends to call Dr. Thomas Greening to testify regarding a March 24, 1997 Memorandum referring to whether Saybrook should seek accreditation from the American

---

[3] In order to prove a breach of contract action, Cooney must demonstrate that (1) the parties reached a valid and binding contract supported by consideration that Saybrook would provide her with full eligibility for a license in Massachusetts; (2) Cooney was ready, willing and able to perform her obligations under the contract; (3) Saybrook breached the terms of the contract; and (4) Cooney suffered damages as a result of that breach. Singarella v. City of Boston, 342 Mass. 385, 387 (1961). To prove promissory estoppel, Cooney must show that (1) Saybrook made a promise which it reasonably expected would induce Cooney to act or forbear an action of a definite and substantial character; (2) the promise did induce such action or forbearance; and (3) an injustice can only be avoided by the enforcement of the promise. Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 203 (1st Cir. 2004). To prove a violation of Ch. 93A, the plaintiff must show that Saybrook engaged in an unfair act or practice while "in the conduct of any trade or commerce." G.L. ch. 93A, § 2.

3

Psychology Association ("APA"). Dr. Greening has confirmed that he wrote the Memorandum, but has no independent memory of where he obtained the information contained in the memorandum. See Thomas Greening, Ph.D's Answers to Plaintiff's First Set of Interrogatories, Nos. 5, 6, 12, 13 (Exhibit 5). More important than Thomas Greening's lack of memory regarding this document, is the fact that the document is not relevant to the claims of this case. Specifically, the plaintiff has testified that any discussions Saybrook had regarding whether to obtain APA accreditation did not matter to her:

> Q: Was it of any concern to you that the people were discussing APA accreditation in the context of licensure options for psychology students?
>
> A: No, it wasn't any concern. It seemed like an added thing. Just an added thing. It didn't preclude regular licensing. It was an added thing.
>
> Q: Did - - Was it your understanding that the APA accreditation petition would enhance the chances of Saybrook graduates getting licensure in psychology?
>
> MR. MORENBERG: Objection
>
> A: No, it didn't. It didn't -- I didn't really get the impression that it would enhance it. The only asset I saw in APA was that when you were off getting a job an APA school is better.
>
> Q: That's all [?]
>
> A: That's all.
>
> Q: It just had to do with jobs [?]
>
> A: Yeah.
>
> . . .
>
> Q: Did it have to do with licensure?
>
> A: No. We were already approved, in my understanding, to get licensed, so whether or not they got APA approval was irrelevant to me.

4

1042656v1

> Q: So you actually made the judgment at that time that you were at this residential conference that it was irrelevant to you in the matter of licensure as to whether or not the school got APA?
>
> MR. MORENBERG: Objection.
>
> A. That's how I felt, yes.

See Cooney Deposition at 261-62 (Exhibit 6).

As any discussion regarding whether Saybrook was going to seek APA accreditation is not probative of whether Saybrook had a contractual or promissory obligation to monitor and inform Cooney of licensure changes, Dr. Greening's Memorandum, as well as his anticipated testimony is irrelevant to the case.

### c. *Dr. Alan Vaughan*

Plaintiff seeks to call Dr. Alan Vaughan to testify to a <u>Psychology Licensing Information Bulletin</u> which is on Saybrook's website. Dr. Vaughan joined Saybrook in 2003, after Cooney graduated. See Vaughan Deposition at 14 (Exhibit 7). In April or May of 2003, Dr. Vaughan started performing research to develop a web page that "would provide additional education to students on the regulatory scheme of the field of psychology and to facilitate interaction between the students and their local psychology boards . . . ." Id. at 18, 22. Dr. Vaughan finished drafting the Bulletin in July of 2003. Id. at 39.

As Dr. Vaughan's employment and creation of the Bulletin was *after* Cooney graduated from Saybrook, neither his testimony nor the Bulletin is probative with respect to the plaintiff's claims. Therefore, they should be excluded.

### B. The Plaintiff Is Not Entitled to A Missing Witnesses Instruction

Additionally, the defendant seeks an order precluding the plaintiff from making a missing witness argument and/or receiving a missing witness jury instruction based on Saybrook's

decision not to call Arthur Bohart, Alan Vaughan or Thomas Greening as witnesses at trial. Where their testimony would be irrelevant to the case and merely cumulative of other evidence in this case, Drs. Bohart, Vaughan, and Greening are not material witnesses whose absence justifies an inference adverse to Saybrook. Therefore, the Court should preclude the plaintiff from making such an argument and should deny any request by the plaintiff for such a jury instruction.

A negative inference based on the absence of Drs. Bohart, Vaughan and Greening is not permissible where the testimonial evidence of those witnesses would be merely cumulative. The basis for allowing a missing witness argument or jury instruction "is the simple proposition that if a party has evidence which will illuminate questions in issue and fails to present it, it may be inferred that such evidence would be harmful to his case." Steinhilber v. McCarthy, 26 F. Supp. 2d 265, 280 (Dist. Mass. 1998) (quoting U.S. v. Johnson, 467 F.2d 804, 808 (1st Cir. 1972). An adverse inference is impermissible where the evidence not presented would be merely cumulative. U.S. v. Johnson, 467 F.2d 804, 808 (1st Cir. 1972); See Steinhilber, 26 F. Supp. 2d at 281-82 (missing witness argument or jury instruction not appropriate where plaintiffs sufficiently established the witnesses' legal unavailability but the testimony of those witnesses would have been cumulative of other evidence).

To the extent the plaintiff seeks to introduce information from Drs. Bohart, Greening and/or Vaughan regarding Saybrook's knowledge of licensing standards during the time she was a student at Saybrook, such evidence would be merely cumulative of the testimony the plaintiff will be able to obtain from Dr. Maureen O'Hara, former Saybrook President, and Dr. William Bruff, former Associate Vice President of Academic Affairs and current Executive Faculty Member.

## CONCLUSION

As the expected testimony of Drs. Bohart, Vaughan and Greening is irrelevant to the plaintiff's discrete claims of breach of contract, promissory estoppel and violation of Mass. Gen. Laws ch. 93A, Saybrook respectfully requests the Court to issue an order (1) precluding the plaintiff from calling these witnesses; (2) precluding the plaintiff from introducing the three proposed exhibits; and (3) precluding the plaintiff from making a missing witness argument and/or jury instruction based on Saybrook's decision not to call these witnesses at trial.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

### Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

1042656v1

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*

_____

Grace V. Bacon Garcia

Date: February 1, 2007