UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>   Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM OFFERING HEARSAY STATEMENTS OF AN UNKNOWN INDIVIDUAL

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff from offering into evidence the alleged conversation she had with an unidentified individual in 1995. As the plaintiff cannot identify the individual, and is offering the conversation "to prove the truth of the matter asserted," such conversation connotes hearsay and should be excluded.

### RELEVANT FACTS

Cooney has alleged that in 1995, she "reviewed Massachusetts regulations for licensure of psychologist with a Saybrook faculty or staff member, who determined that a Saybrook education met the requirements of Massachusetts." See Amended Complaint at ¶ 13 (Docket #28); Cooney Dep. at Vol. II 59-60 (Exhibit 1). Cooney, however, has not been able to identify this individual and has no notes of this conversation. Id. at Vol. II 122-123. Specifically, Cooney has testified:

> Q: What is the name of the person with whom you met at the 1995 residential conference?
>
> A: I don't know. I have racked my brain.

> Q: You racked your brain? Have you ever seen it written anywhere?
>
> A: I've tried. I've tried really hard. I don't know. I know how important it is.
>
> Q: Do you know if she was faculty?
>
> A: I don't. I presumed that she was faculty, but she could have been student services, so I can't - - I just can't say, and I know how important it is, and I just don't know.
>
> Q: Do you know where she might be in the chain of command?
>
> A: No.
>
> . . .
>
> Q: Do you know how old she was then?
>
> A: No.
>
> Q: Do you know what she looked like?
>
> A: This – I was meeting so many new people, you know, I don't remember.
>
> Q: Did you take any notes of the conversation with her at the time?
>
> A: I don't believe so.
>
> Q: Did you write down anything she said?
>
> A: Not to my knowledge.

Id.

## ARGUMENT

Any alleged conversation the plaintiff had with an unidentified individual in 1995 is hearsay and should be properly excluded. Hearsay is a statement offered to prove the truth of the matter asserted, see Fed. R. Evid. 801(c), and is generally not admissible, see Fed. R. Evid. 802. Saybrook expects the plaintiff will attempt to put into evidence an alleged conversation with an

2

unidentified individual who supposedly told the plaintiff that she met the Massachusetts criteria for licensure and that "we understand you want to be a psychologist in Massachusetts and you will be able to be." Id. at 60. The plaintiff's only purpose in entering this information is to argue its truth, and therefore, it should be excluded as inadmissible hearsay.

Saybrook also expects that the plaintiff may argue that the conversation constitutes an admission by a party-opponent and, therefore, is not hearsay. Pursuant to Fed. R. Evid. 801(d)(2), in order for such a statement to be considered not hearsay, it must be:

> (A) the parties' own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

Id. Thus, in order for such a statement to be considered non-hearsay, one needs to know the identity of the speaker. The plaintiff has not and cannot identify the individual, and thus, the parties cannot test the trustworthiness of such a statement. As such, the plaintiff cannot prove that the statement is not hearsay.

Moreover, the allowance of such a conversation will only lead the jury to improperly speculate as to the identity of the speaker. The speaker at issue could have been anyone, including another student or another attendee at the residential conference. As the plaintiff cannot identify the speaker, introducing the conversation into evidence will only permit a jury to speculate.

## CONCLUSION

As the plaintiff cannot identify the individual she spoke with, and is attempting to submit the alleged conversation she had with such individual for the truth of the matter asserted,

1044095v1

Saybrook seeks an order precluding the plaintiff from testifying regarding her conversation with an unidentified individual as the conversation constitutes hearsay.

> Defendant,
> Saybrook Graduate and Research Center
> By its attorneys,
>
> /s/ *Grace V. Bacon Garcia*
> _____
> Thomas C. Federico, BBO# 160830
> Grace V. Bacon Garcia, BBO# 640970
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500

### Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

> /s/ *Grace V. Bacon Garcia*
> _____
> Grace V. Bacon Garcia

### CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

> /s/ *Grace V. Bacon Garcia*
> _____
> Grace V. Bacon Garcia

Date: February 1, 2007

1044095v1