UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY, <br>     Plaintiff, <br><br> v. <br><br> SAYBROOK GRADUATE AND <br> RESEARCH CENTER, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE ANY SALLIE MAE, OR OTHER, LOAN DOCUMENTS**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff, Susan Cooney ("Cooney"), from offering into evidence loan documents from Sallie Mae and another unknown source, as any probative value they may have is substantially outweighed by the danger of confusing and misleading the jury.

**RELEVANT FACTS**

Plaintiff claims that while she was a student at Saybrook, Saybrook breached a contract and/or promise to monitor and inform her of psychology licensing regulation changes in Massachusetts. See Amended Complaint (Docket #28). As a result, she is seeking damages and has put forth documents that are apparently from Sallie Mae and another unknown source. See 2 Page Sallie May printout (Exhibit 1), and Plaintiff's Third Supplemental Response To Defendants' First Request for Production of Documents (Exhibit 2).

**ARGUMENT**

Fed. R. Evid. 403 provides that, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

1044243v1

issues, or misleading the jury . . . ." As such, the plaintiff should be barred from entering into evidence loan documents from Sallie Mae and another unknown source, as they are incomplete and fail to allow one to decipher those loans, if any, associated with Cooney's enrollment at Saybrook.

The only purpose the plaintiff has in submitting these loan documents is to show evidence of her alleged damages in this case. See Plaintiff's Third Supplemental Response No. 34. Yet, these documents do not identify what each loan is for and what interest was accrued on each loan. By the plaintiff's own admission, these documents include loans obtained in connection with Cooney's enrollment at Boston University and Northeastern University, as well as her living expenses. See Cooney Deposition Vol. I. at 91, 97-98, 101, Vol. II 285 (Exhibit 3). Consequently, allowing the plaintiff to introduce these documents would only confuse and mislead a jury into possibly believing that all of the loans and accrued interest relate to Cooney's enrollment at Saybrook. As such, these loan documents should be excluded.

## CONCLUSION

Saybrook respectfully requests that the plaintiff's proposed loan documents be excluded from evidence pursuant to Fed. R. Evid. 403.

> Defendant,
> Saybrook Graduate and Research Center
> By its attorneys,
>
> /s/ *Grace V. Bacon Garcia*
>
> Thomas C. Federico, BBO# 160830
> Grace V. Bacon Garcia, BBO# 640970
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500

1044243v1

## Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: February 1, 2007