# EXHIBIT 3

# ORIGINAL

VOLUME:   I
PAGES:    1-275
EXHIBITS: 1-16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:   04 11572 JLT

---

SUSAN COONEY,
          Plaintiff,

v.

HUMANISTIC PSYCHOLOGY
INSTITUTE, d/b/a SAYBROOK
INSTITUTE and MAUREEN O'HARA,
Individually,
          Defendants.

---

AUDIOVISUAL DEPOSITION OF SUSAN COONEY, taken on behalf of the Defendant, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Marcia Danilecki, Certified Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts, taken at Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts, on Thursday, January 26, 2006, commencing at 10:16 a.m.

DANILECKI REPORTING
234 Governors Road
Quincy, MA 02169
(617) 745-9786


1  $180,000 in tuition?

2  A. Including interest, yes. Including interest
3  on the government loans, yes.

4  Q. Oh, so you were including the interest you
5  paid on government loans and what the tuition was?

6  A. Yes.

7  Q. Did you do a calculation of that before you
8  prepared this?

9  A. I took it off the Sallie Mae statement.

10 Q. I see. You went to your loan documents?

11 A. Right.

12 Q. Did you make a mistake?

13 A. On the 204 figure, minus the 24 from BU, I
14 did make a mistake.

15 Q. And is that because you simply in making this
16 legal demand took it off a loan document that included
17 your Boston University loans?

18 A. Yes.

19 Q. And so it's your testimony that this number
20 should have been 180,000 instead of 204,000?

21 A. Yes.

22 Q. So would it be accurate to say that the
23 school charged you tuition of 180,000 for the period of
24 your matriculation at Saybrook?

97

1  can't -- excuse me -- you can't request more than a
2  certain figure which I don't know what it is right now.
3      Q.  Did you request the max for that year?
4      A.  I don't know.
5      Q.  You had no other means of income for that
6  year, correct, for your living expenses?
7      A.  I'm trying to think if I worked -- No, I
8  didn't work as a secretary then.  No.
9      Q.  So in the year that you were an unpaid
10 intern, you borrowed as much as you could from Sallie
11 Mae to defray your living expense, correct?
12     A.  I don't know if I borrowed the max.  I don't
13 know if that's true.
14     Q.  Okay. Whatever it was you borrowed didn't
15 end up and stay in Saybrook's bank account.  It ended up
16 and stayed in your bank account, correct?
17     A.  They signed off on it and sent it out to me.
18 They signed the back of the check and sent it out to me.
19     Q.  Right.  They were the conduit for your living
20 expense money?
21     A.  Right.
22     Q.  Is that right?
23     A.  For that year, yes.
24     Q.  So that wasn't money that you were obligated



98

1  to pay Saybrook for tuition, correct?
2       A.   Did I pay Saybrook that money, no.
3       Q.   Nor did you pay it as tuition to Saybrook,
4  correct?
5       A.   I paid -- Even though I had to do a year
6  internship and was not taking any classes, I had to pay
7  the full year tuition to Saybrook.
8       Q.   I understood that and you know -- and I know
9  that.  That's not my question.
10           My question is, the money that passed through
11 Saybrook for your living expenses that year that you
12 borrowed from Sallie Mae -- are you with me --
13      A.   Yeah.
14      Q.   -- it's correct to say that that was not
15 tuition, correct?
16      A.   That was not specifically tuition.
17      Q.   But it was money that you did include in your
18 total of $204,000?
19      A.   It was money that I would not have taken had
20 I not been in a Ph.D. program with Saybrook where this
21 predoctoral internship was required.
22      Q.   I need you to answer the question, Susan.
23      A.   I was.
24      Q.   No, you weren't.  Let me just cut through it.

1

# ORIGINAL

VOLUME: II
PAGES: 1 - 325
EXHIBITS: 17 - 28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

_____
SUSAN COONEY,                      )
     Plaintiff,                    )
vs.                                )
                                   )
HUMANISTIC PSYCHOLOGY INSTITUTE,   )
d/b/a SAYBROOK INSTITUTE and       )
MAUREEN O'HARA, Individually,      )
     Defendants.                   )
_____)

**AUDIOVISUAL DEPOSITION OF SUSAN COONEY**, taken on behalf of the Saybrook Institute, pursuant to the Federal Rules of Civil Procedure, before Kristin L. Tucker, Notary Public and Certified Shorthand Reporter within and for the Commonwealth of Massachusetts, at the Law Offices of Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts, on January 27, 2006, at 9:10 a.m., as follows:

**DANILECKI REPORTING**
234 Governors Road
Quincy, Massachusetts 02169
(617) 745-9786

1   Sallie Mae let's you do through the Internet?
2       A.   Yes.
3       Q.   And do you know what, if anything, the
4   payment history would show?
5       A.   Probably a minimal payment of 1200 here, I
6   think, and then not for years, and this.  It's just
7   been -- It's been forbearanced.
8       Q.   In looking at this document, it appears that,
9   would you agree with me, that at least five of the loans
10  had disbursement dates in 1994, correct?
11      A.   As it states, yes.
12      Q.   And in 1994, were you going to school
13  somewhere?
14      A.   Northeastern.
15      Q.   And looking at the Exhibit Number 25, do you
16  see in the middle column it says, "Last five payments"?
17      A.   Yes.
18      Q.   And do you see that two of them are in --
19  three of them were in 2005 and then two were in 1993?
20      A.   Yes.
21      Q.   So would you agree with me that at most you
22  made three payments towards any loan that involved a
23  1994 loan?
24      A.   Say -- The question is I've only made --