UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>    Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE ANY DOCUMENTS OR TESTIMONY REGARDING SAYBROOK'S POLICIES, PROCEDURES OR ENROLLMENT AFTER PLAINTIFF'S GRADUATION**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff, Susan Cooney ("Cooney") from offering into evidence, through documents or testimony, Saybrook's policies, procedures, or enrollment statistics *after* the plaintiff graduated in October 2002. Specifically, Saybrook seeks to exclude the following documents and/or categories of evidence as they are irrelevant to plaintiff's claims:

(1) February 18, 2004 Saybrook correspondence regarding licensure obstacles (Exhibit 1);

(2) Saybrook's President Report dated November 2004 (Exhibit 2);

(3) Changes to Saybrook's admissions policies after Cooney's graduation in October 2002;

(4) Changes to Saybrook's enrollment statistics after Cooney graduated; and

(5) Draft document of Principles of Ethical Business Conduct dated December 1, 2002 (Exhibit 3).

Moreover, the allowance of this Motion will prevent the jury from be distracted from the central issues of this case and will prevent prolong the trial.

1044202v1

## RELEVANT FACTS

Cooney enrolled at Saybrook in the Fall of 1995 and obtained her Ph.D. in October of 2002. See Amended Complaint (Docket #28). Plaintiff claims that while she was a student, Saybrook breached a contract and/or promise to monitor and inform her of psychology licensing regulation changes in Massachusetts. To support these claims, the plaintiff has indicated that she will be producing evidence of Saybrook's policies, procedures, and enrollment numbers that occurred after Cooney graduated in October of 2002. See Final Joint Pre-Trial Memorandum (Docket # 65).

## ARGUMENT

Testimonial or documentary evidence of Saybrook's policies, procedures and enrollment statistics after the plaintiff's graduation are not relevant to her claims. Relevant evidence is that evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401.

Here, the proposed evidence, including exhibits, does not have any probative value on any of the essential elements of the plaintiff's claims for breach of contract, promissory estoppel and violation of Ch. 93A.[1] Although the February 18, 2004 correspondence regarding licensure obstacles may be of interest simply because it refers to licensure obstacles, such does not mean

---

[1] In order to prove a breach of contract action, Cooney must demonstrate that (1) the parties reached a valid and binding contract supported by consideration that Saybrook would provide her with full eligibility for a license in Massachusetts; (2) Cooney was ready, willing and able to perform her obligations under the contract; (3) Saybrook breached the terms of the contract; and (4) Cooney suffered damages as a result of that breach. Singarella v. City of Boston, 342 Mass. 385, 387 (1961).

To prove promissory estoppel, Cooney must show that (1) Saybrook made a promise which it reasonably expected would induce Cooney to act or forbear an action of a definite and substantial character; (2) the promise did induce such action or forbearance; and (3) an injustice can only be avoided by the enforcement of the promise. Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 203 (1st Cir. 2004).

To prove a violation of Ch. 93A, the plaintiff must show that Saybrook engaged in an unfair act or practice while "in the conduct of any trade or commerce." G.L. ch. 93A, § 2.

2

that it is probative to *this case*. The admission of this document may improperly lead a jury to believe that the mere existence of this documents bears some relevance to the plaintiff's claims. As it is unrelated and not relevant, it should be precluded.

Plaintiff intends to submit evidence regarding Saybrook's enrollment figures after Cooney was a student. See Final Pre-Trial Memorandum (Docket #65). Saybrook anticipates that it plans to do this through the use of the November 2004 President's Report and other testimony. Yet, whether Saybrook's enrollment went up one year or down another year does not have a bearing on whether there was an actual contract or an enforceable promise with the plaintiff to monitor and inform her of license regulation changes while she was a student from 1995 through October 2002. Therefore, any purported evidence regarding enrollment statistics only leads to unnecessary speculation as to why there may have been a fluctuation between any one year. As such, the proposed evidence should be excluded.

Additionally, plaintiff intends to submit evidence of changes to Saybrook's application and admissions process after Cooney was a student. Id. Such is irrelevant to plaintiff's claims. Indeed, any application process in the years after Cooney graduated has no bearing on plaintiff's argument that she had a contract with Saybrook that arose from the payment of her tuition between 1995 and October of 2002. Consequently, such expected evidence should be precluded.

Finally, any policies, such as a *draft* document entitled "Principles of Ethical Business Conduct," that are created or enforced *after Cooney graduated* has no probative value on the elements of plaintiff's claims, and thus should be precluded.

## CONCLUSION

As any testimonial or documentary evidence regarding Saybrook's policies, procedures, or enrollment figures after Cooney's graduation has nothing to do with whether Saybrook

breached a contract or promise to monitor and inform her of licensure regulations, such should be excluded.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 1, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

### CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

Date: February 1, 2007