UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>      Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S TRIAL BRIEF

Defendant, Saybrook Graduate and Research Center ("Saybrook"), respectfully submits this trial brief on Count III of Plaintiff's Amended Complaint. As there is no right to a jury trial on actions under Mass. Gen. Laws ch. 93A, Saybrook requests that the Court enter a verdict in its favor with respect to Count III.

## RELEVANT FACTS

In 1995, the plaintiff Susan Cooney ("Cooney") became a student at Saybrook. See Amended Complaint ¶ 11 (Docket # 28). In addition to oral communications, through its Catalogue, Saybrook informed those students who wish to work as licensed psychologists, that they "are advised that they should contact the licensing board in the state in which they plan to practice to obtain the detailed requirements, because regulations differ from state to state." Further, the Catalogue informed students that they "are to be advised, however, that states review applications individually to be sure all requirements of the state licensing board have been met. Regulations are constantly changing." See Saybrook's 1994-95 Interim Catalogue. (Exhibit 1). Prior to entering Saybrook, Cooney signed two documents that confirmed her understanding that

1033491v1

the conditions of her admission into Saybrook were as stated in the 1994-1995 Catalogue. See Signed Offers of Acceptance (Exhibit 2).

In October 2002, Saybrook granted Susan Cooney her Ph.D. in psychology. See Amended Complaint ¶ 23. In 2002 and 20033, after inquiring of the Massachusetts Board of Registration of Psychologists ("Board"), the plaintiff learned that she could not apply for a license as she had not graduated from a school that was designated by the Association of State and Provincial Psychology Boards ("ASPPB"). See Amended Complaint ¶¶ 24-25; Board correspondence (Exhibit 3). The requirement that graduates be from programs designated by the ASPPB became effective for applicants after September 1, 2000. Id. Thus, this requirement was a change that occurred while Cooney was a student at Saybrook.

This case centers on the plaintiff's contention that Saybrook is liable to her as it allegedly had a contract with her and/or made a promise to her that it would monitor and inform her of changes in licensure regulations while she was a student. See Amended Complaint. In addition to claims for breach of contract and promissory estoppel, the plaintiff has asserted a count for violation of Mass. Gen. Laws ch. 93A. In support of her 93A claim (Count III), Cooney states in her Amended Complaint that:

> 47. Saybrook and [Maureen] O'Hara[1] knowingly provided graduate training in clinical psychology that would not qualify Cooney for licensure as a Massachusetts psychologist, and knowingly deceived Cooney by withholding information that Massachusetts did not recognize Saybrook as a qualified graduate program.
>
> 48. Saybrook and O'Hara knowingly collected tuition and fees from Cooney and other Massachusetts students under false pretenses, after receiving actual or constructive notice that Saybrook was not a qualified graduate program in psychology for the purpose of Massachusetts licensure.

---

[1] Plaintiff has dismissed Maureen O'Hara, Saybrook's former President, from this case.

2

1033491v1

In its Answer, Saybrook has denied these allegations. See Amended Answer (Docket #40).

## ARGUMENT

### 1. Cooney Has Failed to Satisfy her Burden of Proof for a Ch. 93A Violation

The Court should direct judgment in Saybrook's favor on Count III of the Amended Complaint because there is no evidence of any unfair or deceptive act or practice on the part of Saybrook. Far from acting under "false pretenses," the undisputed evidence is that Saybrook informed its students that it was their responsibility to stay informed of the licensure laws. Notwithstanding that it is the student's responsibility to monitor licensing laws, Saybrook was never made aware of a change in the Board's regulations that required an applicant to be a graduate of program designated by the ASPPB. Furthermore, Saybrook cannot be sued under 93A because, as a non-profit educational institution, it was not engaged in trade or commerce. As it is proper for the Court to decide claims brought pursuant to Mass. Gen. Laws ch. 93A, see Wallace Motor Sales, Inc. v. American Motors Sales Corp., 780 F.2d 1049, 1052 n1, 1064-1067 (1st Cir. 1985); Nei v. Burley, 388 Mass. 307, 315 (1983), Saybrook's respectfully requests a judgment in its favor.

#### a. Saybrook Did Not Engage In An Unfair Act or Practice

As a threshold matter, plaintiff has failed to present evidence that would support a finding that Saybrook engaged in any unfair and deceptive acts or practices in connection with the education provided to her. Specifically, Cooney cannot show that the defendant's conduct fell "within at least the penumbra of some common-law, statutory, or other established concept of unfairness" or is "immoral, oppressive or unscrupulous." PMP Assoc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1st Cir. 1975). For a violation of Chapter 93A, "the defendant's conduct

must be not only wrong, but also egregiously wrong -- and this standard calls for determinations of egregiousness well beyond what is required for most common law claims." Mass. Sch. of Law at Andover, Inc., 142 F.3d at 41 (citations omitted). "Although . . . a Chapter 93A violation need not rest on an independent common law tort, the conduct must come within some shouting distance of some established concept of unfairness." Id. at 42 (citations omitted).

Notwithstanding Saybrook's clear language that students who are interested in licensure are responsible for checking their state licensing laws, Cooney bases her claims on an allegation that Saybrook "knowingly provided graduate training in clinical psychology that would not qualify Cooney for licensure as a Massachusetts psychologist, and knowingly deceived Cooney by withholding information that Massachusetts did not recognize Saybrook as a qualified graduate program." See Amended Complaint ¶ 48. Despite the allegations, Cooney did not inform Saybrook of her intention to become a licensed psychologist in Massachusetts until this lawsuit. See Deposition of Ruth Richards at 33-34, 43 (despite being Cooney's faculty advisor, Cooney did not inform her that she wanted to become a licensed psychologist, but rather simply told her she intended to work in the area of trauma) (Exhibit 4).

Nor is there evidence that Saybrook was ever made aware before the filing of this suit of the Board's change in Massachusetts licensure requirement. Saybrook did not know that Massachusetts required applicants to have graduated from an ASPPB-designated school until Cooney informed them of the new Board policy in relation to this suit. See Saybrook's Answers to Ints. No. 6. (Exhibit 5); Deposition of Karen Schwartz at 35, 48, 138, 146-47 (stating the Massachusetts Board of Registration of Psychologists did not inform schools of the regulation change and she does not have any knowledge that Saybrook knew) (Exhibit 6). Cooney has no

4

evidence that anyone affiliated with Saybrook knew of the ASPPB requirement. As there is no basis for a 93A violation,[2] judgment should be entered in Saybrook's favor on Count III.

### b. *Saybrook Is Not Engaged in "Trade" or "Commerce"*

In order to violate Chapter 93A, the alleged unfair act or practice must be done "in the conduct of any trade or commerce." G.L. ch. 93A, § 2. "A nonprofit or charitable corporation, however, is not engaged in trade or commerce 'if, in the transaction in question, the nonprofit is merely engaged in the customary business necessary to meet its charitable purpose.'" Trustees of Boston Univ. v. ASM Comms, Inc., 35 F. Supp. 2d 66, 77 (D. Mass. 1998), quoting, Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 952 F. Supp. 884, 890 n.4 (D. Mass. 1997). Thus, in the context of nonprofit educational institutions, a school is not engaged in trade or commerce when its activities are merely in furtherance of its mission. Id. (in a case regarding the sale of term papers on the internet, the court found the University failed to state a claim under ch. 93A as investigation into student dishonesty is central to its educational mission); see also Thorton v. Harvard Univ., 2 F. Supp. 2d 89 (D. Mass. 1998)(granting summary judgment on ch. 93A claim, finding that the school's operation of its financial aid program to be related to its mission and, thus, not to be "trade" or "commerce"); cf. Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 24-26 (1997) (finding the University, in the "particular circumstances of this case" engaged in trade and commerce with respect to its operation of a separate corporate education center which was expected to generate revenue as such was not simply incidental to its educational mission).

---

[2] Cooney cannot base her ch. 93A claim against Saybrook merely on the alleged breach of contract count. See generally Canal Electric Co. v. Westinghouse Electric Corp., 756 F. Supp. 620, 629-631 (D. Mass. 1991)(recognizing that a simple breach of contract action does not give rise to a Chapter 93A claim); Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 763 (1989)(in order for a breach of contract to also constitute a violation of 93A, it must be shown that beyond the breach itself, there was some unfair or deceptive act or practice).

5

Saybrook is a non-profit institution whose mission and primary emphasis is to "prepare its graduates as scholars and researchers in the broad domain of human experience." <u>See</u> Deposition of Maureen O'Hara at 66 (Exhibit 7); Saybrook's 1994-95 Interim Catalogue at 3. Plaintiff's claims against Saybrook are all regarding its provision of education, which is central to its mission. <u>See</u> Amended Complaint. As a result, judgment should be entered in Saybrook's favor as it is not engaged in trade or commerce, a necessary element for a violation of Ch. 93A.

## CONCLUSION

Defendant respectfully requests the Court to enter judgment in its favor on Court III of the Amended Complaint, finding that the plaintiff has failed in her burden of proof to sustain her violation of Mass. Gen. Laws ch. 93A.

        Defendant,
        Saybrook Graduate and Research Center
        By its attorneys,

        /s/ *Grace V. Bacon Garcia*

        Thomas C. Federico, BBO# 160830
        Grace V. Bacon Garcia, BBO# 640970
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA 02210-1181
        (617) 439-7500

## Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 5, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia


## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: February 5, 2007

1033491v1