**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>  Plaintiff,<br><br>v.<br><br>HUMANISTIC PSYCHOLOGY<br>INSTITUTE, d/b/a SAYBROOK<br>INSTITUTE and MAUREEN O'HARA,<br>Individually,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT HUMANISTIC PSYCHOLOGY INSTITUTE D/B/A SAYBROOK INSTITUTE'S ANSWERS TO THE PLAINTIFF FIRST SET OF INTERROGATORIES

The defendant, improperly named as Humanistic Psychology Institute d/b/a Saybrook Institute, ("Saybrook"), pursuant to Fed. R. Civ. P. 33, answers the Plaintiff's First Set of Interrogatories without waiving the following:

(i) the right to object on any grounds to the use of any of the following answers in any other subsequent proceedings or at the trial of this or any other action;

(ii) the right to object on any grounds to any demand for further answers to these Interrogatories or any other discovery procedure relating to the subject matter of these Interrogatories; and

(iii) the right at any time to revise, correct, add to or clarify any of the following answers.

## GENERAL OBJECTIONS

1. Saybrook objects to the Interrogatories to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

963619v1

Psychology, because she did not obtain her degree from a doctoral program designated by the Association of State and Provincial Psychology Boards. Prior to September 1, 2000, it would appear from some interpretations of Massachusetts law, that had the plaintiff by that date submitted a completed application to the Commonwealth of Massachusetts for a clinical psychology license, she would have been evaluated by the Board of Psychology for licensure notwithstanding that Saybrook was not a doctoral program so designed. Saybrook is unable to determine, however, whether there would be other reasons, such as failure to fulfill all of the requirements set out by the Massachusetts Board of Registration of Psychologists, including the written examination, which could also prevent the plaintiff from qualifying for licensure as a psychologist. Plaintiff did not, at any time during her matriculation at Saybrook, or prior to her graduation from Saybrook in late 2002 with her Ph.D. degree, inform Saybrook of changes to Massachusetts laws or regulatory interpretations that occurred after her enrollment, despite her obligation on her own to learn of such matters in her home state. Plaintiff failed to fulfill her obligation during her matriculation at Saybrook from 1996 to 2002, to acquire information regarding her home state's revisions to existing laws governing licensure, despite being advised by Saybrook that she should do so and that Saybrook had neither undertaken the obligation to do so nor had undertaken the obligation to inform her of such laws or revisions to laws.

INTERROGATORY NO. 6

For each state identified in your answer to Interrogatory No.5, specify the year when Saybrook first learned that its graduates would face obstacles in qualifying for licensure as a psychologist, on account of their Saybrook degree, and describe Saybrook's understanding of the precise nature of each obstacle.

6

963619v1

ANSWER NO. 6

Saybrook objects to this Interrogatory on the grounds that it is overly broad and calls for information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Saybrook states the following:

Saybrook is unable to state the precise nature of each obstacle that a Saybrook graduate may have faced seeking licensure in any particular state as Saybrook does not license graduates and does not participate on behalf of any state licensing board in the licensing process. In further answering, it came to Saybrook's attention that its graduates may face obstacles obtaining a license in Massachusetts in 2003, by the plaintiff who informed it of such. After being informed of the obstacle, Saybrook learned that effective September 1, 2000, Massachusetts required that its applicants obtain their degrees from a doctoral program designated by the Association of State and Provincial Psychology Boards.

Plaintiff did not, at any time during her matriculation at Saybrook, or prior to her graduation from Saybrook in late 2002 with her Ph.D. degree, inform Saybrook of any changes to Massachusetts laws or regulatory interpretations. Plaintiff failed to exercise her obligation during her matriculation at Saybrook from 1996 to 2002, to acquire information regarding her home state's revisions to existing laws governing licensure, despite being advised by Saybrook that she should do so and that Saybrook had neither undertaken the obligation to do so nor had undertaken the obligation to inform her of such laws or revisions to laws.

INTERROGATORY NO. 7

Please describe Saybrook's understanding of any regulatory, statutory, or other obstacles that restrict Saybrook students or graduates from qualifying for licensure as a psychologist in

7

963619v1

SIGNED UNDER THE PENALTIES OF PERJURY THIS _18_ DAY OF _NOVEMBER_ 2005.

*The undersigned deposes and says that he signs the answers to Plaintiff's First Set of Interrogatories for and on behalf of himself and is authorized to do so; that the matters stated in the foregoing responses are not all within his personal knowledge; that such facts as are stated in said answers which are not within the personal knowledge of the deponent have been assembled by authorized agents, employees and counsel of said defendant and the deponent is informed and believes that the facts stated in said responses are true and so states under the pains and penalties of perjury.*

_____
John W. Reho
Vice President of Operations & CFO

As to Objections:

_____
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210-1181
617-439-7500

28

963619v1