UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>   Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF MARSHA HAMMOND AS SUCH TESTIMONY IS IRRELEVANT**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), respectfully requests that the Court preclude the plaintiff, Susan Cooney ("Cooney"), from calling as a witness in this case, Marsha Hammond. In the Final Joint Pre-Trial Memorandum, plaintiff has indicated that Ms. Hammond will testify that Saybrook rejected her recommendation in 2000 that Saybrook inform its students of states which may have licensure obstacles. Although Saybrook denies such allegation, the testimony is not relevant to the allegations asserted by Cooney in this case, and such testimony, if allowed in, would only be substantially prejudicial to Saybrook.

**RELEVANT FACTS**

In her Amended Complaint, the plaintiff has argued that Saybrook allegedly had a contract with her and/or made her a promise that it would monitor and inform her of changes in licensure regulations while she was a student from 1995 through October 2002. See Amended Complaint. To support her claim, Cooney asserts that Saybrook's former licensing coordinator, Marcia Hammond, will testify that Saybrook rejected her recommendation to inform students of

states which had licensure obstacles. See Final Joint Pre-Trial Memorandum, at 4-5 (Docket #65).

## ARGUMENT

### 1. Marcia Hammond's Anticipated Testimony is Not Relevant to the Allegations Made by Susan Cooney.

Marcia Hammond's expected testimony has no relevancy with respect to plaintiff's claims, and thus should be precluded. Relevant evidence is that having a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

The plaintiff's only claims against Saybrook are breach of contract, promissory estoppel and violation of Mass. Gen. Laws c. 93A. These claims are based on the allegation that Saybrook breached a contract or promise with the plaintiff to monitor and inform her of state licensing laws. Any alleged recommendation by an individual to inform students of licensing obstacles is not relevant to the issue of whether Saybrook _actually_ had a contractual or promissory duty with the plaintiff to monitor and inform her of such obstacles. Indeed, whether it was recommended to make such disclosures in 2000, five years after Cooney started Saybrook, is of no consequence to the plaintiff's claims.

Furthermore, during her deposition, the plaintiff admitted that while she was a student, she did not know who Marcia Hammond was and never contacted her for licensing information. Specifically, Cooney testified:

> Q: Did you ever contact Marcia Hammond?
> A: I don't know who she is.
> Q: She is on the witness list in this case.

2

1044793v1

> A:    I - - Yes, I do. I never contacted her. I don't know who she is. Who is she?
>
> . . .
>
> A.    I don't recall the name.
>
> Q:    You don't?
>
> A:    I don't know who that is.
>
> Q:    Did you ever attend residential conference where Marcia Hammond made a presentation?
>
> A:    Not that I recall.
>
> Q:    Did you ever hear that Marcia Hammond was a person who was available to provide information to students who were seeking licensure.
>
> A:    Never heard that.

See Susan Cooney Deposition at Vol. II 113-114. Thus, Marcia Hammond's proposed testimony is further irrelevant as the plaintiff had no interaction with her, and did not know who she was while a student.

### 2. Any Probative Value of Marcia Hammond's Anticipated Testimony is Substantially Outweighed by Its Unfair Prejudice.

Even if this Court finds Marcia Hammond's expected testimony is relevant, which Saybrook denies, Fed. R. Evid. 403 provides that, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." As such, the plaintiff should be barred from calling Marcia Hammond as a witnesses as her anticipated testimony will only be substantially prejudicial to Saybrook and will serve to confuse the jury by possibly having them lose focus on the actual allegations the plaintiff has asserted. Specifically, the alleged testimony that Marcia Hammond will put forth does **not** center on a contract or promise that Saybrook allegedly made to the plaintiff in 1995, the year Cooney started Saybrook. As Cooney's allegations surround an

3

alleged contract or promise was made to her when she started Saybrook, Hammond's purported recommendation to inform students of licensure obstacles in 2000 has a significant danger of causing unfair prejudice. Indeed, Saybrook contends that the only purpose the plaintiff has to put forth her testimony is to prejudice the jury against Saybrook. As such, Marcia Hammond's testimony should be excluded in its entirety.

Furthermore, allowing Marcia Hammond to testify will unnecessarily extend the trial. Plaintiff has estimated that she intends to perform a direct examination of Marcia Hammond for three to four hours, with Saybrook indicating a cross-examination of one hour. Id. at 16. As such anticipated testimony is irrelevant, its alleged probative value is substantially outweighed by its prejudicial effect, and it will only cause to prolong this trial, Saybrook request that plaintiff is barred from calling Marcia Hammond as a witness.

## CONCLUSION

As Marcia Hammond's anticipated testimony is irrelevant, Saybrook respectfully requests the Court to preclude the plaintiff from offering her testimony at trial pursuant to Fed. R. Evid. 401.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

1044793v1

## Local Rule 7.1(A)(2) Certification

I, Grace V. Bacon Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on February 5, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: February 5, 2007