UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
SUSAN COONEY,                              )
    Plaintiff                              )
v.                                         )
                                           )
SAYBROOK GRADUATE SCHOOL AND               )
RESEARCH CENTER                            )
    Defendant                              )
*******************************************

### PLAINTIFF SUSAN COONEY'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO ALLEGED PROBLEMS THAT TWO SAYBROOK ALUMNI FACED IN OBTAINING LICENSURE

Plaintiff Susan Cooney ("Cooney"), by her counsel, respectfully opposes Saybrook's motion in limine to exclude evidence related to licensure obstacles encountered by two Saybrook graduates from Massachusetts, John Burke and Richard Francis. Plaintiff asserts that the licensure difficulties of Drs. Burke and Francis are highly relevant to plaintiff's claims. Despite Saybrook's pledge, in its *1994-95 Interim Catalogue*, to assist Cooney to become licensed in the jurisdiction of her choice, Saybrook withheld critical information that recent Saybrook graduates had met fierce resistance to their applications for licensure from the Massachusetts Board of Registration of Psychologists ("the Board").

I.    ARGUMENT

A.    <u>Evidence that Saybrook Graduates Encountered Licensure Obstacles In or About 1995 and 2000 Is Highly Relevant to Plaintiff's Claims Against Saybrook.</u>

Saybrook argues that the licensure problems of Drs. Burke and Francis are not relevant to plaintiff's claims because they did not encounter problems due to Saybrook's lack of ASPPB

designation. However, Saybrook's argument fails to consider the broad standard of relevance under Rule 401. Fed. R. Evid. 401 embraces "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under this broad standard, evidence that Saybrook failed to inform Cooney that recent graduates had encountered significant obstacles in applying for licensure is plainly relevant to Cooney's claims.

Defendant attempts to downplay the relevance of the licensure difficulties of Drs. Burke and Francis, so they appear less connected to Cooney's claims. Although Saybrook argues that Dr. Burke "needed to supply course catalogues," Dr. Burke was forced to engage in a two-year battle with the Board and to hire an attorney. Saybrook then suggests that Dr. Francis faced licensing issues due to the amount of time "in residence," but fails to acknowledge that the Board determined that Saybrook's program did not meet the Board's residency standards under pre-1997 regulations. As noted in the Board's letter to Richard Francis dated November 6, 2001, the "Board confirmed its conclusion that the Saybrook Graduate School program from which you obtained your doctoral degree does not meet the Board's residency requirement." **Exhibit 3** to Defendant's Opposition.

Defendant correctly observes that plaintiff will offer into evidence several exhibits that relate to the licensure difficulties of Dr. Burke and Dr. Francis. As noted above, the Board's November 6, 2001 letter to Dr. Francis contains critical information that the Board determined that Saybrook did not meet its residency standard. In addition, plaintiff expects to introduce the letter of Saybrook President Rudy Melone to the Board on March 20, 1995, which is highly relevant to plaintiff's claims. Less than six months after Dr. Melone protested the Board's rejection of Dr. Burke, Saybrook failed to inform Cooney of a known licensure obstacle in

2

Massachusetts. At Cooney's residential orientation conference in the Fall of 1995, Saybrook boldly advised Cooney that her Saybrook degree would meet all Massachusetts requirements for licensure. Moreover, Dr. Melone's letter is relevant to plaintiff's claims because it contains an important admission that Saybrook agreed to monitor licensing standards: "Dr. Burke and I have worked to ensure that prospective Saybrook Institute Ph.D candidates in Massachusetts understand and keep abreast of the Regulations pertaining to the practice of psychology."

Although Dr. Melone's letter contains hearsay, it admissible as an admission against interest by a party opponent. Proposed Mass. R. Evid. P. 804(b)(1); Fed. R. Evid. P. Rule 804(b)(3). Second, as Dr. Melone's letters was produced by the Board, it constitutes an official record of a government agency. Fed. R. Evid. P. Rule 803(8); *see generally* Plaintiff's Opposition to Defendant's Motion in Limine to Preclude Plaintiff from Offering Proposed Exhibits Authored by Dr. Ryan and Dr. Melone. Finally, this document is admissible as it falls within the hearsay exception for deceased declarants (Fed. R. Evid. P. Rule 804(a)(4),(5)) and/or the catch-all exception (Fed. R. Evid. P. Rule 807).

Plaintiff alleges that Saybrook entered into a contract to assist her to become licensed in the jurisdiction of her choice, and that Saybrook pledged to monitor and disclose changes in licensure standards. In this context, the circumstances of Dr. Burke and Dr. Francis are highly relevant to plaintiff's understanding of Massachusetts licensing standards. If Saybrook had informed Cooney that two recent graduates were initially rejected for licensure in 1995 and 2000, Cooney would have likely taken further action to investigate emerging licensure obstacles in Massachusetts. In addition, Cooney would have likely explored the option of transferring from Saybrook to a more appropriate graduate program. Under the broad relevance standard of Rule 401, plaintiff should be permitted to offer evidence that Saybrook graduates encountered

3

licensure obstacles in or about 1995 and 2000.

## II.  CONCLUSION

For all of the foregoing reasons, plaintiff requests that the Court deny Saybrook's motion in limine.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

/s/ Paul W. Morenberg
_____
E. Steven Coren, Esq. BBO# 099740
Paul W. Morenberg, BBO# 631101
Kerstein Coren Lichtenstein Finkel LLP
60 Walnut Street
Wellesley, MA 02481

## CERTIFICATE OF SERVICE

I certify that this Motion has been served upon all counsel of record in compliance with Fed.R.Civ.P.            /s/ Paul W. Morenberg

DATED:     February 6, 2007