UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
SUSAN COONEY,                              )
    Plaintiff                              )
v.                                         )
                                           )
SAYBROOK GRADUATE SCHOOL AND               )
RESEARCH CENTER                            )
    Defendant                              )
*******************************************

### PLAINTIFF SUSAN COONEY'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL DOCUMENTS RELATING TO THE CONSORTIUM OF DIVERSIFIED PSYCHOLOGY PROGRAMS AND ALLEGED PARTICIPATION BY RUDY MELONE OR GERRY BUSH[1]

Plaintiff Susan Cooney ("Cooney"), by her counsel, respectfully opposes Saybrook's motion in limine to exclude proposed exhibits relating to the Consortium of Diversified Psychology Programs and participation by Rudy Melone or Gerry Bush. See footnote 1. The disputed exhibits can be authenticated by the plaintiff Susan Cooney, Dr. Maureen O'Hara, and/or Dr. Marsha Hammond. While these records contain hearsay, they are admissible as business records of CDPP and/or Saybrook. Moreover, plaintiff is offering these records for a non-hearsay purpose—to show Saybrook had notice of actual or potential licensure obstacles in Massachusetts and other states. Finally, the Court may admit the disputed records under the hearsay exception for deceased or unavailable persons, or under the catch-all exception. Saybrook's arguments regarding the CDPP documents challenge the weight of this evidence, not its admissibility. Consequently, the Court should deny this motion in limine.

---

[1] It is not clear why Saybrook's motion in limine seeks to exclude evidence of alleged participation in CDPP by Gerry Bush, Saybrook's former president. Dr. Bush is not mentioned anywhere in the motion except for its title, and plaintiff has not alleged that Dr. Bush was an individual member of CDPP.

# I.    ARGUMENT

### A.    The Proposed Exhibits Can Be Authenticated

Saybrook incorrectly claims that the disputed CDPP documents cannot be authenticated because no one with personal knowledge of these documents can testify. Fed.R.Evid. 901(b)(1) provides that a document can be authenticated by "testimony that a matter is what it is claimed to be." Plaintiff, Susan Cooney, will testify that she received the document entitled "Information About the CDPP…" at Saybrook's residential orientation conference in the Fall of 1995. Plaintiff will testify that Saybrook provided this document with a red binder of orientation materials, and that plaintiff added handwritten notes to the document. Plaintiff will testify that Saybrook utilized this document to inform her of Saybrook's knowledge of licensure obstacles in a small number of states, not including Massachusetts. The second and third documents are CDPP memoranda, which Saybrook produced in its document responses. Both documents were addressed to Drs. Maureen O'Hara and Marsha Hammond, who will be called as trial witnesses. Plaintiff expects that one or both witnesses will testify as to the authenticity of these documents.

### B.    The Proposed Exhibits are Admissible Under the Hearsay Exceptions for Business Records.

Proposed Mass.R. Evid. 803(6) and Fed.R.Evid. 803(6), provide a hearsay exception for business records "in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity…" Two of the three exhibits in dispute fall within this hearsay exception.

The document entitled "Information About the CDPP…" was published by CDPP and distributed by Saybrook to entering students at residential orientation conferences. Susan Cooney will testify that Saybrook provided this document with her orientation materials. The

2

document identifies Rudy Melone, Saybrook's then president, as the co-chair of CDPP and provides his Saybrook address for further information. Saybrook utilized this CDPP document to advise entering students of known licensure obstacles in certain states. Consequently, this document falls within the hearsay exception for regularly conducted business activity of CDPP and/or Saybrook.

Similarly, the documents related to CDPP's January, 1996 conference call qualify as a business record of CDPP and/or Saybrook. Two pages of this document appear on CDPP letterhead, which identifies Rudy Melone as its co-chair and lists Saybrook as a CDPP business address. The first page of the document identifies Dr. Melone as leader of the conference call. The document suggests that CDPP had regular telephone conferences, which were used by Saybrook and its peer schools to discuss known or anticipated licensure issues in various states. The fact that Saybrook led this CDPP conference call and stored the minutes from this call indicates that such conference calls were a regularly conducted business activity of CDPP and/or Saybrook.

C.  **The Proposed Exhibits are Admissible Under Hearsay Exceptions for Unavailable Declarants and/or the Catchall Exception**

Proposed Mass.R. Evid. 804(a)(4),(5) and Fed.R.Evid. 804(a)(4)(5), provide a hearsay exception for declarants who are unavailable due to death or a party's inability to procure attendance by process or other reasonable means. Dr. Art Warmouth is the author of the December 5, 1994 memorandum. Dr. Warmouth is not an employee of Saybrook, resides in California, and is beyond the subpoena powers of this court. The January 10, 1996 memoranda appears to be co-authored by Rudy Melone, who is deceased, and Dr. Warmouth, who is unavailable for the reasons noted above.

Even if the proposed exhibits were not admissible under Rule 803 or 804, the Court

3

should admit the records under Fed.R.Evid. 807. The statements contained in the letters contain circumstantial guarantees of trustworthiness, including the use of CDPP letterhead and the wide distribution of these documents. Moreover, the documents are offered to establish a limited material fact—that Saybrook received notice that CDPP was concerned about pending regulatory activity in Massachusetts. These statements are more probative on this point than any other evidence that the proponent can gather through reasonable efforts. The purposes of this rule and the interests of justice will be served admission of these statements.

D.  **The Proposed Exhibits are Not Offered to Prove the Truth of the Matter Asserted, But Rather Notice to Saybrook of Pending Regulatory Activity**

Finally, two of the proposed exhibits are admissible as they are offered for a non-hearsay purpose—to establish that Saybrook received notice of imminent regulatory activity in Massachusetts in December, 1994 and January, 1996—shortly before and after Cooney's admission. Plaintiff does not offer the proposed exhibits to establish any facts in these letters. Rather, plaintiff will prove that the Board proposed new regulations in 1996 and 1997 through Dr. Karen Schwartz, a Board employee. The CDPP memoranda are offered to prove that Saybrook received notice of imminent regulatory activity in Massachusetts.

## II.   CONCLUSION

For all of the foregoing reasons, plaintiff requests that the Court deny Saybrook's motion in limine.

>Respectfully submitted,
>
>SUSAN COONEY,
>By her counsel,
>
>_____
>E. Steven Coren, Esq. BBO# 099740
>Paul W. Morenberg, BBO# 631101
>Kerstein Coren Lichtenstein Finkel LLP
>60 Walnut Street
>Wellesley, MA 02481

## CERTIFICATE OF SERVICE

I certify that this Motion has been served upon all counsel of record in compliance with

Fed.R.Civ.P.                              /s/ Paul W. Morenberg

>_____
>Paul W. Morenberg

DATED:     February 6, 2007

5