UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04
11572 JLT

*******************************************
SUSAN COONEY,                              )
    Plaintiff                              )
v.                                         )
                                                   )
SAYBROOK GRADUATE SCHOOL AND               )
RESEARCH CENTER                            )
    Defendant                              )
*******************************************

### PLAINTIFF SUSAN COONEY'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING PROPOSED EXHIBITS AUTHORED BY DR. RYAN AND DR. MELONE

Plaintiff Susan Cooney ("Cooney"), by her counsel, respectfully opposes Saybrook's motion in limine to exclude proposed exhibits authored by Dr. Lawrence Ryan and Dr. Rudy Melone. **Exhibits 1 to 5** to Defendant's Motion (Doc. 68). All five exhibits are admissible under hearsay exceptions for official records. The foregoing records have been authenticated by Dr. Karen Schwartz, an agent of the Board of Registration of Psychologists ("the Board"), who has been subpoenaed as a trial witness. Moreover, all of these records are admissible because they are offered for the non-hearsay purpose of establishing constructive notice to Saybrook of regulatory changes.

Plaintiff further asserts that one of the five exhibits contains a handwritten notation from Dr. Gerry Bush, who is also deceased and was Saybrook's president after Rudy Melone. While this handwritten note contains a second-level of hearsay, it is admissible as the statement of a decedent and because it is offered for a non-hearsay purpose of showing notice.

I. ARGUMENT

A. The Proposed Exhibits Can Be Authenticated

Saybrook claims that the letters of Dr. Ryan cannot be authenticated because the author is an employee of Union Institute, who is not available as a trial witness. However, Saybrook has provided an incomplete citation to the applicable Federal Rules on authentication. Fed.R.Evid. 902(4) provides for "self-authentication" of certified copies of public records. This rule includes any "document authorized by law to be recorded or filed in a public office." The disputed records were produced by the Board in response to a deposition subpoena. At her deposition, Dr. Schwartz testified that the disputed exhibits are public records of the board, which are gathered and recorded as public comments regarding regulations. **Excerpts from Deposition of Karen Schwartz, Exhibit 1** to Plaintiff's Opposition, pp. 54-57, 63- 65, and 76-78.

B. The Proposed Exhibits are Admissible Under Hearsay Exceptions for Official Records

Plaintiff is proposing to offer into evidence five letters that were submitted to the Board of Registration of Psychologists. Two of the letters were submitted by Saybrook's former president, Rudy Melone (now deceased). Dr. Melone was providing public comments to the Board of his opposition to proposed regulatory changes that were considered in 1996. Three other letters were submitted by Dr. Lawrence Ryan, president of the Union Institute, a peer institution of Saybrook. Dr. Ryan was submitting public comments for the Board's consideration regarding regulatory changes considered by the Board in 1996 and 1997.

Proposed Mass.R. Evid. 803(8) and Fed.R.Evid. 803(8), which are identical, establish a hearsay exception for public records and reports. This hearsay exception permits the court to admit statements when a declarant is unavailable as a witness, for:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The disputed exhibits were submitted by Dr. Melone and Dr. Ryan in response to the Board's call for public comments regarding proposed regulations. Consequently, these records fit squarely with Rule 803(8) as "matters observed pursuant to a duty imposed by laws as to which there was a duty to report." Like all divisions of the Commonwealth, the Board gathers public comments regarding proposed regulations, and reports these comments to the Board. See M.G.L. c. 112 s. 128 ("The Board shall, after proper notice and hearing, adopt rules and regulations governing the practice of psychology…").

B. **The Proposed Exhibits are Admissible Under Hearsay Exceptions for Unavailable Declarants and/or the Catchall Exception**

Proposed Mass.R. Evid. 804(a)(4),(5) and Fed.R.Evid. 803(a)(4)(5), provide a hearsay exception for declarants who are unavailable due to death or a party's inability to procure attendance by process or other reasonable means. Dr. Melone is deceased. Dr. Ryan's last known business address is in Cincinnati, Ohio, and he is beyond the subpoena powers of this court.

Even if the proposed exhibits were not admissible under Rule 803 or 804, the Court should admit the records under Fed.R.Evid. 807. The statements contained in the letters are offered to establish a limited material fact—that Saybrook submitted and received public comments regarding Board regulations. These statements are more probative on this point than any other evidence that the proponent can gather through reasonable efforts. The purposes of this rule and the interests of justice will be served by admission of these statements.

C. **The Proposed Exhibits are Not Offered to Prove the Truth of the Matter Asserted, But Rather Notice to Saybrook of Proposed Regulatory Changes**

Finally, the proposed exhibits are admissible as they are offered for a non-hearsay purpose—to establish that Saybrook received notice of proposed and adopted regulatory changes. Plaintiff does not offer the proposed exhibits to establish the facts noted in the letters of Drs. Melone and Ryan. Plaintiff will prove that the Board proposed and adopted the regulations at issue through the testimony of Dr. Karen Schwartz, a Board employee. The letters of Drs. Melone and Ryan are offered to prove that Saybrook received actual or constructive notice of the proposed and/or adopted regulatory changes.

D. **The Probative Value of the Exhibits is Not Substantially Outweighed by Any Danger of Unfair Prejudice to Saybrook.**

Saybrook argues that admission of the Melone letters could be prejudicial because they do not demonstrate that Melone was aware of a specific regulatory change, or that Saybrook received notice of the proposed or adopted changes regarding ASPPB designation of graduate schools. Saybrook's argument is disingenuous, as it fails to disclose that Melone was copied on both of Dr. Ryan's letters regarding the ASPPB

regulations. Moreover, plaintiff expects that Dr. Marsha Hammond, Saybrook's former licensing coordinator, will testify that Dr. Melone and Dr. O'Hara discussed the proposed and adopted regulations at CDPP and other conferences in or about 1997 and 1998. At the time of these discussions, Drs. Melone and O'Hara were officers of Saybrook.

## II.    CONCLUSION

For all of the foregoing reasons, plaintiff requests that the Court deny Saybrook's motion in limine.

>Respectfully submitted
>
>SUSAN COONEY,
>By her counsel,
>
>_____
>E. Steven Coren, BBO #
>Paul W. Morenberg, BBO # 631101
>Kerstein, Coren, Lichtenstein & Finkel, LLP
>233 Needham Street
>Newton, Massachusetts   02464
>(781) 997-1600

Dated:      February 6, 2007