UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

```
*******************************************
SUSAN COONEY,                             )
     Plaintiff                            )
v.                                        )
                                          )
SAYBROOK GRADUATE SCHOOL AND              )
RESEARCH CENTER                           )
     Defendant                            )
*******************************************
```

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING HEARSAY STATEMENTS OF UNKNOWN INDIVIDUAL

Defendant Saybrook has moved to preclude plaintiff from offering hearsay statements of an individual she met at a Saybrook orientation conference held by the defendant at the start of her graduate studies. Plaintiff alleges that when she traveled from Massachusetts to California for the week long conference, she spoke to a Saybrook representative to review Massachusetts regulations pertaining to licensure and to determine if she would be eligible to sit for licensure upon graduation. The defendant claims this person is "unknown" and, further, cannot be considered a party-opponent because the person cannot be identified.

### ARGUMENT

Plaintiff asserts that the evidence supports a finding that the statements of the "unnamed" person are admissible as made by a party-opponent. Fed. R. Evid. 801(d)(2). A statement of a party-opponent is admissible as an admission if the statement is:

> (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant

>   concerning a matter within the scope of the agency or employment
>   made during the existence of the relationship...

*Id.* The Rule does not preclude admission of evidence if the identity of the party-opponent is not known. The Rule merely requires that the statements being offered be made by a party-opponent. The plaintiff is entitled to offer evidence from which she inferred that the unknown person acted as a representative of the defendant. As long as the jury may infer from the evidence that the declarant was or acted as a representative, employee or agent of the defendant, then the declarant's admissions are not hearsay and are admissible.

The Advisory Committee Notes observe that because admissions against a party's interest are received into evidence without many of the technical prerequisites of other evidentiary rules – such as trustworthiness and personal knowledge - admissibility under this rule should be granted freely. A sufficient foundation to support the introduction of vicarious admissions therefore requires only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency. *Kevin Pappas v. Middle Earth Condominium Association et al, 963 F.2d (2d Cir. 1992).* In *Pappas* it was found that the statements of an unidentified person were admissible where the circumstances showed that he was more likely than not an employee of the defendant. Although the statement(s) to be introduced may not itself establish the alleged agency relationship, this foundational predicate may be established by the circumstantial evidence. *United States v. Portsmouth Paving Corp., 694 F.2d 312, 321 n.12 (4th Cir. 1982); Pappas v. Middle Earth Condominium Association et al, supra. at 537.* In *Pappas* the agency relationship was sufficiently established without identifying the employee.

In the instant case, plaintiff's testimony has consistently shown that she flew out to San Francisco in the Fall of 1995 to attend a residential conference for five days held at the Santa

2

Rosa Double Tree Hotel at the beginning of her matriculation. The plaintiff attended presentations by various persons who indicated they represented the defendant but whose names the plaintiff has not remembered. Everyone was present for the sole purpose of the defendant's residential conference. The plaintiff met with a female who introduced herself as a representative of the defendant and who stated she was there to review state regulations from prospective students from various states to determine whether the defendant's psychology degree program would enable a state resident to be eligible to take that state's psychologist licensing test. Other persons at the orientation in the presence of the plaintiff had their respective regulations reviewed.

The circumstances clearly support a finding that the unidentified declarant was a representative of the defendant, who undertook a specific task on Saybrook's behalf. She was present in a place where a Saybrook orientation was occurring, and no unrelated programs were taking place. She identified herself as a Saybrook employee and announced that Saybrook had directed her to review state regulations with incoming students. This establishes the existence of agency, which entitles plaintiff to introduce evidence of statements by the unidentified Saybrook employee. The statements consist of a determination by the defendant's representative that Saybrook's program complied with Massachusetts regulations and would permit the plaintiff to take the licensing test in Massachusetts upon graduation from Saybrook. The representative also stated that the defendant understood that plaintiff wanted to be a psychologist in Massachusetts and that she would be able to do so with a Saybrook degree. *Cooney Dep. at Volume II, pp 59, 61-62, and 64* (**Exhibit 1** to this <u>Opposition</u>).

Other circuits are in accord. See *Davis v. Mobil Oil Exploration & Producing Southeast, Inc., 864 F.2d 1171 (2d Cir. 1998); Northern Pacific Ry. v. Herman, 478 F.2d 1167, 1171 (9th*

3

*Cir. 1973; O'Neal v. Morgan, 637 F.2d 846,851 (2d Cir. 1980).* In all of these cases, federal courts stated that the identity of a declarant party was not required in order to introduce an admission.

## CONCLUSION

For these reasons, the plaintiff requests that this court deny defendant's motion in limine to preclude plaintiff from offering hearsay statements of unknown individual.

>
> Respectfully submitted
> By Plaintiff's attorneys,
>
> /s/  E. Steven Coren, Esq.
>
> _____
> E. Steven Coren, Esq. BBO# 099740
> Paul W. Morenberg, BBO# 631101
> Kerstein Coren Lichtenstein Finkel LLP
> 60 Walnut Street
> Wellesley, MA 02481
> (781) 997-1600

## **CERTIFICATE OF SERVICE**

I certify that this Motion has been served upon all counsel of record in compliance with Fed.R.Civ.P.

> /s/ Paul W. Morenberg
>
> _____
> Paul W. Morenberg

DATED:       February 6 2007

4