UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUSAN COONEY,            )
    Plaintiff            )
v.                       )
                         )
SAYBROOK GRADUATE SCHOOL AND  )
RESEARCH CENTER          )
    Defendant            )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE SALLIE MAE AND OTHER LOAN DOCUMENTS

Defendant has moved to preclude evidence of student loans related to Susan Cooney's studies at Saybrook on the ground that there is a danger of confusing and misleading the jury. Plaintiff has proposed to introduce records from Sallie Mae and Citibank, which document Cooney's student loans related to graduate studies at Saybrook and other schools. While some of these records may be difficult to read without explanation, plaintiff contends that her own testimony will establish a proper foundation to admit these records. Moreover, plaintiff has issued trial subpoenas to Sallie Mae and Citibank, and expects to receive certified copies of her student loan records by the start of trial.

## ARGUMENT

Plaintiff should not be precluded from offering evidence of student loans incurred due to her attendance at Saybrook. One of the elements of plaintiff's damage is the cost to her of obtaining a doctorate degree from Saybrook, which includes the principal and interest on her student loans. Loan documents are relevant to this issue and have significant probative value.

Defendant's reliance on Fed.R.Evid. 403 is misplaced and inappropriate. Defendant fails to explain the alleged risk of confusion to the jury. The plaintiff is entitled to offer testimony about the proposed documents to illustrate which loans apply to her studies at Saybrook.

The plaintiff has knowledge that will enable her to explain which loan information is relevant to her burden of proof. The jury is in no danger of being confused or prejudiced. The Advisory Committee Notes state that "unfair prejudice" refers to an undue tendency to suggest a decision on an improper basis. Plaintiff has an obligation to explain her damages to the jury, and records of her educational loans are relevant to this issue. If there is anything in the records that is not relevant or probative, plaintiff will explain it based on her personal knowledge. The defendant may cross examine as to any misleading or non-relevant information contained in the records. Plaintiff respectfully suggests that this issue is not suitable for a motion in limine. The Court should rule on this evidence only after plaintiff is able to testify about these documents. Defendant's objections to the proposed exhibits go to the weight of the evidence, and not to its admissibility. As noted above, Plaintiff expects to receive certified copies of her student loan records in response to trial subpoenas to Sallie Mae and Citibank. Defendant's objections should be addressed after the Sallie Mae and Citibank respond to the trial subpoenas, and after plaintiff has provided testimony about her student loan records.

## CONCLUSION

For these reasons, the plaintiff requests that this court deny defendant's motion in limine to preclude evidence of student loans documents from Sallie Mae or Citibank.

> Respectfully submitted
> By Plaintiff's attorneys,
>
> /s/ E. Steven Coren
> _____
> E. Steven Coren, Esq. BBO# 099740
> Paul W. Morenberg, BBO# 631101
> Kerstein Coren Lichtenstein Finkel LLP
> 60 Walnut Street
> Wellesley, MA 02481
> (781) 997-1600

## CERTIFICATE OF SERVICE

I certify that this Motion has been served upon all counsel of record in compliance with the Federal rules.

> /s/ Paul W. Morenberg
> _____
> Paul W. Morenberg

DATED:    February 6, 2007