UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04- 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>   Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE SCHOOL<br>AND RESEARCH CENTER,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, SAYBROOK GRADUATE SCHOOL AND RESEARCH CENTER'S REQUEST FOR INSTRUCTIONS TO THE JURY

In accordance with Rule 51(a) of the Federal Rules of Civil Procedure, the defendant, Saybrook Graduate School and Research Center ("Saybrook"), requests that this Court instruct the jury on the law as set forth in the written requests set forth below.

I. Function of Jury.

The function of you as the jury is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility — that is, the believability — of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of any party or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard outside

the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened. You cannot allow yourselves to be influenced by your personal view of the nature of the claims and defenses at issue in this case or by the consequences of your verdict. Instead, you must confine your deliberations to the evidence and nothing but the evidence.

II.     The Evidence. The evidence in this case falls into two general categories: the exhibits and the testimony of the witnesses.

    A.     Exhibits. The first category of evidence consists of the exhibits. You will have all of the exhibits with you in the jury room. The things you heard me say we were marking for identification are not evidence and we simply marked them so we could keep track of them as we moved from witness to witness. You will not, therefore, have things marked simply for identification with you in the jury room. Coming back, however, to the exhibits that were introduced into evidence and that you will have with you, you alone will decide the weight — that is the value — that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff, Susan Cooney, has proved her case. You are not required to believe something simply because it is written on a piece of paper. You are not, of course, required to disbelieve it because it appears there. Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

    B.     Testimony. The second category of evidence is the testimony of the witnesses who appeared and answered the questions asked of them by counsel. Your function, ladies and gentlemen, is to determine and judge the credibility of that testimony. What do I mean by credibility? That is simply another word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and answered

the questions asked by counsel over the past several days. You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you. You are free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

      1.      <u>Assessment of Credibility</u>. Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot — indeed, nobody can tell you all of the ways that you go about making this terribly important judgment about credibility. I can suggest to you, however, some of the things that you should look at in making that judgment. You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over. You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony. All of those things, as I suggest to you, are things you may take into account in determining, and assessing, and judging for yourselves the credibility and the believability of what you heard from the mouths of the witnesses. The list is not exhaustive. It

is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

   2. <u>Experts</u>.  The standards just outlined apply to evaluating "expert" testimony.  A verdict may not be based on conjecture or surmise, and an expert opinion is not beneficial if it is demonstrated that it rests on speculation.[1]  Thus, if an expert was asked to give an opinion based on assumed or hypothetical facts, you should consider whether those assumed facts were proved when you evaluate the opinion the expert gave.

   3. <u>Limited Purpose Testimony</u>.  Let me say a few more things about the credibility of witnesses and your powers with respect to the testimony of witnesses before I turn to another subject.  The first of those is this:  At one point during the course of the trial, I told you that some testimony was admitted for a limited purpose.  I shall leave it to you to recall precisely what testimony was limited to a specific purpose.  I remind you now, however, that you may use testimony I told you could be used only for a limited purpose only for that purpose and for that purpose alone.

   4. <u>Impeachment</u>.  Second, a witness who testifies during the course of a trial, any trial, may be discredited or impeached by contradictory evidence or by evidence that at some time before trial the witness has said or done something that is inconsistent with the testimony the witness gave while on the witness stand in this trial.  You are not required to believe a witness because his or her testimony has not been impeached or contradicted in the fashion I have just described.  It is for you and you alone to decide the believability of all testimony of all witnesses.  If, however, you believe that a witness has been impeached, it is your exclusive province to give the testimony of that witness such weight, if any, as you believe that testimony deserves.  If you believe that a witness has knowingly, that is, intentionally and with purpose,

---

[1] <u>Swartz v. General Motors Corp.</u>, 375 Mass. 628, 633, 378 N.E.2d 61 (1978).

given false testimony to you, then you have the right not only to reject the witness's false testimony but all of the witness's other testimony as well.

C.  <u>Inferences</u>.  Before I turn to a discussion of the things that are not evidence, let me tell you about one other important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial.  That is the power to draw inferences.

1.  <u>Direct and Circumstantial Evidence</u>.  To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence.  Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses.  Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

2.  <u>Definition and use</u>.  Now, against that backdrop, what do I mean by an inference.  Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Drawing inferences is something you do every day.  Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.[2]

3.  <u>Example</u>.  That is an abstract definition of what I mean by an inference.  Let me try to give you an example of what I am talking about when I discuss with you the subject of inferences.  I am going to choose an example of an inference that I think each of you has drawn at some point while we have been together.  Think back to the time, now some time

---

[2] E.g., <u>Commonwealth v. Corriveau</u>, 396 Mass. 319, 340, 486 N.E.2d 29, 43 (1985).

ago, when you all came to the courtroom, before any of you were selected to serve as jurors in this case, you knew a number of facts. You knew, for example, that you were in a courtroom, you knew that you were here for jury selection and you knew that at some point after a jury had been selected a trial would begin. You undoubtedly knew other facts as well but you knew at a minimum those that I have just mentioned to you. Now, at some point shortly after you came into the room and were sitting here waiting for events to proceed, I came through that door, the door that you have seen me come through since on many occasions; and, dressed as I now am in this black robe, I came up to this bench and the proceedings began. As I came up here that first day, each of you drew the inference that I was the judge. You drew that inference based on the facts you knew coupled with the wisdom and experience you all have acquired during the course of a lifetime, wisdom and experience which told you that, somewhere in each courtroom where a trial is taking place, there is a judge; that typically he or she is dressed in a black robe, and typically he or she is in the front of the courtroom behind a bench or large desk of some kind. Thus, when a person meeting that description came into the room, you drew the inference that I was that person. You were not guessing, you were not speculating, you were not engaging in flights of fancy; instead, you were using your wisdom and experience to draw an inference based on facts you knew in order to determine a fact that must be. You have exactly the same power in this case. Not, again, the power to speculate, or to guess, or to engage in flights of fancy but, instead, the power to draw inferences based on your knowledge in the fashion I have just described.

  D. <u>Matters That Are Not Evidence</u>. Now, let me turn briefly, if I might, to complete the circle by telling you what evidence is not. I have told you that the evidence is the exhibits and the testimony. I have told you what your powers with respect to assessing credibility are. I

have told you what your powers with respect to drawing inferences are. Let me now, as I say, complete the circle by telling you what evidence is not.

1. <u>Openings</u>. Evidence is not, to begin with, the opening statements that counsel made to you, the very first statement that counsel made to you at the beginning of the case. If you heard something in those statements which is not something you later heard from the mouth of a witness, or is not something you see in an exhibit, or is not a reasoned inference you draw from one or both of those sources, it is not evidence and may not be the basis for your verdict.

2. <u>Closings</u>. Same rules apply to the closing summations that counsel just gave to you. If they help you look at the evidence in a way you find appropriate and helpful, that is well and good, and you may use them for that purpose. But, again, if you heard something in those summations which is not something you heard from the mouth of a witness, or is not something you see in an exhibit, or is not a reasoned inference you draw from one or both of those sources, it is not evidence and may not be the basis for your verdict.

3. <u>Counsel's Questions</u>. Any questions that counsel asked during the course of the trial, those are not evidence. Any statements they made during the course of the trial, those are not evidence either. The questions are not evidence because only the answers of the witnesses are evidence. The statements are not evidence because only things you heard from the mouth of the witness while on the witness stand is testimony that you may consider.

4. <u>Stricken testimony</u>. Any testimony I told you to disregard, any testimony I told you was stricken, all of that testimony must be disregarded, for that is not evidence as well.

5. <u>My Comments</u>. Finally, any comments I may have made, anything that I may have done, any ruling I may have made during the course of the trial, none of those things

are evidence, none of those things are to be taken by you as a suggestion that I have some view as to the proper outcome of this case. None of those things are to be taken by you in any way, shape, or form, as a basis upon which to focus on the proper verdict in this case. I tell you, ladies and gentlemen, that I have no view as to the proper outcome of the case. That decision is yours at this stage and yours alone, and I simply would not presume to interfere with or intrude upon that decision-making process.

III.    Burden of Proof.

A.    General. Your verdict in this case will take the form of answers to certain questions. We will look at those questions in just a minute. In general, though, in order prove the claims she has brought, the plaintiff, Susan Cooney, has the burden of proving, by a preponderance of the evidence, that the defendant, Saybrook, breached a contract or an enforceable promise to her.

B.    Civil Case. The burden of proof in a civil case is a preponderance of the evidence. The plaintiff must prove each element of her case by a preponderance of the evidence. By preponderance of the evidence I mean simply "more likely than not." Plaintiff, Susan Cooney, thus must prove that it is more likely than not that (1) Saybrook breached a contract with her, and/or (2) Saybrook made an enforceable promise to her that it did not keep.

1.    How to determine. Now, how do you determine whether the plaintiff has proved what she must prove by a preponderance of the evidence? You do not decide that by any mechanical means. You do not decide it, for example, by looking at who called more witnesses or whose case took longer to present. Instead, you look at all of the evidence, make your judgments about weight and credibility, and then decide whether that evidence persuades you that the elements the plaintiff must prove in order to recover are more likely true than not. Do

not concern yourselves with the identity of the party who produced the evidence. If, as to one or more elements, you are not persuaded that plaintiff's version is more likely true than not, then the plaintiff has failed to prove to you something she must prove in order to recover. If, as to some element, you have to speculate, then the plaintiff has not met her burden with respect to that element. If evidence as to some element is evenly balanced, then the plaintiff likewise has failed to carry her burden as to that element. But if, upon consideration of all of the evidence and the reasoned inferences you have drawn from the evidence you believe is credible, you are persuaded that an element that the plaintiffs must prove is more likely true than not, then the plaintiffs have satisfied its burden as to that element.

IV. <u>Claims</u>.

    A.    <u>Introduction</u>. The plaintiff, Susan Cooney, has asserted that the defendant, Saybrook Graduate School and Research Center, is responsible for her damages under two theories of liability – breach of contract and promissory estoppel.

    You will apply the law regarding each of these theories to the facts of this case as you find them.

    B.    <u>Breach of Contract</u>. The plaintiff, Susan Cooney, is alleging that the defendant, Saybrook Graduate School and Research Center, breached a contract it had with her to monitor and inform her of changes to Massachusetts psychology licensing laws. In order to prevail on her breach of contract claim, the plaintiff must prove the following four elements by a preponderance of the evidence:

    (1)    that the plaintiff and the defendant reached an agreement supported by valid consideration;

(2)  that the plaintiff was ready, willing, and able to perform her obligations under the agreement;

(3)  that the defendant breached the agreement; and

(4)  that the plaintiff suffered damages as a result of that breach.[3]

Now, the first element of breach of contract requires "consideration." Consideration is something that is given in exchange for an offer to do, or not do, something. Thus, in this case, in order to prove breach of contract, Susan Cooney must prove that she gave something to Saybrook in exchange for their agreement to do or not do something.[4] With respect to student handbooks or catalogues, in order for a promise in a student handbook to be considered a contract, it must be definite and certain so that it is reasonably foreseeable that it will induce reliance.[5] The law defines a promise as a manifestation of an intention to act or refrain from acting in a specified way, so as to justify one in understanding that a commitment has been made.[6]

If you decide that a binding contract was formed between the plaintiff and the defendant, you must then determine the terms of their agreement. The terms of the agreement are those terms to which the parties mutually agreed to with reasonable certainty.[7] Meaning, in this case the plaintiff has alleged that she had a contract with Saybrook that it would monitor and inform her of changes to Massachusetts psychology licensing laws. It is your job as the jury, to

---

[3] See Singarella v. City of Boston, 342 Mass. 385, 387 (1961).

[4] Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 366, 540 N.E.2d 691, 692 (1989) (a contract without consideration is unenforceable).

[5] Guckenberger v. Boston Univ., 974 F. Supp. 106, 150 (D. Mass. 1997).

[6] Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. 841, 850 (1995) (finding a bank's oral statement of its intention to give a construction loan, was not a binding promise).

[7] Kravetz v. Merchants Distributors, Inc., 387 Mass. 457, 460, 440 N.E.2d 1278, 1280 (1982); Rosenfield v. United States Trust Co., 290 Mass. 210, 195 N.E.2d 323 (1935).

determine whether such a contract existed and that if it did, the contract had such terms that were agreed to by both parties with reasonable certainty. Once you decide the terms of the contract, you must interpret those terms in their plain and ordinary meaning.[8]

As the plaintiff is claiming a breach of a contract, you must also decide whether the plaintiff fulfilled her end of the contract. In order for her to enforce the contract, she had to be ready, willing and able to perform her end of the contract.[9]

Thus, in order for you to find that Saybrook breached a contract, you need to decide, by a preponderance of the evidence, that the plaintiff had proved all four elements. Only if you find there was a valid contract, in which the terms were reasonably certain, and the plaintiff was ready, willing, and able to perform her burdens of under that contract, could you find defendant breached a contract.

C.     Promissory Estoppel. The plaintiff, Susan Cooney, is also alleging that the defendant, Saybrook Graduate School and Research Center, made oral representations that it would monitor and inform her of changes to Massachusetts psychology licensing laws and, therefore, is liable to her under a theory of promissory estoppel. In order to prevail on her promissory estoppel claim, the plaintiff has the burden of proving all the following elements:

(1)     that the defendant made a promise intended to induce the plaintiff to take some action or inaction in reliance on the promise;

(2)     that the plaintiff's reliance on that promise was reasonable;

(3)     that the plaintiff suffered a detriment as a consequence of the action or inaction; and

---

[8] Alternative Energy v. St. Paul Fire & Marine Ins. Co., 311 F.3d 450, 452 (1st Cir. 2002).

[9] Interstate Litho Corp. v. Brown, 255 F. 3d 19, 28 (1st Cir. 2001); Doyle v. Hasbro, 103 F.3d 186, 1948 (1st Cir. 2001).

(4)     that an injustice can only be avoided by enforcement of the promise.[10]

Thus, it is essential under a promissory estoppel theory that Susan Cooney prove that the defendant made an unambiguous promise in which it intended to be legally binding.[11] An oral statement made in the face of a written contract is not a "promise" for purposes of promissory estoppel because the existence of a written contract demonstrates the parties' intention that the written contract would govern their relationship.[12] Additionally, a promise is not sufficiently shown where it is "made with an understood intention that it is not to be legally binding, but only expressive of a present intention."[13]

Susan Cooney must also prove not only that she relied on a promise but also that her reliance was reasonable.[14] Reliance is not reasonable where the alleged representations are vague or indefinite.[15] Furthermore, reliance on a representation made in direct contradiction of a written contract is also not reasonable.[16] Thus, Susan Cooney must prove that any reliance was reasonable in order for you to find promissory estoppel.

V.   **Damages**

A.   <u>Introduction</u>. Now let us talk about damages. The fact that I charge you on the measurement of damages is not, and should not be considered by you as any indication that I

---

[10] See <u>Sullivan v. CJAM</u>, 448 Mass. 15, 27-28 (2006); <u>see also</u> <u>Neuhoff v. Marvin Lumber & Cedar Co.</u>, 370 F.3d 197, 203 (1st Cir. 2004).

[11] <u>Trent Partners & Assocs., Inc.</u>, 120 F.Supp. 2d 84, 104 (D. Mass. 1999).

[12] <u>Id.</u> at 104-05.

[13] <u>Id.</u>, quoting, <u>Rhode Island Hosp. Trust Nat'l Bank v. Varadian</u>, 419 Mass. 841, 850 (1995).
[14] See <u>Sullivan v. CJAM</u>, 448 Mass. 15, 28 (2006).

[15] <u>Armstrong v. Rohm & Haas Co.</u>, 349 F. Supp. 2d 71, 81 (D. Mass. 2004).

[16] <u>Trent Partners & Assocs., Inc.</u>, 120 F.Supp. 2d 84, 105 (D. Mass. 1999); <u>see also</u> <u>Steinke v. Sungard Fin. Sys.</u>, 121 F.3d 763, 776-77 (1st Cir. 1997) (finding lack of reasonable reliance as a matter of law).

think damages should be awarded. I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider.

You will only reach the issue of damages if you find that the defendant, Saybrook Graduate School and Research Center, is liable to the plaintiff, Susan Cooney, under a theory of breach of contract or promissory estoppel. If your finding is that the defendant is not liable to the plaintiff, then you need not consider the issue of damages, no matter what evidence of possible damages the plaintiff contends. You may not let sympathy play any role in your decision concerning either liability or damages.

B.  General. In order to recover damages against the defendant, the plaintiff must demonstrate that the damages complained of were caused by the defendant's conduct. If the damages were caused by the plaintiff or by someone other than the defendant, then the plaintiff is not entitled to damages from the defendant.

In addition, the plaintiff's damages must be proven, that is, they must not be speculative and the plaintiff must not profit from or be placed in a better position than she would have been had the breach not occurred.[17] As with all of the other elements, the plaintiff bears the burden of proving her damages by a fair preponderance of the evidence.[18]

The purpose of the law in awarding damages is to compensate one so that they are in the same position that they would have been, had there been no breach.[19] The object is to try and restore the person or entity to a position it would have been in had the wrong not occurred. The

---

[17] Newton v. Rockwood & Co., 261 F.Supp. 485, 488 (D. Mass. 1966), aff'd. 378 F.2d 315 (1st Cir. 1967); Robie v. Ofgant, 306 F.2d 656, 660 (1st. Cir. 1962).

[18] Rodgers v. Boynton, 315 Mass. 279, 280, 52 N.E.2d 576 (1943).

[19] Muise v. Abbott, 60 F.Supp. 561 (D. Mass. 1945), aff'd 160 F.2d 590 (1st Cir. 1947).

purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded only as a fair and reasonable compensation for the legal wrong, if any, you find done.

C. <u>Measure of Damages</u>.

A party who is injured due to either a breach of contract or promissory estoppel is allowed to recover for any loss which flows as a natural consequence of that breach, was within the contemplation of the parties as a probable result of that breach, and may be computed by rational methods upon a firm basis of the available facts.[20] Contract damages are intended to put the injured party back in the same position as if no breach had occurred.[21] The burden is on the plaintiff, Susan Cooney, both to provide a reasonably certain basis to believe that the defendant's conduct caused her damages and to prove the amount of those damages with sufficient certainty.[22] The plaintiff can only recover damages that are ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances.[23] Thus, if the plaintiff's damages are remote, uncertain, or speculative, they cannot be recovered.[24]

D. <u>Interest</u>. If you are to award damages, you may not include any amount for interest. The law automatically provides for interest, and the clerk of courts will calculate the appropriate amount.[25]

---

[20] Restatement (Second) Contracts, 5344 (1981); <u>Redgrave v. Boston Symphony Orchestra</u>, 855 F.2d 888 (1st Cir. 1988); <u>John Hethington & Sons, Ltd. v. William Firth Co.</u>, 210 Mass. 8, 21, 95 N.E. 961, 964 (1911).

[21] <u>Laurin v. DeCarolis Construction Co., Inc.</u>, 372 Mass. 688, 691, 363 N.E.2d 675, 678 (1977).

[22] <u>Cambridge Plating Co., Inc. v. NAPCO, Inc.</u>, 85 F.3d 752, 771 (1st Cir. 1996).

[23] <u>John Hethington & Sons, Ltd.</u>, 210 Mass. at 21-22.

[24] <u>Cambridge Plating Co., Inc.</u>, 85 F.3d at 771

[25] <u>Griffin v. General Motors Corp.</u>, 380 Mass. 362, 367, 403 N.E.2d 402, 406 (1980); <u>D'Amico v. Cariglia</u>, 330 Mass. 246, 112 N.E.2d 807 (1953).

E.   Mitigation. In the event you find that there are damages, you need to look at whether the plaintiff mitigated her damages. The general rule with respect to mitigation of damages is that a person who has been damaged by the wrongful act of another has a duty, or an obligation, to exercise reasonable care and diligence to avoid loss and to minimize damages.[26] In light of that duty, the plaintiff may not recover for losses that could have been prevented by reasonable efforts on her part.[27] Thus, Susan Cooney, cannot recover for damages that she could have avoided.

Respectfully Submitted By,

Counsel for Defendant,
SAYBROOK GRADUATE SCHOOL AND
RESEARCH CENTER

/s/*Grace V. Bacon Garcia*

Thomas C. Federico, BBO # 160830
Grace V. Bacon Garcia, BBO #640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 6, 2007.

/s/ *Grace V. Bacon Garcia*

Grace V. Bacon Garcia

---

[26] Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982).
[27] Cambridge Plating Co., Inc., 85 F.3d at 772; Burnham, 387 Mass. at 586.

1029308v1

15