UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

|  |  |
|---|---|
| SUSAN COONEY,<br>          Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE "NEW" LOAN DOCUMENTS**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), moves the Court, *in limine*, for an order precluding the plaintiff, Susan Cooney ("Cooney"), from offering into evidence "**new**" loan documents.[1] On March 9, 2007, just ten days before trial, and **for the very first time**, the plaintiff produced 1 ½ inches of documents from Sallie Mae and Citibank. As **none** of these documents have been produced during discovery, despite being requested, Saybrook respectfully asks that the plaintiff be precluded from presenting them for at trial.

**RELEVANT FACTS**

Plaintiff is seeking damages for claims that while she was a student at Saybrook, Saybrook breached a contract and/or promise to monitor and inform her of psychology licensing regulation changes in Massachusetts. See Amended Complaint (Docket #28). During the course of discovery, Saybrook repeatedly requested both information and documents relating to plaintiff's claimed damages. Specifically, Saybrook did the following:

---

[1] Saybrook made a motion to preclude the plaintiff from offering into evidence any Sallie Mae, or other loan documents. See Docket # 71. That Motion was based on documents that were produced during discovery, or supplemented. That Motion was allowed by the Court on February 6, 2007.

1045077v1

- On May 19, 2005 it served its Request for Production of Documents, in which it specifically requested: "All documents evidencing your alleged damages and/or any expenses incurred by you as a result of the allegations contained in your Complaint." See Affidavit of Grace Garcia at ¶ 4 (Exhibit 1).

- On November 21, 2005, after only receiving a single document in response to its document request, counsel for Saybrook made a written request to the plaintiff to supplement the response. Id. at ¶ 5.

- On January 6, 2006, Saybrook's counsel made a further written request for supplementation. Id. at ¶ 6.

- On January 28, 2006, through an e-mail, Saybrook's counsel made a further written request for supplementation of the loan documents based on the plaintiff's deposition testimony. Id. at ¶ 7.

In response, the plaintiff supplemented with a handful of computer printouts from Sallie Mae. Id. at 9.

On March 9, 2007, just ten days before trial, Saybrook's counsel received 1 ½ inches of Sallie Mae and Citibank loan documents from the plaintiff. See id. at ¶ 10; Plaintiff's March 8, 2007 correspondence (Exhibit 2). These documents include loan applications along with what appears to be sheets of computer dot matrix print-outs. Based on the Affidavit of the Keep of Records with regard to the Citibank documents, these documents may have been sent to plaintiff as early as February 5, 2007. (Exhibit 3). Thus, it would appear, that although the plaintiff has had these documents for a month, plaintiff failed to produce them until now, on the eve of trial.

## ARGUMENT

Plaintiff should be precluded from introducing these "new" Sallie Mae and Citibank documents as she failed to produce them during the course of discovery, despite being appropriately requested to do so. Litigants have the responsibility of responding to discovery in a timely manner or else they assume the consequences of their actions. See e.g. Lalace-Bayard

v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) (upholding the preclusion of plaintiff's expert due to plaintiff's failure to timely identify the expert during the course of discovery). This late disclosure is prejudicial to Saybrook as it prepares for trial. "Exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)." Id. As the plaintiff failed to produce these documents during the course of discovery, despite repeated request, Saybrook request the Court preclude the submission of these documents at trial.

## CONCLUSION

Saybrook respectfully requests that the plaintiff be precluded from introducing these documents, as it failed to produce them during the course of discovery, although they were requested.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

1045077v1

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*
_____
Grace V. Bacon Garcia

Date: March 9, 2007