# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04-11572 JLT

|  |  |
|---|---|
| SUSAN COONEY,<br>Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE SCHOOL AND<br>RESEARCH CENTER,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF GRACE V. GARCIA

I, Grace V. Garcia, do hereby depose as follows:

1. I appear as counsel of record for the defendant, Saybrook Graduate School and Research Center ("Saybrook").

2. I am licensed to practice before the Courts of this Commonwealth, including this U.S. District Court for the District of Massachusetts.

3. I submit this Affidavit in support of Defendants' Motion in Limine to Preclude the Plaintiff from Offering Into Evidence "New" Loan Documents.

4. On May 19, 2005, Saybrook served a request for production of documents on the plaintiff. In the discovery request, Saybrook specifically requested the following:

> All documents evidencing your alleged damages and/or any expenses incurred by you as a result of the allegations contained in your Complaint.

5. On November 21, 2005, I sent Attorney Morenberg a letter stating the following:

> In reviewing the plaintiff's responses to Saybrook's written discovery, we find many of the answers and responses are inadequate, and request that they be supplemented. . . . Request No. 34. requested "All documents evidencing your alleged

1050924v1

> damages and/or any expenses incurred by you as a result of the allegations contained in your Complaint." In response to Interrogatory No. 11, the plaintiff alleged numerous damages, including lost of earnings, mental health counseling and other damages. Yet, the only document you provided to support the alleged damages was a single page printout from Sallie Mae, which presumably, includes loans taken out by the plaintiff that are unrelated to her claim against Saybrook. As the defendants are entitled to all information, regarding the alleged damages, we ask that this Response be promptly supplemented with damage documentation.

6. On January 6, 2006, I again wrote Attorney Morenberg requested supplementation of the discovery with respect to damages. Specifically, I wrote:

> [T]the plaintiff has yet to provide any information regarding her alleged damages. At this time, the plaintiff has yet to produce *any* copies of her Federal or State Income Tax Returns. Rather, the only document plaintiff produced was a Sallie Mae computer printout which not only contains loans the plaintiff may have taken out while attending Saybrook, but loans taken out at other times with no clear separation of the two. . . . Therefore, at a minimum, we anticipate you will provide to the defendants . . .copies of all invoices, bills **and loans** that she alleges are related to this lawsuit. . . . Based on the need to see all of the above information and documents prior to the start of any depositions, please provide me with them by January 13, 2006. Otherwise, pursuant to Fed R. Civ. P. 37(a)(2)(A) and Local Rules 7.1(A)(2) and 37.1, please advise me of when you are available to confer in good faith on these issues. (emphasis added).

7. On January 28, 2006, after plaintiff's deposition, I wrote an e-mail to plaintiff's counsel, Attorney Morenberg again requesting loan documents. Superficially, I stated:

> Finally, please provide the documents that Ms. Cooney stated during her possession that she possessed, which were requested during discovery, and were not produced. These documents, include, but are not limited to: (1) Her termination letter from Mass. Gen. Hospital; (2) The Return of Service slips for the purported ch. 93A demand letters, (3) **her loan payments/history**, and (4) any job rejection letters she may have. (emphasis added).

2

8. Additionally, I have had several telephone and in person conversations with Attorney Morenberg through out the discovery of this case in which I asked him to supplement the discovery with respect to plaintiff's damage claim.

9. During the course of discovery, the only loan documents that plaintiff produced are those that were attached to a motion in limine, which was filed with the Court as Docket #71.

10. For the first time, on March 9, 2007, I received Sallie Mae and Citibank loan documents from the plaintiff, that are approximately 1 ½ inches thick. These documents had not been previously produced.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9th DAY OF MARCH 2007

/s/ Grace V. Bacon Garcia
_____
Grace V. Bacon Garcia
BBO # 640970

3

1050924v1