UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUSAN COONEY,                              )
    Plaintiff                              )
v.                                         )
                                           )
SAYBROOK GRADUATE SCHOOL AND               )
    RESEARCH CENTER                        )
    Defendant                              )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION OF PLAINTIFF TO DEFENDANT"S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF NEW LOAN DOCUMENTS

Plaintiff, Susan Cooney, by her counsel, respectfully opposes Saybrook's motion in limine to exclude "new" loan documents that Sallie Mae and Citibank produced in response to plaintiff's trial subpoenas. Saybrook argues that these documents should have been produced in discovery, even though Saybrook made no document requests related to student loans. The subpoenaed documents contain important evidence of the original and current balance of Cooney' student loans related to her Saybrook education. As such, the subpoenaed records are relevant to plaintiff's damages.

### I.    ARGUMENT

A.    **Plaintiff Is Entitled to Offer Into Evidence Certified Business Records from Citibank and Sallie Mae**

Through two trial subpoenas, plaintiff has received authenticated business records of Citibank and Sallie Mae that document Cooney's student loans related to her Saybrook studies. Proposed Mass.R.Evid. 803(6) and Fed. R.Evid. 803(6) contain a hearsay exception for records

"kept in the course of regularly conducted business activity." The keepers of records for both institutions have furnished affidavits certifying that they have produced records that are genuine, complete, and kept in the ordinary course of business.

### B.    Plaintiff Had No Obligation to Supplement Her Discovery Responses

Saybrook claims that Cooney should have produced the subpoenaed documents in response to defendant's discovery requests. However, Saybrook submitted no document requests related to Cooney's student loans. Rather, Saybrook broadly requested documents related to Cooney's damages. Cooney appropriately produced documents related to her then current balances on student loans. F.R.C.P 26(e) imposes no duty to supplement unless a prior response is materially incomplete or inaccurate. As Cooney previously produced complete and accurate documents related to her student loan indebtedness, Cooney had no obligation to supplement her discovery response.

Saybrook recently moved to exclude Cooney's limited records related to her student loans on hearsay and authentication grounds. In light of the court's allowance of this motion, plaintiff has appropriately subpoenaed certified copies of student loan records from Citibank and Sallie Mae. The subpoenaed records largely consist of promissory notes and account statements. Saybrook argues that plaintiff has improperly produced 1 ½ inches of records on the eve of trial. Though Cooney had no discovery obligation to share these records with Saybrook, plaintiff's counsel furnished them as a professional courtesy. Moreover, the heft of the records is mostly attributable to a large Citibank computer printout that plaintiff will not introduce at trial. Rather, plaintiff expects to introduce a small number of promissory notes and current account statements.

These limited records establish the loan amounts, interest rate, and current balance on Cooney's student loans. As such, these records are plainly relevant as evidence of Cooney's damages.

### C. Defendant Failed to Comply With Local Rule 7.1

Pursuant to Local Rule 7.1, defendant's counsel was required to confer with plaintiff's counsel prior to filing Saybrook's motion in limine on March 9, 2007. Defendant's counsel did not confer with plaintiff's counsel until March 12th, the next business day after the motion was filed. Pursuant to defense counsel's tardy certification, counsel were able to narrow the dispute in part, underscoring the importance of compliance with Local Rule 7.1 prior to filing any motion. Defendant's motion should be struck for failure to comply with Local Rule 7.1

## II. CONCLUSION

For the foregoing reasons, plaintiff requests that the court deny Saybrook's motion.

/s/ Paul W. Morenberg

Paul W. Morenberg, BBO # 631101
(Counsel for the Plaintiff, Susan Cooney)
Kerstein, Coren, Lichtenstein & Finkel, LLP
60 Walnut Street
Wellesley, MA  02481
(781) 997-1600

### CERTIFICATE OF SERVICE

I certify that this Opposition has been served upon all counsel of record in compliance with the federal rules.

/s/ Paul W. Morenberg

Dated:    March 12, 2007