UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
SUSAN COONEY,                              )
    Plaintiff                              )
v.                                         )
                                           )
SAYBROOK GRADUATE SCHOOL AND               )
    RESEARCH CENTER                        )
    Defendant                              )
*******************************************

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ALLOWANCE OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT TWO SAYBROOK ALUMNI ENCOUNTERED LICENSURE OBSTACLES**

Plaintiff, Susan Cooney, by her counsel, respectfully moves the court to reconsider its allowance of Saybrook's motion in limine to preclude plaintiff from offering evidence that two Saybrook alumni, John Burke and Richard Francis, faced licensure obstacles in Massachusetts. Court Docket, Document # 66. In allowing Saybrook's overbroad motion, the court has excluded highly relevant evidence that is critical to proving plaintiff's claims. Cooney alleges that Saybrook breached a contract and promise to assist her to become licensed in Massachusetts and to monitor and disclose known licensure obstacles. The court should reconsider its order and allow Cooney to offer *limited evidence* that Saybrook received notice in or about 1995, 1997 and 2000 that the Massachusetts Board of Registration of Psychologists ("the Board") had concerns that Saybrook graduates did not meet Massachusetts requirements for licensure. Plaintiff will not disclose the names of the Saybrook graduates and will not provide details of their licensure difficulties. Plaintiff proposes this evidence for the sole purpose of establishing notice to Saybrook of licensure obstacles in Massachusetts.

## I.   ARGUMENT

### A.   The Proposed Evidence Is Relevant to Plaintiff's Claim that Saybrook Had Notice of Licensure Obstacles But Failed to Advise Cooney

Fed.R.Evid. 401 contains a broad definition of relevance, which embraces any "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under this broad standard, plaintiff should be permitted to introduce all facts that affect the jury's determination of facts of consequence.

Evidence that establishes <u>when</u> and <u>how often</u> Saybrook learned of licensure obstacles in Massachusetts is relevant to proving facts of great consequence in this litigation. Cooney has asserted that Saybrook breached a contractual obligation to assist her to become licensed in Massachusetts in accordance with the terms of <u>Saybrook's 1994-95 Interim Catalogue</u>. In addition, Cooney alleges that Saybrook contractually agreed to monitor and to disclose licensure issues in Massachusetts. Saybrook has improperly asked this court to preclude any evidence related to the licensure difficulties of two Saybrook graduates, Drs. Burke and Francis. By allowing this overbroad motion, the court is preventing plaintiff from offering some of the most compelling evidence in support of her claims. The court's recent order would prevent the plaintiff from offering three facts that are of critical importance:

(1)   that Saybrook's former president Rudy Melone contacted the Board of Registration of Psychologists in Massachusetts ("the Board") in March, 1995--the year Cooney began at Saybrook--to protest the Board's rejection of Saybrook graduate John Burke;

(2)   that Saybrook faculty member, Eugene Taylor, advised Saybrook faculty in or about 1997 that Massachusetts students may require the assistance of a lawyer and/or the threat of a lawsuit to become licensed; and

2

    (3)    that Saybrook officers and faculty contacted the Massachusetts Board in or about 2000 to protest the Board's rejection of a second Massachusetts resident and Saybrook graduate, Richard Francis.

The above facts took place shortly before or during Cooney's doctoral studies at Saybrook from September, 1995 through 2002. Saybrook's failure to share its knowledge that its recent Massachusetts graduates were facing licensure obstacles in 1995, 1997 and 2000 is highly relevant to plaintiff's claim that Saybrook violated its contractual agreement to assist her to become licensed in Massachusetts. Moreover, such evidence is critical to establishing that Saybrook engaged in a pattern of deceitful conduct by withholding critical information about licensure obstacles while permitting Cooney to pay tuition for a worthless degree. Had Saybrook informed Cooney of its knowledge of licensure obstacles in 1995, 1997 or 2000, Cooney would have been in a position to transfer to a graduate program that was acceptable to the Board.

    Saybrook has argued that the circumstances of John Burke and Richard Francis are not relevant because these students were not rejected under the new regulations that the Board adopted in 1997. Saybrook's argument is both factually incorrect and misleading. Before September, 2000, Cooney was subject to the same regulations and regulatory obstacles that Burke and Francis encountered. Moreover, pursuant to the 1994-95 Catalogue, Saybrook assumed a contractual obligation to assist Cooney to become licensed and to monitor regulatory issues. Before and after the Board adopted new regulations in 1997, Saybrook had a contractual obligation to inform Cooney of all known licensure obstacles in Massachusetts.

Saybrook has also argued that evidence related to Burke or Francis could distract the jury. However, Saybrook's motion in limine raises no argument that plaintiff's proposed evidence would be unduly prejudicial. Consequently, Saybrook has not raised any valid evidentiary objection related to the risk of "distraction." Nonetheless, plaintiff is sensitive to the court's desire to try this case efficiently. Plaintiff is willing to present limited evidence related to Saybrook's awareness of licensure obstacles without naming Dr. Burke or Dr. Francis and without relying on any documents (unless required for impeachment).

Plaintiff requests that the court allow her to offer limited evidence of Saybrook's knowledge of Massachusetts licensure obstacles in three ways. First, plaintiff will establish through the testimony Dr. Karen Schwartz (an agent of the Board) that former Saybrook President Rudy Melone contacted the Board in March, 1995 to protest its rejection of a Saybrook graduate. Plaintiff will instruct the witness not to disclose the name of the Saybrook graduate. Second, plaintiff will establish through the testimony of Saybrook professor Eugene Taylor that he informed Saybrook faculty in or about 1997 that the aforementioned Massachusetts graduate of Saybrook was able to obtain licensure by hiring a lawyer and threatening a lawsuit. Finally, Saybrook will establish through the testimony of Dr. Schwartz and former Saybrook officer, William Bruff, that Saybrook contacted the Board in or about 2000 to protest its rejection of a second Saybrook graduate. Once again, plaintiff would instruct the witnesses not to disclose the name of the second Saybrook graduate. Plaintiff also agree not to disclose details of the nature of the licensure difficulties encountered by either student. Plaintiff proposes this evidence for the sole and limited purpose of establishing notice to Saybrook of licensure obstacles.

## II. CONCLUSION

For the foregoing reasons, plaintiff requests that the court allow this motion and permit plaintiff to offer limited evidence (as described in the preceding paragraph) related to licensure obstacles known to Saybrook between 1995 and 2000.

## REQUEST FOR A HEARING

Plaintiff requests to be heard on this motion on or before the March 19, 2007 trial.

## CERTIFICATION UNDER LOCAL RULE 7.1

Plaintiff conferred in good faith with Saybrook's counsel, Grace Garcia, on March 13, 2007, but the parties were unable to resolve or narrow this issue.

/s/ Paul W. Morenberg
_____
Paul W. Morenberg, BBO # 631101
(Counsel for the Plaintiff, Susan Cooney)
Kerstein, Coren, Lichtenstein & Finkel, LLP
60 Walnut Street
Wellesley, MA   02481
(781) 997-1600

## CERTIFICATE OF SERVICE

I certify that this Opposition has been served upon all counsel of record in compliance with the federal rules.

/s/ Paul W. Morenberg
_____

Dated:        March 13, 2007