UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>    Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S FEBRUARY 6, 2007 DECISION**

Defendant, Saybrook Graduate and Research Center ("Saybrook"), opposes plaintiff, Susan Cooney's delayed motion to reconsider this Court's February 6, 2007 decision, granting Saybrook's motion to preclude the plaintiff from offering into evidence any allegations that two former Saybrook alumni, Richard Francis and John Burke, had problems obtaining their psychology license in Massachusetts. Plaintiff's motion, brought on the eve of trial and more than a month after this Court's original decision, should be denied for three reasons: (1) the testimony that plaintiff seeks is irrelevant to the plaintiff's claims and creates a significant danger of misleading the jury; (2) plaintiff's proposal to limit the testimony, if allowed, is entirely self-serving; and (3) plaintiff has failed to give a good faith reason for bringing this motion to reconsider at such a late date.

**ARGUMENT**

1. **Plaintiff Proposed Testimony is Irrelevant and Will Only Serve to Distract the Jury**

Evidence pertaining to Richard Francis and John Burke is entirely irrelevant to plaintiff's three claims of breach of contract, promissory estoppel and violation of Mass. Gen. Laws ch.

93A. Plaintiff contends that her "sole and limited purpose"[1] is to introduce evidence that two Saybrook alumni faced difficulty in obtaining their license to establish that Saybrook was aware of licensure obstacles. "Notice," however, is not relevant as to whether Saybrook had a contractual or promissory obligation to monitor and inform her of changing regulations. In fact, "notice" is not an essential element of the plaintiff's claims. See Singarella v. City of Boston, 342 Mass. 385, 387 (1961) (stating the requirements for a breach of contract claim); Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 203 (1st Cir. 2004) (listing the essential elements for a promissory estoppel claim); Mass. Gen. Laws ch. 93A, §§ 2, 9. Rather, the evidence plaintiff seeks to submit would only be superfluous as it does not have a "tendency to make the existence of any fact that is of consequence to the determination of the [plaintiff's specific claims] more probable or less probable than it would be without the evidence," and thus, should excluded. See Fed. R. Evid. 401.

Even if this Court reconsiders and finds the evidence regarding these alumni relevant, which Saybrook denies, the Court should still affirm its original February 6, 2007 decision based on Fed. R. Evid. 403. Fed. R. Evid. 403 provides that, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." The problems that these two alumni faced during the licensure process are not the same as those faced by Susan Cooney. See Motion at Docket 61. In fact, neither alumni faced the same problem as Susan Cooney faces because they applied for licensure pursuant to different licensing laws, as they applied prior to the effective change in the licensure laws in September of 2000. Id. at Exhibit 1[2] (stating that applicants after

---

[1] See Plaintiff's Motion for Reconsideration at 4.
[2] Plaintiff mistakenly contends that before September 2000, she would have been subject to the same regulations as the two alumni, and thus would have faced the same obstacles. Although she would have faced the same regulations, it is not necessarily true that she would have faced any obstacle in obtaining her license as the Board

2

1051523v1

September 1, 2000, are required to have graduated from ASPPB designated schools); Deposition of Karen Schwartz at 94, 101 (indicating John Burke applied for licensure around 1995 and Richard Francis applied for licensure on June 23, 2000) (Exhibit A). As a result, evidence that these two alumni, who ultimately were granted licenses faced obstacles, creates a substantial danger of "unfair prejudice, confusion of the issues, or misleading the jury," and thus should be barred. See Fed. R. Evid. 403.

### 2. Plaintiff's Proposal to Limit the Proposed Evidence Does Not Cure the Evidentiary Issues

Limiting the evidence in the fashion plaintiff proposes is entirely self-serving. Plaintiff proposes that she would limit the evidence by not informing the jury of the identity of the two alumni and by not informing them of the obstacles the two alumni allegedly faced. This proposal not only does not cure the evidentiary issues, but would only serve to have the jury speculate and possibly make an improper, negative inference against Saybrook. For example, the following problems exist with plaintiff's proposal:

- By proposing not to disclose the details of the licensing difficulties these alumni faced, such will only allow the jury to improperly believe that the difficulties were the same as the plaintiff's, when in fact, the difficulties were entirely different; and

- By failing to identify the two individuals, it will cause the jury to speculate and possibly make a negative inference against Saybrook, as to why these individuals are not identified.

Therefore, this Court's February 6, 2007 decision should be affirmed as plaintiff's proposal to limit the information, simply by failing to disclose the identity of the alumni and the circumstances of their "obstacle," will only lead the jury to improperly speculate.[3]

---

reviews each application individually. See Deposition of Dr. Dennis Norman at 15 (Exhibit B); Deposition of Karen Schwartz at 59.

[3] Furthermore, the jury would not be able to get an accurate story of the obstacles these two alumni faced as plaintiff has failed to subpoena these individuals for trial.

3

1051523v1

3. **Plaintiff Fails to Raise Any Reason to Bring this Motion for Reconsideration Before the Court on this Late Date**

Plaintiff entirely fails to assert any reason for bringing her motion for reconsideration just days before trial, although she had known of this Court's decision since February 6, 2007. Moreover, although it is a motion to reconsider, the plaintiff does not offer any new reasons why the evidence that she seeks to be admitted should be allowed. Rather, although worded slightly different, the plaintiff only raises the same arguments in its motion for reconsideration that this Court already evaluated in the original opposition, with the exception that plaintiff now proposes to limit the evidence by not identifying the names of the students or the details of the nature of their obstacles. As a result, the Court should affirm its prior decision.

## CONCLUSION

As any evidence relating to Richard Francis or John Burke is irrelevant to the plaintiff's claims, and there is a substantial danger of it being highly prejudicial to the defendant, Saybrook respectfully requests that this Court affirm its February 6, 2007 decision and preclude the plaintiff from offering such evidence.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. Bacon Garcia*

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

1051523v1

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*

---

Grace V. Bacon Garcia

Date: March 14, 2007