UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

*******************************************
SUSAN COONEY,                              )
    Plaintiff                                 )
                                               )
v.                                         )
                                               )
SAYBROOK GRADUATE SCHOOL AND               )
RESEARCH CENTER,                           )
    Defendant                                 )
*******************************************

**PLAINTIFF'S REQUESTS FOR INSTRUCTIONS TO THE JURY**

**I.    BREACH OF CONTRACT**

**A.    Formation and Mutual Assent**

1.    A contract is a promise or set of promises between two or more persons or organizations to do or not do a certain thing. The contract may be in writing or may be oral. Each party agrees to exchange a promise for another promise.

    *Canney v. New England Tel. and Tel. Co.*, 353 Mass 158, 164 (1967)

2.    A contract exists when the parties agree to terms and conditions of mutual promises. Mutuality, a meeting of the minds, means that the parties communicated their agreement to the terms and conditions in the same sense and at the time of the alleged contract.

    *Canney v. New England Tel. and Tel. Co.*, 353 Mass 158, 164 (1967)

3.    A contractual agreement can be shown by written or spoken words or by some act

which is intended to communicate agreement and which indicates to the other party that it is intended to communicate agreement. The law presumes that a person or organization intends the natural and probable consequences of his or her or its acts.

    <u>Canney v. New England Tel. and Tel. Co.</u>, 353 Mass 158, 164 (1967)

    4.    In order to determine whether a binding contract existed in this case, you must find whether the parties intended to agree to the contract's terms as of the time of the contract. The plaintiff has the burden to show by a preponderance of the evidence that an offer was made, the offer was accepted, and the plaintiff and Saybrook each gave up something of value or promised to give something of value, which is called consideration.

    <u>Quinn v. State Ethics</u> Commission, 401 Mass. 210, 216 (1987)

**B.**    <u>**Consideration**</u>

    5.    Consideration is something given in exchange for an offer. To establish consideration, the plaintiff must show by a preponderance of the evidence a benefit to the other party making the offer. <u>Congregation Kadimah Toras-Moshe v. DeLeo</u>, 405 Mass. 365, 366 (1989)

**C.**    <u>**Implied Covenant of Good Faith and Fair Dealing**</u>

    6.    In Massachusetts there is an implied covenant of good faith and fair dealing between the parties to a contract. The implied covenant of good faith and fair dealing means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

*Anthony's Pier Four, Inc. v. HBC Associates,* 411 Mass. 451, 471-74 (1991); *Uproar Co. v. National Broadcasting Co.,* 81 F.2d 373, 377 (1st Cir.), cert. denied, 298 U.S. 670 (1936)

7. If the defendant has failed to act in good faith the defendant cannot be found to have complied with its contractual obligations.

*Anthony's Pier Four, Inc. v. HBC Associates,* 411 Mass. 451, 471-74 (1991); *Uproar Co. v. National Broadcasting Co.,* 81 F.2d 373, 377 (1st Cir.), cert. denied, 298 U.S. 670 (1936)

D. **Ambiguous Terms**

8. Sometimes the terms of a contract are ambiguous. A contract is considered ambiguous when its terms, or the words used, can reasonably support different interpretations.

You should consider the contract words used, the agreement as a whole, other documents relating to the transactions, what the parties said, and the surrounding facts and circumstances in order to determine what the ambiguous contract terms were intended to mean. This additional evidence is relevant to help you to ascertain the intent and expectations of the parties where the contract terms are ambiguous.

*Suffolk Construction Company v. Lanco Scaffolding Co.,* 47 Mass.App.Ct. 726 (1999); *Massachusetts Mun. Wholesale Elec. Co. v. Danvers,* 411 Mass. 39 (1991); *Fairfield Clarendon Trust v. Dwek,* 970 F.2d 990 (1st Cir. 1992).

9. If terms are ambiguous, then those terms are interpreted against the party who drafted them. This means that in the case of doubt as to the contract's meaning, the instrument is to be read against the interest of the party that drafted it.

*Canam Steel Corp. v. Bowdoin Constr. Corp.*, 34 Mass.App.Ct. 943 (1993); *Wood v. Roy Lapidus, Inc.*, 10 Mass.App.Ct. 761, 764 (1980); *Rams v. Royal Caribbean Cruise Lines*, 17 F.3d 11 (1st Cir. 1994); *Boston Helicopter Charter Co. v. Agusta Aviation Corp.*, 767 F.Supp. 363 (D.Mass. 1991).

E.  **Performance**

10. When a contract does not specify the time for performance, a party has a reasonable period of time in which to perform.

*Powers, Inc. v. Wayside, Inc. of Falmouth*, 343 Mass. 686, 690–91 (1962); *Alexander v. Berman*, 29 Mass.App.Ct. 458, 461 (1990); *Charles River Park, Inc. v. Boston Redev. Auth.*, 28 Mass.App.Ct. 795, 814 (1990).

11. Where a person or entity contracts to perform services for another, it impliedly promises to perform the services in a reasonably diligent, skillful, workmanlike and adequate manner. The contract may be found to have been breached if it was performed negligently.

*Previews, Inc. v. Everets*, 326 Mass. 333 (1950); *Damiano v. National Grange Mut. Liab. Co.*, 316 Mass. 626 (1944).

12. To recover for a breach of contract, a plaintiff must establish [his/her] full and complete performance of all obligations under the contract. However, a material breach of the contract by one party excuses further performance by the non-breaching party.

*G.M. Abodeely Ins. Agency, Inc. v. Commerce Ins. Co.*, 41 Mass.App.Ct. 274 (1996); *Lease-It, Inc. v. Massachusetts Port Auth.*, 33 Mass.App.Ct. 391 (1992); *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147 (1st Cir. 1991).

F.   **Breach of Contract**

13.   A breach of contract is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, the non-breaching party must have completely performed his, her or its obligations. Where one party to a contract has failed to perform his, her or its obligations, then as a matter of law the other party is thereafter excused from performing his, her or its contractual obligations. In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

> i.   that there is a contract,
>
> ii   that the plaintiff performed her obligations under the contract (or is excused from performance),
>
> iii.   that the other party breached the contract, and
>
> iv.   that the plaintiff suffered damages as a result of the breach of contract. Canney v. New England Tel. and Tel. Co., 353 Mass 158, 164 (1967); Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 366 (1989)

G.   **Remedies**

14.   There are two kinds of breach of contract—material breaches and immaterial breaches. A material breach occurs when there is a breach of an essential feature of the contract, or when there is a breach that goes to the heart of the agreement. An immaterial breach involves something which is not an essential feature of the contract. If a party has materially breached the contract, then the non-breaching party is excused from further performance under the contract and may elect to rescind or cancel the contract, or it may affirm the contract and sue to recover for its damages. *Lease-It, Inc. v. Massachusetts Port Auth.,* 33 Mass. App. Ct. 391, 396–97

*(1992)*

## II.  PROMISSORY ESTOPPEL

### A.  Elements of Promissory Estoppel

15. To prove a claim of promissory estoppel under Massachusetts law, "a plaintiff must allege that (1) a promisor makes a promise which it should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise."

<u>Neuhoff v. Marvin Lumber and Cedar Co.</u>, 370 F.3d 197, 203 (1st Cir. 2004); <u>Carroll v. Xerox Corp.</u>, 294 F.3d 231, 242 (1st Cir. 2002) (citing <u>Loranger Const. Corp. v. E.F. Hauserman Co.</u>, 6 Mass.App.Ct. 152, 154 (App.Ct. 1978)

16. According to contract law, "[i]t is not required that all terms of [an] agreement be precisely specified, and the presence of undefined or unspecified terms will not necessarily preclude the formation of a binding contract."

<u>Neuhoff v. Marvin Lumber and Cedar Co.</u>, 370 F.3d 197, 203 (1st Cir. 2004); <u>Situation Mgmt. Sys. v. Malouf, Inc.</u>, 430 Mass. 875 (2000).

17. The fact that "the parties may have chosen to leave one of the terms of the contract indefinite does not render it unenforceable."

<u>Associated Credit Servs., Inc. v. City of Worcester</u>, 33 Mass.App.Ct. 92 (Mass. 1992)

18. In addition to a promisor's reasonably expecting the promisee to act or to forbear based on the promise, a promissory estoppel claim also requires a promisee to rely on the promise. <u>Neuhoff v. Marvin Lumber and Cedar Co.</u>, 370 F.3d 197, 204 (1st Cir. 2004)

### III. <u>DAMAGES</u>

19.     The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded. I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider. If the plaintiff has not proven that the defendant breached the contract, then you will not consider the issue of damages. If the defendant did breach the contract, you must then decide the amount of the plaintiff's damages, if any. Before the plaintiff can recover damages under any theory of recovery, she must prove that the defendant's breach caused damages.

<u>Lease-It, Inc. v. Massachusetts Port Auth.</u>, *33 Mass. App. Ct. 391, 396–97 (1992)*

20.     The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract. In order to recover damages against the defendant, the plaintiff must demonstrate that the damages complained of were caused by the defendant's conduct.

<u>Kobayashi v. Orion Ventures, Inc.</u>, *42 Mass.App.Ct. 492, further app. rev. denied, 425 Mass. 1102 (1997).* <u>Fernandes v. Union Bookbinding Co.</u>, *400 Mass. 27, 37–38 (1987);* <u>John Hetherington & Sons, Ltd. v. William Firth Co.</u>, *210 Mass. 8, 95 N.E. 961 (1911).*

21.     The plaintiff is entitled to recover damages sufficient to give her the benefit of her contractual bargain, as long as such damages are reasonably proved. In other words, she is entitled to those damages that would put her in a position to obtain that which she has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm

basis in fact.

> *Productora E Importadora De Papel v. Fleming*, 376 Mass. 826, 837–38 (1978); *White Spot Constr. Co. v. Jetspray Cooler, Inc.*, 344 Mass. 632, 635 (1962); *John Hetherington & Sons, Ltd. v. William Firth Co.*, 210 Mass. 8 (1911).

22. An injured party is entitled to recover both general and special damages. General damages are those which flow according to common understanding as the natural and probable result of the breach. Consequential damages result from special circumstances known or presumed to have been known to the parties.

> *John Hetherington & Sons, Ltd. v. William Firth Co.*, 210 Mass. 8 (1911); *Boylston Hous. Corp. v. O'Toole*, 321 Mass. 538, 562–63 (1947) (*special or consequential damages compensated for loss of rents of apartments due to failure of timely installation of elevator*). See also *First Pennsylvania Mortgage Trust v. Dorchester Sav. Bank*, 395 Mass. 614 (1985).

23. A party injured by a breach of contract may [also] be entitled to special damages beyond the mere loss of property. In this case, you may consider the amount, if any, of lost profits (or income), that is, those profits (or income) the plaintiff would have earned had the defendant not breached the contract. *See J.A. Sullivan Corp. v. Commonwealth*, 397 Mass. 789, 793, 494 N.E.2d 374, 377 (1986).

24. The plaintiff must prove the following elements by a preponderance of the evidence:

   a. The plaintiff has suffered a loss of profits (or income) as a result of the defendant's breach.

   b. Those profits (or income) that the plaintiff lost were within the

8

contemplation of the parties at the time they made the contract. *See Salamon v. Terra*, 394 Mass. 857, 477 N.E.2d 1029 (1985).

  c. Profits or income are within the contemplation of the contracting parties where the parties were aware of special circumstances or conditions at the time of the making of the contract that would give rise to the expectation of profits (or income). *See Grant v. Carlisle*, 328 Mass. 25, 29, 101 N.E.2d 376, 378 (1951).

25. The law requires that you calculate damages within a reasonable degree of certainty, not an absolute degree of certainty. However, the damages you award should not be speculative. *W.A. Snow Iron Works v. Chadwick*, 227 Mass. 382, 116 N.E. 801 (1917). You should arrive at a figure within a reasonable range, a figure supported by the evidence and by inferences drawn from the evidence. *Cay v. Caton*, 119 Mass. 513 (1876). When considering the likelihood and amount of profits (or income) the plaintiff would have earned had the defendant not breached the contract, you may consider such things as the plaintiff's established earnings record as well as any expert opinions. S. Williston, Contracts § 805 (3d Ed. 1961).

26. A person who has been damaged by the wrongful act of another is bound to exercise reasonable care to avoid loss and to minimize damages. <u>Burnham v. Mark IV Homes, Inc.</u>, 387 Mass. 575, 586 (1982)

        Respectfully submitted,
        SUSAN COONEY,
        By her attorneys,

        /s/ E. Steven Coren
        /s/ Paul W. Morenberg

        E. Steven Coren, BBO # 99740
        Paul W. Morenberg, BBO # 631101
        Kerstein, Coren, Lichtenstein & Finkel, LLP
        60 Walnut Street
        Wellesley, MA 02481
        781-997-1600

Dated:    March 26, 2007

### Certificate of Service

    I hereby certify that this document file through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _____.

        /s/ E. Steven Coren
        /s/ Paul W. Morenberg

        E. Steven Coren
        Paul W. Morenberg