UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

| | |
|---|---|
| SUSAN COONEY,<br>   Plaintiff,<br><br>v.<br><br>SAYBROOK GRADUATE AND<br>RESEARCH CENTER,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION FOR A DIRECTED VERDICT

Pursuant to Fed. R. Civ. P. 50(a), defendant, Saybrook Graduate and Research Center ("Saybrook"), moves this Honorable Court to direct a verdict in its favor. Saybrook submits that the plaintiff, Susan Cooney, has failed to fulfill her burden to produce evidence in which a reasonable jury can find in her favor for the reasons stated below:

1. There is no evidence that the plaintiff had a contract with Saybrook that provided Saybrook would monitor and inform her of licensure changes.

2. There is no evidence that Cooney had a contract with Saybrook that guaranteed her that she would qualify for Massachusetts licensure as a psychologist.

3. Plaintiff has not shown proof of the existence of an unambiguous promise, an essential element of a promissory estoppel claim. Trent Partners & Assoc. Inc. v. Digital Equip. Corp., 120 F. Supp. 84, 104 (D. Mass. 1999).

4. There is no evidence in which a jury can reasonably find an oral contract existed between Cooney and Saybrook to monitor and inform Cooney of licensure laws. Id. at 105 (uncorroborated oral testimony regarding an alleged oral promise, "standing alone and in

1050991v1

direct contradiction to the written contract and unsupported by any evidence . . . [is] not sufficient to create a jury question").

5. In order to violate Chapter 93A, the alleged unfair act or practice must be done "in the conduct of any trade or commerce." G.L. ch. 93A, § 2.

6. "A nonprofit or charitable corporation, however, is not engaged in trade or commerce 'if, in the transaction in question, the nonprofit is merely engaged in the customary business necessary to meet its charitable purpose.'" Trustees of Boston Univ. v. ASM Comms, Inc., 35 F. Supp. 2d 66, 77 (D. Mass. 1998), quoting, Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 952 F. Supp. 884, 890 n.4 (D. Mass. 1997).

7. Thus, in the context of nonprofit educational institutions, a school is not engaged in trade or commerce when its activities are merely in furtherance of its mission. Id.; see also Thorton v. Harvard Univ., 2 F. Supp.2d 89 (D. Mass. 1998)(granting summary judgment on ch. 93A claim, finding that the school's operation of its financial aid program not to be "trade" or "commerce").

8. Cooney cannot prove a violation of Mass. Gen. Laws ch. 93A. as Saybrook is a non-profit educational institution, acting within its mission, and thus not engaged in trade or commerce.

9. Furthermore, Cooney has no proof of a violation of Mass. Gen. Laws ch. 93A. Plaintiff has failed to present evidence that would support a finding that Saybrook engaged in any unfair and deceptive acts or practices in connection with the education provided to her. PMP Assoc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1st Cir. 1975).

10. Specifically, the plaintiff has not shown any evidence that conduct by Saybrook was "egregiously wrong -- and this standard calls for determinations of egregiousness well

beyond what is required for most common law claims." <u>Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n.</u>, 142 F.3d 26, 41 (1st Cir. 1998).

11. As there is no evidence upon which a jury can find in the plaintiff's favor on breach of contract and promissory estoppel, and no evidence to support a violation of Mass. Gen. Laws. Ch. 93, as a matter of law, a directed verdict in Saybrook's favor is merited.

WHEREFORE, the defendant Saybrook in requests that this Honorable Court direct a verdict in its favor.

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ Thomas C. Federico

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500