UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 11572 JLT

SUSAN COONEY,
    Plaintiff,

v.

SAYBROOK GRADUATE AND
RESEARCH CENTER,
    Defendant.

## DEFENDANT'S FED. R. CIV. P. 50 MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Pursuant to Fed. R. Civ. P. 50(b)(1)(C), defendant, Saybrook Graduate and Research Center ("Saybrook"), renews its request and respectfully requests this Honorable Court to enter judgment as a matter of law on plaintiff's claims of breach of contract and promissory estoppel. Saybrook submits that the plaintiff, Susan Cooney, failed to fulfill her burden to produce evidence in which a reasonable jury can find in her favor for the reasons stated below:

1. There is no evidence that the plaintiff had a valid and enforceable contract with Saybrook that required Saybrook to monitor and inform her of licensure changes.

2. In order for a promise in a student handbook or catalogue to be considered a contract, it must be definite and certain so that it is reasonably foreseeable that it will induce reliance. Guckenberger v. Boston Univ., 974 F. Supp. 106, 150 (D. Mass. 1997).

3. Additionally, in order to be enforceable, the terms of the agreement must be ones which the parties mutually agreed to with reasonable certainty. Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 15 (1st Cir. 2003) (the parties must have settled on the

1055628v1

essential terms of a contract in order to be binding); <u>Rosenfield v. United States Trust Co.</u>, 290 Mass. 210, 217 (1935).

4. Here, the plaintiff failed to submit evidence that the parties mutually agreed to terms that would require Saybrook to both monitor and inform the plaintiff of licensing regulations. For instance, in the section entitled "Licensure" in the 1994-95 Interim Catalogue, absent from the terms is the word "inform." Indeed, the plaintiff presented no evidence that the parties mutually agreed, "with reasonable certainty" that Saybrook would both monitor and inform the plaintiff of licensing regulations. Rather, the only evidence of the terms of a contract are in the Catalogue, which states that "[S]tudents are advised that they should contract the licensing board in the state in which they plan to practice to obtain the detailed requirements, because regulations differ from state to state." <u>See</u> Trial Exhibit C, relevant pages attached hereto as Exhibit 1.

5. As there was no evidence upon which a jury could find a valid contract requiring Saybrook to both monitor and inform the plaintiff of changing licensing regulations, in which the terms were reasonably certain, this Court should enter judgment in Saybrook's favor with respect to plaintiff breach of contract claim.

6. This Court should also enter judgment, notwithstanding the jury's verdict on plaintiff's promissory estoppel claim. "A claim in promissory estoppel is essentially a claim in breach of contract; however, the plaintiff must prove reasonable reliance on a promise, offer, or commitment by the defendant rather than the existence of consideration." <u>Guckenberger</u>, 974 F. Supp. at 150.

7. Saybrook merits such judgment as the plaintiff failed to present sufficient evidence at trial of the existence of an unambiguous promise, an essential element of a promissory

1055628v1

estoppel claim. <u>Trent Partners & Assoc. Inc. v. Digital Equip. Corp.</u>, 120 F. Supp. 2d 84, 104 (D. Mass. 1999).

8. Specifically, the plaintiff failed to present any evidence that would allow for a finding that an oral contract existed between Cooney and Saybrook to monitor and inform Cooney of licensure laws. <u>Id.</u> at 105. Rather, the only testimony at trial was by Susan Cooney who stated that an unidentified individual told her at a residential conference in 1995 that she was "Good to go." <u>See</u> Testimony of Susan Cooney. Susan Cooney did not present any evidence that a promise was made during that conversation, or at any other time, that Saybrook agreed to monitor and inform her of licensing changes.

9. It is essential under a promissory estoppel theory that Susan Cooney prove that the defendant made an unambiguous promise in which it intended to be legally binding. <u>Trent Partners & Assocs., Inc.</u>, 120 F. Supp. 2d 84, 104 (D. Mass. 1999).

10. An oral statement made in the face of a written contract is not a "promise" for purposes of promissory estoppel because the existence of a written contract demonstrates the parties' intention that the written contract would govern their relationship. <u>Id.</u> at 104-105 (uncorroborated oral testimony regarding an alleged oral promise, "standing alone and in direct contradiction to the written contract and unsupported by any evidence" does not support a claim for promissory estoppel).

11. Additionally, a promise is not sufficiently shown where it is "made with an understood intention that it is not to be legally binding, but only expressive of a present intention." <u>Id.</u>, quoting, <u>Rhode Island Hosp. Trust Nat'l Bank v. Varadian</u>, 419 Mass. 841, 850 (1995).

12. Moreover, even if a promise was made, Susan Cooney failed to show that any reliance on such was reasonable. See Sullivan v. CJAM, 448 Mass. 15, 28 (2006); see also Steinke v. Sungard Fin. Sys., 121 F.3d 763, 776-77 (1st Cir. 1997) (finding lack of reasonable reliance as a matter of law).

13. Reliance is not reasonable where the alleged representations are vague or indefinite. Armstrong v. Rohm & Haas Co., 349 F. Supp. 2d 71, 81 (D. Mass. 2004). Indeed,

> [t]he law strongly favors certainty and precision of contracts, even at the expense of occasional injustice, on the theory that a contrary rule would lead to even greater injustices. Thus, the law will refuse to enforce a simple and direct promise if it is unduly vague (e.g., "Don't worry, we'll take care of you") but insist on enforcing boilerplate contract language that neither party even read or understood. Of course, a person of principle and character would keep his word; but if his word is sufficiently imprecise, the law will not force him to do so.

Id. Thus, any evidence of the conversation with an unidentified woman would not constitute an enforceable promise as it its terms were too vague and indefinite for Cooney to reasonably rely on.

14. It is proper to set aside the jury verdict under Fed. R. Civ. P. 50(b), as based on the evidence presented, a reasonable person could not conclude that there was a contract or enforceable promise made to the plaintiff that Saybrook would both monitor and inform her of changes in licensing laws. See Acevedo-Diaz v. Aponte, 1 F.3d. 62, 66 (1st Cir. 1993) (standard to set aside a jury verdict).

WHEREFORE, as the plaintiff failed to present evidence that would support a finding of breach of contract and promissory estoppel, the defendant Saybrook respectfully requests that this Honorable Court enter judgment in its favor as a matter of law notwithstanding the jury verdict.

1055628v1

Defendant,
Saybrook Graduate and Research Center
By its attorneys,

/s/ *Grace V. B. Garcia*

---

Thomas C. Federico, BBO# 160830
Grace V. Bacon Garcia, BBO# 640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

<u>Local Rule 7.1(A)(2) Certification</u>

I, Grace V. Garcia, Esquire, counsel for the defendant hereby certify that, pursuant to Local Rules 7.1(A)(2), I conferred with plaintiff's counsel, Attorney Paul Morenberg, on April 3, 2007 by telephone. Despite an attempt in good faith to resolve the issues presented by the within Motion, we were unable to do so.

/s/ *Grace V. Bacon Garcia*

---

Grace V. Bacon Garcia

## **CERTIFICATE OF SERVICE**

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

/s/ *Grace V. Bacon Garcia*

---

Grace V. Bacon Garcia

Date: April 3, 2007

1055628v1