UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 11572 JLT

```
*******************************************
SUSAN COONEY,                              )
      Plaintiff                            )
v.                                         )
                                           )
SAYBROOK GRADUATE SCHOOL AND               )
      RESEARCH CENTER,                     )
      Defendant                            )
*******************************************
```

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SUSAN COONEY'S MOTION FOR ASSESSMENT OF COURT COSTS

### I. INTRODUCTION

Plaintiff Susan Cooney, by her counsel, submits this memorandum of law in support of her motion for costs. Plaintiff originally filed the present civil action in Massachusetts state court (Middlesex Superior Court) on or about June 1, 2004. Her claims sounded in Massachusetts contract law as well as the consumer protection statute, M.G.L. Chapter 93A. On the basis of diversity, defendant Saybrook removed the case to federal district court.

After a jury trial on her contract-related claims, Cooney was awarded the sum of $137,000, and judgment entered on or about April 2, 2007. The court rejected Cooney's Chapter 93A claims in a memorandum and order dated July 17, 2007. When an action involves multiple claims, the rights of a party shall not terminate until entry of judgment adjudicating all claims. See F.R.C.P. Rule 54(b); M.R.C.P. Rule 54(b). Plaintiff has filed a timely motion for costs within fourteen (14) days of entry of judgment. F.R.C.P. Rule 54(d)(1),(2)(B).

Plaintiff has requested allowance of costs of $12,451.87. Plaintiff has limited her motion to deposition costs that were "reasonably necessary," pursuant to M.R.C.P. Rule 54 (e), as well as limited other costs that were directly related to the prosecution of her civil case and the proof of her contract related claims and damages. F.R.C.P. Rule 54(d); M.R.C.P. Rule 54(d),(e). As the prevailing party, Cooney is entitled to recover her reasonable litigation costs that are allowable under Massachusetts and federal law.

## II.   LEGAL STANDARD

Under both Massachusetts and federal law, the prevailing party in a civil action is entitled to recover her costs. M.G.L. Ch. 261, sec. 1 ("In civil actions the prevailing party shall recover his costs, except as otherwise provided."). *See also* M.R.C.P. 54(d). The federal rules of civil procedure also specify that plaintiffs are entitled to recover their costs of litigation. Fed.R.Civ.P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.").

### A.   DEPOSITION COSTS

In Massachusetts civil cases, the costs of deposition and audio-visual depositions are allowable, subject to discretion of the court. The court must find that the deposition was "reasonably necessary, whether or not the deposition was actually used at trial. M.R.C.P. 54(e). Massachusetts rules also establish that taxable deposition costs include witness fees, stenographer fees, and audio-visual expenses. Id.

In Waldman v. American Honda Motor Co., Inc. 31 Mass. App. Ct. 451, 454-58 (1992), the Supreme Judicial Court held that a superior court judge has discretion to award ordinary costs associated with witness fees, deposition transcripts, video transcription, etc. The trial judge has discretion to allow costs for all reasonably necessary depositions and related expenses. M.R.C.P. 54(e). The trial judge may allow

2

expenses for audio-visual recording. Waldman, 597 N.E. 2nd at 458 ("We cannot say, as matter of law, that the videotaping of the Zimbler deposition was unnecessary, nor do we know the added cost of that method of preservation of deposition testimony.")

Federal courts also routinely award deposition costs to the prevailing party in a civil case. Deposition costs may be awarded even if the deposition transcript is not used at trial. Piester v. International Business Machines Corp, 201 F.3d 428 (1st Cir. 1998) ("It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.1985); *see also* Riofrio Anda v. Ralston Purina Co., 772 F.Supp. 46, 55 (D.P.R.1991) (noting that § 1920(2) "does not mean that depositions must be used at trial in order to be taxed.... ")).

### B.   OTHER LITIGATION COSTS

Massachusetts and federal courts also award a broad array of litigation costs beyond depositions. It is customary for courts to award filing and service costs, witness fees and expenses, copying and exhibit costs, and other litigation costs. Under 28 U.S.C. 1920, a judge or clerk of any court of the United States may tax the following costs:

> (1) Fees of the clerk and marshal (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case (3) Fees and disbursements for printing and witnesses (4) Fees for exemplification and copies of papers necessarily obtained for use in the case (5) Docket fees under section 1923 of this title (6) Compensation of court appointed experts

Courts are permitted to award the cost of trial exhibits and presentation aids. Under § 1920, the district court may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." § 1920(4). Piester (internal citations

3

omitted). This language authorizes the court to reimburse the reasonable cost of trial chalks, graphics, and presentation aids.

Courts may also award other reasonable litigation expenses that are relevant to trial preparation, even where such costs are not expressly described in the statute. For example, a trial court may allow the costs of electronic legal research. <u>Invessys, Inc. v. McGraw-Hill Cos., Ltd.</u>, 369 F.3d 16, 22 (1st Cir. 2003) (holding that costs of electronic legal research, costs not enumerated as taxable under § 1920, are nevertheless reimbursable under § 505).

### III.   ARGUMENT

A.   **THE COURT SHOULD ALLOW PLAINTIFF SUSAN COONEY'S REQUEST FOR HER REAONABLE LITIGATION COSTS RELATED TO FILING, SERVICE AND WITNESS FEES, DEPOSITION COSTS, COPIES AND EXHIBITS, AND LEGAL RESEARCH.**

Plaintiff Susan Cooney has requested that the court allow total costs in the amount of $12,451.87. Plaintiff has provided careful documentation of these costs through the <u>Affidavit of Attorney Morenberg</u>. Where available, plaintiff has provided copies of receipts and checks as exhibits to the attorney's affidavit.

1.   **<u>Filing Fee, Service of Process, and Witness Fees</u>**

Plaintiff has requested reimbursement of her filing fee and services costs, which are itemized in the <u>Affidavit of Attorney Morenberg</u>. These fees include plaintiff's filing fee to commence her civil action in Middlesex Superior Court. Plaintiff is also requesting reimbursement of service of process fees to initiate the civil action and to serve several trial subpoenas. Finally, plaintiff is seeking reimbursement of witness

4

travel and lodging expenses related to the trial testimony of Dr. Marsha Hammond, Saybrook's former licensing coordinator. Plaintiff requests reimbursement of her $275 filing fee, as well as $1,840.60 for service of process and witness fees.

### 2. Deposition Transcripts and Video

Plaintiff has requested reimbursement of the costs of deposition transcripts, which are itemized in the Affidavit of Attorney Morenberg. Massachusetts rules of procedure establish that the costs of deposition transcripts and audio-video tapes are allowable if "reasonably necessary." Plaintiff has requested reimbursement for the depositions of nine witnesses who also provided trial testimony: (1) Dr. Susan Cooney; (2) Dr. Maureen O'Hara; (3) Dr. Ruth Richards; (4) Dr. William Bruff; (5) Mr. John Reho; (6) Mr. Donald Cooper; (7) Dr. Eugene Taylor; (8) Dr. Karen Schwartz; and (9) Dr. Dennis Norman. The depositions of these witnesses were crucial for trial preparation and the examination or cross-examination of witnesses. Defense counsel requested the video taping of Dr. Cooney, and plaintiff is seeking reimbursement of this cost. Plaintiff is also requesting reimbursement for the deposition transcripts of Dr. Alan Vaughan and Dr. Arthur Bohart. These deponents were not called as trial witnesses because the court allowed a motion in limine by defense counsel to preclude their trial testimony. Nonetheless, their depositions were relevant to plaintiff's investigation of her contract claims and her trial preparation. All of these depositions were reasonably necessary, and the associated costs of $8,733.37 should be allowed.

### 3. Legal Research

Plaintiff has requested reimbursement for Westlaw research, which is itemized in the Affidavit of Attorney Morenberg. Plaintiff's electronic research was necessary for the evaluation of her contract claims, her opposition to defendant's motion to dismiss and motion for summary judgment, and for preparation of proposed jury instructions. The

5

costs of legal research can be allowed by a trial judge. Invessys, Inc.., 369 F.3d at 22 (1st Cir. 2003). Plaintiff requests allowance of $886.65 for these costs.

### 4. Trial Photocopies and Trial Chalk

Finally, plaintiff has requested reimbursement for photocopying of trial exhibits and trial preparation documents. Plaintiff has also requested her costs for production of a trial chalk, which was used to present the timeline of plaintiff's case to the jury. The court is permitted to award the cost of trial exhibits and presentation aids. Under § 1920, the district court may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." § 1920(4). Plaintiff therefore requests allowance of $716.25 for these costs.

## IV. CONCLUSION

For the reasons outlined above, plaintiff requests that the court allow her reasonable and necessary litigation costs in the amount of $12,451.87.

### COMPLIANCE WITH LOCAL RULES 7.1(A)(2)

On or about July 27, 29, and 30, 2007, counsel for plaintiff and Saybrook discussed plaintiff's request for allowance of costs through e-mail correspondence. After conferring in good faith, counsel were unable to narrow this dispute.

Respectfully submitted,

SUSAN COONEY,
By her counsel,

/s/ Paul W. Morenberg, BBO # 631101

Paul W. Morenberg, BBO # 631101
Kerstein, Coren, Lichtenstein & Finkel, LLP
60 Walnut Street, 4th Floor
Wellesley, Massachusetts 02481

(781) 997-1600

## CERTIFICATE OF SERVICE

I, Paul Morenberg, certify that I have provided electronic service of all documents associated with plaintiff's motion for allowance of costs.

/s/ Paul W. Morenberg, BBO # 631101
_____
Paul W. Morenberg, BBO # 631101

Dated:    July 31, 2007